1  GREGORY M. SALVATO (SBN 126285)
       Gsalvato@salvatoboufadel.com
2  JOSEPH BOUFADEL (SBN 267312)
       Jboufadel@salvatoboufadel.com
3  SALVATO BOUFADEL LLP
4  9110 Irvine Center Drive
   Irvine, California 92618
5  Telephone:    (213) 484-8400

6  Attorneys / Local Counsel for Defendant
7  SLATE ADVANCE LLC

8  [Caption Continued on Next Page]

9

10              **UNITED STATES BANKRUPTCY COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12                   **SANTA ANA DIVISION**

13

| | |
|---|---|
| 14  In re: | Case No.  8:23-bk-10571-SC |
| 15  THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| 16 | Adv. Proc. No. 8:25-ap-01105-SC |
| 17              Debtor. | |
| 18 | **Defendant Slate Advance LLC's Motion to Dismiss Trustee's Adversary Complaint; Memorandum of Points and Authorities; Declaration of Phillip Klein in Support** |
| 19  RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust, | |
| 20 | |
| 21              Plaintiff, | |
| 22      v. | Hearing Date Per Approved Standing Dates [Standing Order: Dkt. No. 5 at ¶ 10]: |
| 23  WORLD GLOBAL FUND, LLC, *et al.,* | Date:      July 3, 2025 |
| 24 | Time:      1:30 p.m. |
| 25              Defendants. | Place:     Courtroom 5C |
| 26 | 411 West Fourth Street |
| 27 | Santa Ana, CA 92701 |
| 28 | |

Salvato Boufadel
LLP

1  Caption Continuation Page:

2  SHANNA M. KAMINSKI (P74013)
3      *To be Admitted Pro Hac Vice*
   KAMINSKI LAW, PLLC
4  PO Box 247
   Grass Lake, Michigan 49240-0247
5  Telephone: (247) 462-7111
6  skaminski@kaminskilawpllc.com

7  Attorneys for Defendant
8  SLATE ADVANCE LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Salvato Boufadel    27
LLP

28

---

Defendant Slate Advance LLC's Motion to                -2-        *Richard A. Marshack v. World Global Fund, LLC*
Dismiss Trustee's Adversary Complaint                            Adv. Proc. No. 8:25-ap-01105-SC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Salvato Boufadel
LLP

27

28

# **TABLE OF CONTENTS**

1.   Introduction. ............................................................................................................. 6

2.   Relevant Factual Background. ................................................................................. 7

3.   Legal Arguments. .................................................................................................... 8

   3.1.   Legal standard governing a motion to dismiss. ........................................... 8

   3.2.   The Trustee fails to state a claim upon which relief may be granted
          against Slate Advance because the Trustee has failed to plead a
          plausible alter-ego claim. ........................................................................... 9

   3.3.   The Trustee fails to plead the requisite elements for alter ego under
          California law............................................................................................. 10

4.   Conclusion. ............................................................................................................ 14

---

Defendant Slate Advance LLC's Motion to
Dismiss Trustee's Adversary Complaint          -3-          *Richard A. Marshack v. World Global Fund, LLC*
                                                            Adv. Proc. No. 8:25-ap-01105-SC

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                         **Page(s)**

*Adams v. Johnson*
   355 F.3d 1179 (9th Cir. 2004) ....................................................................................... 9

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ...................................................................................................... 8

*Balistreri v. Pacifica Police Dep't*
   901 F.2d 696 (9th Cir. 1990) ....................................................................................... 8

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ...................................................................................................... 8

*Cambridge Elecs. Corp. v. MGA Elecs., Inc.*
   227 F.R.D. 313 (C.D. Cal. 2004) ............................................................................... 12

*Clegg v. Cult Awareness Network*
   18 F.3d 752 (9th Cir. 1994) ......................................................................................... 8

*Gerritsen v. Warner Bros. Ent. Inc.*
   116 F.Supp.3d 1104 (C.D. Cal. 2015) ...................................................................... 10

*Hokama v. E.F. Hutton & Co., Inc.*
   566 F.Supp. 636 (C.D.Cal.1983) .............................................................................. 11

*Ileto v. Glock, Inc.*
   349 F.3d 1191 (9th Cir. 2003) ..................................................................................... 8

*Kingdom 5–KR–41, Ltd. v. Star Cruises PLC*
   2002 WL 432390 (S.D.N.Y. Mar. 20, 2002) ............................................................ 11

*Manzarek v. St. Paul Fire & Marine Ins. Co.*
   519 F.3d 1025 (9th Cir. 2008) ..................................................................................... 8

*Riot Games, Inc. v. Suga PTE, Ltd.*
   638 F.Supp.3d 1102 (C.D. Cal. 2022) ...................................................................... 13

*S.E.C. v. Hickey*
   322 F.3d 1123 (9th Cir. 2003) ..................................................................................... 9

*Sandoval v. Ali*
   34 F.Supp.3d 1031 (N.D. Cal. 2014) ........................................................................ 11

Salvato Boufadel
LLP

# TABLE OF AUTHORITIES

## (Continued)

*Staffing, Inc. v. United States*
    321 F.Supp.3d 1157 (C.D. Cal. 2018) .......................................................................... 12

*Wady v. Provident Life and Accident Ins. Co. of America*
    216 F.Supp.2d 1060 (C.D. Cal. 2002) .......................................................... 10, 12, 13

**California Cases**

*CADC/RADC Venture 2011-1 LLC v. Bradley*
    235 Cal.App.4th 775 (2015) ........................................................................................ 9

**Federal Statutes**

Federal Rules of Bankruptcy Procedure
    Rule 7012 ..................................................................................................................... 6
    Rule 7012(b) ................................................................................................................. 8

Federal Rules of Civil Procedure
    Rule 8(a) ....................................................................................................................... 8
    Rule 8(a)(2) .................................................................................................................. 8
    Rule 12(b)(1) .............................................................................................................. 14
    Rule 12(b)(6) ........................................................................................................... 6, 8

Salvato Boufadel
LLP

---

Defendant Slate Advance LLC's Motion to
Dismiss Trustee's Adversary Complaint    -5-    *Richard A. Marshack v. World Global Fund, LLC*
Adv. Proc. No. 8:25-ap-01105-SC

**MEMORANDUM OF POINTS AND AUTHORITIES**

**IN SUPPORT OF**

**MOTION TO DISMISS TRUSTEE'S ADVERSARY COMPLAINT**

Defendant Slate Advance, LLC ("**Slate Advance**"), by and through its undersigned counsel, moves to dismiss the complaint of Plaintiff and Trustee Richard A. Marshack, Trustee of the LPG Liquidation Trust ("**Trustee**"), on the grounds that the complaint fails to state a claim upon which relief can be granted against the Defendant under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to these proceedings under Rule 7012 of the Federal Rules of Bankruptcy Procedure.

### 1. Introduction.

The Trustee seeks to make Slate Advance liable for every claim alleged in the Complaint based solely on an alter ego theory of liability. (Dkt. No. 1: Complaint at ¶¶ 26, 128). The Trustee does not allege that Slate Advance was itself a recipient of an avoidable transfer or the amount of such avoidable transfers. (Complaint ¶¶ 90 & 92). Instead, Slate Advance has been named as a defendant in this case by the Trustee's unsupported claims that it is an alter ego of World Global Fund, LLC ("**World Global**"), Shia Dembitzer ("**Dembitzer**") and/or Solomon Feig ("**Feig**"). World Global, Dembitzer, and Feig do not have an ownership interest in Slate Advance—the most fundamental requirement of an alter ego claim—and are not officers or operators of the Slate Advance and never had control over Slate Advance. (Phillip Klein Declaration ¶¶ 2-5).

Additionally, the Complaint contains insufficient factual allegations to plausibly plead a claim that Defendant Slate Advance is the alter ego of World Global, Dembitzer, or Feig, and the claim that Slate Advance would liable if it was an alter ego is unsupported. As the alter ego claim has not been properly pleaded and is implausible on its face, dismissal of the Complaint against Slate Advance is warranted.

Salvato Boufadel
LLP

---

Defendant Slate Advance LLC's Motion to
Dismiss Trustee's Adversary Complaint

-6-

*Richard A. Marshack v. World Global Fund, LLC*
Adv. Proc. No. 8:25-ap-01105-SC

## 2. Relevant Factual Background.

The Trustee initiated this action on March 10, 2025 (Dkt. No. 1).  The factual allegations in the Complaint related to Defendant Slate Advance are limited and summarized as follows:

- Various entities are alter egos of Dembitzer, Feig, and World Global. (Complaint ¶ 128). Slate Advance is listed as one such entity and lumped into the defined term "Alter Egos." (*Id.*).

- The Alter Egos "potentially received, hold, or otherwise benefitted from monies that were wrongfully taken by Dembitzer, Feig and World Global as part of the Ponzi Scheme." (Complaint ¶ 128).

- Dembitzer and Feig did not recognize or follow corporate formalities when they created the Alter Egos. (Complaint ¶ 129).

- Upon information and belief, the Alter Egos were set up to avoid detection of asset transfers.  (Complaint ¶ 130).

- On information and belief, the Alter Egos shared office space with multiple assumed names and LLCs. (Complaint ¶ 131).

- On information and belief, these Alter Egos received and/or hold funds from World Global that are the subject of this Complaint. (Complaint ¶ 132).

- On information and belief, World Global, Dembitzer, and Feig created these Alter Egos to conceal monies from LPG and LPG creditors to the benefit of World Global, Dembitzer, and Feig. (Complaint ¶ 134).

- Dembitzer and/or Feig are owners, operators, and/or officers of each Alter Ego of World Global. (Complaint ¶¶ 133 & 135).

- Among the transactions discovered in Optimum's bank records are significant sums of money moving from the World Global entities to the Alter Egos. (Complaint ¶ 158).

The Trustee's allegations are insufficient to establish that Slate Advance is an alter ego of World Global, Dembitzer, and/or Feig.

Salvato Boufadel
LLP

---

Defendant Slate Advance LLC's Motion to
Dismiss Trustee's Adversary Complaint          -7-          *Richard A. Marshack v. World Global Fund, LLC*
Adv. Proc. No. 8:25-ap-01105-SC

### 3. Legal Arguments.

#### 3.1.   Legal standard governing a motion to dismiss.

Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, "tests the legal sufficiency of the claims asserted in the complaint." *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule 12(b)(6) must be read in conjunction with Federal Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Ileto*, 349 F.3d at 1200. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To plead sufficiently, a plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct," the complaint is subject to dismissal. *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

In ruling on a motion to dismiss, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a

Salvato Boufadel
LLP

1  motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (quotes and

2  citation omitted).

### 3.2. The Trustee fails to state a claim upon which relief may be granted against Slate Advance because the Trustee has failed to plead a plausible alter-ego claim.

6  The Trustee seeks to make Slate Advance liable on all claims asserted in the

7  Complaint on the theory that it is an alter ego of World Global.  As an initial matter, it is

8  unclear what persons or entities the Trustee claims Slate Advance is the alter ego of,  as

9  the allegations in the Complaint are inconsistent. For example, in Paragraph 128 of the

10  Complaint, the Trustee alleges that Slate Advance is the alter ego of Dembitzer, Feig and

11  World Global. In Paragraph 135, however, the Trustee alleges certain entities are alter

12  egos of World Global and Dembitzer (not Feig) but does not include Slate Advance as one

13  of those entities.

14  What is clear is that there is a fundamental, threshold factual allegation missing to

15  establish that Slate Advance is an alter ego of World Global, which bars the claim.  That

16  necessary but missing factual allegation is ownership. Under California law, "[o]wnership

17  is a pre-requisite to alter ego liability, and not a mere 'factor' or 'guideline.'"

18  *CADC/RADC Venture 2011-1 LLC v. Bradley*, 235 Cal.App.4th 775, 789 (2015) *citing*

19  *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003).  Thus, if World Global does not

20  have an ownership interest in Slate Advance, Slate Advance cannot, as a matter of law, be

21  its alter ego.

22  To the point, the Complaint fails to allege that World Global has an ownership

23  interest in Slate Advance. Indeed, neither World Global nor Slate Advance have an

24  ownership interest in one another. (P. Klein declaration ¶¶ 2-5). As such, any claim that

25  Slate Advance is an alter ego of World Global is implausible on its face due to the lack of

26  this fundamental and threshold factual allegation.

Salvato Boufadel
LLP

27

28

1    With respect to the claim that Feig or Dembitzer are alter egos of Slate Advance,

2  that claim is also implausible. The Trustee does allege, albeit without support,[1] that

3  "Dembitzer and/or Feig are owners, operators, and/or officers of each Alter Ego of World

4  Global," thereby alleging the requirement of an ownership interest in Slate Advance.

5  However, the Complaint is devoid of factual allegations establishing all other elements of

6  the alter ego claim.

7    **3.3.    The Trustee fails to plead the requisite elements for alter ego under**

8    **California law.**

9    The Complaint fails to allege the requisite elements for alter ego.

10    To plead an alter ego claim, sufficient facts to establish two elements must be

11  alleged: (1) "such a unity of interest and ownership between the corporation and its

12  equitable owner that the separate personalities of the corporation and the shareholder do

13  not in reality exist," (2) "an inequitable result if the acts in question are treated as those of

14  the corporation alone." *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F.Supp.3d 1104, 1136

15  (C.D. Cal. 2015).  "Conclusory allegations of 'alter ego' status are insufficient to state a

16  claim. Rather, a plaintiff must allege specific facts supporting both of the necessary

17  elements." *Id. citing In re Currency Conversion Fee Antitrust Litigation,* 265 F.Supp.2d

18  385, 426 (S.D.N.Y.2003) ("These purely conclusory allegations cannot suffice to state a

19  claim based on veil-piercing or alter-ego liability, even under the liberal notice pleading

20  standard"); ***Wady v. Provident Life and Accident Ins. Co. of America,* 216 F.Supp.2d**

21  **1060, 1067 (C.D. Cal. 2002)** ("More pertinent for purposes of the current discussion,

22  none [of the allegations] contains any reference to UnumProvident being the alter ego of

23  Provident. None alleges that UnumProvident treats the assets of Provident as its own, that

24  it commingles funds with Provident, that it controls the finances of Provident, that it

25  shares officers or directors with Provident, that Provident is undercapitalized, or that the

26

27  _____

Salvato Boufadel
LLP

28  [1] Neither Dembitzer or Feig are owners, officers or operators of Slate Advance. (P. Klein
declaration ¶¶ 2-5).

1  separateness of the subsidiary has ceased"); ***Kingdom 5–KR–41, Ltd. v. Star Cruises***

2  ***PLC,*** **2002 WL 432390, \*12 (S.D.N.Y. Mar. 20, 2002)** ("[I]n order to overcome the

3  presumption of separateness afforded to related corporations, [plaintiff] is required to

4  plead more specific facts supporting its claims, not mere conclusory allegations");

5  ***Hokama v. E.F. Hutton & Co., Inc.,*** **566 F.Supp. 636, 647 (C.D.Cal.1983)** ("Defendants

6  further argue that plaintiffs cannot circumvent the requirements for secondary liability by

7  blandly alleging that Madgett, Consolidated, and Frane are 'alter egos' of other defendants

8  accused of committing primary violations. This point is well taken.... If plaintiffs wish to

9  pursue such a theory of liability, they must allege the elements of the doctrine. Conclusory

10  allegations of alter ego status such as those made in the present complaint are not

11  sufficient"); ***see also, Sandoval v. Ali***, **34 F.Supp.3d 1031, 1040–41 (N.D. Cal. 2014)**

12  ("Plaintiffs' alter ego allegations are too conclusory to survive a motion to dismiss.

13  Conclusory allegations of 'alter ego' status are insufficient to state a claim.  Rather, a

14  plaintiff must allege specifically both of the elements of alter ego liability, as well as facts

15  supporting each.  Not only are Plaintiffs' allegations 'on information and belief' about a

16  unity of interest between all Defendants conclusory, but Plaintiffs have also not

17  adequately alleged that inequity would result from respecting the corporate form of

18  Defendants. Plaintiffs state conclusorily that 'an inequity would result if the corporations

19  were not viewed as alter egos of each other and the [individual Ali Defendants], including

20  the inability on the part of the Corporate Defendants to satisfy a potential judgment in this

21  case which seeks wages and derivative penalties.' California courts have rejected,

22  however, 'the view that the potential difficulty a plaintiff faces collecting a judgment is an

23  inequitable result that warrants application of the alter ego doctrine.' 'The alter ego

24  doctrine does not guard every unsatisfied creditor of a corporation but instead affords

25  protection where some conduct amounting to bad faith makes it inequitable for the

26  corporate owner to hide behind the corporate form. Difficulty in enforcing a judgment or

27  collecting a debt does not satisfy this standard.'").

28        To show a unity of interest, the Trustee can plead a number of different factors.

Salvato Boufadel
LLP

1   *See, Staffing, Inc. v. United States*, 321 F.Supp.3d 1157, 1175–76 (C.D. Cal. 2018) ("To

2   determine whether a unity of interest exists under the alter ego doctrine, California courts

3   consider the following list of non-exhaustive factors: The commingling of funds and other

4   assets; the failure to segregate funds of the individual and the corporation; the

5   unauthorized diversion of corporate fluids to other than corporate purposes; the treatment

6   by an individual of corporate assets as his own; the failure to seek authority to issue stock

7   or issue stock under existing authorization; the representation by an individual that he is

8   personally liable for corporate debts; the failure to maintain adequate corporate minutes or

9   records; the intermingling of the individual and corporate records; the ownership of all the

10  stock by a single individual or family; the domination or control of the corporation by the

11  stockholders; the use of a single address for the individual and the corporation; the

12  inadequacy of the corporation's capitalization; the use of the corporation as a mere conduit

13  for an individual's business; the concealment of the ownership of the corporation; the

14  disregard of formalities and the failure to maintain arm's-length transactions with the

15  corporation; and the attempts to segregate liabilities to the corporation.").

16          Generally, the examination and application of the factors must show that World

17  Global, Feig, or Dembitzer controlled Slate Advance "to such a degree to render the latter

18  mere instrumentality of the former" for the alter ego doctrine to be applicable. *Id*. at 1138.

19          These factors are also examined considering the purpose of the alter ego doctrine.

20  The purpose of the alter ego doctrine is to bypass the corporate entity to avoid

21  injustice…in narrowly defined circumstances and only when the ends of justice so

22  require." *Cambridge Elecs. Corp. v. MGA Elecs., Inc*., 227 F.R.D. 313, 325–26 (C.D. Cal.

23  2004).  Essentially, plaintiff must assert the person or entity is "using the corporate form

24  unjustly and in derogation of the plaintiff's interests" and, as such, "the equitable owner of

25  a corporation [should be] held liable for the actions of the corporation."  *Id*. at 325.

26  Courts are cautioned to apply this doctrine sparingly. *Id*. at 325-326 ("Because society

27  recognizes the benefits of allowing persons and organizations to limit their business risks

28  through incorporation, sound public policy dictates that imposition of alter ego liability be

Salvato Boufadel
LLP

1    approached with caution."); *see also, Riot Games, Inc. v. Suga PTE, Ltd.,* 638 F.Supp.3d

2    1102, 1120 (C.D. Cal. 2022) ("[A]lter ego liability is an extreme remedy, sparingly

3    used").

4         In short, California courts have made it clear that to properly plead an alter ego

5    claim, which California courts also label an extreme remedy that is to be used sparingly,

6    the complaint must allege specific facts supporting **both** elements of alter ego liability –

7    unity of interest and that application of the doctrine is necessary to avoid injustice.

8         Here, the allegations in the Complaint are conclusory—largely solely on

9    information and belief—that Slate Advance is an alter ego without any of the factual

10   development necessary to establish both elements of an alter ego claim. Not only have the

11   necessary allegations not been pleaded, but the allegations in the Complaint fail to show

12   application of the alter ego doctrine. In addition to being confusing and contradictory, the

13   allegations pleaded make it difficult to understand the Trustee's basis for having Slate

14   Advance become liable on all claims alleged in this case.[2]

15        With respect to the element of unity of interest between Slate Advance and World

16   Global, Feig, or Dembitzer, the Trustee has not pleaded the necessary factors. There are

17   no allegations that Feig or Dembitzer treat the assets of Slate Advance as their own, that

18   they commingle funds with Slate Advance, that they control the finances of Slate

19   Advance, or that they share officers. *See, e.g. Wady,* 216 F.Supp.2d at 1067.

20        With respect to the element that inequity would result if Slate Advance (or any of

21   the purported alter egos) is not treated as an alter ego of World Global, Dembitzer, or

22   Feig, this element has not been alleged in the Complaint.  It remains a mystery as to why

23   it would be inequitable if Slate Advance was not found to be an alter ego. And, notably,

24

25

26   [2] In fact, there is clearly confusion on the part of the Trustee as to how the alter ego doctrine
works. If the Trustee establishes that Slate Advance is an alter ego of World Global or

Salvato Boufadel
LLP          27   Dembitzer or Feig, then the Court can disregard the corporate form of Slate Advance and
find World Global or Dembitzer or Feig liable for harm they caused by abusing Slate

28   Advance's corporate form, not the other way around.

1   there are no allegations of any specific injury caused by Slate Advance to the estate or

2   Debtor.[3]

3

4   **4. Conclusion.**

5   The Complaint lacks the factual details necessary to establish why Slate Advance

6   has been added as a defendant in this action. Specifically, the Trustee has not included

7   factual allegations showing why application of the alter ego doctrine is necessary here to

8   make Slate Advance liable for all claims, how it could possibly be made liable for all

9   claims if it was deemed an alter ego, or what injustice would befall the Trustee if it was

10   not permitted to proceed with claims against Slate Advance. As such, Slate Advance

11   respectfully requests that the Motion be granted, and it be dismissed from this proceeding.

12

13   Date: May 12, 2025                                   SALVATO BOUFADEL LLP

14

15                                                        */s/ Joseph Boufadel*

16                                               By:   _____
                                                         Joseph Boufadel

17                                                       Gregory M. Salvato

18                                               -and-

19                                               SHANNA M. KAMINSKI (P74013)
                                                   *To be Admitted Pro Hac Vice*

20                                               KAMINSKI LAW, PLLC
                                                 PO Box 247

21                                               Grass Lake, Michigan 49240-0247

22                                               Telephone: (247) 462-7111
                                                 skaminski@kaminskilawpllc.com

23
                                                 Attorneys for Defendant

24                                               SLATE ADVANCE LLC

25

26   _____

27   [3] The lack of any injury being alleged puts into question whether the Trustee has Article
     III standing to bring the claim.  If the Trustee does not have Article III standing, this Court

28   does not have subject matter jurisdiction and the claims against Slate Advance should be
     dismissed under Federal Rule 12(b)(1).

Salvato Boufadel
LLP

1

# DECLARATION OF PHILLIP KLEIN

2

# IN SUPPORT OF

3

# MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT

4

5      I, Phillip Klein, declare and state as follows:

6      1.      I am the Chief Executive Officer, sole owner, sole officer, and sole operator

7   of Slate Advance, LLC ("**Slate Advance**"). Slate Advance is a limited liability company

8   registered in the State of New York. I submit my declaration in support of Defendant Slate

9   Advance's *Motion to Dismiss Trustee's Adversary Complaint.* The following facts are

10   known to me of my own personal knowledge and if called as a witness, I could and would

11   testify competently to the truth thereof.

12      2.      World Global Fund, LLC ("**World Global**") does not have an ownership

13   interest in Slate Advance and is not an officer or operator of Slate Advance. World Global

14   does not have, and never had, control over Slate Advance and cannot direct its operations.

15      3.      Shia Dembitzer ("**Dembitzer**") does not have an ownership interest in Slate

16   Advance and is also not an officer or operator of Slate Advance. Dembitzer does not have,

17   and never had, control over Slate Advance and cannot direct its operations.

18      4.      Solomon Feig ("**Feig**") does not have an ownership interest in Slate

19   Advance and is also not an officer or operator of Slate Advance. Feig does not have, and

20   never had, control over Slate Advance and cannot direct its operations.

21      5.      Slate Advance does not have an ownership interest in World Global.

22      I declare under penalty of perjury under the laws of the United States of America

23   that the foregoing is true and correct. Executed on May 12 , 2025.

24

25

26                                                    _____
                                                         PHILLIP KLEIN
27

28

Salvato Boufadel
LLP

---

Declaration of Phillip Klein, CEO of Slate            -1-            *Richard A. Marshack v. World Global Fund, LLC*
Advance, LLC, iso Motion to Dismiss                                        Adv. Proc. No. 8:25-ap-01105-SC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Salvato Boufadel, LLP, 9110 Irvine Center Drive, Irvine, California 92618

A true and correct copy of the foregoing document entitled (*specify*):

1. **Defendant Slate Advance LLC's Motion to Dismiss Trustee's Adversary Complaint; Memorandum of Points and Authorities; Declaration of Phillip Klein in Support; and**

2. **Notice of Motion for: Defendant Slate Advance LLC's Motion to Dismiss Trustee's Adversary Complaint; Memorandum of Points and Authorities; Declaration of Phillip Klein in Support**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* **05/12/2025** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Joseph Boufadel**   *Local Counsel for Defendant Slate Advance LLC*  jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Christopher Ghio**   *Counsel for Plaintiff Richard A. Marshack, Trustee*  Christopher.Ghio@dinsmore.com, angelica.urena@dinsmore.com
- **Karen Hockstad**    *Counsel for Plaintiff Richard A. Marshack, Trustee* karen.hockstad@dinsmore.com, kim.beavin@dinsmore.com
- **Ira David Kharasch**    ikharasch@pszjlaw.com
- **Michael Lundholm**    mlundholm@londonstoutlaw.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Victoria Newmark**    vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com
- **Brian A Paino**    bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com;crico@hinshawlaw.com
- **Matthew Sommer**   *Counsel for Plaintiff Richard A. Marshack, Trustee*  matthew.sommer@dinsmore.com, carrie.davis@dinsmore.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On *(date)* **05/12/2025,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Honorable Scott C. Clarkson**
U.S. Bankruptcy Court
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/12/2025 | Joseph Boufadel | /s/ Joseph Boufadel |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**