Brian A. Paino (SBN 251243)
bpaino@hinshawlaw.com
David T. Hayek (SBN 144116)
dhayek@hinshawlaw.com
Zeeshan Iqbal (SBN 337990)
ziqbal@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone:    213-680-2800
Facsimile:    213-614-7399

Attorneys for *Defendants* **MOISHE GUBIN and OPTIMUMBANK**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.: 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP, P.C., | Chapter 11 |
| Debtor. | Adv. Case No.: 8:25-ap-01105-SC |
| RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust, | **DEFENDANTS MOISHE GUBIN AND OPTIMUMBANK'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Plaintiff, | |
| v. | |
| WORLD GLOBAL FUND, LLC, *et al.*, | |
| Defendants. | |

*Defendants* Moishe Gubin ("Gubin") and OptimumBank ("Optimum," and together with

Gubin, the "Defendants") hereby answer the Complaint [Doc. 1] (the "Complaint") filed by Richard

A. Marshack, Trustee of the LPT Liquidation Trust ("Plaintiff") as follows:

## STATEMENT OF JURISDICTION, NATURE OF PROCEEDING, AND VENUE

1.    The allegations in this Paragraph constitute legal conclusions to which no response is

required. To the extent a response is deemed necessary, Defendants deny any characterization of 28

U.S.C. §§ 157(b)(2)(A), (E), (H) and (O), 28 U.S.C. § 1334(b), and General Order No. 13-05, which

speak for themselves, and respectfully refer the Court to the statutes and order for a complete and

accurate statement of their contents. Defendants otherwise admit that this adversary proceeding was filed within the Chapter 11 bankruptcy case of The Litigation Practice Group, P.C. ("Debtor"), United States Bankruptcy Court for the Central District of California Case No. 8:23-bk-10571-SC.

2.    Defendants admit that, by virtue of the pleaded allegation in this Paragraph, Plaintiff purports to consent to the entry of a final order and judgment by this Court. For their part, in accordance with Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, Defendants hereby state that they do not consent to the entry of final orders or judgment by the Court.

3.    The allegation in this Paragraph constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of Rule 7008 of the Federal Rules of Bankruptcy Procedure, which speaks for itself, and respectfully refer the Court to the rule for a complete and accurate statement of its contents. In further response to the allegation in this Paragraph, Defendants reiterated that, in accordance with Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, they do not consent to the entry of final orders or judgment by the Court.

4.    The allegation in this Paragraph constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of 28 U.S.C. § 1409(a), which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

## THE PARTIES

5.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

6.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

7.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph (inclusive of its subparts) and, on that basis, deny the allegations.

8.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph (inclusive of it subparts) and, on that basis, deny the allegations.

///

**DEFENDANTS MOISHE GUBIN AND OPTIMUMBANK'S ANSWER TO COMPLAINT**

9.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

10.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

11.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

12.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

13.     Defendants admit that Gubin is the Chairman of the Board of Directors of OptimumBank Holdings, Inc. and a Board Member of OptimumBank. Except as admitted, Defendants deny the allegations in this Paragraph.

14.     Defendants deny the allegation in this Paragraph that OptimumBank Holdings, Inc. is the parent company of OptimumBank.com as OptimumBank.com changes its name to OptimumBank in May 2004 and, thus, OptimumBank.com is not a separate entity from OptimumBank, as suggested in this Paragraph. Except as otherwise stated, Defendants admit the allegations in this Paragraph.

15.     Defendants admit the allegations in this Paragraph.

16.     Defendants deny the allegations in this Paragraph.

17.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

18.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

19.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

20.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

21.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

**DEFENDANTS MOISHE GUBIN AND OPTIMUMBANK'S ANSWER TO COMPLAINT**

22.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

23.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

24.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

25.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

26.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

27.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

28.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

29.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

30.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

31.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

32.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

33.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

34.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

35.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

**DEFENDANTS MOISHE GUBIN AND OPTIMUMBANK'S ANSWER TO COMPLAINT**

36.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

37.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

38.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

39.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

40.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

41.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

42.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

43.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

## **RELEVANT DEFENDANT NAMED IN THE 1046 ACTION**

44.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

## **GENERAL ALLEGATIONS**

**A.     LPG's BANKRUPTCY CASE**

45.     Defendants admit the allegation in the first sentence of this Paragraph, but lack sufficient information or belief to enable them to answer the allegation in the second sentence of this Paragraph and, on that basis, deny the allegation.

46.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

47.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

**DEFENDANTS MOISHE GUBIN AND OPTIMUMBANK'S ANSWER TO COMPLAINT**

48.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

49.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

50.     Defendants admit that, by virtue of the pleaded allegation in this Paragraph, Plaintiff purports to disclaim that his allegations in this action are made on information belief. The remainder of the allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the legal authorities cited in this Paragraph and respectfully refer the Court to the authorities for a complete and accurate statement of their contents. Defendants otherwise deny any inference in this Paragraph that Plaintiff has adequately pleaded claims against Defendants.

**B.     LPG**

51.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

52.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

53.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

54.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

55.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

56.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

57.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

58.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

59.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

60.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

61.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

### C.      WORLD GLOBAL'S MCA AGREEMENTS

62.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

63.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

64.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

65.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

66.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

67.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

68.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

69.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

70.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

71.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

///

**DEFENDANTS MOISHE GUBIN AND OPTIMUMBANK'S ANSWER TO COMPLAINT**

72.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

73.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

### a.    Terms of Defendants' MCA Agreements with LPG

74.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

75.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

76.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

77.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

78.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

79.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

80.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

81.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

82.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

83.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

84.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

///

85.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

86.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

87.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

### b.     Transfers to World Global Pursuant to MCA Agreements

88.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

89.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

90.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

91.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

92.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

### D.     WORLD GLOBAL AS ACH PAYMENT PROCESSOR

93.     Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

94.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

95.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

96.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

97.     Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

**DEFENDANTS MOISHE GUBIN AND OPTIMUMBANK'S ANSWER TO COMPLAINT**

98.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

99.    Defendants deny the allegations in this Paragraph.

100.    Defendants admit that World Global Fund, LLC ("World Global") opened an account with OptimumBank. Except as admitted, Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

101.    Defendants lack sufficient information or belief to enable them to answer the allegations in the first sentence of this Paragraph and, on that basis, deny the allegations. Defendants deny the allegation in the second sentence of this Paragraph.

102.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

103.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

104.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

105.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

106.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

107.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

108.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

109.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

110.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

///

111.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

112.    Defendants deny any inference in the allegations in this Paragraph that they were knowingly involved with the referenced, unauthorized transactions. Except as otherwise stated, Defendants state that they lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

113.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

114.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

115.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

116.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

117.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

118.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

119.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

120.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

121.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

### E.    DEMBITZER AND FEIG'S PERSONAL INVOLVEMENT

122.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

///

**DEFENDANTS MOISHE GUBIN AND OPTIMUMBANK'S ANSWER TO COMPLAINT**

123.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

124.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

125.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

126.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

127.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

128.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph (inclusive of its subparts) and, on that basis, deny the allegations.

129.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

130.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

131.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

132.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

133.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

134.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

135.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph (inclusive of its subparts) and, on that basis, deny the allegations.

136.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

**DEFENDANTS MOISHE GUBIN AND OPTIMUMBANK'S ANSWER TO COMPLAINT**

137.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

138.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

139.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

140.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

141.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

### F.    GUBIN AND OPTIMUM'S PARTICIPATION

142.    Defendants admit that World Global had accounts with OptimumBank. Except as admitted, Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

143.    Defendants admit the allegations in this Paragraph.

144.    Defendants admit the allegations in this Paragraph.

145.    Defendants deny the allegation in this Paragraph.

146.    Defendants deny the allegation in this Paragraph.

147.    Optimum admits the allegations in this Paragraph. Gubin lacks sufficient information or belief to enable him to answer the allegations in this Paragraph and, on that basis, denies the allegations.

148.    Defendants deny the allegation in this Paragraph.

149.    Defendants deny the allegation in the last sentence of this Paragraph. Except as stated, Defendants state that they lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

150.    Defendants deny the allegation in this Paragraph.

///

///

CASE NO. 8:25-ap-01105-SC

**DEFENDANTS MOISHE GUBIN AND OPTIMUMBANK'S ANSWER TO COMPLAINT**

151.    Defendants deny the allegation in the last sentence of this Paragraph. Except as stated, Defendants state that they lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

152.    Defendants deny the allegations in this Paragraph.

153.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

154.    Defendants deny the allegation in the first sentence of this Paragraph. Except as stated, Defendants state that they lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

155.    Defendants deny the allegation in this Paragraph.

156.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

157.    Defendants deny the allegation in this Paragraph.

158.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

159.    Defendants admit the allegation in this Paragraph.

160.    Defendants deny the allegations in this Paragraph.

161.    Optimum denies the allegation in this Paragraph. Gubin lacks sufficient information or belief to enable him to answer the allegation in this Paragraph and, on that basis, denies the allegation.

162.    Defendants deny the allegations in this Paragraph.

163.    Defendants admit the allegation in this Paragraph, but deny any inference that they were involved with – or had knowledge of – any fraudulent activity related to the referenced transactions.

164.    Defendants lack sufficient information or belief to enable them to answer the allegation in the first sentence of this Paragraph and, on that basis, deny the allegation. Defendants deny the remaining allegations in this Paragraph.

///

**DEFENDANTS MOISHE GUBIN AND OPTIMUMBANK'S ANSWER TO COMPLAINT**

165.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

166.    Defendants admit the allegation in this Paragraph.

167.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

168.    Defendants deny the allegation in this Paragraph.

169.    Defendants deny the allegations in this Paragraph.

170.    Defendants admit the allegation in this Paragraph.

171.    Defendants deny the allegations in this Paragraph.

**G.    DEFENDANT'S PONZI SCHEME**

172.    The allegation in this Paragraph is a legal conclusion to which no response is required.

173.    The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the authorities cited in this Paragraph, which speak for themselves, and respectfully refer the Court to the authorities for a complete and accurate statement of their contents.

174.    The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the authorities cited in this Paragraph, which speak for themselves, and respectfully refer the Court to the authorities for a complete and accurate statement of their contents.

175.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

176.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

177.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

178.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

**DEFENDANTS MOISHE GUBIN AND OPTIMUMBANK'S ANSWER TO COMPLAINT**

**H.      LPG'S PREPETITION CREDITORS**

179.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

180.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

181.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

182.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

183.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

## <u>FIRST CLAIM FOR RELIEF</u>

### Avoidance, Recovery, and Preservation of Two-Year Fraudulent Transfers

### [11 U.S.C. §§ 548(a)(1)(A), 550, and 551]

184.    Defendants re-allege and incorporate each and every response set forth above as if fully stated herein.

185.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

186.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

187.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

188.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

189.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

190.    The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants state that they lack sufficient

**DEFENDANTS MOISHE GUBIN AND OPTIMUMBANK'S ANSWER TO COMPLAINT**

information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

191.    The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants state that they lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

192.    The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants state that they lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

193.    The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants state that they lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

## SECOND CLAIM FOR RELIEF

**Avoidance, Recovery, and Preservation of Two Year Constructive Fraudulent Transfers**

**[11 U.S.C. §§ 548(a)(1)(B), 550, and 551]**

194.    Defendants re-allege and incorporate each and every response set forth above as if fully stated herein.

195.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

196.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

197.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph (inclusive of its subparts) and, on that basis, deny the allegations.

198.    The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants state that they lack sufficient

**DEFENDANTS MOISHE GUBIN AND OPTIMUMBANK'S ANSWER TO COMPLAINT**

information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

199.    The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants state that they lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

200.    The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants state that they lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

201.    The allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants state that they lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

202.    The allegation in this Paragraph constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants state that they lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

## THIRD CLAIM FOR RELIEF

### Demand for Accounting

203.    Defendants re-allege and incorporate each and every response set forth above as if fully stated herein.

204.    The allegation in this Paragraph constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants state that they lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

205.    Defendants deny the allegation in this Paragraph.

206.    Defendants deny the allegations in this Paragraph.

DEFENDANTS MOISHE GUBIN AND OPTIMUMBANK'S ANSWER TO COMPLAINT

207.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

208.    Defendants admit that Optimum produced bank records reflecting the transfer of monies from World Global accounts to other entities. Defendants deny the allegation in the second sentence of this Paragraph. Except as stated, Defendants state that they lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

209.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

210.    Defendants deny the allegation in this Paragraph.

## <u>FOURTH CLAIM FOR RELIEF</u>

### Turnover of Estate Property

### [11 U.S.C. § 542]

211.    Defendants re-allege and incorporate each and every response set forth above as if fully stated herein.

212.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

213.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

214.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

215.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

216.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

217.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

///

218.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

219.    The allegation in this Paragraph constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegation.

## FIFTH CLAIM FOR RELIEF

**Fraud and/or Conversion/Theft Committed by World Global, Dembitzer, Feig, the Alter Egos, the Dembitzer Alter Egos – the Fraudulent ACH Transactions**

220.    Defendants re-allege and incorporate each and every response set forth above as if fully stated herein.

221.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

222.    Defendants deny the allegation in this Paragraph.

223.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

224.    Defendants deny the allegation in this Paragraph.

225.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

226.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

227.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

228.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

229.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

230.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

///

**DEFENDANTS MOISHE GUBIN AND OPTIMUMBANK'S ANSWER TO COMPLAINT**

231.    The allegation in this Paragraph constitutes a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants state that they lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

## SIXTH CLAIM FOR RELIEF

**Fraud and/or Conversion/Theft Committed by World Global, Dembitzer, Feig, the Alter Egos and the Dembitzer Alter Egos – Unreimbursed Funds from the MCA Agreements and ACH Agreement**

232.    Defendants re-allege and incorporate each and every response set forth above as if fully stated herein.

233.    Defendants deny the allegations in the last two sentences of this Paragraph. Defendants lack sufficient information or belief to enable them to answer the remaining allegations in this Paragraph and, on that basis, deny the allegations.

234.    Defendants lack sufficient information or belief to enable them to answer the allegations in this Paragraph and, on that basis, deny the allegations.

## SEVENTH CLAIM FOR RELIEF

**Aiding and Abetting Fraud and/or Conversion/Theft by Optimum and Gubin**

235.    Defendants re-allege and incorporate each and every response set forth above as if fully stated herein.

236.    Defendants lack sufficient information or belief to enable them to answer the allegation in this Paragraph and, on that basis, deny the allegation.

237.    Defendants deny the allegation in this Paragraph.

238.    Defendants deny the allegation in this Paragraph.

239.    Defendants deny the allegation in this Paragraph.

240.    Defendants deny the allegation in this Paragraph.

241.    Defendants deny the allegation in this Paragraph.

242.    Defendants deny the allegation in this Paragraph.

243.    Defendants deny the allegation in this Paragraph.

**DEFENDANTS MOISHE GUBIN AND OPTIMUMBANK'S ANSWER TO COMPLAINT**

## EIGHTH CLAIM FOR RELIEF

### Aiding and Abetting by Defendants Optimum and Gubin

#### [Cal. Civ. Code § 2439, et seq.]

244.    Defendants re-allege and incorporate each and every response set forth above as if fully stated herein.

245.    Defendants deny the allegation in this Paragraph.

246.    Defendants deny the allegation in this Paragraph.

247.    Defendants deny the allegation in this Paragraph.

248.    Defendants deny the allegation in this Paragraph.

249.    Defendants deny the allegation in this Paragraph.

250.    Defendants deny the allegations in this Paragraph.

## NINTH CLAIM FOR RELIEF

### Conspiracy to Commit Fraud

251.    Defendants re-allege and incorporate each and every response set forth above as if fully stated herein.

252.    Defendants deny the allegations in this Paragraph.

253.    Defendants deny the allegations in this Paragraph (inclusive of its subparts).

254.    Defendants deny the allegations in this Paragraph.

255.    Defendants deny the allegations in this Paragraph.

256.    Defendants deny the allegation in this Paragraph.

257.    Defendants deny the allegations in this Paragraph.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to recover any of the relief sought in the Complaint from Defendants.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses to the Complaint. In asserting these affirmative defenses, Defendants do not assume the burden to establish any fact or proposition where that burden is properly imposed on Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      The Complaint and each of its causes of action fails to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

2.      The Complaint and each of its causes of action are barred because any injuries, damages, losses and/or detriment suffered by Plaintiff (vis-à-vis Debtor), if any, were the result of Debtor's failure to use reasonable means to mitigate its damages and otherwise exercise due and ordinary care on its own behalf.

## THIRD AFFIRMATIVE DEFENSE

### (Compliance)

3.      Plaintiff's claims fail because Defendants' actions, if any, were undertaken in accordance with state and federal law, applicable contracts between the parties, and industry guidelines and standards.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4.      Upon information and belief, Defendants allege that the Complaint and each of its causes of action are barred, in whole or in part, by the equitable doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5.      Upon information and belief, Defendants allege that the Complaint and each of its causes of action are barred, in whole or in part, by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Third Party Conduct)

6.      Upon information and belief, Defendants allege that Plaintiff's damages, if any, were not caused by Defendants, but by another person or entity for whom or for which Defendants are not responsible.

**DEFENDANTS MOISHE GUBIN AND OPTIMUMBANK'S ANSWER TO COMPLAINT**

### SEVENTH AFFIRMATIVE DEFENSE

**(Comparative Fault)**

7.    Upon information and belief, Defendants allege that Plaintiff's damages, if any, are limited by the doctrine of comparative fault.

### EIGHTH AFFIRMATIVE DEFENSE

**(Good Faith & Reasonably Equivalent Value)**

8.    Defendants received the alleged transfers in good faith and for a reasonably equivalent value.

### NINTH AFFIRMATIVE DEFENSE

**(Unstated Defenses)**

9.    Defendants state that they do not presently know all facts concerning the conduct of Debtor and/or Plaintiff's enumerated (or potential) causes of action sufficient to state all affirmative defenses at this time. Accordingly, Defendants reserve the right to assert additional affirmative defenses in the event that they later discover facts supporting such defenses.

**WHEREFORE**, Defendants pray for judgment as follows:

1.    That Plaintiff take nothing by way of the Complaint;

2.    That the Complaint be dismissed in its entirety;

3.    That Defendants be awarded their costs of suit incurred in this action; and

4.    That Defendants be awarded such other and further relief as the Court deems just and proper.

Dated: May 12, 2025                    **HINSHAW & CULBERTSON LLP**

By: */s/ Brian A. Paino*
    BRIAN A. PAINO
Attorneys for *Defendants* **MOISHE GUBIN and OPTIMUMBANK**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**HINSHAW & CULBERTSON, LLP 350 S.Grand Avenue, Suite 3600, Los Angeles, CA 90071-3476**

A true and correct copy of the foregoing document entitled (*specify*): _____
_____ **DEFENDANTS MOISHE GUBIN AND OPTIMUMBANK'S ANSWER TO PLAINTIFF'S COMPLAINT** _____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____05/12/2025____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Joseph Boufadel**    jboufadel@salvatoboufadel.com; Gsalvato@salvatoboufadel.com; gsalvato@ecf.inforuptcy.com
- **Christopher Ghio**    Christopher.Ghio@dinsmore.com; angelica.urena@dinsmore.com
- **Karen Hockstad**    karen.hockstad@dinsmore.com; kim.beavin@dinsmore.com
- **Ira David Kharasch**    ikharasch@pszjlaw.com
- **Michael Lundholm**    mlundholm@londonstoutlaw.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com; ecf.alert+Marshack@titlexi.com
- **Victoria Newmark**    vnewmark@pszjlaw.com; hdaniels@pszjlaw.com; bdassa@pszjlaw.com; hwinograd@pszjlaw.com
- **Brian A Paino**    bpaino@hinshawlaw.com; hmosothoane@hinshawlaw.com; crico@hishawlaw.com
- **Matthew Sommer**    matthew.sommer@dinsmore.com; carrie.davis@dinsmore.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____05/12/2025____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Hon. Scott C. Clarkson
U.S. Bankruptcy Court, Ronald Reagan Federal Building
411 W. Fourth St., Ste. 5130
Santa Ana, CA 92704

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served  the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/12/2025 | Carolina Rico | /s/ Carolina Rico |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**