United States Bankruptcy Court
Central District of California

Marshack,
    Plaintiff

World Global Fund LLC,
    Defendant

Adv. Proc. No. 25-01105-SC

# CERTIFICATE OF NOTICE

District/off: 0973-8     User: admin     Page 1 of 3
Date Rcvd: Aug 05, 2025     Form ID: pdf031     Total Noticed: 39

The following symbols are used throughout this certificate:
**Symbol     Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

^     Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 07, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dft | + | Brickstone Group LTD, 20 West 47th St Ste 401, New York, NY 10036-3455 |
| dft | + | Coast Processing LLC, 7901 4th St N Ste 5765, St. Petersburg, FL 33702-4305 |
| dft | + | Crystal Springs Capital LLC, c/o Mark David, 1111 Brickell Ave Ste 2725, Miami, FL 33131-3128 |
| dft | + | EOM Business Capital LLC, c/o The Limited Liability Company, 4615 Surf Ave, Brooklyn, NY 11224-1047 |
| dft | + | Everyday Group LLC, c/o The LLC, 63 Flushing Unit 148, Brooklyn, NY 11205-1070 |
| dft | + | Funding Gateway, Inc., c/o Cloud Peak Law LLC, 1095 Sugar View Dr Ste 500, Sheridan, WY 82801-5386 |
| dft | + | Funding Gateway, Inc., c/o File Right RA Services LLC, 330 Changebridge Rd Ste 101, Pine Brook, NJ 07058-9839 |
| dft | + | Funding Gateway, Inc., c/o The Corp., 5314 16th Ave Ste 139, Brooklyn, NY 11204-1425 |
| dft | + | Genesis Equity Group Funding LLC, 5308 13th Ave Ste 422, Brooklyn, NY 11219-5198 |
| dft | + | Glass media, 1095 Sugar View Dr Ste 500, Sheridan, WY 82801-5386 |
| dft | + | Goldcrest Associates LLC, c/o the LLC, 1253 E. 28th St, Brooklyn, NY 11210-4626 |
| dft | + | Hybrid Advance LLC, c/o Ariel Ilyabayev, 9918 62nd Dr, Rego Park, NY 11374-1938 |
| dft | + | LPG Capital LLC, 10 Jill Ln, Monsey, NY 10952-2619 |
| dft | + | LPG Holdings LLC, c/o Registered Agents, Inc., 30 N. Gould St Ste R, Sheridan, WY 82801-6317 |
| dft | + | MNS Funding LLC, 5314 16th Ave Ste 139, Brooklyn, NY 11204-1425 |
| dft | | Moishe Gubin, 1230 Ridgedale Rd, South Bend, In 46614-2108 |
| dft | + | Optimum Bank Holdings, Inc., c/o Avi Zwelling, 2929 E. Commercial Blvd Ste 303, Ft. Lauderdale, Fl 33308-4219 |
| dft | + | Optimumbank, 2929 E. Commercial Blvd Ste 303, Ft. Lauderdale, Fl 33308-4219 |
| dft | + | Optimumbank.com, Attn: Mary Franco, 2929 E. Commercial Blvd Ste 101, Ft. Lauderdale, Fl 33308-4217 |
| dft | + | PSF 2020 Inc., c/o The Corporation, 3921 14th Ave, Brooklyn, NY 11218-3619 |
| dft | + | PSF LLC, Attn: Rich Palma, 520 8th Ave Ste 1001, New York, NY 10018-6569 |
| dft | + | Parkside Capital Group LLC, c/o USACORP, 325 Division Ave Ste 201, Brooklyn, NY 11211-7348 |
| dft | + | SSD Investment Group, LLC, 14400 Bear Valley Rd Sp 527, Victorville, CA 92392-5410 |
| dft | + | SSD Investment Group, LLC, c/o Natesh Singh Dole, 13745 Holt Ct, Victorville, Ca 92394-7539 |
| dft | + | SSD Investment Group, LLC, c/o Shia Dembitzer, 7901 4th St N Ste 5765, St. Petersburg, FL 33702-4305 |
| dft | + | Safe Vault Capital LLC, c/o The Company, 12 Bayview Ave Ste 321, Lawrence, NY 11559-4014 |
| dft | | Shia Dembitzer, 202 Foster Ave Apt 5, Brooklyn, NY 11230-2129 |
| dft | + | Slate Advance LLC, c/o The LLC, 15 America Ave Ste 3, Lakewood, NJ 08701-4584 |
| dft | + | Solomon Feig, 4518 18th Ave, Brooklyn, NY 11204-1204 |
| dft | + | Supreme Advance LLC, c/o File Right LLC, 5314 16th Ave Ste 139, Brooklyn, NY 11204-1425 |
| dft | + | Vertex Capital (US) Funding LLC, c/o Cloud Peak Law LLC, 1095 Sugar View Dr Ste 500, Sheridan, WY 82801-5386 |
| dft | + | Vertex Capital Partners LLC, c/o Registered Agents Inc., 30 N. Gould St Ste R, Sheridan, WY 82801-6317 |
| dft | + | WGF Capital Inc., c/o Joshua Feig, 1846 50th St, Brooklyn, NY 11204-1252 |
| dft | + | WORLD GLOBAL FUND LLC, 5314 16th Ave Ste 139, Brooklyn, NY 11204-1425 |
| dft | + | Weinman and Associates, LLC, c/o Cloud Peak Law LLC, 1095 Sugar View Dr Ste 500, Sheridan, WY 82801-5386 |
| dft | + | World Global Fund LLC, c/o File Right, LLC, 5314 16th Ave Ste 139, Brooklyn, NY 11204-1425 |
| dft | + | World Global Fund LLC, c/o Funding Gateway Inc., 1309 Coffeen Ave Ste 1200, Sheridan, WY 82801-5777 |

TOTAL: 37

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| aty | ^ MEBN | | |
| | | Aug 06 2025 01:01:16 | Shanna M Kaminski, Kaminski Law PLLC, PO |

| District/off: 0973-8 | User: admin | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Aug 05, 2025 | Form ID: pdf031 | Total Noticed: 39 |

| | | | | |
|---|---|---|---|---|
| pla | Email/Text: richard.marshack@txitrustee.com | Aug 06 2025 01:02:00 | Richard A Marshack, 870 Roosevelt Ave, Irvine, CA 92620 Box 247, Grass Lake, MI 49240-0247 | |

TOTAL: 2

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| intp | | Courtesy NEF |

TOTAL: 1 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 07, 2025         Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 5, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brian A Paino | on behalf of Defendant Optimumbank bpaino@hinshawlaw.com  hmosothoane@hinshawlaw.com;crico@hinshawlaw.com |
| Brian A Paino | on behalf of Defendant Moishe Gubin bpaino@hinshawlaw.com  hmosothoane@hinshawlaw.com;crico@hinshawlaw.com |
| Brian A Paino | on behalf of Defendant Optimumbank.com bpaino@hinshawlaw.com  hmosothoane@hinshawlaw.com;crico@hinshawlaw.com |
| Brian A Paino | on behalf of Defendant Optimum Bank Holdings  Inc. bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com;crico@hinshawlaw.com |
| Christopher Ghio | on behalf of Plaintiff Richard A Marshack Christopher.Ghio@dinsmore.com  angelica.urena@dinsmore.com |
| Ira David Kharasch | on behalf of Defendant Genesis Equity Group Funding LLC ikharasch@pszjlaw.com |
| Ira David Kharasch | on behalf of Defendant Solomon Feig ikharasch@pszjlaw.com |
| Joseph Boufadel | on behalf of Defendant Slate Advance LLC jboufadel@salvatoboufadel.com Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com |
| Joseph Boufadel | on behalf of Interested Party Courtesy NEF jboufadel@salvatoboufadel.com Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com |
| Karen Hockstad | on behalf of Trustee Richard A Marshack (TR) karen.hockstad@dinsmore.com  kim.beavin@dinsmore.com |
| Karen Hockstad | |

District/off: 0973-8     User: admin     Page 3 of 3
Date Rcvd: Aug 05, 2025     Form ID: pdf031     Total Noticed: 39

on behalf of Plaintiff Richard A Marshack karen.hockstad@dinsmore.com kim.beavin@dinsmore.com

Matthew Sommer

on behalf of Plaintiff Richard A Marshack matthew.sommer@dinsmore.com carrie.davis@dinsmore.com

Matthew Sommer

on behalf of Trustee Richard A Marshack (TR) matthew.sommer@dinsmore.com carrie.davis@dinsmore.com

Richard A Marshack (TR)

pkraus@marshackhays.com ecf.alert+Marshack@titlexi.com

United States Trustee (SA)

ustpregion16.sa.ecf@usdoj.gov

Victoria Newmark

on behalf of Defendant Solomon Feig vnewmark@pszjlaw.com
hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark

on behalf of Defendant Genesis Equity Group Funding LLC vnewmark@pszjlaw.com
hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Yosina M Lissebeck

on behalf of Plaintiff Richard A Marshack Yosina.Lissebeck@Dinsmore.com
caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com

TOTAL: 18

FILED & ENTERED

AUG 05 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>The Litigation Practice Group P.C.,<br><br>Debtor.<br><br>Richard A. Marshack, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>World Global Fund, LLC, *et al.,*<br><br>Defendants. | CHAPTER 11<br><br>Case No.  8:23-bk-10571-SC<br>Adv. Proc. No.  8:25-ap-01105-SC<br><br>**ORDER VACATING HEARING, GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND, AND CONTINUING STATUS CONFERENCE.**<br><br>Vacated Hearings:<br>Date:       August 7, 2025<br>Time:       1:30 a.m.<br>Courtroom: 5C |

The Court has considered Defendant's Motion to Dismiss Trustee's Adversary Complaint filed May 12, 2025, [Dk. 121] ("Motion"), the Opposition to the Motion to filed July 25, 2025 [Dk. 180] ("Opposition"), the related Notice of Unreported Decisions filed July 24, 2025 [Dk. 181], the Reply filed July 31, 2025, [Dk. 193] ("Reply"), and all

-1-

relevant pleadings. The Court has determined that this matter is appropriate for disposition without a hearing and finds good cause to order that the August 7, 2025, hearing is VACATED and the Motion is GRANTED, with leave to amend by no later than August 28, 2025. The August 7, 2025, 11:00 a.m. status conference is CONTINUED to November 13, 2025, at 1:30 p.m., with a joint status report due 14 days in advance.

## I.     INTRODUCTION

On March 10, 2025, Richard A. Marshack, Trustee of the LPG Liquidation Trust ("Plaintiff" or "Trustee") filed his Complaint ("Complaint") which seeks: to avoid, recover, and preserve for the estate various transfers; accounting; turnover; fraud and/or conversion/theft; aiding and abetting fraud; and conspiracy to commit fraud and declaratory relief against World Global Fund, LLC and others. The Complaint names more than thirty defendants, including Movant herein, Slate Advance, LLC ("Slate Advance"). The principal defendants are identified as World Global Fund, LLC ("World Global"), Shia Dembitzer ("Dembitzer") and Solomon Feig ("Feig").[1] World Global is alleged to operate under various assumed names, including "Slate Advance."

The Complaint alleges that The Litigation Practice Group ("LPG" or "Debtor") was systematically looted through a fraudulent scheme orchestrated by its principal, Tony Diab, with the assistance of third parties, including World Global Fund LLC, its principals Dembitzer and Feig, and various affiliated entities. According to Trustee, Diab operated, dominated, and controlled LPG while mismanaging client payments and diverting

---

[1] Other named defendants are: OptimumBank Holdings, Inc., OptimumBank, and OptimumBank.com (collectively "Optimum"), along with Moishe Gubin, who is the Chairman of OptimumBank Holdings, Inc. and a Board Member of OptimumBank and OptimumBank.com. The Complaint names several entities as "Alter Egos" of Dembitzer, Feig, and World Global, including Slate Advance LLC, SSD Investment Group LLC, Brickstone Group Ltd., WGF Capital Inc., PSF 2020 Inc., PSF, LLC, Supreme Advance LLC, Safe Vault Capital LLC, Goldcrest Associates LLC, Parkside Capital Group LLC, Hybrid Advance LLC, EOM Business Capital LLC, Genesis Equity Group Funding LLC, Everyday Group LLC, World Global LLC (now Glass Media, LLC), Funding Gateway Inc., Coast Processing LLC, Vertex Capital (US) Funding LLC, Vertex Capital Partners LLC, and Crystal Springs Capital LLC. These entities are hereinafter the "Alter Egos."

assets—including client funds, receivables, and client files—in anticipation of bankruptcy.

As part of this scheme, LPG entered into three Merchant Cash Advance ("MCA") agreements with World Global in 2021. While these agreements were structured as sales of future receivables, Trustee contends they were in substance usurious loans designed to circumvent California usury laws. The purchase prices of the agreements totaled approximately $6.8 million, but the repayment obligations exceeded $10 million. Trustee asserts these transactions were not conducted in the ordinary course of business and are avoidable as fraudulent transfers.

Additionally, Trustee asserts that World Global served as LPG's ACH processor and, through Dembitzer and Feig, allegedly engaged in unauthorized activity in April 2022 by uploading outdated NACHA files that caused over $12 million to be withdrawn from LPG clients' bank accounts without authorization. These debits severely harmed LPG's operations, led to regulatory scrutiny, and resulted in the loss of approximately 2,000 clients. Despite repeated requests, World Global allegedly failed to return records of the debited clients, instead blaming technical limitations on its processing platform (Optimum), which is also named as a defendant for facilitating and profiting from the fraudulent activity.

Trustee asserts that from July 2021 through at least May 2022, Dembitzer, Feig, and World Global are further alleged to have wrongfully withheld over $4.8 million in payments that should have been remitted to LPG, instead diverting these funds to entities under their control. These entities—described as "Alter Egos"—include Slate Advance.

The Complaint further alleges that LPG was being operated as a Ponzi scheme and that World Global, through its principals, used a web of Alter Ego entities to launder and hide funds to the detriment of creditors. Bank records purportedly show large transfers between World Global and these Alter Egos. Trustee seeks to pierce the corporate veils of these entities and recover the misappropriated assets.

Trustee alleges that the Alter Egos are alleged to have received or currently hold funds wrongfully taken from LPG, including portions of the unauthorized ACH withdrawals and MCA-related funds and that they were instrumental in laundering assets and furthering the fraudulent scheme. Therefore, according to Trustee, the Alter Egos are liable under theories of actual and constructive fraudulent transfer, turnover of estate property, fraud, conversion, and conspiracy.

The Motion argues that the Complaint should be dismissed under FRCP 12(b)(6) because the Complaint fails to adequately plead alter ego liability under California Law.

The Opposition argues that the allegations in the FAC are sufficient and alternatively requests leave to amend. The Reply argues that the Complaint should be dismissed with prejudice; that leave to amend should not be granted because it would be futile to allow amendment.

## II.  LEGAL STANDARDS

### a.  Standards for Dismissal under FRCP 12(b)(6)

Fed. R. Bankr. P. ("FRBP") 7012(b) incorporates FRCP 12(b) and applies it to adversary proceedings. Under FRCP 12(b), a party may assert any 12(b)(1)-(7) defense by motion. A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *See Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's complaint requires "only enough facts to state a claim to relief that is plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The standard for plausibility only requires the plaintiff to produce facts that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, the Court must assume the remaining factual allegations are true and draw all reasonable inferences in "the light most favorable to the plaintiff." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).

The standards under FRCP 9(b) are made applicable to adversary proceedings in bankruptcy through FRBP 7009. When alleging fraud or mistake, the party "must

state with particularity the circumstances constituting fraud or mistake." FRCP 9(b). The fraud allegations in the complaint must "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

### b. Standards for Alter Ego Doctrine

Federal courts apply the law of the forum state in determining whether a corporation is an alter ego of an individual. *SEC v. Hickey*, 322 F.3d 1123 (9th. Cir. 2003 (citing *Towe Antique Ford Found. v. IRS*, 999 F.2d 1387, 1391 (9th Cir. 1993)). "A claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief"; it is an equitable remedy used to impose liability against the alter ego defendant under another cause of action. *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1251 (9th Cir. 2010).

There are "two general requirements" that must be met before the alter ego doctrine is invoked. *Mesler v. Bragg Management Co.,* 39 Cal. 3d 290, 301 (1985). First, there must be such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased. *Hacker v. Fabe*, 92 Cal. App. 5th 1267 (2023). Second, adherence to the separate existence of the corporation must provide an inequitable result. *Id.* Factors that trial courts consider in determining a "unity of interest and ownership" include the commingling of funds and assets of the two entities, identical equitable ownership in the two entities, use of the same offices and employees, disregard of corporate formalities, identical directors and officers, and use of one as a mere shell or conduit for the affairs of the other. *Hacker*, 92 Cal. App. 5th at 1267. Conclusory allegations of alter ego status are insufficient to state a claim; an alter ego allegation "must be buttressed by some allegation of a particular event, pattern of

behavior, mode of control, or other fact showing that [the entity] is a mere shell." *Unichappell Music, Inc. v. Modrock Prods., LLC*, 2015 U.S. Dist. LEXIS 16111, at 5 (C.D. Cal. 2015).

The alter ego doctrine may be applied narrowly; a court may find that a corporation and individual are alter egos for specific and limited purposes. *See McLoughlin v. L. Bloom Sons Co.*, 206 Cal. App. 2d 848 (1962) (holding that one corporation is the alter ego of another only for the limited purpose of considering both to be a party to a collective bargaining agreement).

### c. Standards for Leave to Amend

FRBP 7015 applies FRCP 15 to adversary proceedings. FRCP 15(a)(2) provides that the Court should freely give leave when justice so requires. The policy outlined in Rule 15(a) "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave to amend "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III. DISCUSSION

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (incorporated by Federal Rule of Bankruptcy Procedure 7012), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When alleging fraud or fraudulent transfers, Federal Rule of Civil Procedure 9(b) further requires the pleader to "state with particularity the circumstances constituting fraud," though malice, intent, knowledge, and other mental states may be alleged generally.

Here, the Complaint alleges that Slate Advance is an "alter ego" of World Global, Dembitzer, and Feig, and was used to receive and conceal assets fraudulently transferred from Debtor. These allegations are incorporated into several causes of action, including for fraudulent transfer, turnover, and conspiracy. Slate Advance argues

that the allegations against it are conclusory, lack particularity, and do not meet the heightened standards of Rule 9(b).

In his opposition, Trustee contends that several claims are brought directly against Slate Advance and not solely under a theory of alter ego liability. Trustee also argues that the Ponzi scheme presumption applies and that California's standard for pleading alter ego is relaxed, particularly where relevant information is in the exclusive possession of the defendants.

However, the Complaint's allegations that Slate Advance is a transferee are conclusory and insufficiently supported. For example, the Complaint [Dkt. No. 1, ¶¶ 5, 128] alleges "[o]n information and belief, each of the Parties listed below is one such alter ego... which potentially received, holds or otherwise benefited from monies... taken by Dembitzer, Feig, and World Global as part of the Ponzi scheme." This merely states the legal conclusion that Slate Advance may be a transferee without alleging any specific transfer, transaction, or factual basis supporting that conclusion, as required under Rule 9(b).

Further, even under California's more lenient approach to alter ego pleading, the Complaint fails to allege sufficient facts suggesting a unity of interest between Slate Advance and World Global, Dembitzer, or Feig. There are no allegations that Slate Advance is owned, controlled, or used by those parties in a manner that would justify disregarding corporate separateness. The Complaint is devoid of allegations such as a common ownership or shared officers, the commingling of assets, undercapitalization, the use of corporate assets for personal purposes, and or any specific inequity that would result from recognizing Slate Advance as a separate entity. *See Hacker v. Homeward Residential, Inc.*, 92 Cal. App. 5th 1247, 1267 (2023). Because the Complaint does not adequately allege either that Slate Advance was a transferee or that alter ego liability is warranted, dismissal is appropriate.

Trustee's Opposition attempts to supplement the Complaint through argument and narrative. But it is axiomatic that the Court must evaluate the sufficiency of the

pleading itself, not facts raised for the first time in briefing. *See Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

While some allegations are made on "information and belief," such pleading is permissible only where the facts are peculiarly within the opposing party's knowledge and the plaintiff provides a factual basis for the belief. That standard is not met here. Accordingly, the Motion is GRANTED.

However, this is Trustee's first attempt to plead claims against Slate Advance, and the Court sees no undue delay, bad faith, or prejudice that would weigh against granting leave to amend. The Court also finds that amendment would not be futile, as Trustee may be able to plead additional facts that satisfy the pleading standards. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend is GRANTED.

## IV.  CONCLUSION

For the foregoing reasons, the Motion is GRANTED, with leave to amend by no later than August 28, 2025. The August 7, 2025, 11:00 a.m. status conference is CONTINUED to November 13, 2025, at 1:30 p.m., with a joint status report due 14 days in advance.

The August 7, 2025, 1:30 a.m. hearings are VACATED.

**IT IS SO ORDERED.**

Date: August 5, 2025

Scott C. Clarkson
United States Bankruptcy Judge

-8-