CHRISTOPHER CELENTINO (131688)
Christopher.Celentino@dinsmore.com
CHRISTOPHER B. GHIO (259094)
Christopher.Ghio@dinsmore.com
YOSINA M. LISSEBECK (201654)
Yosina.Lissebeck@dinsmore.com
**DINSMORE & SHOHL LLP**
655 West Broadway, Ste 800
San Diego, CA 92101
Tele: (619) 400-0500
Fax: (619) 400-0501

KAREN S. HOCKSTAD (OH 61308)
Karen.Hockstad@dinsmore.com
MATTHEW H. SOMMER (OH 101721; NC 51004)
Matthew.Sommer@dinsmore.com
**DINSMORE & SHOHL LLP**
191 W. Nationwide Blvd., Ste 200
Columbus, OH 43215
Tele: (614) 628-6880
Fax: (614) 628-6890
(Admitted pro hac vice)

Special Counsel to Richard A. Marshack,
Trustee of the LPG Liquidating Trust

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No.: 8:23-bk-10571-SC |
| The Litigation Practice Group P.C. | Adv. Proc. No.: 8:25-ap-01105-SC |
| Debtor. | Chapter 11 |
| Richard A. Marshack, Trustee of the LPG Liquidation Trust, | **MOTION OF TRUSTEE TO LIFT THE STAY AS TO DEFENDANTS SHIA DEMBITZER, WORLD GLOBAL FUND, LLC, MNS FUNDING, LLC AND SSD INVESTMENT GROUP, LLC** |
| Plaintiff, | |
| v. | |
| World Global Fund, LLC, et al. | Judge: Hon. Scott C. Clarkson |
| Defendants. | |

1

## MOTION TO LIFT STAY

Plaintiff Richard A. Marshack, as the Trustee of the LPG Liquidation Trust, moves the Court for an Order to lift the stays entered by this Court on March 31, 2025 [Docket No. 12] and June 4, 2025 [Docket No. 158] (the "Stays").

## RECITALS

A.    Debtor, the Litigation Practice Group P.C. ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, on March 20, 2023 ("Petition Date"). Trustee was appointed on or about May 8, 2023 following the entry of an Order Directing United States Trustee to Appoint Chapter 11 Trustee [Bankr. Dkt. No. 58] on May 4, 2023.

B.    On March 10, 2025, Trustee filed this adversary proceeding against (among others) Shia Dembitzer ("Dembitzer") and World Global Fund, LLC, MNS Funding, LLC, and SSD Investment Group, LLC (the "Entities). In his complaint, Trustee asserted that Dembitzer and the Entities received and assisted Debtor in fraudulently transferring approximately $20,000,000. Additionally, Trustee asserted that Dembitzer wrongfully withheld and diverted approximately $4,800,000 from the Debtor.  [Docket No. 1].

C.    Prior to the answer date, Dembitzer contacted Trustee requesting a stay of the proceedings. Trustee agreed to temporarily stay the proceedings to allow for the exchange of documents and information that could assist Trustee's recovery of the fraudulent transfers, the wrongfully withheld funds, and the additional funds not less than $189,000,000 as a result of Dembitzer's assistance with Debtor's fraud.

D.    Trustee filed the Stipulation to Temporarily Stay Proceedings and Continue All Associated Dates on March 28, 2025 [Docket No. 11].

E.    This Court approved the Stipulation and set the Answer Date for Shia Dembitzer for October 14, 2025. [Docket No. 12].

F.    Subsequent to the entry of the first stay, on April 11, 2025, Dembitzer requested a stay of the Adversary Proceeding against World Global Fund, LLC and MNS Funding, LLC. The Trustee further determined that a stay as to SSD Investment Group, LLC was appropriate as Dembitzer is the authorized representative of SSD Investment Group, LLC.

G.    Trustee agreed to stipulate to a stay as to the listed Entities to allow for the exchange of documents and information that may assist in Trustee's recovery of the fraudulent transfers as a result of Dembitzer and the Entities' assistance with and participation in the Debtor's fraud.

H.    Trustee filed a second Stipulation with the Court on May 30, 2025 [Docket No. 156]

1 | which was approved by this Court on June 4, 2025. [Docket No. 158].

I. Despite the clear terms of the Stipulations, Dembitzer and the Entities have failed to cooperate with Trustee in producing documents, responding to inquiries, and assisting in the recovery of the fraudulently transferred funds. See Declaration of Karen S. Hockstad being filed simultaneously herewith.

J. Having failed to satisfy the obligations as set forth in the Stipulations, Dembitzer and the Entities should not be allowed to benefit from the Stipulations.

K. Thus, Trustee moves the Court to lift the stay between Trustee and Dembitzer, and between Trustee and Defendant Entities for which Dembitzer also gave his assurance of cooperation.

L. Trustee respectfully moves the Court for an Order lifting the Stays and to Order the proceedings to continue as to Defendants Dembitzer and the Entities.

Respectfully submitted,

Dated: September 4, 2025                DINSMORE & SHOHL LLP

By: /s/ *Karen S. Hockstad*
    Karen S. Hockstad (OH061308)
    Karen.hockstad@dinsmore.com
    Matthew H. Sommer (OH101721)
    Matthew.sommer@dinsmore.com
    DINSMORE & SHOHL, LLP
    191 W. Nationwide Blvd., Suite 200
    Columbus, OH 43215
    Tele:  614.628-6880
    Fax:   614.628-6890


    CHRISTOPHER CELENTINO (131688)
    christopher.celentino@dinsmore.com
    CHRISTOPHER B. GHIO (259094)
    christopher.ghio@dinsmore.com
    YOSINA M. LISSEBECK (201654)
    yosina.lissebeck@dinsmore.com
    DINSMORE & SHOHL LLP
    655 West Broadway, Suite 800
    San Diego, CA 92101
    Tele: 619.400.0500
    Fax: 619.400.0501

*Attorneys for Richard A. Marshack, Plaintiff and Trustee of the LPG Liquidation Trust*

CHRISTOPHER CELENTINO (131688)
Christopher.Celentino@dinsmore.com
CHRISTOPHER B. GHIO (259094)
Christopher.Ghio@dinsmore.com
YOSINA M. LISSEBECK (201654)
Yosina.Lissebeck@dinsmore.com
**DINSMORE & SHOHL LLP**
655 West Broadway, Ste 800
San Diego, CA 92101
Tele:  (619) 400-0500
Fax:   (619) 400-0501

KAREN S. HOCKSTAD (OH 61308)
Karen.Hockstad@dinsmore.com
MATTHEW H. SOMMER (OH 101721; NC 51004)
Matthew.Sommer@dinsmore.com
**DINSMORE & SHOHL LLP**
191 W. Nationwide Blvd., Ste 200
Columbus, OH 43215
Tele: (614) 628-6880
Fax:  (614) 628-6890
(Admitted pro hac vice)

Attorneys for Richard A. Marshack, Plaintiff
And Trustee of the LPG Liquidation Trust

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No.: 8:23-bk-10571-SC |
| The Litigation Practice Group P.C. | Adv. Proc. No.: 8:25-ap-01105-SC |
| Debtor. | Chapter 11 |

1

|   |   |
|---|---|
| Richard A. Marshack, Trustee of the LPG Liquidation Trust,<br><br>        Plaintiff,<br><br>v.<br><br>World Global Fund, LLC, et al.<br><br>        Defendants. | **DECLARATION OF KAREN S. HOCKSTAD IN SUPPORT OF PLAINTIFF'S REQUEST TO LIFT THE STAY AS AGAINST SHIA DEMBITZER, WORLD GLOBAL FUND, LLC, MNS FUNDING, LLC AND SSD INVESTMENT GROUP, LLC**<br><br>Judge: Hon. Scott C. Clarkson |

I, KAREN S. HOCKSTAD, declare as follows:

1. I am an attorney duly licensed to practice law and admitted to practice before this Court *pro hac vice*. I am a partner with the law firm Dinsmore & Shohl LLP, and counsel of record for Richard A. Marshack, Trustee ("Trustee") of the LPG Liquidation Trust. As such, except as expressly stated otherwise, I have personal knowledge of the facts as set forth below and could and would competently testify under oath thereto if requested to do so.

2. I make this declaration in support of the Motion to Lift the Stay as to Shia Dembitzer, World Global Fund, LLC, MNS Funding, LLC, and SSD Investment Group, LLC submitted concurrently herewith.

3. On March 10, 2025, on behalf of Plaintiff, my office filed this adversary proceeding ("Adversary Proceeding") against Shia Dembitzer ("Dembitzer"), and World Global Fund, LLC, MNS Funding, LLC and SSD Investment Group, LLC (the "Entities"). In his complaint, Trustee asserted that Dembitzer and the Entities received and assisted Debtor in fraudulently transferring approximately $20,000,000. Additionally, Trustee asserted that Dembitzer and the Entities wrongfully withheld and diverted approximately $4,800,000 from the Debtor. [Docket No. 1].

4. Prior to the answer date, Dembitzer contacted Trustee requesting a stay of the proceedings; Trustee agreed to temporarily stay the proceedings to allow for

2

the exchange of documents and information that could assist Trustee's recovery of the fraudulent transfers, the wrongfully withheld funds, and the additional funds not less than $189,000,000 as a result of Dembitzer's assistance with Debtor's fraud.

5. Trustee filed the Stipulation to Temporarily Stay Proceedings and Continue All Associated Dates on March 28, 2025. [Docket No. 11].

6. This Court approved the Stipulation and set October 14, 2025, as the Answer Date for Dembitzer. [Docket No. 12].

7. Subsequent to the Entry of the first stay, on April 11, 2025, Dembitzer requested a stay of the Adversary Proceeding against World Global Fund, LLC and MNS Funding, LLC. The Trustee further determined that a stay as to SSD Investment Group, LLC was appropriate as Dembitzer is the authorized representative of SSD Investment Group, LLC as well as World Global Fund, LLC and MNS Funding, LLC.

8. Trustee agreed to stipulate to a stay as to the listed Entities to allow for the exchange of documents and information that may assist in Trustee's recovery of the fraudulent transfers as a result of Dembitzer and the Entities' assistance with and participation of the Debtor's fraud.

9. Trustee filed a second Stipulation with the Court of May 30, 2025 [Docket No. 156] which was approved by this Court on June 4, 2025. [Docket No. 158].

10. Despite the clear terms of the Stipulations, Dembitzer and the Entities have failed to cooperate with Trustee in producing documents, responding to inquiries, and assisting in the recovery of the fraudulently transferred funds.

11. On June 9, 2025, counsel for the Trustee requested that Mr. Dembitzer produce all email communications and test messages from 2021 and 2022. He claimed not to have any messages but would try to pull together his emails.

3

12. On June 17, 2025, counsel for the Trustee follow up with Mr. Dembitzer by phone and text message to request the emails and text messages.

13. On June 26, 2025, counsel for the Trustee again followed up with Mr. Dembitzer via text message and received no response.

14. On July 1, 2025, counsel for the Trustee sent an email to Mr. Dembitzer again requesting information.

15. On July 21, 2025, counsel for the Trustee sent an email request to Mr. Dembitzer for the EIN for MNS Funding, LLC. Mr. Dembitzer has, to date, not sent this information.

16. On July 31, 2025, counsel for the Trustee sent an email request for additional information from Mr. Dembitzer wo which Mr. Dembitzer did not respond.

17. On August 18, 2025, counsel for Trustee sent two emails for additional information along with previously requested information. Mr. Dembitzer responded stating it is his belief that there is no need to share documentation with counsel.

18. To date, counsel for Trustee has not received any emails, text messages, syndication sheets or other documents as identified herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 4th day of September 2025 at Columbus, Ohio.

Dated: 9/4/2025         */s/ Karen S. Hockstad*
                        Karen S. Hockstad

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Dinsmore and Shohl LLP, 191 W. Nationwide BLVD, Suite 200, Columbus, OH 43215

A true and correct copy of the foregoing document entitled (*specify*): _____
MOTION OF TRUSTEE TO LIFT THE STAY AS TO DEFENDANT SHIA DEMBITZER, WORLD GLOBAL FUND, LLC, MNS FUNDING, LLC AND SSD INVESTMENT GROUP, LLC
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 09/04/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

angelica.urena@dinsmore.com; karen.hockstad@dinsmore.com; kim.beavin@dinsmore.com; matthew.sommer@dinsmore.com; carrie.davis@dinsmore.com; Yosina.Lissebeck@Dinsmore.com; caron.burke@dinsmore.com; ayrton.celentino@dinsmore.com; hwinograd@pszjlaw.com; ikharasch@pszjlaw.com; vnewmark@pszjlaw.com; hdaniels@pszjlaw.com; bdassa@pszjlaw.com; charwood@maglaw.com; tgoodcohn@maglaw.com; Richard A. Marshack (TR) ecf.alert+Marshack@titlexi.com; pkraus@marshackhays.com; jboufadel@salvatoboufadel.com; hmosothoane@hinshawlaw.com; crico@hinshawlaw.com; bpaino@hinshawlaw.com; dhayek@hinshawlaw.com; mlundholm@londonnaor.com; United States Trustee ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 09/04/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

JUDGE'S COPY: The Honorable Scott C. Clarkson | United States Bankruptcy Court, Ronald Reagan Federal Building and Courthouse 411 West Fourth Street, Suite 5130 / Courtroom 5C | Santa Ana, CA 92701-4593

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/04/2025 | Karen S. Hockstad | /s/ Karen S. Hockstad |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                          **F 9013-3.1.PROOF.SERVICE**

Funding Gateway, Inc.
Mark Fuchs c/o The Corporation
5314 16th Avenue, Suite 139
Brooklyn, NY 11204

Funding Gateway, Inc.
Mark Fuchs c/o File Right RA Services, LLC
330 Changebridge Road, Suite 101
Pine Brook, NJ 07058

MNS Funding, LLC
and each of its assumed names
c/o Shia Dembitzer
202 Foster Avenue, Apt. 5
Brooklyn, NY 11230

Shia Dembitzer
202 Foster Avenue, Apt. 5
Brooklyn, NY 11230

SSD Investment Group, LLC
14400 Bear Valley Rd., Space 527
Victorville, CA 92394

SSD Investment Group, LLC
c/o Natesh Singh Dole
13745 Holt Ct.
Victorville, CA 92394

World Global Fund, LLC
and each of its assumed names
c/o Shia Dembitzer
202 Foster Avenue, Apt. 5
Brooklyn, NY 11230

SSD Investment Group, LLC
Attn:  Shia Dembitzer
7901 4th Street N., Suite 5765
St. Petersburg, FL 33702

WORLD GLOBAL FUND, LLC n/k/a Glass Media, LLC
Andrew Pierce
c/o Cloud Peak Law
1095 Sugar View Drive, Suite 500
Sheridan, WY 82801

Funding Gateway, Inc.
And each of its assumed names
c/o Cloud Peak Law
1095 Sugar View Drive, Suite 500
Sheridan, WY 82801