| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>KAREN S. HOCKSTAD (OH 61308) (Admitted pro hac vice)<br>karen.hockstad@dinsmore.com<br>MATTHEW S. SOMMER (OH 101721; NC 51004) (Admitted pro hac)<br>matthew.sommer@dinsmore.com<br>DINSMORE & SHOHL, LLP<br>191 W. Nationwide Blvd., Ste 200<br>Columbus, OHh 43215<br>Tele: (614) 628-6880<br>Fax: (614) 628-6890<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:*  Richard A. Marshack, Plaintiff | FOR COURT USE ONLY |
|---|---|

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - **SELECT DIVISION**

| In re:<br>The Litigation Practive Group, P.C.<br><br><br><br><br>Debtor(s). | CASE NO.:    8:23-bk-10571-SC<br><br>ADVERSARY NO.: 8:25-ap-01105-SC<br><br>CHAPTER:    11 |
|---|---|
| Richard A. Marshack, Trustee of the LPG Litigation Trust<br><br><br><br><br><br>                                Plaintiff(s).<br>    vs.<br>World Global Fund, LLC, et al.<br><br><br><br><br><br>                                Defendant(s). | **JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]**<br><br>DATE:    11/13/2025<br>TIME:    1:30 p.m.<br>COURTROOM:  5C<br>ADDRESS:  Honorable Scott C. Clarkson<br>        411 W. Fourth Street<br>        Santa Ana, CA 92701 |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

A. **PLEADINGS/SERVICE**:

    1.  Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)?  ☒ Yes  ☐ No

    2.  Have all parties filed and served answers to the Claims Documents?  ☐ Yes  ☒ No

    3.  Have all motions addressed to the Claims Documents been resolved?  ☒ Yes  ☐ No

    4.  Have counsel met and conferred in compliance with LBR 7026-1?  ☒ Yes  ☐ No

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                                    Page 1                              F 7016-1.STATUS.REPORT

5. If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below (*or on attached page*):

    Defendants Shia Dembitzer and World Goblud Fund, LLC have not responded to the Amended Complaint. Requests for defaults will be forthcoming.

B. **READINESS FOR TRIAL:**

  1. When will you be ready for trial in this case?
     <u>Plaintiff</u>                                                                     <u>Defendant</u>

     Summer 2026

  2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.
     <u>Plaintiff</u>                                                                     <u>Defendant</u>

  3. When do you expect to complete <u>your</u> discovery efforts?
     <u>Plaintiff</u>                                                                     <u>Defendant</u>
     Within the non-expert discovery cut off by March 31, 2026

  4. What additional discovery do you require to prepare for trial?
     <u>Plaintiff</u>                                                                     <u>Defendant</u>
     Plaintiff needs complete written discovery responses from defendants, needs to issue subpoenas to multiple third parties, and needs to conduct depositions

C. **TRIAL TIME:**

  1. What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?
     <u>Plaintiff</u>                                                                     <u>Defendant</u>
     Seven (7) days

  2. How many witnesses do you intend to call at trial (*including opposing parties*)?
     <u>Plaintiff</u>                                                                     <u>Defendant</u>
     Between fourteen (14) and eighteen (18)

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                        Page 2                                        **F 7016-1.STATUS.REPORT**

3. How many exhibits do you anticipate using at trial?

<u>Plaintiff</u>  
Still to be determined

<u>Defendant</u>

**D. PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

<u>Plaintiff</u>  
Pretrial conference ☒ is ☐ is not requested  
Reasons:  
Pretrial conference should be set June 1, 2026

<u>Defendant</u>  
Pretrial conference ☐ is ☐ is not requested  
Reasons:

<u>Plaintiff</u>  
Pretrial conference should be set <u>after</u>:  
(*date*) <u>06/01/2025</u>

<u>Defendant</u>  
Pretrial conference should be set <u>after</u>:  
(*date*) _____

**E. SETTLEMENT:**

1. What is the status of settlement efforts?  
   Settlement discussions would be premature at this time due to the status of discovery.

2. Has this dispute been formally mediated?    ☐ Yes    ☒ No  
   If so, when?

3. Do you want this matter sent to mediation at this time?

<u>Plaintiff</u>  
☐ Yes    ☒ No

<u>Defendant</u>  
☐ Yes    ☐ No

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 3    F 7016-1.STATUS.REPORT

**F. FINAL JUDGMENT/ORDER:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

| Plaintiff | Defendant |
|---|---|
| ☒ I do consent | ☐ I do consent |
| ☐ I do not consent | ☐ I do not consent |
| to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. | to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. |

**G. ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

Please see the Trustee Status report, and the additional party attachment of defendants Slate Advance, LLC, Optimum Bank and Moishe Gubin

Respectfully submitted,

Date: 10/30/2025                                                                Date: _____

DINSMORE & SHOHL, LLP                                              _____
Printed name of law firm                                                  Printed name of law firm


/s/ Karen S. Hockstad                                                        _____
Signature                                                                            Signature

Karen S. Hockstad (OH61308 pro hac vice)                   _____
Printed name                                                                      Printed name

Attorney for: Plaintiff Richard A. Marshack, Trustee     Attorney for: _____

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                 Page 4                          **F 7016-1.STATUS.REPORT**

# JOINT STATUS REPORT – ADDITIONAL PARTY ATTACHMENT

Additional party name: Defendant Slate Advance LLC

☐ Plaintiff    ☒ Defendant    Other (*specify*): _____

**B. READINESS FOR TRIAL:**

1. When will you be ready for trial in this case?
   Summer 2026

2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.
   In light of the complexity of this proceeding, number of defendants, and the Stipulation (#215) to vacate the current deadlines, it is anticipated that the matter will not be ready for trial until Summer 2026 at the earliest. Additional time will be required to complete discovery, depositions, engage expert witnesses (as needed), and to conduct good faith settlement discussions with the Trustee. Summary judgment motions are also anticipated.

3. When do you expect to complete *your* discovery efforts?
   If the matter is not settled or Defendant Slate Advance LLC not dismissed from this action, within the proposed non-expert discovery cut-off of March 31, 2026.

4. What additional discovery do you require to prepare for trial?
   (1) Discovery w/ the Trustee re the transactions at issue & alter-ego claims; (2) depositions; (3) discovery on the co-defendants, as necessary; (4) expert witness discovery; and (5) discovery-related motion practice.

**C. TRIAL TIME:**

1. What is your estimate of the time required to present *your side of the case* at trial (*including rebuttal stage if applicable*)?
   At this time, estimated to be 3 to 4 days.

2. How many witnesses do you intend to call at trial (*including opposing parties*)?
   At this time, 5 to 10 witnesses. This will be supplemented/amended as discovery is completed.

3. How many exhibits do you anticipate using at trial?
   At this time, 50 to 75. This will be supplemented/amended as discovery is completed.

**D. PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pretrial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

Pretrial conference    ☒ is    ☐ is not    requested.
Reasons: Narrow issues for trial.

Pretrial conference should be set after (*date*): 07/01/2026

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 1    **F 7016-1.STATUS.REPORT.ATTACH**

E.  **SETTLEMENT:**

1. What is the status of settlement efforts?

    Defendant Slate Advance LLC is not opposed to early settlement discussions and would encourage a mediation should the parties not be able to resolve the litigation among counsel.

2. Has this dispute been formally mediated? ☐ Yes ☒ No
   If so, when?

3. Do you want this matter sent to mediation at this time? ☐ Yes ☒ No

F.  **FINAL JUDGMENT/ORDER:**
Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

I ☐ do ☒ do not consent to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.

G.  **ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

Defendant Slate Advance, LLC has answered the Trustee's amended complaint on September 22, 2025 (Dkt. No. 218). Defendant has requested a request a jury trial in this action.

The action also does not appear to be at issue with respect to all of the named defendants.

On September 12, 2025, the Trustee filed a joint stipulation with those defendants appearing in this action to vacate the current discovery, motions, and final-pretrial conference deadlines and to agree upon new deadlines at the upcoming status conference. (Dkt. No. 215). An order on the stipulation has not yet been entered by the Court.

Proposed Deadlines: **Non-Expert Discovery Cutoff:** March 31, 2026
**Motion Cutoff:** June 1, 2026 | **Pre-Trial Conference:** No sooner than July 1, 2026
**Trial Date:** No sooner than 45 to 60 days after pre-trial conference

Date: October 29, 2025

SHANNA M. KAMINSKI (P74013)
  *Admitted Pro Hac Vice*
KAMINSKI LAW, PLLC
PO Box 247
Grass Lake, Michigan 49240-0247
Telephone: (247) 462-7111
skaminski@kaminskilawpllc.com

Attorneys for Defendant
SLATE ADVANCE LLC

Salvato Boufadel LLP
Printed name of law firm

*/s/ Joseph Boufadel*
Signature

Joseph Boufadel, Esq.
Printed name

Attorney for: Defendant Slate Advance LLC

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*            Page 2            F 7016-1.STATUS.REPORT.ATTACH

# JOINT STATUS REPORT – ADDITIONAL PARTY ATTACHMENT

Additional party name: OptimumBank; Moishe Gubin; and Optimum Holdings, Inc. ("Optimum")

☐ Plaintiff    ☒ Defendant    Other (*specify*):

**B. READINESS FOR TRIAL:**

1. When will you be ready for trial in this case?
   October, 2026

2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.
   Plaintiff filed a First Amended Complaint on August 28, 2025. The case will otherwise be document intensive and depositions cannot be taken until relevant documents are exchanged. Optimum also anticipates the need for the retention of one or more experts.

3. When do you expect to complete *your* discovery efforts?
   Fact discovery should, barring unanticipated discovery disputes, be completed by March 31, 2026.  Expert discovery should be completed by June 1, 2026.

4. What additional discovery do you require to prepare for trial?
   Written discovery from Plaintiff, co-defendants, and third-parties. Depositions of Plaintiff, co-defendants, and third parties.

**C. TRIAL TIME:**

1. What is your estimate of the time required to present *your side of the case* at trial (*including rebuttal stage if applicable*)?
   Optimum estimates it will take 7-10 days to present its side of the case.

2. How many witnesses do you intend to call at trial (*including opposing parties*)?
   Optimum estimates calling between 15-30 witnesses at trial.

3. How many exhibits do you anticipate using at trial?
   Optimum estimates that it will use between 200-500 exhibits at trial.

**D. PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pretrial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

Pretrial conference    ☒ is    ☐ is not    requested.
Reasons:_____

Pretrial conference should be set after (*date*): 08/03/2026

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 1    **F 7016-1.STATUS.REPORT.ATTACH**

**E. SETTLEMENT:**

1. What is the status of settlement efforts?

    The parties have had discussions regarding the dismissal of OptimumBank.com and Optimum Holdings, Inc. from this action. While Plaintiff did not formally dismiss OptimumBank.com, he omitted OptimumBank.com as a party in his First Amended Complaint. Optimum maintains that Optimum Holdings is not a proper party to this action.

2. Has this dispute been formally mediated? If so, when?   ☐ Yes   ☒ No

3. Do you want this matter sent to mediation at this time?   ☐ Yes   ☒ No

**F. FINAL JUDGMENT/ORDER:**
Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

I ☐ do  ☒ do not consent to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.

**G. ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

Optimum is entitled to trial by jury on all non-core issues.

HINSHAW & CULBERTSON LLP
Printed name of law firm

*/s/ David T. Hayek*
Signature

David T. Hayek (CA SBN 144116)
Printed name

Attorney for: OptimumBank and Moishe Gubin

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015    Page 2    F 7016-1.STATUS.REPORT.ATTACH

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Dinsmore & Shohl, LLP, 191 W. Nationwide Blvd., Ste.s 200, Columbus, OH 43215

A true and correct copy of the foregoing document entitled: **JOINT STATUS REPORT [LBR 7016-1(a)(2)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/30/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

karen.hockstad@dinsmore.com; kim.beavin@dinsmore.com; matthew.sommer@dinsmore.com;
carrie.davis@dinsmore.com; chris.ghio@dinsmore.com; bonnie.connolly@dinsmore.com;
yosina.lissebeck@dinsmore.com; caron.burke@dinsmore.com; Richard A. Marshack (TR)
ecf.alert+marshack@titlexi.com; pkraus@marshackhays.com; United States Trustee ustpregion16.sa.ecf@usdoj.com

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/30/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Judge's Copy:
The Honorable Scott C. Clarkson, United States Bankruptcy Court, Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130, Courtroom 5C,, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/30/2025 | Karen S. Hockstad | /s/ Karen S. Hockstad |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

Joseph Boufadel on behalf of Defendant Slate Advance LLC
jboufadel@salvatoboufadel.com, gsalvato@salvatoboufadel.com; gsalvato@ecf.inforuptcy.com

Joseph Boufadel on behalf of Interested Party Courtesy NEF
jboufadel@salvatoboufadel.com; gsalvato@salvatoboufadel.com; gsalvato@ecf.inforuptcy.com

Christopher Ghio on Behalf of Plaintiff Richard A Marshack
christopher.ghio@dinsmore.com; bonnie.connolly@dinsmore.com

Yosina M. Lissebeck on behalf of Plaintiff Richard A Marshack
yosina.lissebeck@dinsmore.c; caron.burke@dinsmore.com; ayrton.celentino@dinsmore.com

Karen Hockstad on behalf of Plaintiff Richard A Marshack
karen.hockstad@dinsmore.com; kim.beavin@dinsmore.com

Karen Hockstad on behalf of Trustee Richard A Marshack (TR)
karen.hockstad@dinsmore.com; kim.beavin@disnmore.com

Matthew Sommer on behalf of Plaintiff Richard A Marshack
matthew.sommer@dinsmore.com; stephanie.bowden@dinsmore.com

Matthew Sommer on behalf of Trustee Richard A Marshack (TR)
matthew.sommer@dinsmore.com; stephanie.bowden@dinsmore.com

Ira David Kharasch on behalf of Defendant Genesis Equity Group Funding LLC
ikharasch@pszjlaw.com

Ira David Kharasch on behalf of Defendant Solomon Feig
ikharasch@pszjlaw.com

Richard A Marshack (TR)
pkraus@marshackhays.com; ecf.alert+marshack@titlexi.com

Victoria Newmark on behalf of Defendant Genesis Equity Group Funding LLC
vnewmark@pszjlaw.com; hdaniels@pszjlaw.com; bdassa@pszjlaw.com; hwinograd@pszjlaw.com

Victoria Newmark on behalf of Defendant Solomon Feig
vnewmark@pszjlaw.com; hdaniels@pszjlaw.com; bdassa@pszjlaw.com; hwinograd@pszjlaw.com

Brian A Paino on behalf of Defendant Moishe Gubin
bpaino@hinshawlaw.com; hmosothoane@hinshawlaw.com; crico@hinshawlaw.com

United States Trustee (SA)
ustpregion16.sa.scf@usdoj.gov

Funding Gateway, Inc.
Mark Fuchs c/o The Corporation
5314 16th Avenue, Suite 139
Brooklyn, NY 11204

Funding Gateway, Inc.
Mark Fuchs, c/o File Right RA Services, LLC
330 Changebridge Road, Suite 101
Pine Brook, NY 07058

Shia Dembitzer
202 Foster Avenue, Apt. 5
Brooklyn, NY 11230

SSD Investment Group, LLC
c/o Natesh Singh Dole
13745 Holt Ct.
Victorville, CA 92394

SSD Investment Group, LLC
14400 Bear Valley Road, Space 527
Victorville, CA 92394

SSD Investment Group, LLC
ATTN: Shia Dembitzer
7901 4th Street N., Suite 5765
St. Petersburg, FL 33702

World Global Fund, LLC
And each of its assumed names
c/o Shia Dembitzer
202 Foster Avenue, Apt. 5
Brooklyn, NY 11230

WORLD GLOBAL FUND, LLC n/k/a Glass Media, LLC
Andrew Pierce, c/o Cloud Peak Law
1095 Sugar View Drive, Suite 500
Sheridan, WY 82801

Funding Gateway, Inc.
And each of its assumed names
c/o Cloud Peak Law
1095 Sugar View Drive, Suite 500
Sheridan, WY 82801