Brian A. Paino (SBN 251243)
bpaino@hinshawlaw.com
David T. Hayek (SBN 144116)
dhayek@hinshawlaw.com
Zeeshan Iqbal (SBN 337990)
ziqbal@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone:    213-680-2800
Facsimile:    213-614-7399

Attorneys for *Defendants* **OPTIMUMBANK, and OPTIMUMBANK HOLDINGS, INC.**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>Debtor.<br><hr>RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>WORLD GLOBAL FUND, LLC, *et al.*,<br><br>Defendants. | Case No.: 8:23-bk-10571-SC<br><br>Chapter 11<br><br>Adv. Case No.: 8:25-ap-01105-SC<br><br>**DEFENDANTS OPTIMUMBANK AND OPTIMUM BANK HOLDINGS, INC.'S OPPOSITION TO PLAINTIFF RICHARD MARSHACK TRUSTEE OF THE LPG LIQUIDATION TRUST'S MOTION TO COMPEL DISCOVERY RESPONSES FROM OPTIMUMBANK AND OPTIMUMBANK HOLDINGS, INC.**<br><br>**Hearing**:<br>Date:    January 21, 2026<br>Time:    11:00 a.m.<br>Crtm:    5C |

*Defendants* OptimumBank ("OptimumBank") and OptimumBank Holdings, Inc. ("OHI," and together with OptimumBank, the "Defendants") respectfully submit this opposition to the Motion to Compel Discovery Responses from OptimumBank and OptimumHoldings, Inc. [Doc. 270] (the "Motion to Compel") filed by Richard A. Marshack, Trustee of the LPT Liquidation Trust ("Plaintiff"). This opposition is supported by the points and authorities cited herein, the declaration filed concurrently herewith, and the record currently before the Court.

CASE NO. 8:25-ap-01105-SC

**DEFENDANTS OPTIMUMBANK, AND OPTIMUMBANK HOLDINGS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

77687\327530372.v1

I.   **INTRODUCTION AND STATEMENT OF RELEVANT FACTS**

The Parties held their Rule 26(f) Conference on May 1, 2025, as ordered by the Early Meeting Order. [Dkt. # 5, p. 3-4, Item no. 3]. The Parties discussed the nature and basis of the claims, possibilities for settlement, initial disclosures, and a settlement plan. Following the Rule 26(f) Conference, counsel for the Trustee emailed Optimum, attaching the Early Meeting Order and clarifying that it continued to govern the case schedule. [*See* Declaration of David T. Hayek ("Hayek Decl."), ¶ 2 and **Exhibit 1** (email dated May 3, 2025 from Trustee's counsel Matthew Sommer to OptimumBank's counsel David Hayek and others).]   At the initial scheduling conference, Defendants requested the parties to the Adversary Proceeding enter into a separate protective order confirming use and dissemination of documents and information exchanged during discovery in this Adversary Proceeding would only be used in this Adversary Proceeding, consistent with Federal Rule of Civil Procedure 26(b)(1). Defendants' counsel provided that proposed protective order on June 13, 2025. [*See* Hayek Decl., ¶ 3 and **Exhibit 2** (email attaching proposed protective order including limitation of use to the action).] Plaintiff did not respond to that email until two weeks later, on June 26, 2025. Hayek Decl., ¶ 4.  In short the Trustee refused to agree to the proposed protective order, or to limit use and dissemination of documents and information disclosed in discovery to this action. [*Id.*, and **Exhibit 3** (email dated June 26, 2025 from Matt Sommer to David Hayek).]

Thus, Plaintiff took the position that it was free to use any documents/information he obtained in this case in any of the other actions related to the principal bankruptcy. *Id.* Thus, it was not that Defendants wanted a protective order just to have one in this action – they wanted the order because Plaintiff took the position that the existing protective order did not restrict use of documents/information consistent with Rule 26(b)(1).  That issue was not resolved until September 16, 2025, four months after the Rule 26(f) conference, when this Court confirmed that its prior protective order regarding the use and dissemination of information provided in discovery was intended to comply with Rule 26(b)(1) [Doc. #216] and Plaintiff (through counsel) agreed to abide by that limitation. ***That*** delay lies entirely at the feet of Plaintiff.  In October, Defendants produced

CASE NO. 8:25-ap-01105-SC

**DEFENDANTS OPTIMUMBANK, AND OPTIMUMBANK HOLDINGS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

77687\327530372.v1

over four thousand pages of responsive documents, produced in the manner in which they were maintained by Optimum Bank. Hayek Decl., ¶ 5. That production was then followed by a further production of another 2,700 pages of documents, identified to the requests to which they responded. Hayek Decl., ¶ 6. Since that production, OptimumBank has been working to gather communications related to various partial account names and numbers, transactions, and parties, identified by Plaintiff. Following the OptimumBank's completion of that process, work began to identify those communications responsive to Plaintiff's production requests, to be produced on a rolling basis. Hayek Decl., ¶ 7 During that process, a number of technical issues arose with certain documents which required further work to ensure the production was complete. Hayek Decl. ¶ 8.

At present, Defendants are processing nearly **46,000 emails** and attachments which respond to the exceptionally broad requests for production propounded by Plaintiff. Once that is completed, there is a second batch of emails, of roughly the same size, that will be processed and produced. Given the large number of documents identified, the processing of those documents remains ongoing. Hayek Decl. ¶ 9. It is also the case that, unlike Plaintiff, who has myriad attorneys apparently devoted to this action (and that is just within the Dinsmore firm), Defendants have two attorneys and staff working on this matter, along with their other cases. Hayek Decl. ¶ 10. It takes time to perform the due diligence required to produce the volume of documents sought by Plaintiff. Defendants are working as quickly as possible to complete the production. Hayek Decl. ¶ 11.

It should also be noted that, following the Rule 26(f) meeting of counsel, Defendants provided a list of documents it sought from Plaintiff. Hayek Decl. ¶ 12 and **Exhibit 4**. To date, Plaintiff has not produced any of these requested documents. *Id.*

With respect to Defendants' written responses to the discovery requests propounded by Plaintiff, Defendants believe the responses, both objections and substantive responses, were entirely proper when provided. Hayek Decl. 13. However, Defendants have indicated to Plaintiff's counsel that, once the production of documents is completed, the written responses would be updated as required by the Rules.

CASE NO. 8:25-ap-01105-SC

**DEFENDANTS OPTIMUMBANK, AND OPTIMUMBANK HOLDINGS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

77687\327530372.v1

## II. LEGAL DISCUSSION

### A. THE MOTION TO COMPEL IS, AND THE MEET AND CONFER PROCESS WAS, PROCEDURALLY DEFECTIVE

As an initial matter, the Motion to Compel should be denied on the basis that it is procedurally defective. LBR 7026-1 sets forth the procedural requirements for a discovery motion. The rule requires the parties to first meet and confer in person or by telephone in an effort to resolve the underlying discovery dispute. *See* LBR 7026-1(c)(2). If the parties are unable to resolve the dispute, the moving party "must file and serve a notice of motion together with a written stipulation by the parties." LBR 7026-1(c)(3). By rule, the stipulation "must be contained in 1 document and must identify, ***separately and with particularity***, each disputed issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue." LBR 7026-1(c)(3)(A). Importantly, "the stipulation must not simply refer the court to the document containing the discovery request forming the basis of the dispute." LBR 7026-1(c)(3)(B). The rule provides the following example: "if the sufficiency of an answer to an interrogatory is in issue, the stipulation must contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions, separately stated." *Id.*

Prior to filing the Motion to Compel, on October 20, 2025, Plaintiff's counsel provided the undersigned with a draft of Proposed Stipulated Details of Discovery Dispute (the "Proposed Stipulation"). [Hayek Decl., ¶ 14 and **Exhibit 5**]. The Proposed Stipulation consisted of a running narrative of a self-serving history of the parties' discovery dispute with select references to various discovery requests. (*See id.* at **Ex. 5**). It did not comply with prescriptions of LBR 7026-1. Indeed, the Proposed Stipulation did not contain verbatim references to the discovery requests at issue and the corresponding answers, followed by separate statements of the parties' respective conditions, as plainly required by the rule. Defendants (through counsel) returned the Proposed Stipulation to Plaintiff's counsel on November 18, 2025, with proposed revisions, but advised Plaintiff's counsel that the document did not comply with LBR 7026-1(c), and requested that the document be revised to conform to the rule. [*See* Hayek Decl., ¶ 15 and **Exhibit 6**]. Defendants did not receive a revised draft of the Proposed Stipulation which conformed to LBR 7026-1(c). Instead, Plaintiff went

CASE NO. 8:25-ap-01105-SC

**DEFENDANTS OPTIMUMBANK, AND OPTIMUMBANK HOLDINGS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

77687\327530372.v1

forward with the filing of the Motion to Compel. By virtue of Plaintiff's failure to include a compliant stipulation with the Motion to Compel, the motion is defective and should be denied on this basis alone. *See* LBR 7026-1(c)(3)(C).

### B. DEFENDANTS ARE WORKING AS DILIGENTLY AS REASONABLY POSSIBLE TO PRODUCE ALL RESPONSIVE DOCUMENTS WITHIN THEIR POSSESSION, CUSTODY OR CONTROL

As noted above, Defendants have produced thousands of pages of responsive documents already. They are working to produce nearly 90,000 emails and related attachments at present. However, that process takes time in order to ensure (1) all responsive documents are produced; (2) any privilege issues are identified; and (3) any documents *not* responsive to any request are not included in the production. [Hayek Decl., ¶ 16.] When Defendants asked Plaintiff if a "rolling" production would be acceptable, Plaintiff agreed. [Hayek Decl., ¶ 17.] Plaintiff has *not* suggested to Defendants that the documents being produced are somehow non-responsive to the requests made by Plaintiff. [Hayek Decl., ¶ 18.] All of the responsive documents will be produced as quickly as can be accomplished.

### C. DEFENDANTS' WRITTEN RESPONSES WILL BE UPDATED AS REQUIRED BY THE RULES

The Federal Rules of Civil Procedure, as made applicable to this case by the Federal Rules of Bankruptcy Procedure, include an ongoing obligation to update discovery responses from time to time as necessary to reflect newly identified information and/or changed circumstances, where warranted. Defendants have committed to updating their written discovery responses once the responsive documents have been produced. At the time the responses were provided, only appropriate objections were asserted. In addition, substantive responses were also provided by each of Defendants to most of the discovery requests. But Plaintiff's failure to comply with the requirements for separately setting forth each disputed discovery request and the response thereto, as well as provide a specific explanation of why a further response was required to each, precludes the Court from making a determination as to any specific request/response in the written discovery about which the instant motion is made. Similarly, it is impossible for Defendants to provide a response to

CASE NO. 8:25-ap-01105-SC

**DEFENDANTS OPTIMUMBANK, AND OPTIMUMBANK HOLDINGS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

77687\327530372.v1

the non-existent statement of discovery in dispute, but can only respond to generic arguments made by Plaintiff in his Proposed Stipulation and the instant motion. Such is not the proper means of resolving discovery disputes.

## IV. CONCLUSION

For the reason set forth herein, the Motion to Compel should be denied.

Dated: January 7, 2026                              **HINSHAW & CULBERTSON LLP**

By: */s/ David T. Hayek*
    BRIAN A. PAINO
    DAVID T. HAYEK
    ZEESHAN IQBAL
Attorneys for *Defendants* **OPTIMUMBANK, and OPTIMUMBANK HOLDINGS, INC.**

CASE NO. 8:25-ap-01105-SC

**DEFENDANTS OPTIMUMBANK, AND OPTIMUMBANK HOLDINGS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

77687\327530372.v1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**HINSHAW & CULBERTSON, LLP 350 S.Grand Avenue, Suite 3600, Los Angeles, CA 90071-3476**

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANTS OPTIMUMBANK AND OPTIMUM BANK HOLDINGS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____01/07/2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Joseph Boufadel**    jboufadel@salvatoboufadel.com; Gsalvato@salvatoboufadel.com; gsalvato@ecf.inforuptcy.com
- **Christopher Ghio**    Christopher.Ghio@dinsmore.com; bonnie.connolly@dinsmore.com
- **Karen Hockstad**    karen.hockstad@dinsmore.com; kim.beavin@dinsmore.com
- **Ira David Kharasch**    ikharasch@pszjlaw.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com; caron.burke@dinsmore.com; ayrton.celentino@dinsmore.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com; ecf.alert+Marshack@titlexi.com
- **Victoria Newmark**    vnewmark@pszjlaw.com; hdaniels@pszjlaw.com; bdassa@pszjlaw.com; hwinograd@pszjlaw.com
- **Brian A Paino**    bpaino@hinshawlaw.com; hmosothoane@hinshawlaw.com; crico@hinshawlaw.com
- **Matthew Sommer**    matthew.sommer@dinsmore.com; carrie.davis@dinsmore.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____01/07/2026_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Hon. Scott C. Clarkson
U.S. Bankruptcy Court, Ronald Reagan Federal Building
411 W. Fourth St., Ste. 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/07/2026 | Carolina Rico | /s/ Carolina Rico |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                       **F 9013-3.1.PROOF.SERVICE**