1  Brian A. Paino (SBN 251243)
   bpaino@hinshawlaw.com
2  David T. Hayek (SBN 144116)
   dhayek@hinshawlaw.com
3  Zeeshan Iqbal (SBN 337990)
   ziqbal@hinshawlaw.com
4  **HINSHAW & CULBERTSON LLP**
   350 South Grand Ave., Suite 3600
5  Los Angeles, CA 90071-3476
   Telephone:    213-680-2800
6  Facsimile:    213-614-7399

7  Attorneys for *Defendants* **OPTIMUMBANK, and OPTIMUMBANK HOLDINGS, INC.**

8
                    **UNITED STATES BANKRUPTCY COURT**
9
              **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**
10

11 | In re: | Case No.: 8:23-bk-10571-SC |

12 THE LITIGATION PRACTICE GROUP, P.C.,    Chapter 11

13                                          Adv. Case No.: 8:25-ap-01105-SC
              Debtor.

14 _____   **DECLARATION OF DAVID T. HAYEK IN
                                             SUPPORT OF DEFENDANTS
15 RICHARD A. MARSHACK, Trustee of the LPG   OPTIMUMBANK AND OPTIMUM BANK
   Liquidation Trust,                        HOLDINGS, INC.'S OPPOSITION TO
16                                           PLAINTIFF RICHARD MARSHACK
              Plaintiff,                     TRUSTEE OF THE LPG LIQUIDATION
17                                           TRUST'S MOTION TO COMPEL
       v.                                    DISCOVERY RESPONSES FROM
18                                           OPTIMUMBANK AND OPTIMUMBANK
   WORLD GLOBAL FUND, LLC, *et al.*,         HOLDINGS, INC.**
19
              Defendants.                    **Hearing**:
20                                           Date:    January 21, 2026
21 _____   Time:    11:00 a.m.
                                             Crtm:    5C

22        I, David T. Hayek, declare:

23        1.    I am over the age of eighteen and a Partner in the firm of Hinshaw & Culbertson,

24 LLP, and one of the attorneys acting as counsel of record herein for Defendants OptimumBank and

25 Optimum Holdings, Inc.  I have personal knowledge of the facts stated herein and, if called as a

26 witness, could and would competently testify thereto.

27

28
                                                    CASE NO. 8:25-ap-01105-SC

77687\327540064.v1

2.      The Parties held their Rule 26(f) Conference on May 1, 2025, as ordered by the Early Meeting Order. [Dkt. # 5, p. 3-4, Item no. 3]. The Parties discussed the nature and basis of the claims, possibilities for settlement, initial disclosures, and a settlement plan. Following the Rule 26(f) Conference, counsel for the Trustee emailed Optimum, attaching the Early Meeting Order and clarifying that it continued to govern the case schedule.  Attached hereto as **Exhibit 1** is a true and correct copy of a May 3, 2025 from Trustee's counsel Matthew Sommer to OptimumBank's counsel David Hayek and others.

3.      During the initial scheduling conference, I requested that the parties to the Adversary Proceeding enter into a separate protective order confirming use and dissemination of that documents and information exchanged during discovery in to this Adversary Proceeding would only be used in this Adversary Proceeding, consistent with Federal Rule of Civil Procedure 26(b)(1).  The reason for that request was that the Trustee's counsel was taking the position that the protective order entered by the Court in the principal bankruptcy case did not limit the Trustee's use of information or documents provided in discovery to this adversary proceeding, but could be used in any action by the other parties.  I prepared a proposed stipulation that made clear that information and documents produced by the parties could only be used in this action, and forwarded it to the other parties herein.  A true and correct copy of my June 13, 2025, email providing the proposed protective order is hereto attached as **Exhibit 2**.

4.      Plaintiff did not respond to that email until roughly two weeks later, on June 26, 2025. In short, the Trustee refused to agree to the proposed protective order, specifically rejecting any limitation on the use and dissemination of documents and information disclosed in this action to this case.  A true and correct copy of Mr. Sommer's June 26, 2025 email is hereto attached as **Exhibit 3.**  It was never Defendants' position that a separate protective order was necessary just to have one in this action.

5.      At the time OptimumBank and Optimum Holdings, Inc. responded to Plaintiff's written discovery, the foregoing issue of use and dissemination of documents and information produced in discovery was unresolved.  In fact, it was not resolved until September 16, 2025, four

**DECL. DAVID T. HAYEK ISO OF DEFENDANTS OPTIMUMBANK AND OPTIMUM BANK HOLDINGS, INC.'S OPP TO PLTFT'S MOTION TO COMPEL DISCOVERY RESPONSES FROM OPTIMUMBANK AND OPTIMUMBANK HOLDINGS, INC.**

months after the Rule 26(f) conference, when this Court confirmed that its prior protective order regarding the use and dissemination of information provided in discovery was intended to comply with Rule 26(b)(1) [Doc. #216] and Plaintiff (through counsel) agreed to abide by that limitation. *That* delay lies entirely at the feet of Plaintiff's refusal to abide by Rule 26(b)(1). In October, 2025, Defendants produced over four thousand pages of responsive documents, produced in the manner in which they were maintained by Optimum Bank.

6.      That production was then followed by a further production of another 2,700 pages of documents, identified to the requests to which they responded.

7.      Since that production, OptimumBank has been working to gather communications related to various partial account names and numbers, transactions, and parties, identified by the Trustee. Following OptimumBank's completion of that process, work began to identify those communications responsive to the Trustee's production requests, to be produced on a rolling basis.

8.      During that process, a number of technical issues arose with certain documents or groups of documents which required further work to ensure that the production was complete.

9.      At present, Defendants are processing nearly *46,000 emails* and attachments thereto which respond to the exceptionally broad requests for production propounded by Plaintiff. Once that quantum of documents is processed and produced, there is a second batch of emails, of roughly the same size, that will be processed and produced. Given the large number of documents identified, the processing of those documents remains ongoing.

10.     It is also the case that, unlike the Trustee, who has myriad attorneys apparently devoted to this action (and that is just within the Dinsmore firm), Defendants have two attorneys and staff working on this matter, along with their other cases.

11.     It takes time to perform the due diligence required to produce the volume of documents sought by Plaintiff. Defendants are working as quickly as possible to complete the production.

12.     It should also be noted that, following the Rule 26(f) meeting of counsel, Defendants provided a list of documents it sought from Plaintiff. A true and correct copy of my May 6, 2025,

**DECL. DAVID T. HAYEK ISO OF DEFENDANTS OPTIMUMBANK AND OPTIMUM BANK HOLDINGS, INC.'S OPP TO PLTFT'S MOTION TO COMPEL DISCOVERY RESPONSES FROM OPTIMUMBANK AND OPTIMUMBANK HOLDINGS, INC.**

letter to Plaintiff's counsel is hereto attached as **Exhibit 4**. To date, the Trustee has not produced any of these requested documents.

13.     With respect to Defendants' written responses to the discovery requests propounded by Plaintiff, Defendants believe the responses, both objections and substantive responses, were entirely proper when provided.  However, Defendants have indicated to Plaintiff's counsel that, once the production of documents is completed, the written responses would be updated as required by the Rules.

14.     Prior to filing the Motion to Compel, on November 4, 2025, Plaintiff's counsel provided the undersigned with a draft of a "Proposed Stipulated Details of Discovery Dispute" (the "Proposed Stipulation"). A true and correct copy of the Proposed Stipulation is hereto attached as **Exhibit 5**.  The Proposed Stipulation consisted of a running narrative of a one-sided history of the parties' discovery dispute with select references to various discovery requests. It did not comply with the prescriptions of LBR 7026-1. Indeed, the Proposed Stipulation did not contain verbatim references to the discovery requests at issue and the corresponding answers, followed by separate statements of the parties' respective conditions, as required by the rule.

15.     Defendants (through counsel) returned the Proposed Stipulation to Plaintiff's counsel on November 18, 2025, with proposed revisions, but advised Plaintiff's counsel that the document did not comply with LBR 7026-1(c), and requested that the document be revised to conform to the rule. A true and correct copy of my November 18, 2025, email explaining the defects in the Proposed Stipulation and the redlined proposed changes following Plaintiff's format are collectively hereto attached as **Exhibit 6**. My office did not receive a revised draft of the Proposed Stipulation which conformed to LBR 7026-1(c) at any time prior to the filing of the instant motion by Plaintiff. Instead, Plaintiff went forward with the filing of the Motion to Compel.

16.     Defendants have produced thousands of pages of responsive documents already. They are working to produce nearly 90,000 emails and related attachments at present.  However, that process takes time in order to ensure (1) all responsive documents are produced; (2) any privilege

1   issues are identified; and (3) any documents *not* responsive to any request are included in the

2   production.

3        17.    When I asked Plaintiff's counsel during a meet and confer video conference if a

4   "rolling" production would be acceptable, Plaintiff agreed.

5        18.    Plaintiff has *not* suggested to Defendants that the documents being produced are

6   somehow non-responsive to the requests made by Plaintiff.  All of the responsive documents will be

7   produced as quickly as can be accomplished.

8        I declare under penalty of perjury under the laws of the United States of America that the

9   foregoing is true and correct.

10       Executed this 7th day of January, 2026 at Beaumont, California.

11
         _  /s/ David T. Hayek_____  _
12       David T. Hayek

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECL. DAVID T. HAYEK ISO OF DEFENDANTS OPTIMUMBANK AND OPTIMUM BANK HOLDINGS,
INC.'S OPP TO PLTFT'S MOTION TO COMPEL DISCOVERY RESPONSES FROM OPTIMUMBANK AND
OPTIMUMBANK HOLDINGS, INC.**

77687\327540064.v1

# EXHIBIT 1

# EXHIBIT 1

| | |
|---|---|
| **From:** | Sommer, Matthew |
| **To:** | charwood@maglaw.com; Good-Cohn, Tyler; Hayek, David T.; Paino, Brian; "Ira Kharasch"; "Michael Lundholm"; "Shanna Kaminski"; "Ellen London"; Schnake, Katherine G.; "Hayley R. Winograd"; vnewmark@pszjlaw.com |
| **Cc:** | Hockstad, Karen; Ghio, Christopher |
| **Subject:** | Marshack v. World Global, et al., Case No. 8:25-ap-1105 - Rule 26(f) Conference Follow up |
| **Date:** | Saturday, May 3, 2025 11:12:46 AM |
| **Attachments:** | 00005 - Order re Early Meeting of Counsel-Status Conf Instruction-Gen Pr(53597559,1).pdf |
| | 00005 - Order re Early Meeting of Counsel-Status Conf Instruction-Gen Pr(53597559,1).pdf |
| | 054 - Order Denying Issuance of a Stay Pending District Court Determination of the Motion for Withdrawal of Reference.pdf |
| | F7016-1.STATUSREPORT.pdf |
| | F7016-1.STATUSREPORTATTACH.pdf |

---

**\*\*\*External email\*\*\***
This message came from outside your organization.

---

Good afternoon all,

I want to follow up from our Rule 26(f) Conference on May 1, 2025. First, I would like to confirm everyone's understanding as to the Order Re: Early Meeting of Counsel, Status Conference Instructions, and General Procedures, Doc. 5, which was served with the Complaint and is attached to this email. The attached order was not superseded by any of the stipulations extending the time in which certain defendants have to respond to the Complaint. Similarly, none of the stipulations superseded the Summons and Notice of Status Conference in Adversary Proceeding, Doc. 6—the status conference for this adversary proceeding remains scheduled for **May 28, 2025, at 1:30 pm**. Additionally, we are required to submit, and we will be submitting, a Status Report under LBR 7016-1(a)(2) on **May 14, 2025**. A fillable PDF version of the Status Report is attached. Given that there are multiple defendants, please provide us with your responses and we will prepare the final Report and Additional Party Attachment(s) (also attached) as needed.

As was stressed at the conference and as is noted in the Order Re: Early Meeting of Counsel, the goal with the discovery plan is to achieve resolution of this case with minimal expense and delay. We propose the schedule set forth in Paragraph 6.C. of the Order Re: Early Meeting of Counsel. If there are objections, please propose an alternative schedule for consideration. For now, informal discovery appears to be a meaningful option prior to the need to engage in more formal discovery. We will circulate our initial requests for information this week. As a reminder, Initial Disclosures are due on or before **June 11, 2025**.

Lastly, there was a mention of a potential Motion for Withdrawal of Reference. I recommend you all review and take note of the attached Order Denying Issuance of Stay Pending District Court Determination of the Motion for Withdrawal of Reference prior to filing such a motion.

If you have any questions, please do not hesitate to reach out.

All the best,

Matt

**EXHIBIT 1**
**Page 6**

**EXHIBIT 1**



## Matthew H. Sommer

Associate

Dinsmore & Shohl LLP  •  Legal Counsel
191 West Nationwide Blvd
Suite 200
Columbus, OH 43215

**T** (614) 227-4285  •  **F** (614) 628-6890

**E** Matthew.Sommer@Dinsmore.com  •  dinsmore.com

**EXHIBIT 1**
**Page 7**

# EXHIBIT 2

# EXHIBIT 2

| | |
|---|---|
| **From:** | Hayek, David T. |
| **To:** | Sommer, Matthew; Hockstad, Karen |
| **Cc:** | Paino, Brian; Iqbal, Zeeshan |
| **Subject:** | Marshack v. World Global Fund, LLC, et al \| Adv. Case No. 8:25-ap-01105-SC \| HC Ref: 1086082 \| Proposed Stipulated Protective Order |
| **Date:** | Friday, June 13, 2025 4:36:04 PM |
| **Attachments:** | Stipulated Protective Order - Marshack v. OptimumBank 2025.06.12.doc |

Dear Matt and Karen,

As previously discussed, attached please find the proposed protective order for this particular proceeding, in MS-Word format.  As currently drafted, it has only two signatories but can be expanded to include any active parties in this adversary proceeding.

We look forward to any questions or comments you may have.

Best,

**David Hayek**
Partner
**Hinshaw & Culbertson LLP**
350 South Grand Ave., Suite 3600, Los Angeles, CA 90071

**O:** 213-614-7305 | **F:** 213-614-7399
dhayek@hinshawlaw.com

*Admitted only in California*

My Bio | hinshawlaw.com |  



**EXHIBIT 2**
**Page 8**

# EXHIBIT 3

# EXHIBIT 3

| From: | Sommer, Matthew |
|---|---|
| To: | "charwood@maglaw.com"; "Good-Cohn, Tyler"; Hayek, David T.; Paino, Brian; "Ira Kharasch"; "Michael Lundholm"; "Shanna Kaminski"; "Ellen London"; Schnake, Katherine G.; "Hayley R. Winograd"; "vnewmark@pszjlaw.com" |
| Cc: | Iqbal, Zeeshan; Hockstad, Karen; Ghio, Christopher |
| Subject: | RE: Marshack v. World Global Fund, LLC, et al | Adv. Case No. 8:25-ap-01105-SC | HC Ref: 1086082 | Proposed Stipulated Protective Order |
| Date: | Thursday, June 26, 2025 10:02:05 AM |
| Attachments: | 1270 - Protection Order.pdf |

---

**\*\*\*External email\*\*\***
This message came from outside your organization.

David,

Apologies for the delayed response. I am including the other parties to this email so that we are all on the same page.

We cannot agree to your proposed amendment, as it does nothing more than attempt to limit the use of any designated confidential documents produced to this adversary proceeding. The attached is the protective order entered in the main bankruptcy case and applicable to this adversary proceeding. It is more than sufficient to address any confidentiality concerns otherwise covered under your proposed amendment. **It is also in full effect meaning there should be no delays in the production of documents**.

We certainly cannot stop you from filing an objection with the court, however, based on Judge Clarkson's administration of these cases, I would anticipate such an objection will not be well received.

To those parties who have received informal discovery requests, please confirm that your clients will be producing documents and when you anticipate making such productions.

All the best,

Matt

---

**From:** Hayek, David T. <dhayek@hinshawlaw.com>
**Sent:** Friday, June 13, 2025 7:36 PM
**To:** Sommer, Matthew <Matthew.Sommer@Dinsmore.com>; Hockstad, Karen <Karen.Hockstad@DINSMORE.COM>
**Cc:** Paino, Brian <bpaino@hinshawlaw.com>; Iqbal, Zeeshan <ZIqbal@hinshawlaw.com>
**Subject:** Marshack v. World Global Fund, LLC, et al | Adv. Case No. 8:25-ap-01105-SC | HC Ref: 1086082 | Proposed Stipulated Protective Order

Dear Matt and Karen,

**EXHIBIT 3
Page 9**

As previously discussed, attached please find the proposed protective order for this particular proceeding, in MS-Word format.  As currently drafted, it has only two signatories but can be expanded to include any active parties in this adversary proceeding.

We look forward to any questions or comments you may have.

Best,

**David Hayek**
Partner
**Hinshaw & Culbertson LLP**
350 South Grand Ave., Suite 3600, Los Angeles, CA 90071

**O:** 213-614-7305 | **F:** 213-614-7399
dhayek@hinshawlaw.com

*Admitted only in California*

My Bio | hinshawlaw.com | 



Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

**EXHIBIT 3
Page 10**

# EXHIBIT 4

# EXHIBIT 4



**HINSHAW & CULBERTSON LLP**
**Attorneys at Law**

350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476

213-680-2800
213-614-7399 (fax)
**www.hinshawlaw.com**

David T. Hayek
Partner
dhayek@hinshawlaw.com

May 6, 2025

**VIA EMAIL**

Matthew H. Sommer, Esq.
DINSMORE & SHOHL LLP
191 W. Nationwide Blvd., Suite 200
Columbus, OH 43215
Matthew.Sommer@Dinsmore.com

> ***Re:  Marshack v. World Global Fund, LLC, et al., Adversary Proceeding No. 8:25-ap-01105-SC [as relates to OptimumBank Defendants]***

Dear Mr. Sommer:

As was discussed during our May 1, 2025, Rule 26(f) Conference, below is a list of documents and information that we request on behalf of our clients, Moishe Gubin and Optimum Bank Holdings, Inc. and OptimumBank in particular (collectively "OptimumBank").

With respect to the use and dissemination of information gathered in the 1105 Adversary Proceeding, as discussed we believe a protective order tailored to this particular action is warranted. We will review the protective order entered in the Main Bankruptcy Proceeding, Case No. 8:23-bk-10571-SC, and revert with either a separate proposed protective order pertaining only to the 1105 adversary action or an addendum to the above-referenced protective order doing so, as deemed appropriate.

For purposes of the requested documents, we adopt the operative period stated in your letter of today's date (January 1, 2020, through December 31, 2023). At this time, our clients seek the following documents from Plaintiff Richard A. Marshack, Trustee of the LPG Liquidation Trust ("Trustee" or "Plaintiff), the following documents or other tangible things:

**1.  Documents Evidencing Facts Alleged in the Complaint on Information and Belief as against Optimum Bank.**

a.  Documents which support the good faith upon which allegations asserted on "information and belief" are made in paragraphs 16 (including footnote 1), 99, 101, 142, 145, 146, 148, 149, 150 - 165 (including footnote 6), 167 - 169, 171, 206-207, 221, 222, 224, 227, 233, 237 – 243, 245 – 247, 249 – 250, 252, 254 – 257 of the operative Complaint in the 1105 Adversary

**EXHIBIT 4**
**Page 11**

77687\324755959.v1

Matt Sommer, Esq.
May 6, 2025
Page 2

Action as each relates to OptimumBank, Optimum Bank Holdings, Inc., Moishe Gubin and/or OptimumBank.com.

b.      Any document which Plaintiff contends supports any claim of liability on the part of OptimumBank, Optimum Bank Holdings, Inc., Moishe Gubin and/or OptimumBank.com for any claim asserted in the operative Complaint in the 1105 adversary action.

c.      Any document which Plaintiff contends supports any claim of knowledge of wrongdoing of any other defendant named in the 1105 adversary which is alleged in the operative complaint in the 1105 adversary action on the part of OptimumBank, Optimum Bank Holdings, Inc., Moishe Gubin and/or OptimumBank.com.

c.      Any document which Plaintiff contends supports that OptimumBank, Optimum Bank Holdings, Inc., Moishe Gubin and/or OptimumBank.com failed to comply with any law, regulation in any of the transactions alleged in the operative Complaint.

d.      Any document which includes a communication between either OptimumBank, Optimum Bank Holdings, Inc., Moishe Gubin or OptimumBank.com and any other defendant named in the 1105 adversary action which Plaintiff contends was in furtherance of any conspiracy alleged in the operative complaint in the 1105 adversary action.

**2.      Identification of Witnesses**

a.      The identify of each person with knowledge of any fact upon which the Plaintiff relies in asserting the allegations on information and belief against OptimumBank, Optimum Bank Holdings, Inc., Moishe Gubin and/or OptimumBank.com in the operative complaint in the 1105 adversary action including, but not limited to:

    i.   The name, address and telephone number of the person;

    ii.  The factual information regarding our clients of which that person has knowledge; and

    iii. Any Documents provided by the person with respect to the factual information.

**3. Dismissal of OptimumBank.com and Optimum Bank Holdings, Inc.**

As was discussed at the Rule 26(f) conference, named defendant OptimumBank.com ceased to exist long before any of the events identified in the Complaint.  Therefore, it should be immediately dismissed, with prejudice.  No reasonable attorney, after conducting due diligence, would believe any claim against OptimumBank.com could have any legal merit given the foregoing fact.

**EXHIBIT 4**
**Page 12**

77687\324755959.v1

Matt Sommer, Esq.
May 6, 2025
Page 3

     Similarly, Optimum Bank Holdings, Inc. is, as the names implies, a holding company for OptimumBank.  We are informed it has no employees through which it could have acted as alleged in the operative Complaint in the 1105 action.  Again, even modest due diligence would reveal this fact to be true.  As such, Optimum Bank Holdings, Inc. should also be dismissed forthwith.

     We look forward to discussing these matters further with you at our conference tomorrow afternoon.

                  Very truly yours,
              HINSHAW & CULBERTSON LLP

                  David T. Hayek

DTH:nv
cc:  Christopher Ghio, Esq. [Christopher.Ghio@Dinsmore.com]

**EXHIBIT 4
Page 13**

77687\324755959.v1

# EXHIBIT 5

# EXHIBIT 5

## Proposed Stipulated Details of Discovery Dispute

This Adversary Proceeding commenced on March 10, 2025. [Dkt. # 1]. Served with the Complaint and Summons was this Court's Order RE: Early Meeting of Counsel, Status Conference Instructions, and General Procedures ("Early Meeting Order"). [Dkt. # 5]. The Order imposed a number of deadlines including the initial status conference (May 28, 2025), Rule 26(f) conference (May 7, 2025), initial disclosures, and a proposed discovery plan with a deadline of November 30, 2025. [*Id.*, p. 9]. The initial status conference was scheduled for May 28, 2025. [Dkt. # 6].

The Parties held their Rule 26(f) Conference on May 1, 2025, as ordered by the Early Meeting Order. [Dkt. # 5, p. 3-4, Item no. 3]. The Parties discussed the nature and basis of the claims, possibilities for settlement, initial disclosures, and a settlement plan. Following the Rule 26(f) Conference, counsel for the Trustee emailed Optimum, attaching the Early Meeting Order and clarifying that it continued to govern the case schedule. [*See* Email dated May 3, 2025, a true and accurate copy of which is attached hereto as Exhibit A].

Consistent with the Parties' conversations at the Rule 26(f) conference, the Trustee issued a letter on May 6, 2025, requesting documents and information from Optimum. [*See* Letter dated May 6, 2025, a true and accurate copy of which is attached hereto as Exhibit B]. The Trustee received no response. On July 1, 2025, the Trustee issued its Discovery Requests. [*See* Trustee's First Set of Interrogatories and Requests for Production, a true and accurate copy of which is attached hereto as Exhibit C.]; [See email issuing the Discovery Requests, a true and accurate copy is attached hereto as Exhibit D.]. Optimum's responses were due July 31, 2025. [*Id.*]. On July 31, 2025, the Trustee agreed to a one-week extension. [See email discussing the extension to responses, a true and accurate copy is attached hereto as Exhibit E]. The reason provided for this request was to allow time for Optimum to identify and confirm account numbers and to complete

**EXHIBIT 5
Page 14**

its due diligence. [*Id.*].

Again, on the deadline for its responses, Optimum requested a second extension of time in which to respond to the Trustee's Discovery Requests. [Email dated August 8, 2025, a true and accurate copy of which is attached hereto as Exhibit F]. The request asserted that the Court's recent order granting the motion to dismiss filed by Defendant Slate Advance, LLC ("Slate Advance"), dismissed the Adversary Proceeding in its entirety. [*Id.*]. The requested extension sought to tie the deadline for Optimum's responses to the Trustee's filing of an amended complaint against Slate Advance, rather than to the time Optimum needed to respond. [*Id.*].

In response, the Trustee explained that the Court's order did not dismiss the entirety of the Adversary Proceeding and only dismissed Slate Advance. [Ex. F]. Following additional communication between the Parties' counsel, Trustee's counsel explained that the Trustee could not agree to the extension of time as it was unrelated to the time necessary for Optimum to respond. [*Id.*]. Trustee's counsel further requested a meet and confer in anticipation of the deficiencies to Optimum's responses. [*Id.*]. Optimum issued its responses to the Trustee's Discovery Requests on August 9, 2025. [*See* Optimum Bank and Optimum Bank Holding's Discovery Responses, true and accurate copies of which are attached hereto as Exhibits G and H, respectively].

Despite issuing two separate sets of responses to the Trustee's Discovery Requests—one on behalf of Optimum and the other on behalf of Optimum Holdings—the Discovery Responses are substantively identical. [*Id.*]. The Discovery Responses contain nothing but boilerplate and generalized objections to common terms and definitions, including but not limited to the definitions of named parties in this Adversary Proceedings. [*Id.*]. The responses to the Trustee's interrogatories are comprised of objections claiming that the Definitions constitute interrogatories such that the Interrogatories exceed the permissible number under Civ. R. 33 and that basic

**EXHIBIT 5**
**Page 15**

terms—e.g., "related to," "accounts," and "submitted"—are vague and ambiguous. [*Id.*]. Optimum's responses to the Trustee's requests for production of documents repeated the same baseless boilerplate and generalized objections. [*Id.*]. Optimum responded to two of the Trustee's requests for production of documents that no responsive documents existed and to the remaining that "[b]ased on the foregoing objections, no documents will be produced." [*Id.*]. Ultimately, Optimum had not provided a single substantive response to any of the Trustee's requests for interrogatories, and the documents it has produced do not come close to the documents requested.

The overall objections are compounded by the fact that Optimum has not actually responded to the specific interrogatories. For example, in response to Interrogatories Nos. 1 – 3, Optimum objected on the basis that the Interrogatories are "overbroad, vague, ambiguous and unduly burdensome," disproportionate to the needs of the case, and that the Interrogatories exceed the number of permitted interrogatories under Rule 33 of the Federal Rules of Civil Procedure. Optimum also alleged, without factual basis, that it could not respond because Trustee has not entered into a reasonable protective order that "limits the use and dissemination of such confidential information or documents to this Adversary Proceeding."

Having unilaterally determined that the Definitions constituted request under the Rules, Optimum objected to the remaining Interrogatories – numbers 4 through 12 – claiming they exceeded the number of interrogatories permitted by the Rules. Optimum also threw out myriad additional objections that are illogical, inaccurate, and deficient for the purpose of responding.

For instance, Optimum reprised its number of interrogatories argument for Interrogatory No. 4, claiming that because it specifically identified each individual and entity whose account numbers are requested each *listed individual and entity* was a separate interrogatory. Thus, Optimum objected to each identified individual and entity, and stated that the requests are "vague

EXHIBIT 5
Page 16

and ambiguous," basic terms were problematic, claimed that the interrogatory sought information protected from disclosure by one or more statutes, and that the interrogatory sought information of non-parties (notwithstanding the fact that Interrogatory No. 4 seeks documents and information from many named parties).

The rest of the Responses mirror these ridiculous and evasive statements. For Interrogatories Nos. 5 and 6, Optimum alleged that those Interrogatories sought information not relevant to the Adversary Proceeding, were not proportionate to the needs of the case, and sought information that "invades the privacy of individuals who are not identified in the Complaint." These Interrogatories seek information from non-parties, but also specific defendants listed in the Complaint.

Continuing its objections, Optimum objected to Interrogatory No. 7 claiming that it assumes facts not in evidence. Optimum further objected to Interrogatory No. 8 for seeking information not relevant or proportional to the needs of the case which "invades the privacy of individuals who are not identified in the Complaint." The objection to Interrogatory No. 9 alleges that the Request seeks information not relevant or proportional to the needs of the case, that basic terms are "vague and ambiguous," and seeks information that "invades the privacy of individuals who are not identified in the Complaint." And the response to Interrogatory No. 10 states that basic terms are "vague and ambiguous" and that the interrogatory seeks information protected by attorney client privilege and attorney work-product.

Optimum expands its baseless objections in its responses to Interrogatory No. 11 and 12. As to Request 11, Optimum claims that it seeks information not relevant or proportional to the needs of the case, that it is "vague and ambiguous," and seeks information that "invades the privacy of individuals who are not identified in the Complaint." Optimum further states that the

**EXHIBIT 5
Page 17**

Interrogatory is duplicative and that it seeks information equally available to the Trustee. And, in its final baseless response, Optimum claims that Interrogatory No. 12 seeks information not relevant or proportional to the needs of the case, that basic terms are "vague and ambiguous," and seeks information that "invades the privacy of individuals who are not identified in the Complaint." The Response further objects on the basis that it seeks information protected by attorney client privilege and attorney work-product. Ultimately, Optimum provided *no* responsive information to *any* of the Interrogatories.

The Trustee issued a Rule 37 Discovery Letter outlining the deficiencies with Optimum's Discovery Responses, and again asked for a date to conduct a meet and confer, noting that the meeting would have to occur by August 22, 2025. [Email dated August 14, 2025, a true and accurate copy of which is attached hereto as Exhibit I; Rule 37 Deficiency Letter, a true and accurate copy of which is attached hereto as Exhibit J]. The Trustee requested that Optimum provide supplemental responses or a date and time for a meet and confer by August 18, 2025. [Rule 37 Letter, p. 6]. The Trustee has not heard any response to its requests for a meet and confer or to its Rule 37 Deficiency Letter.

The Trustee also followed up on August 14, 2025, with counsel for Optimum—who also represents Defendant Moishe Gubin—that Mr. Gubin's responses to the Trustee's Discovery Requests were due on August 13, 2025. [Email dated August 14, 2025, a true and accurate copy of which is attached hereto as Exhibit K]. The Trustee had not heard back from counsel or Optimum for months despite multiple attempts to confer and agree to a schedule for production.

Recognizing that the ongoing delay caused by Optimum's resistance to discovery and the need to permit more time for answers to the Amended Complaint would affect the existing discovery deadlines, the Trustee prepared and filed a joint stipulation between the parties with the

EXHIBIT 5
Page 18

Court on September 12, 2025. [Dkt. # 215]. This stipulation recognized the mutual need to extend discovery deadlines so that discovery could continue and so that once discovery was obtained, Trustee could review it. In essence, this stipulation proposed to give Optimum even more time to respond to and engage with discovery; unfortunately, Optimum has not responded to this additional time with production or efforts to engage with discovery.[1]

In a further attempt to resolve Optimum's continued resistance to the discovery process and to obtain the documents necessary to prosecute the case, Trustee proposed a stipulation that would have standardized the discovery process, providing for expedient production of materials while recognizing the need to produce documents on a rolling basis. [Email dated October 20, 2025, a true and accurate copy of which is attached hereto as Exhibit L]. Optimum's response proposed to perpetuate its slow and obstructive production. [*Id*.]. Instead of agreeing to participate in discovery as *required* by the Rules, Optimum asserted that Trustee was responsible for the delay, blaming it on a factually-inaccurate assertion that the Trustee refused to agree to a protective order. [*Id*.]

Optimum's response to this proposal was disingenuous and inconsistent with Optimum's prior representations that it was diligently preparing substantive responses and productions so that it would be ready to produce upon resolution of the protective order dispute. This misrepresentation is further evidence of Optimum's efforts to disobey discovery requirements and delay the case.

Optimum's minimal participation in discovery has been in bad faith from the very beginning. Despite the Rules' clear mandates regarding initial disclosures, Optimum failed to produce the insurance policies *every party to litigation must produce* until six months following

---

[1] Given Optimum's continued delay tactics as outlined throughout this Motion, the referenced stipulation will likely need to be revised, and the deadlines for discovery and trial will need to be further extended.

EXHIBIT 5
Page 19

the initial 26(f) conference. It was only after multiple discussions with Optimum's counsel months after the policy was due to be produced that Optimum finally produced a policy. [A true and accurate copy of the email providing the insurance policy is attached hereto as Exhibit M]. Optimum's actions here are clearly in bad faith and show a contempt for the rules that permeates all aspects of Optimum's engagement with this Adversary Proceeding.

Shortly before this Motion, Optimum finally provided some additional production in response to the Discovery Requests from July of 2025. [A true and accurate copy of the email from October 28, 2025 conveying this discovery is attached hereto as Exhibit N]. This production came months after it was due and was only produced following multiple extensions, communications, and proposals from the Trustee to obtain the discovery owed by Optimum. [Hockstad Declaration at ¶ 20]. However, such production is far from complete, as the requested bank records – which Optimum has known the Trustee was seeking since at least May of 2025 – are still absent, and Optimum has provided no assurances in either word or action that such records will be produced within any reasonable amount of time. No further information was given by Optimum as to when additional discovery will provided.

With Optimum's refusal to stipulate to or entertain an alternative production schedule, the Trustee has no other options but to seek an order from this Court compelling Optimum to participate in discovery. The Trustee asks this Court to compel Optimum to comply with its obligations under Fed. R. 26(a)(1) and Bank. R. 7026 for its Initial Disclosures and to fully respond to the Trustee's Discovery Requests pursuant to the attached Order.

**EXHIBIT 5
Page 20**

# EXHIBIT 6

# EXHIBIT 6

| | |
|---|---|
| **From:** | Hayek, David T. |
| **To:** | Sommer, Matthew; Hockstad, Karen; Lissebeck, Yosina; Celentino, Christopher; Ghio, Christopher |
| **Cc:** | Paino, Brian |
| **Subject:** | 2025-11-4 - Motion to Compel Proposed Stipulated Facts - Optimum Defendants Redlined Revisions/Additions.docx |
| **Date:** | Tuesday, November 18, 2025 3:16:07 PM |
| **Attachments:** | image005.png |
| | 2025-11-4 - Motion to Compel Proposed Stipulated Facts - Optimum Defendants Redlined Revisions_Additions.docx |
| | image006.png |

Hi Matt,

Attached are the redlined revisions/additions to the proposed stipulated facts you previously provided.  However, while we tried to follow the format you provided, it does not appear to comport with Local Rule 7026-1(c) in terms of what this document is supposed to contain.  If the Trustee wants to revise this document to conform to that Rule, we'll revise our portions of the document to do so as well.

Also, we should have the unredacted version of the documents the Trustee asked to have produced in native form (and the unopenable file) tomorrow, followed by the first batch of the next, much larger production.

Best,

David

**David Hayek**
Partner
**Hinshaw & Culbertson LLP**
350 South Grand Ave., Suite 3600, Los Angeles, CA 90071

**O:** 213-614-7305 | **F:** 213-614-7399
dhayek@hinshawlaw.com

*Admitted only in California*

My Bio | hinshawlaw.com | in f X ⊙



Proudly
**MANSFIELD RULE
CERTIFIED** *PLUS*

**EXHIBIT 6
Page 21**

**Proposed Stipulated Details of Discovery Dispute**

This Adversary Proceeding commenced on March 10, 2025. [Dkt. # 1]. Served with the Complaint and Summons was this Court's Order RE: Early Meeting of Counsel, Status Conference Instructions, and General Procedures ("Early Meeting Order"). [Dkt. # 5]. The Order imposed a number of deadlines including the initial status conference (May 28, 2025), Rule 26(f) conference (May 7, 2025), initial disclosures, and a proposed discovery plan with a deadline of November 30, 2025. [*Id.*, p. 9]. The initial status conference was scheduled for May 28, 2025. [Dkt. # 6].

The Parties held their Rule 26(f) Conference on May 1, 2025, as ordered by the Early Meeting Order. [Dkt. # 5, p. 3-4, Item no. 3]. The Parties discussed the nature and basis of the claims, possibilities for settlement, initial disclosures, and a settlement plan. Following the Rule 26(f) Conference, counsel for the Trustee emailed Optimum, attaching the Early Meeting Order and clarifying that it continued to govern the case schedule. [*See* Email dated May 3, 2025, a true and accurate copy of which is attached hereto as Exhibit A].  At the scheduling conference, the Optimum requested the parties to the Adversary Proceeding enter into a separate protective order confirming use and dissemination of that documents and information exchanged during discovery in to this Adversary Proceeding would only be used in this Adversary Proceedingonly, consistent with Federal Rule of Civil Procedure 26(b)(1).

Consistent with the Parties' conversations at the Rule 26(f) conference, the Trustee issued a letter on May 6, 2025, requesting documents and information from Optimum. [*See* Letter dated May 6, 2025, a true and accurate copy of which is attached hereto as Exhibit B]. The Trustee received no response.  Optimum reminded the Trustee about the need for a specific protective order (given the bank is an FDIC depository bank subject to privacy and disclosure rules beyond those in the FedrealFederal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure)

77687\327025567.v1

**EXHIBIT 6
Page 22**

and provided a proposed protective order for execution by the parties.  But, the Trustee refused, indicated he would not agree to a protective order which limits use and dissemination of the documents and information to this APproceeding. [Email June 26, 2025.] Instead, the Trustee agreed only to abide by the protective order entered in the broader LPG bankruptcy [8:23-bk-10571-SC, Doc #1270,], which the Trustee interpreted as permitting use of documents and information exchanged in this proceeding in any and all of the hundreds of adversary proceedings connected to the LPG bankruptcy. [*Id.*] On July 1, 2025, the Trustee issued its Discovery Requests. However, the Trustee improperly addressed a single set of interrogatories and a single set of requests for production of documents to *both* OptimumBank and Optimum Holdings, Inc., despite those entities being separate and distinct from one another, both legally and functionally. [*See* Trustee's First Set of Interrogatories and Requests for Production, a true and accurate copy of which is attached hereto as Exhibit C.]; [See email issuing the Discovery Requests, a true and accurate copy is attached hereto as Exhibit D.]. Optimum's responses were due July 31, 2025. [*Id.*]. Because Optimum was in the middle of completing a "Core Transfer"[1] , oOn July 31, 2025, the Trustee agreed to a one-week extension. [See email discussing the extension to responses, a true and accurate copy is attached hereto as Exhibit E]. The reason provided for this request was to allow time for Optimum to identify and confirm account numbers and to complete its due diligence. [*Id.*].

Again, on the deadline for its responses, Optimum requested a second extension of time in which to respond to the Trustee's Discovery Requests.  The proposed new date was to be ten days

---

[1] A core banking system is a bank''s central, real-time system for processing all transactions, such as deposits, withdrawals, and internal transfers.  A "core transfer" is a transfer of all bank data to a new operating system which requires substantial testing, etc., to ensure 100% accuracy and completeness of the data transfer, and requires extensive involvement of the bank's personnel who maintain data systems for the bank. This transfer takes several months and is ongoing currently.

EXHIBIT 6
Page 23

after the Trustee filed his amended complaint, following ~~its dismissal by~~ the Court's dismissal of the Trustee's original complaint. [Email dated August 8, 2025, a true and accurate copy of which is attached hereto as Exhibit F]. The request asserted that, in addition to the ongoing core transfer described above,~~,~~ the Court's recent order granting the motion to dismiss filed by Defendant Slate Advance, LLC ("Slate Advance"), ~~dismissed the Adversary Proceeding in its entirety~~left the Trustee without an operative complaint. [*Id.*]. The requested extension sought to tie the deadline for Optimum's responses to the Trustee's filing of an amended complaint against Slate Advance, rather than to the time Optimum needed to respond. [*Id.*].

In response, the Trustee explained that the Court's order did not dismiss the entirety of the Adversary Proceeding and only dismissed Slate Advance. [Ex. F]. However, the Trustee's letter did not address the core transfer or the fact that ~~Bank~~Optimum personnel who would be providing information were necessarily engaged in that time-consuming process.   Following additional communication between the Parties' counsel, Trustee's counsel explained that the Trustee could not agree to the extension of time as it was unrelated to the time necessary for Optimum to respond, despite all of the foregoing to the contrary. [*Id.*]. Given the Trustee's refusal to grant additional time for Optimum to respond, Optimum Bank and Optimun Holdings, Inc. each provided separate responses to the discovery requests.   Trustee's counsel further requested a meet and confer in anticipation of the deficiencies to Optimum's responses. [*Id.*]. Optimum issued its responses to the Trustee's Discovery Requests on August 9, 2025. [*See* Optimum Bank and Optimum Bank Holding's Discovery Responses, true and accurate copies of which are attached hereto as Exhibits G and H, respectively].

Despite issuing two separate sets of responses to the Trustee's Discovery Requests—one on behalf of Optimum and the other on behalf of Optimum Holdings—the Discovery Responses

77687\327025567.v1

EXHIBIT 6
Page 24

are ~~substantively identical.~~ include similar objections, but also contain substantively distinct responses to certain requests given that OptimumBank is a functioning financial institution while Optimum Holdings, Inc. is a typical holding company, which has one public relations employee and whose function, like most other holding companies, is only to hold the stock in OptimumBank (but does not do any transactional business). [*Id.*]. The Discovery Responses contain nothing but boilerplate and generalized objections to common terms and definitions, including but not limited to the definitions of named parties in this Adversary Proceedings. [*Id.*]. The responses to the Trustee's interrogatories are comprised of objections claiming that the Definitions constitute interrogatories such that the Interrogatories exceed the permissible number under Civ. R. 33 and that basic terms—e.g., "related to," "accounts," and "submitted"—are vague and ambiguous. [*Id.*].

Actually, instead of directing the discovery requests to OptimumBank, OptimumBank and Optimum Holdings, Inc. each objected to the definition of "OptimumBank" as meaning "OptimumBank Holdings, Inc., OptimumBank, OptimumBank.com, and their/its agents, heirs, assigns, representatives, accountants, employees, contractors, attorneys, investigators, insurance companies, and each of their/its respective agents and employees, or anyone else acting on their/its behalf." As is plain from this expansive definition, every request purported to obligate OptimumBank (and Optimum Holdings, Inc. in its responses) to query literally thousands (if not tens of thousands or more) of separate and distinct entities and persons to obtain *each's* separate and distinct response to the interrogatory or document request posed. That is the definition of improper and abusive discovery under the Federal Rules of Civil Procedure pertaining to discovery and related case law.  The Trustee believes Optimum's responses to the Trustee's requests for production of documents repeated the same baseless boilerplate and generalized objections. [*Id.*]. Optimum responded to two of the Trustee's requests for production of documents that no

**EXHIBIT 6
Page 25**

responsive documents existed and to the remaining that "[b]ased on the foregoing objections, no documents will be produced." [*Id.*]. Ultimately, Optimum had not provided a single substantive response to any of the Trustee's requests for interrogatories, and t̶The Trustee contends the documents it has produced do not come close to the documents requested.  As set forth below, Optimum contends its Production has been responsive and robust, and continues.  In addition to the core transfer discussed above, another reason for additional time for production was inaccurate and/or incomplete identification by the Trustee regarding account holders, and account numbers on hundreds of accounts about which the Trustee sought documents and information.  Optimum has worked diligently to produce documents as quickly as they could be identified as potentially responsive.

The overall objections are compounded by the fact that Optimum has not actually responded to the specific interrogatories. For example, in response to Interrogatories Nos. 1 – 3, Optimum objected on the basis that the Interrogatories are "overbroad, vague, ambiguous and unduly burdensome," disproportionate to the needs of the case, and that the Interrogatories exceed the number of permitted interrogatories under Rule 33 of the Federal Rules of Civil Procedure. Actually, Optimum's principal objection is that interrogatories numbered 1-3 ask Optimum to predict what facts, witnesses and experts it might introduce at trial (if such trial ever occurs) – the epitome of speculation. Optimum also alleged, without factual basis, that it could not respond because Trustee has not entered into a reasonable protective order that "limits the use and dissemination of such confidential information or documents to this Adversary Proceeding."

Having unilaterally determined that the Definitions constituted request under the Rules, Optimum objected to the remaining Interrogatories – numbers 4 through 12 – claiming they

EXHIBIT 6
Page 26

exceeded the number of interrogatories permitted by the Rules. Optimum also threw out myriad

additional objections that are illogical, inaccurate, and deficient for the purpose of responding.

For instance, Optimum reprised its number of interrogatories argument for Interrogatory

No. 4, claiming that because it specifically identified each individual and entity whose account

numbers are requested each *listed individual and entity* was a separate interrogatory. Thus,

Optimum objected to each identified individual and entity, and stated that the requests are "vague

and ambiguous," basic terms were problematic, claimed that the interrogatory sought information

protected from disclosure by one or more statutes, and that the interrogatory sought information

of non-parties (notwithstanding the fact that Interrogatory No. 4 seeks documents and information

from many named parties).

The rest of the Responses mirror these ridiculous and evasive statements. For

Interrogatories Nos. 5 and 6, Optimum alleged that those Interrogatories sought information not

relevant to the Adversary Proceeding, were not proportionate to the needs of the case, and sought

information that "invades the privacy of individuals who are not identified in the Complaint."

These Interrogatories seek information from non-parties, but also specific defendants listed in the

Complaint.

Continuing its objections, Optimum objected to Interrogatory No. 7 claiming that it

assumes facts not in evidence. Optimum further objected to Interrogatory No. 8 for seeking

information not relevant or proportional to the needs of the case which "invades the privacy of

individuals who are not identified in the Complaint." The objection to Interrogatory No. 9 alleges

that the Request seeks information not relevant or proportional to the needs of the case, that basic

terms are "vague and ambiguous," and seeks information that "invades the privacy of individuals

who are not identified in the Complaint." And the response to Interrogatory No. 10 states that basic

77687\327025567.v1

EXHIBIT 6
Page 27

terms are "vague and ambiguous" and that the interrogatory seeks information protected by attorney client privilege and attorney work-product.

Optimum expands its baseless objections in its responses to Interrogatory No. 11 and 12. As to Request 11, Optimum claims that it seeks information not relevant or proportional to the needs of the case, that it is "vague and ambiguous," and seeks information that "invades the privacy of individuals who are not identified in the Complaint." Optimum further states that the Interrogatory is duplicative and that it seeks information equally available to the Trustee. And, in its final baseless response, Optimum claims that Interrogatory No. 12 seeks information not relevant or proportional to the needs of the case, that basic terms are "vague and ambiguous," and seeks information that "invades the privacy of individuals who are not identified in the Complaint." The Response further objects on the basis that it seeks information protected by attorney client privilege and attorney work-product. Ultimately, Optimum provided *no* responsive information to *any* of the Interrogatories.

Optimum contends its general objections and every objection asserted to each particular request are properly stated with respect to the request to which they were interposed.

The Trustee issued a Rule 37 Discovery Letter outlining the deficiencies with Optimum's Discovery Responses, and again asked for a date to conduct a meet and confer, noting that the meeting would have to occur by August 22, 2025. [Email dated August 14, 2025, a true and accurate copy of which is attached hereto as Exhibit I; Rule 37 Deficiency Letter, a true and accurate copy of which is attached hereto as Exhibit J]. The Trustee requested that Optimum provide supplemental responses or a date and time for a meet and confer by August 18, 2025. [Rule 37 Letter, p. 6]. The Trustee has not heard any response to its requests for a meet and confer or to its Rule 37 Deficiency Letter.

77687\327025567.v1

**EXHIBIT 6**
**Page 28**

The Trustee also followed up on August 14, 2025, with counsel for Optimum—who also represents Defendant Moishe Gubin—that Mr. Gubin's responses to the Trustee's Discovery Requests were due on August 13, 2025. [Email dated August 14, 2025, a true and accurate copy of which is attached hereto as Exhibit K]. The Trustee had not heard back from counsel or Optimum for months despite multiple attempts to confer and agree to a schedule for production.

Recognizing that the ongoing delay caused by Optimum's resistance to discovery and the need to permit more time for answers to the Amended Complaint would affect the existing discovery deadlines, the Trustee prepared and filed a joint stipulation between the parties with the Court on September 12, 2025. [Dkt. # 215]. This stipulation recognized the mutual need to extend discovery deadlines so that discovery could continue and so that once discovery was obtained, Trustee could review it. In essence, this stipulation proposed to give Optimum even more time to respond to and engage with discovery; unfortunately, Optimum has not responded to this additional time with production or efforts to engage with discovery.[2]  In fact, Trustee's stipulation to stay all proceedings against the principal defendants Shia Dembitzer and several entities affiliated with Dembitzer in this adversary proceeding negotiated between the Trustee and Dembitzer are a substantial cause for delay in this adversary proceeding.  The stipulation with Dembitzer was negotiated prior to commencement of the action and entered into on March 19, 2025, shortly after the action was commenced [Doc #11].  Similarly, the stay as to World Global Fund, LLC and a host of other Dembitzer affiliated entities was entered into on May 30, 2025 (just as Optimum was served in the action). [Doc #156.] The Court order implementing those stays was entered on June 4, 2025. [Doc #158.]  Both stays were to continue through October 14, 2025, thereby precluding party discovery from Dembitzer and these entities by Optimum.  Since,

---

[2] Given Optimum's continued delay tactics as outlined throughout this Motion, the referenced stipulation will likely need to be revised, and the deadlines for discovery and trial will need to be further extended.

77687\327025567.v1

**EXHIBIT 6**
**Page 29**

according to the Trustee's word only (no documents have been produced by the Trustee to date to confirm this allegation) Dembitzer is a principal "accuser" of wrongdoing by Optimum, the fact that discovery against Dembitzer, et al. was stayed made it impossible for Optimum to prepare its defense in this matter until either Dembitzer and his entities were dismissed or required to file an answer herein (which occurred just a few weeks ago).

Further, while Optimum has not responded in writing to the Trustee's letter, there have been numerous video and telephonic conferences with one or more of the Trustee's counsel to discuss discovery and production by Optimum and the need for the above-referenced protective order. Indeed, after a request for clarification was sought by Optimum, on September 16, 2025, this Court agreed with Optimum and confirmed that its existing protective order in the broader bankruptcy action, contrary to the Trustee's assertion, *did* limit use and dissemination of documents and information disclosed by the parties herein to this Adversary Proceeding. [Doc. #216.] Thus, the months intervening since the May 1, 2025 Rule 26(f) conference and Optimum's production of documents following entry of the Court's September 16, 2025 Order, was entirely caused by the Trustee, not Optimum. Following entry of the Court's Order, Optimum has produced over 6,000 pages of responsive documents with additional documents to follow. It is anticipated Optimum's production will be complete by December 15, 2025.

In a further attempt to resolve Optimum's continued resistance to the discovery process and to obtain the documents necessary to prosecute the case, Trustee proposed a stipulation that would have standardized the discovery process, providing for expedient production of materials while recognizing the need to produce documents on a rolling basis. [Email dated October 20, 2025, a true and accurate copy of which is attached hereto as Exhibit L]. Optimum's response proposed to perpetuate its slow and obstructive production. [*Id.*]. Instead of agreeing to participate

77687\327025567.v1

**EXHIBIT 6**
**Page 30**

in discovery as *required* by the Rules, Optimum asserted that Trustee was responsible for the delay, blaming it on a factually-inaccurate assertion that the Trustee refused to agree to a protective order. [*Id.*] –As noted above, whether the Trustee's refusal to stipulate to use and dissemination of documents and information disclosed to only this adversary proceeding or the pre-suit agreement to stay all proceedings against Dembitzer and related entities, Optimum believes the delay from May to October, 2025 was principally caused by the Trustee's actions.

Optimum's response to this proposal was disingenuous and inconsistent with Optimum's prior representations that it was diligently preparing substantive responses and productions so that it would be ready to produce upon resolution of the protective order dispute. This misrepresentation is further evidence of Optimum's efforts to disobey discovery requirements and delay the case. Once the Court issued its clarification consistent with Optimum's position, a first production of over 4,600 pages of documents was made shortly thereafter. Since then, Optimum has produced approximately 1,800 pages of additional documents, identified to the requests to which they relate, with additional documents to be produced soon, with production complete no later than December 15, 2025.

Optimum's minimal participation in discovery has been in bad faith from the very beginning. Despite the Rules' clear mandates regarding initial disclosures, Optimum failed to produce the insurance policies *every party to litigation must produce* until six months following the initial 26(f) conference. It was only after multiple discussions with Optimum's counsel months after the policy was due to be produced that Optimum finally produced a policy. [A true and accurate copy of the email providing the insurance policy is attached hereto as Exhibit M]. Optimum's actions here are clearly in bad faith and show a contempt for the rules that permeates all aspects of Optimum's engagement with this Adversary Proceeding. The Trustee's position is

77687\327025567.v1

**EXHIBIT 6
Page 31**

mere posturing in an effort to deflect from the delays caused by the Trustee's own unreasonable position regarding use and dissemination of documents and information obtained from Optimum, in contravention of the explicit language of Rule 26(b)(1) as well as the Trustee's decision to stipulate to a stay of proceedings without consulting with Optimum prior thereto.

Shortly before this Motion, Optimum finally provided some additional production in response to the Discovery Requests from July of 2025. [A true and accurate copy of the email from October 28, 2025 conveying this discovery is attached hereto as Exhibit N]. This production came months after it was due and was only produced following multiple extensions, communications, and proposals from the Trustee to obtain the discovery owed by Optimum. [Hockstad Declaration at ¶ 20]. However, such production is far from complete, as the requested bank records – which Optimum has known the Trustee was seeking since at least May of 2025 – are still absent, and Optimum has provided no assurances in either word or action that such records will be produced within any reasonable amount of time. No further information was given by Optimum as to when additional discovery will provided. However, the Trustee does not identify any category of production to which responsive documents were not produced.  Moreover, Optimum has advised the Trustee that it is working on a substantial production – reviewing multiple gigabytes of outlook .pst (email) files and attachments to identify responsive documents – which it will produce on the previously agreed "rolling" basis.

With Optimum's refusal to stipulate to or entertain an alternative production schedule, the Trustee has no other options but to seek an order from this Court compelling Optimum to participate in discovery. During a conference with Trustee, Optimum *did* enter into an agreement with Trustee for a "rolling production" of documents responsive to the production requests by the Trustee, and continues that rolling production at present.

77687\327025567.v1

**EXHIBIT 6**
**Page 32**

**EXHIBIT 6**

The Trustee asks this Court to compel Optimum to comply with its obligations under Fed. R. 26(a)(1) and Bank. R. 7026 for its Initial Disclosures and to fully respond to the Trustee's Discovery Requests pursuant to the attached Order. Because Optimum *is* complying with its discovery obligations in a reasonable and diligent fashion, there is no reason for any further Order by this Court with respect thereto.

77687\327025567.v1

**EXHIBIT 6**
**Page 33**