CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
YOSINA M. LISSEBECK (201654)
yosina.lissebeck@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, CA 92101
Tele: 619.400.0500; Fax: 619.400.0501

FILED & ENTERED

MAR 27 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte      DEPUTY CLERK

KAREN S. HOCKSTAD (OH 61308) (Admitted pro hac vice)
karen.hockstad@dinsmore.com
MATTHEW H. SOMMER (OH 101721; NC 51004) (Admitted pro hac vice)
matthew.sommer@dinsmore.com
DINSMORE & SHOHL LLP
191 W. Nationwide Blvd., Suite 200
Columbus, OH 43215
Tele: 614-628-6930; Fax: 614-628-6890

*Attorneys for Richard A. Marshack, Trustee of the LPG Liquidation Trust*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor.<br><br>_____<br><br>RICHARD A. MARSHACK,<br>Trustee of the LPG Liquidation Trust,<br><br>    Plaintiff,<br><br>    v.<br><br>WORLD GLOBAL FUND, LLC, *et al.*,<br><br>    Defendants. | Chapter 11<br><br>Case No. 8:23-bk-10571 SC<br><br>Adv. Proc. No.: 8:25-ap-01105-SC<br><br>**ORDER DENYING MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE REGARDING CONTEMPT AGAINST SHIA DEMBITZWER FOR FAILURE TO COMPLY WITH THE SUBPOENA** |

The Court having read and considered the Motion for Issuance of an Order to Show Cause Regarding Contempt Against Shia Dembitzer ("Dembitzer") for Failure to Comply with the Document Subpoena filed March 10, 2026 [Dk. 327] (the "Motion") filed by plaintiff Richard A. Marshack, Trustee of the LPG Liquidation Trust ("Plaintiff"), and the documents and evidence submitted in support thereof and the docket as a whole, and good cause appearing therefor,

IT IS HEREBY ORDERED THAT:

The Motion is DENIED.

Once default was entered against Dembitzer, he was to be treated as a non-party for discovery purposes. *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010); *Blazek v. Capital Recovery Assocs., Inc.*, 222 F.R.D. 360, 361-62 (W.D. Wis. 2004). Thus, any further discovery from Dembitzer had to proceed, if at all, under Rule 45, as made applicable by Federal Rule of Bankruptcy Procedure 9016. Rule 45 supplies the basis for enforcing a nonparty subpoena duces tecum for document production. *Nguyen v. Golden (In re Pham)*, 2017 Bankr. LEXIS 3844, at *17-*19 (B.A.P. 9th Cir. Nov. 6, 2017). To obtain contempt relief, the moving party bears the burden of showing by clear and convincing evidence that the alleged contemnor violated a specific and definite order of the court. *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1189-91 (9th Cir. 2003); *In re Wallace*, 490 B.R. 898, 905 (B.A.P. 9th Cir. 2013); *Labor/Community Strategy Ctr. v. L.A. Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009). Civil contempt should not be imposed where there is a fair ground of doubt as to the wrongfulness of the alleged contemnor's conduct. *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801-02 (2019).

The subpoena commanded production in Berwyn, Pennsylvania. [Dk. 327, Ex. A.] Under Federal Rule of Civil Procedure 45, subpoena-related motions, including motions to compel production and motions to quash or modify, must be brought in the court for the district where compliance is required. Fed. R. Civ. P. 45(d)(2)(B)(i), 45(d)(3)(A). Rule 45(g) likewise provides that contempt may be imposed only by the court for the district where compliance is required and, after transfer, by the issuing court. Fed. R. Civ. P. 45(f), (g). The Motion does not establish that this Court was the court for the district where compliance was required or that any subpoena-related motion was transferred here under Rule 45(f).

Further, the subpoena does not appear to have been properly served. The Hockstad Declaration states that the subpoena was served on Dembitzer by certified mail on November 25, 2025, that tracking later indicated the subpoena had not been received, and that, out of an abundance of caution, counsel also issued service via Federal Express on January 21, 2026. [Dk. 327, Hockstad Decl. ¶¶ 4-5.] At the same time, the subpoena form attached as Exhibit A contains a blank proof of service section. [Dk. 327, Ex. A.][1] On this record, the Court does not find an adequate showing of service sufficient to support issuance of an order to show cause regarding contempt.

Accordingly, the Motion does not establish that this Court is the proper Rule 45 enforcement court, and the showing as to service is insufficient. Accordingly, issuance of an order to show cause regarding contempt is not warranted on the pleadings, as presented. The Motion is denied without prejudice.

**IT IS SO ORDERED.**

### 

Date: March 27, 2026

Scott C. Clarkson
United States Bankruptcy Judge

---

[1] Rule 45(b)(1) requires that a subpoena be served by "delivering a copy to the named person…" The Ninth Circuit has affirmed a district court's refusal to enforce a subpoena served by mail. *Chima v. Dod*, 23 Fed.Appx.721 (9th Cir. 2001) and that the "majority rule is that Rule 45 requires personal service." *Jordan v. Panasonic Corp. of N. Am., Inc.*, 2026 U.S. Dist. LEXIS 41955 (USDC Cal. 2026), (in the context of granting a motion for alternative service) and citing *Chima v. Dod*, 23 Fed.Appx.721 (9th Cir. 2001).