CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
YOSINA M. LISSEBECK (201654)
yosina.lissebeck@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, CA 92101
Tele: 619.400.0500; Fax: 619.400.0501

KAREN S. HOCKSTAD (OH 61308) (Admitted pro hac vice)
karen.hockstad@dinsmore.com
MATTHEW H. SOMMER (OH 101721; NC 51004) (Admitted pro hac vice)
matthew.sommer@dinsmore.com
DINSMORE & SHOHL LLP
191 W. Nationwide Blvd., Suite 200
Columbus, OH 43215
Tele: 614-628-6930; Fax: 614-628-6890

*Attorneys for Richard A. Marshack, Trustee of the LPG Liquidation Trust*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>The Litigation Practice Group P.C.<br><br>Debtor.<br><br>Richard A. Marshack, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>World Global Fund, LLC, et al.<br><br>Defendants. | Case No.: 8:23-bk-10571-SC<br><br>Adv. Proc. No.: 8:25-ap-01105-SC<br><br>Chapter 11<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXTEND REMAINING DEADLINES PURSUANT TO LOCAL BANKRUPTCY RULES 7016 AND 9013; DECLARATION; EXHIBITS**<br><br>**Date: June 3, 2026**<br>**Time: 11:00 a.m.**<br>**Judge: Hon. Scott C. Clarkson**<br>**Place: Courtroom 5C**<br>　　**411 West Fourth Street, Santa Ana, California 92701**<br><br>Judge: Hon. Scott C. Clarkson |

1

**NOTICE IS HEREBY GIVEN** that on June 3, 2026 at 11:00 a.m. PST in Courtroom 5C of the above-entitled court, Richard A. Marshack (the "Trustee"), the Trustee of the LPG Liquidation Trust and former Chapter 11 Trustee for the bankruptcy estate ("Estate") of The Litigation Practice Group P.C. ("Debtor") and Plaintiff in the above-captioned adversary proceeding, will and hereby does move ("Motion") pursuant to Rules 7016 and 9013 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("Local Rules"), and to extend the remaining pre-trial deadlines set in the Court's February 12, 2026 Order ("Order") [Dkt. No. 304] as set forth herein.

Specifically, the Trustee seeks an order that finds and directs as follows:

1. The Motion is granted;

2. That sets the following deadlines:

    a. Discovery cutoff: October 29, 2026

    b. Motion cutoff: February 16, 2027

    c. Pre-trial conference: April 16, 2027

3. Reserves all other claims of the Plaintiff for further order of the Court; and

4. For such other and further relief as the Court deems just and proper.

**NOTICE IS FURTHER GIVEN** that the Motion is supported by (a) the Declaration of Karen Hockstad and (b) any other evidence properly presented to the Court.

**NOTICE IS FURTHER GIVEN** that pursuant to Local Bankruptcy Rule 9013-1(f), this Notice of Motion and Motion must be filed and served no later than 21 days before the hearing date assigned in the notice. Further, pursuant to Rule 9013-1(f) of the Local Bankruptcy Rules, any party opposing, joining or responding to the Motion must file with the Clerk of the Bankruptcy Court and serve upon counsel for Plaintiff and the United States Trustee no later than 14 days before the date designated for hearing. Any response in opposition to the Motion must be a complete written statement of all reasons in opposition thereto or in support, declarations and copies of all evidence on which the responding party intends to rely, and any responding memorandum of points and authorities. Any response must advise the adverse party that any reply must be filed with the court and served on the responding party not later than 7 days prior to the hearing on the motion.

2

**NOTICE IS FURTHER GIVEN** that pursuant to Rule 9013-1(h) of the Local Bankruptcy Rules, if a party does not timely file and serve documents, the court may deem this to be consent to the granting or denial of the motion.

**NOTICE IS FURTHER GIVEN** that any party wishing to appear at the hearing should review the Court's tentative ruling prior to the hearing, which will provide information on whether in-person appearances are required and any remote access information for the hearing on the Motion. **Parties are directed to obtain accessibility information on Judge Clarkson's posted hearing calendar which may be viewed online at:**

http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC**.**

Dated: May 4, 2026

DINSMORE & SHOHL LLP

By: /s/  Karen S. Hockstad
     Karen S. Hockstad (OH061308)
     Yosina M. Lissebeck (201654)
     *Counsel for Richard A. Marshack,*
     *Trustee of the LPG Liquidation Trust*

3

## **MOTION TO EXTEND**

Richard A. Marshack (the "Trustee"), the Trustee of the LPG Liquidation Trust and former Chapter 11 Trustee for the bankruptcy estate ("Estate") of The Litigation Practice Group P.C. ("Debtor") and Plaintiff in the above-captioned adversary proceeding, will and hereby does move ("Motion") pursuant to Rules 7016 and 9013 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("Local Rules"), and to extend the remaining pre-trial deadlines set in the Court's February 12, 2026 Order ("Order") [Dkt. No. 304] as set forth herein.

This Adversary Proceeding commenced on March 10, 2025; in a March 13, 2025 Order, this Court identified initial dates for the parties to discuss and agree upon a schedule to move the case forward. [Dkt. 1 and 5].

The Parties submitted a Joint Status Report on July 25, 2025 in which the parties agreed to the initial deadlines to govern the Proceeding. [Dkt. 183].

Following this Court's grant of Slate Advance's Motion to Dismiss and the Trustee's subsequent filing of the Amended Complaint, the Parties submitted a Stipulation to vacate the status report dates set by the Joint Status Report. [Dkt. 215].

In the interim, discovery disputes emerged which required intervention of this Court.

On December 15, 2025, the Trustee filed its Amended Notice of Motion and Motion to Compel Discovery from OptimumBank and OptimumBank Holdings, Inc. [Dkt. 273].

The same day, this Court set a hearing on the Motion to Compel as to Optimum for January 21, 2026. [Dkt. 274].

On December 17, 2025, the Trustee filed its Notice of Motion and Motion to Compel Discovery Responses from Solomon Feig. [Dkt. 276].

Also on December 17, 2025, this Court issued an Order vacating the December 18, 2025 status conference and setting updated deadlines.

///

///

///

4

On January 22, 2026, this Court partially granted the Trustee's Motion to Compel Discovery From OptimumBank and OptimumBank Holdings and the Trustee's Motion to Compel Discovery from Solomon Feig, ordering Optimum and Feig to produce complete responses to the Trustee's discovery requests by February 24, 2026.

On January 23, 2026, Optimum produced about 200,000 pages of documents.

Following this production, and recognizing the need for continued production from all parties, the parties submitted a stipulation to extend the deadlines set by this Court's December 18, 2026 Order. [Dkt. 303].

The Court approved this Stipulation and Ordered that the following dates govern the case schedule: [Dkt. 304].

    a.  Discovery cutoff: June 29, 2026

    b.  Motion cutoff: October 16, 2026

    c.  Pre-trial conference: December 16, 2026

On February 23, 2026, Baruch Cohen entered a substitution of counsel for Defendant Solomon Feig. [Dkt. 317].

Shortly thereafter, Feig produced a number of documents and filed a Notice of Compliance with the Court's January 22, 2026 Order granting the Motion to Compel. [Dkt. 318].

Trustee's review of the February 23, 2026 production was hampered by various deficiencies with Feig's production, eventually leading to the Motion for an Order to Show Cause being filed on March 4, 2026. [Dkt. 322]. Feig's counsel and the Trustee's counsel were able to address the deficiencies without further judicial intervention. [Dkt. 322].

On March 9, 2026, Optimum provided the Trustee with an additional production.

On March 11, 2026, Optimum's counsel filed a Notice of Compliance with this Court's Order compelling discovery from Optimum. [Dkt. 330].

Initial review of Optimum's March 9, 2026, production revealed several technical issues that are being resolved with assistance of counsels' e-discovery teams.

Nevertheless, document production from Optimum is expected to continue as it works to comply fully with the requests.

Counsel for Feig served the Trustee with discovery requests on February 26, 2026 composed of 25 Interrogatories and 81 Document Requests. The Trustee responded on April 6, 2026.

The Trustee provided a supplemental Rule 26 production of approximately 60,000 documents on April 6, 2026. Such production is anticipated to be further supplemented.

Production is expected to continue from Optimum, Gubin, and Feig, along with the remaining defendants.

Further, the Trustee has issued numerous subpoenas to non-parties, including to multiple banks, entities affiliated with parties, Shia Dembitzer, and World Global. The Trustee anticipates that production in response to those subpoenas will continue well into June. Further, as discovery continues, it is anticipated that further entities and individuals will need to be subpoenaed.

The Trustee also anticipates taking many depositions before dispositive motions can be filed.

Finally, given the volume of documents that have been exchanged between the parties over the last month, extensive time and effort is necessary to review such documents. Such productions will also certainly result in further document requests and subsequent productions.

Critically, in the event that additional discovery motions need to be filed, such motions cannot possibly be briefed, heard, and decided prior to the existing deadline of June 29, 2026.

Recognizing the timing requirements that further discovery motions would require and the volume of documents that will need to be reviewed and exchanged, counsel for the Trustee prepared a stipulation to extend the deadlines set by this Court's February 12th, 2026, Order and circulated the stipulation to the Parties on Friday, April 24, 2026. [Hockstad Declaration, ¶ 3].

As of the date of this Motion, consent has been obtained from counsel for Optimum, Moishe Gubin, and Slate Advance. [Hockstad Declaration, ¶ 4].

However, efforts to obtain consent from Solomon Feig's counsel and Genesis Equity Group's counsel have been unsuccessful despite multiple attempts. [Hockstad Declaration, ¶ 5].

Accordingly, Plaintiff respectfully requests that the Court issue an order vacating the agreed dates set forth in this Court's February 12, 2026 Order [Dkt. 304] and extending said dates by four ///

months so that discovery may continue, disputes may be addressed should they arise, and dispositive motions may be properly prepared and files to narrow issues for trial.

Based on the foregoing, it appears even more evident that further discovery motions, including motions to compel, will be required. Accordingly, the Trustee respectfully requests that this Court issue an order lodged according to LBR 9021-1 vacating the agreed dates set forth in this Court's December 17, 2025 Order and extending said dates by three months. The Trustee is confident that such an extension will ensure the efficient and complete resolution of this Proceeding.

**WHEREFORE, the Trustee respectfully requests the following:**

1.     That the existing deadlines for discovery, motions, and the final pre-trial be vacated.

2.     That this Court extends all dates to the following:

      a.   Discovery cutoff: October 29, 2026

      b.   Motion cutoff: February 16, 2027

      c.   Pre-trial conference: April 16, 2027

Dated: May 4, 2026

Respectfully Submitted,

DINSMORE & SHOHL LLP

By: */s/  Karen S. Hockstad*
Karen S. Hockstad (OH061308)
Yosina M. Lissebeck (201654)

*Attorneys for Richard A. Marshack, Plaintiff and Trustee of the LPG Liquidation Trust*

7

## DECLARATION OF COUNSEL

I, Karen S. Hockstad, declare as follows:

1. I am a partner at Dinsmore & Shohl LLP ("Firm"), admitted *pro hac vice* to practice law in the United States Bankruptcy Court for the Central District of California as counsel to Richard A. Marshack, Trustee of the LPG Liquidation Trust ("Trustee") for the Chapter 11 Bankruptcy filing of Litigation Practice Group, P.C. ("LPG" or "Debtor") filed in the Central District of California, Santa Ana Division. Case No. 23-bk-10571-SC (the "Bankruptcy Case"). My *pro hac vice* status includes the ability to represent the Trustee in various adversary proceedings, including the one involving this Motion filed in the case of *Richard A. Marshack, Trustee of the LPG Liquidation Trust, v. World Global Fund, LLC*, *et. al.* Adv. Proc. No. 8: :25-ap-01105-SC (the "Adversary Case").

2. I am over the age of 18 and unless indicated herein I have personal knowledge of the facts set forth herein or have obtained familiarity with such facts with persons knowledgeable of them, and if called upon to testify as a witness, I could and would competently testify.

3. On April 24, 2026 my firm sent a stipulation to the Parties seeking their consent to extend the dates in this Court's February 24, 2026 Order. The Email is attached as Exhibit A.

4. As of the date of the Motion, I have not been able to obtain Defendant Solomon Feig's or Genesis Equity Group's consent to the extension; however, consent has been obtained from counsel for Optimum, Moishe Gubin, and Slate Advance.

5. Without a clear path to obtaining consent to a stipulation to extend the deadlines through Feig's counsel or Genesis Equity Group's counsel, a Motion is the only option for the Trustee and the consenting parties.

6. This Motion and the Extensions requested are necessary to ensure that sufficient time remains for discovery in the event that further discovery motions need to be filed.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: May 4, 2026

*/s/ Karen S. Hockstad*
Karen S. Hockstad

8

# EXHIBIT

# A

| | |
|---|---|
| **From:** | Hockstad, Karen |
| **Sent:** | Friday, April 24, 2026 9:16 AM |
| **To:** | Joseph Boufadel; 'Shanna Kaminski'; Paino, Brian; Hayek, David T.; Ira Kharasch; Harwood, Chris; Baruch Cohen |
| **Cc:** | Celentino, Christopher; Ghio, Christopher; Lissebeck, Yosina; Sommer, Matthew; Griffith, Jordan |
| **Subject:** | Stipulation to Extend Dates |
| **Attachments:** | 4-21 - Stipulation to Vacate or Extend Dates(68563977.2).docx; 4-21 - Proposed Order on Stipulation to Vacate or Extend Dates(68564444.2).docx |

Good morning.  Attached is a Stipulation to extend the current case schedule as we are still waiting on document production from Optimum/Gubin, have outstanding subpoenas, and will also need to schedule and take depositions.  Please review, and if acceptable, please send me your hard signature for filing.

**Karen S. Hockstad**
Partner
Admitted in Ohio, Michigan

**T** (614) 628-6930

**F** (614) 628-6890

**E** **karen.hockstad@dinsmore.com**

Bio -
https://www.dinsmore.com/people/karen-s-hockstad/

 **DINSMORE**

 dinsmore.com

191 W. Nationwide Blvd., Suite 200
Columbus, Ohio 43215

Offices

| | | |
|---|---|---|
| **Ann Arbor, MI** | **Denver, CO** | **Louisville, KY** |
| **Bloomington, IN** | **Detroit, MI** | **Miami, FL** |
| **Boston, MA** | **Frankfort, KY** | **Morgantown, WV** |
| **Charleston, WV** | **Groton, CT** | **Orlando, FL** |
| **Chicago, IL** | **Houston, TX** | **Philadelphia, PA** |
| **Cincinnati, OH** | **Huntington, WV** | **Pittsburgh, PA** |
| **Cleveland, OH** | **Indianapolis, IN** | **San Diego, CA** |
| **Columbus, OH** | **Lewisburg, WV** | **Tampa, FL** |
| **Covington, KY** | **Lexington, KY** | **Washington, D.C.** |
| **Dayton, OH** | **Los Angeles, CA** | **Wheeling, WV** |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: DINSMORE & SHOHL, LLP, 191 W. Nationwide Blvd., Suite 200, Columbus, OH 43215

A true and correct copy of the document entitled (*specify*):

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXTEND REMAINING DEADLINES PURSUANT TO LOCAL BANKRUPTCY RULES 7016 AND 9013; DECLARATION; EXHIBITS**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 4, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) May 4, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy**
Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130/Ctrm 5C
Santa Ana, CA 927014593

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/04/2026 | Karen S. Hockstad | /s/ Karen S. Hockstad |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Joseph Boufadel on behalf of Defendant Slate Advance LLC
jboufadel@salvatoboufadel.com

Joseph Boufadel on behalf of Interested Party Courtesy NEF
jboufadel@salvatoboufadel.com

Baruch C Cohen on behalf of Defendant Solomon Feig
BaruchCohen@Baruchcohenesq.com, paralegal@baruchcohenesq.com

Christopher Ghio on behalf of Plaintiff Richard A Marshack
Christopher.Ghio@dinsmore.com, bonnie.connolly@dinsmore.com

Karen Hockstad on behalf of Plaintiff Richard A Marshack
karen.hockstad@dinsmore.com, sylvia.lawrence@dinsmore.com

Karen Hockstad on behalf of Trustee Richard A Marshack (TR)
karen.hockstad@dinsmore.com, sylvia.lawrence@dinsmore.com

Brandon J. Iskander on behalf of Interested Party Courtesy NEF
biskander@goeforlaw.com, kmurphy@goeforlaw.com;jfountain@goeforlaw.com

Shanna Kaminski on behalf of Defendant Slate Advance LLC
skaminski@kaminskilawpllc.com

Ira David Kharasch on behalf of Defendant Genesis Equity Group Funding LLC
ikharasch@pszjlaw.com

Yosina M Lissebeck on behalf of Plaintiff Richard A Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;linda.dominguez@dinsmore.com

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Kaira Mercer on behalf of Defendant Slate Advance LLC
kmercer@kaminskilawpllc.com

Victoria Newmark on behalf of Defendant Genesis Equity Group Funding LLC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Defendant Solomon Feig
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Brian A Paino on behalf of Defendant Optimum Bank Holdings, Inc.
bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com;crico@hinshawlaw.com

Brian A Paino on behalf of Defendant Optimumbank
bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com;crico@hinshawlaw.com

Brian A Paino on behalf of Defendant Optimumbank.com
bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com;crico@hinshawlaw.com

Brian A Paino on behalf of Defendant Moishe Gubin
bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com;crico@hinshawlaw.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Matthew Sommer on behalf of Plaintiff Richard A Marshack
matthew.sommer@dinsmore.com, carrie.davis@dinsmore.com

Matthew Sommer on behalf of Trustee Richard A Marshack (TR)
matthew.sommer@dinsmore.com, carrie.davis@dinsmore.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

2.      **TO BE SERVED VIA U.S. MAIL**

| | |
|---|---|
| Funding Gateway, Inc.<br>Mark Fuchs c/o The Corporation<br>5314 16th Avenue, Suite 139<br>Brooklyn, NY 11204 | Funding Gateway, Inc.<br>Marchs, c/o File Right RA Services, LLC<br>330 Changebridge Road, Suite 101<br>Pine Brook, NY 07058 |
| World Global Fund, LLC<br>n/k/a Glass Media, LLC<br>Andrew Pierce c/o Cloud Peak Law<br>1095 Sugar View Drive, Suite 500<br>Sheridan, WY 82801 | Funding Gateway, Inc.<br>And each of its assumed names<br>c/o Cloud Peak Law<br>1095 Sugar View Drive, Suite 500<br>Sheridan, WY 82801 |