CHRISTOPHER CELENTINO (131688)
Christopher.Celentino@dinsmore.com
CHRISTOPHER B. GHIO (259094)
Christopher.Ghio@dinsmore.com
YOSINA M. LISSEBECK (201654)
Yosina.Lissebeck@dinsmore.com
**DINSMORE & SHOHL LLP**
655 West Broadway, Ste 800
San Diego, CA 92101
Tele:  (619) 400-0500
Fax:   (619) 400-0501

KAREN S. HOCKSTAD (OH 61308)
Karen.Hockstad@dinsmore.com
MATTHEW H. SOMMER (OH 101721; NC 51004)
Matthew.Sommer@dinsmore.com
**DINSMORE & SHOHL LLP**
191 W. Nationwide Blvd., Ste 200
Columbus, OH 43215
Tele: (614) 628-6880
Fax:  (614) 628-6890
(Admitted pro hac vice)

Attorneys for Richard A. Marshack, Trustee of the LPG Liquidating Trust

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | Adv. Proc. No. 8:25-ap-01105-sc |
| | **NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS TO SHIA DEMBITZER** |
| RICHARD A. MARSHACK, Chapter 11 Trustee, | Judge: Hon. Scott C. Clarkson |
| Plaintiff, | |
| v. | |
| WORLD GLOBAL FUND, LLC | |
| Defendant. | |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that on May 5, 2026, Plaintiff and Chapter 11 Trustee for the bankruptcy estate of debtor, The Litigation Practice Group P.C., Richard A. Marshack ("Trustee") will serve by process server the attached subpoena to produce documents pursuant to Rule 45, as made applicable by Federal Rule of Bankruptcy Procedure 9016. True and correct copies of the subpoenas are attached hereto as follows:

- Exhibit A- Subpoena to Shia Dembitzer

Dated: May 5, 2026

DINSMORE & SHOHL LLP


By: /s/ Karen S. Hockstad
    Karen S. Hockstad
    Yosina M. Lissebeck

*Attorneys for Richard A. Marshack, Plaintiff and Trustee of the LPG Liquidation Trust*

2

# **EXHIBIT A**

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OLR OBJECTIONS OR TO

PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY

PROCEEDING)

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

Case 8:25-ap-01105-SC    Doc 349    Filed 05/05/26    Entered 05/05/26 08:42:29    Desc
Main Document      Page 4 of 23

# UNITED STATES BANKRUPTCY COURT

## Central District of California-Santa Ana Division

In re The Litigation Practice Group P.C.

Debtor

*(Complete if issued in an adversary proceeding)*

Richard A. Marshack, Chapter 11 Trustee

Plaintiff

v.

World Global Fund, Inc.

Defendant

Case No. 8:23-bk-10571-SC

Chapter 11

Adv. Proc. No. 8:25-ap-01105-SC

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Shia Dembitzer, 1100 Rockefeller Ct., Toms River, NJ 08755**

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached hereto.

| | |
|---|---|
| PLACE : Dinsmore & Shohl LLP<br>100 Berwyn Park, 850 Cassatt Road, Suit 110, Berwyn, PA 19312<br>**ELECTRONIC PRODUCTION ONLY** | DATE AND TIME:<br>June 2, 2026 at 12:00 PM |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 5, 2026

CLERK OF COURT

Dinsmore & Shohl LLP

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Karen S. Hockstad
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Richard A. Marshack, Chapter 11 Trustee, who issues or requests this subpoena, are: Dinsmore & Shohl LLP - 191 W. Nationwide BLVD, Columbus, OH 43215; (614) 628 - 6930; karen.hockstad@dinsmore.com; and matthew.sommer@dinsmore.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*:

on *(date)*                .

☐ I served the subpoena by delivering a copy to the named person as follows:

on (*date*)                ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $                .

My fees are $            for travel and $__          for services, for a total of $            .

I declare under penalty of perjury that this information is true and correct.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information concerning attempted service, etc.:

Exhibit A
Page 5

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**TO**

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO**

**PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY**

**PROCEEDING)**

**TO**

**Shia Dembitzer**

**A.      Definitions**

As used in these Requests, the following terms shall be defined as follows:

1.      "BANKRUPTCY CASE" shall mean the Chapter 11 bankruptcy proceeding, initiated on December 20, 2023, as a Chapter 11 bankruptcy proceeding, Central District of California Bankruptcy Case No. 8:23-bk-10571-SC and the Adversary Proceeding identified on the Subpoena.

2.      "COMMUNICATION" means any transmission, relation, or delivery of things, facts, thoughts or ideas by any means, method, or medium on or by which intelligence or information can be delivered, transported, recorded, maintained or retrieved, including telephonic face to face conversation, without limitation, any handwritten, typed, printed, graphic, electric, magnetic, or illustrative material of any kind or description, including ESI (defined below), drafts and final versions, originals and reproductions, signed and unsigned versions, however produced or reproduced, and regardless of whether approved, signed, sent, received, redrafted, prepared by or for, or in the possession, custody or control of the party to whom this discovery is propounded or any other PERSON acting or purporting to act on behalf of such party.

3.      "DEBTOR" shall mean and refer to The Litigation Practice Group P.C., the debtor in Case No. 8:23-bk-10571-SC, a voluntary chapter 11 case currently pending in the United States Bankruptcy Court for the Central District of California, Central Division ("LPG").

4.      "DOCUMENT" or "DOCUMENTS" mean and refer to any written, recorded (electronically or otherwise), printed, or graphic matter, however produced or reproduced, whether existing in paper format, as ELECTRONICALLY STORED INFORMATION, or otherwise, of any kind or description, including originals, copies, non-identical copies, and drafts and both sides

1

thereof. DOCUMENTS include but are not limited to sound recordings, electronic memoranda, and files with meta data intact (including e-mail or similar electronic messages or memos and word processing, database, and spreadsheet files), photographs, ESI (defined below), and all other tangible things in which words, figures, notations, or sounds are recorded in writing or by any other means, however denominated, and any such material underlying, supporting, or used in the preparation thereof.

5.    "ELECTRONICALLY STORED INFORMATION" or "ESI" shall include, without limitation, the following:

a.    Information that is generated, received, processed, and recorded by laptop computers, desktop computers, microprocessors, all manner of digital recording devices such as portable cameras and microphones included with smartphones, and other electronic devices;

b.    Internal or external web sites and servers;

c.    Text, subject lines, attachments, contacts, appointments, and all information contained within electronic mail ("e-mail") accounts, whether those accounts are hosted or serviced by a third-party provider such as Google's Gmail, Microsoft Outlook, or Apple Mail;

d.    Any and all communications, posts, text, images, or video messages posted on a public-facing social media service such as Facebook, Google+, Twitter, Instagram, WordPress, Snapchat, or other social media service, to the extent not protected by federal and state privacy laws;

e.    Output resulting from the use of any software program, whether said electronic data exists in an active file, specifying all files that are accessible and stored in a readily usable format (e.g., active, online data; near-line data; offline storage; and archives);

f.    Activity listings of email receipts and transmittals; and

g.    All items stored on computer memories, hard disks, solid state drives or hybrid drives, floppy disks, CD-ROMs, DVD-ROMS, Blu-ray disks, magnetic tape, microfiche, USB memory sticks, external hard drives, online "cloud" storage hosted by an external service such as Amazon Web Services, Microsoft OneDrive, iCloud, or a comparable service, the internal flash memory of a smartphone such as an iPhone or Android device, or on any other media for digital data storage or transmittal (e.g., a personal digital assistant such as a Blackberry), and file folder tabs or containers

and labels appended or relating to any physical storage device associated with each original or copy of all Documents requested herein.

6. "IDENTIFY" shall mean:

a. When used in reference to a DOCUMENT, to state the type of DOCUMENT (e.g., letter, memorandum, telegram, chart, etc.), its author and originator, its date or dates, all addressees and recipients, and its present location or custodian;

b. When used in reference to a natural person, to state the person's full name, current residence and business addresses, current residence and business telephone numbers and, if applicable, his or her title, employment, and job description. If current addresses are unknown, provide the last known business and residence address; and,

c. When used in reference to an entity, to state the name, address, and telephone number of the entity.

7. "PETITION DATE" shall refer to December 20, 2023.

8. "RELATING TO" shall have the same meaning as "RELATE," "REFER," "REFERRING TO," "RELATED TO," "EVIDENCE," "EVIDENCING," and "CONSTITUTE" and includes referring to, recording, reflecting, supporting, interpreting, prepared in connection with, used in preparation for, pertaining to, mentioning, having any relationship to, or being in any way legally, logically, or factually connected with the matter discussed, in whole or in part.

9. "TRUSTEE" shall mean and refer to Richard A. Marshack, in his capacity as Chapter 11 trustee of the BANKRUPTCY CASE, and all other persons or agents acting on his behalf in his capacity as Chapter 11 trustee of this case.

10. "YOU," "YOUR," and "RESPONDENT" shall mean and refer to you, Shia Dembitzer.

11. "DBA" shall carry its ordinary meaning as an abbreviation for "Doing Business As" and its use herein shall also refer to any entity bearing the identified DBA name as its primary identifying name.

12. The term "OPTIMUMBANK" means Defendants OptimumBank Holdings, Inc., OptimumBank, Optimumbank.com, and their/its agents, heirs, assigns, representatives, accountants,

3

employees, contractors, attorneys, investigators, insurance companies, and each of their/its respective agents and employees, or anyone else acting on their/its behalf.

13.     The term "ACH" means Automated Clearing House.

14.     The term "NACHA" mean National Automated Clearing House Association.

15.     The term "MCA" means Merchant Cash Agreement.

16.     The term "WORLD GLOBAL" means Defendants World Global Fund, LLC, together with its assumed names, Alter Egos (as defined in the Complaint), the Dembitzer Alter Egos (as defined in the Complaint), and their/its agents, heirs, assigns, representatives, accountants, employees, contractors, attorneys, investigators, insurance companies, and each of their/its respective agents and employees, or anyone else acting on their/its behalf.

17.     The term "COMPLAINT" means Trustee's First Amended Complaint filed on August 28, 2025.

18.     The "RELEVANT PERIOD" shall run from December 1, 2020, to the present date unless otherwise expressly modified.

**B.     Instructions**

1.     Documents Withheld

If any DOCUMENT is withheld under a claim of privilege or other protection, so as to aid the Court and the parties hereto to determine the validity of the claim of privilege or other protection, please provide the following information with respect to any such DOCUMENT:

a.     The DOCUMENT'S title, if any;

b.     The full legal name, address, and title of the person(s) who prepared the DOCUMENT, who signed it, and over whose name it was sent or issued;

c.     The full legal name, address, and title of each person(s) to whom the DOCUMENT was directed;

d.     The nature and substance of the DOCUMENT with sufficient particularity to enable the Court and parties to this ACTION to identify the DOCUMENT;

e.     The date the DOCUMENT was first prepared;

f.     The full legal name, address, and title of each person(s) who has custody of or control over the DOCUMENT and each copy thereof;

g.    The full legal name, address, and title of each person to whom copies of the DOCUMENT were furnished;

h.    The number of pages comprising the DOCUMENT;

i.    The specific legal or factual basis on which any privilege or other protection is claimed (blanket claims of attorney-client privilege will not be deemed sufficient);

j.    Whether any non-privileged or non-protected matter is included in the DOCUMENT, and whether the DOCUMENT can be sufficiently redacted to disclose only non-privileged or non-protected matter;

k.    The full legal name, address, and title of each person who has seen or reviewed or is likely to have seen or reviewed the document; and a description of the subject matter of the document YOU consider adequate to support the claim of privilege.

2.    Partial Production

Whenever YOU object to a particular request, or portion thereof, YOU must produce all documents called for which are not subject to that objection. Similarly, wherever a document is not produced in full, state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief and with as much particularity as possible, those portions of the DOCUMENT which are not produced.

3.    Orderly Response

Please produce DOCUMENTS in such manner with specific reference to which request the DOCUMENT is responsively produced to. Please produce all DOCUMENTS as they are kept in the usual course of business, organizing, naming, and labeling them to correspond with each Request.

4.    Construction of "And" and "Or"

As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this request any documents which would otherwise not be brought within its scope.

5.    Construction of the Singular and Plural Forms

5

As used herein, the singular form shall include the plural and vice versa whenever such dual construction will serve to bring within the scope of this request any documents which would otherwise not be brought within its scope.

6. Form of Production

YOU are to produce the requested DOCUMENTS for inspection, copying, or photographing in their original form or legible, accessible electronic reproduction thereof. DOCUMENTS may be produced electronically to satisfy Your duty under these Requests, and all DOCUMENTS requested could and should be produced electronically.

With regard to electronically-stored information, please produce Microsoft PowerPoint presentations containing audio, Microsoft Excel documents containing macros, and Microsoft Access databases in native format. Please produce all other documents produced electronically in native format with metadata intact or in PDF format with metadata intact. Alternatively, DOCUMENTS produced electronically may be produced in TIFF format with standard load files, including .opt image load files and .data metadata load files.

ESI may be provided via CD, DVD, File Transfer Protocol site, portable hard or flash drive, or other reasonably accessible media format. When practicable, please produce hard copy or physical documents in scanned OCR'd PDF format with metadata intact or scanned TIFF format with standard load files, including .opt image load files and .dat metadata load files. Data files should not be zipped, encrypted, or otherwise restricted or proprietarily protected for specific use. If the native file format is derived from software not accessible with Microsoft Office applications (or other common applications), please so state in response to the particular Request.

If the Document or information requested is in a computer-readable form and not produced in PDF or TIFF format, please specify the software (including the exact versions and release) used to create the information. Also specify any other software, hardware, or other information such as passwords or user-supplied files that are required or desirable in order to examine and use the information. Specify the exact configuration of the hardware on which the information was created, including the memory size (and graphics processing unit, if any, in the event the information

6

contains or requires graphics). Please give the exact name, release, and version of the operating system used on the hardware.

NOTE: IF YOU ARE UNSURE AS TO THE INTENT AND MEANING OF ANY OF THE FOREGOING DEFINITIONS OR ANY OF THE FOLLOWING REQUESTS FOR PRODUCTION, YOU ARE HEREBY REQUESTED TO HAVE YOUR ATTORNEY CONTACT ATTORNEYS OF RECORD FOR THE PROPOUNDING PARTY, WHO HEREBY OFFER TO PROVIDE ANY NEEDED ASSISTANCE NECESSARY FOR YOU TO UNDERSTAND THE INTENT AND MEANING OF ANY OF THE FOREGOING THEREBY TO ENSURE THAT THE COURT IS NOT BURDENED BY ANY MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION BECAUSE OF ANY UNCERTAINTY OF THE FOREGOING ON YOUR PART.

**DOCUMENTS REQUIRED TO BE PRODUCED**

REQUEST FOR PRODUCTION NO. 1:

For the period December 1, 2020 to the present, please produce all DOCUMENTS and COMMUNICATIONS, stored electronically or in hard copy, related to and including any communication between You and any, some, or all of the following: the Debtor, Tony Diab, Solomon Feig, Yu Dong, Liyun Zhang a/k/a "Dante," Malky Feig, and/or Moishe Gubin to the extent that those communications reference, discuss, or implicate OptimumBank, Chase Bank, LPG, ACH, NACHA, funding accounts, investing, assets of any of the Defendants identified in the Complaint, and any of the allegations in the Complaint.

REQUEST FOR PRODUCTION NO. 2:

For the period December 1, 2020 to the present, please produce all DOCUMENTS and COMMUNICATIONS, stored electronically or in hard copy, constituting corporate records related to any entity that You have held a membership, shareholder, stockholder, board member, or controlling interest in within the last (5) years.

REQUEST FOR PRODUCTION NO. 3:

For the period December 1, 2020 to the present, produce all WhatsApp messages between or among You and any, some or all of the following named parties: Solomon Feig, Tony Diab, Yu Dong, Liyun Zhang, Moishe Gubin, Malky Feig, Yannis Brooks, Yitzak Blum, Daniel March, Giovanni Cumberbatch, Sam Giger, Abraham Dembitzer, Berry Ungree, Weinman and Associates; any employee, member, and/or manager at OptimumBank; and any other LPG member and/or employee regarding LPG, World Global, any entity listed in the Complaint, any banking matter, any ACH matter, any NACHA matter, this Adversary Proceeding, any real estate transactions, or any transfers of money directed by You or Solomon Feig from one banking institution to another during the relevant time period .

REQUEST FOR PRODUCTION NO. 4:

For the period December 1, 2020 to the present, produce all text messages (including RCS and iMessages) between or among You, and some, all or any of the following named parties: Solomon Feig, Tony Diab, Yu Dong, Liyun Zhang, Moishe Gubin, Malky Feig, Yannis Brooks, Yitzak Blum, Daniel March, Giovanni Cumberbatch, Sam Giger, Abraham Dembitzer, Berry Ungree, Weinman and Associates; any employee, member, and/or manager at OptimumBank; and any other LPG member and/or employee regarding LPG, World Global, any entity listed in the Complaint, any banking matter, any ACH matter, any NACHA matter, this Adversary Proceeding, any real estate transactions, or any transfers of money directed by You or Solomon Feig from one banking institution to another during the relevant time period.

REQUEST FOR PRODUCTION NO. 5:

For the period December 1, 2020 to the present, produce all email messages between or among You and any, some or all of the following named parties: Solomon Feig, Tony Diab, Yu

8

Dong, Liyun Zhang, Moishe Gubin, Malky Feig, Yannis Brooks, Yitzak Blum, Daniel March, Giovanni Cumberbatcch, Sam Giger, Abraham Dembitzer, Berry Ungree**,** Weinman and Associates; any employee, member, and/or manager at OptimumBank; admin@lpglaw.com, and any other LPG member and/or employee regarding LPG, World Global, any entity listed in the Complaint, any banking matter, any ACH matter, any NACHA matter, this Adversary Proceeding, any real estate transactions, or any transfers of money directed by You or Solomon Feig from one banking institution to another during the relevant time period.

REQUEST FOR PRODUCTION NO. 6:

For the period March of 2021 through December of 2023, produce all bank statements for any bank account belonging to or accessible to You.

REQUEST FOR PRODUCTION NO. 7:

Produce all documents for any real estate owned by You, whether or not You still own that real estate, for the past 10 years.

REQUEST FOR PRODUCTION NO. 8:

Produce all documents and communications between you and Solomon Feig which reflect terms of agreement for real property in New York.

REQUEST FOR PRODUCTION NO. 9:

Produce all documents and communications regarding or involving the following entities:

- World Global Fund,
- World Global LLC,
- Glass Media LLC,
- World Global LLC, NKA Glass Media, LLC,
- Genesis Equity Group Funding LLC,
- Vertex Capital (US) Funding LLC,

- Vertex Capital Partners LLC,

- LPG Capital LLC,

- LPG Holdings LLC,

- SSD Investment Group LLC,

- Brickstone Group LTD,

- WGF Capital Inc.,

- PSF 2020, Inc.,

- PSF LLC,

- Slate Advance LLC,

- Safe Vault Capital LLC,

- Goldcrest Associates LLC,

- Parkside Capital Group LLC,

- Hybrid Advance LLC,

- EOM Business Capital LLC,

- Everyday Group LLC,

- Crystal Springs Capital LLC,

- MCA Backoffice LLC,

- Consumer Legal Group LLC,

- Malky Feig Realty LLC,

- Binyin 1502 LLC,

- Binyins Chicago LLC,

- Weinman & Associates LLC,

- LGS Clearinghouse LLC,

- LGS Clearinghouse, LLC as identified by the following DBA's: CLG Processing and DBA Consumer Legal Group,

- Consumer Legal Group PC,

- Consumer Legal Group as identified by the following DBA's: Legal Fees and Legal Processing

10

- KLYR Capital Inc,
- LGS Holdco LLC,
- New Malky Realty LLC,
- World Global Fund as identified by the following DBA's: LPG, Vertex Capital, Goldcrest, Safe Vault, PSF, Greentree Advance, Hybrid Advance, Parkside Capital, Weinman & Associates, Braufman & Associates, Kingdom Capital, MNS Funding, Crystal Springs, FD Fund, TOT Capital, Everyday Group, Slate Advance, Dorcy & Whitney, Prime Funding GRP, Kingcash, W.B. Fund, WGF Capital, Rapid Cap, AY Funding, Coast Processing LLC, Vulcan Consulting Group, Gateway Funding, Supreme Funding;
- Coast Processing LLC,
- Coast Processing LLC as identified by the following DBA's: Citadel, Vulcan Consulting Group, Litigation Practice Group, BAT, LPG;
- Supreme Advance LLC,
- Supreme Advance LLC as identified by the following DBA's: SNS Funding,
- YSY Capital LLC,
- YSY Capital LLC as identified by the following DBA's: Nexigo Capital and Expense Capital,
- Secure Payment Services LLC,
- Secure Payment Services LLC as identified by the following DBA's: LPG, Litigation Practice Group, Coast Processing, LPG 2, LPG Expense,
- Next Gen Advance LLC,
- LFG Funding Group LLC,
- Skyline Funding NY LLC,
- Skyline Funding NY as identified by the following DBA's: Goldstone Cap NY, Masir Fund, Goldstone Capital, Deck United Holdings;
- Clearknox LLC,
- Narai Ventures LLC,
- Brickstone Group LLC,

11

- LPG Clearinghouse LLC,

- Funding Gateway Inc.,

- Funding Gateway as identified by the following DBA's: World Global Fund, YNS Capital, Weinman & Associates, True Business Funding, Timeless Funding, TOT Capital, The House Fund, Supreme Advance, Stonegold Investments, SNS Advance, PSF Fee, Narai Ventures, MNS Funding, Monthly Service Fee, LFG Funding Group, Hybrid Advance, GreenTree Advance, Brickstone Funding, WCL, YSY Capital, Purchased Receivable, Bingo Advance, Wire Recall,

- MNS Funding LLC,

- MNS Funding, LLC DBA as identified by the following DBA's: The Genesis Equity Group, Legal Fees Network,

- SSD Investment Group LLC,

- YNS Funding LLC,

- YNS Funding, LLC as identified by the following DBA's whether in full or in part: The Genesis Equity Group and Next Gen Advance.

- OptimumBank

- OptimumBank.com

REQUEST FOR PRODUCTION NO. 10:

Produce all communications between or including any employee, shareholder, investor or agent of each of the three following entities and for any of the persons or entities identified within these Requests: World Global Fund, LLC; MNS Funding, LLC; or SSD Investment Group, LLC.

REQUEST FOR PRODUCTION NO. 11:

Produce all corporate records including EIN numbers, operating or shareholder agreements, bank statements, bank communications, bank account numbers evidencing the bank to which such numbers correspond, and any MCA or ACH agreements for the following entities: World Global

12

Fund, LLC; MNS Funding, LLC; SSD Investment Group, LLC or any DBA or Alter Ego of any or all of those entities as set forth in the Complaint.

REQUEST FOR PRODUCTION NO. 12:

Produce all documents and communications that discuss, implicate, or relate to any funding platform used by the following entities: World Global Fund, LLC; MNS Funding, LLC; and SSD Investment Group, LLC.

REQUEST FOR PRODUCTION NO. 13:

Produce all syndication sheets involving, referencing, or relating to the following entities: World Global Fund, LLC; MNS Funding, LLC; and SSD Investment Group, LLC or any of the d/b/a's or alter egos of any of those entities as set forth in the Complaint.

REQUEST FOR PRODUCTION NO. 14:

Produce all transactions and distributions between or among You, Solomon Feig, World Global Fund, LLC; MNS Funding, LLC; or SSD Investment Group, LLC.

REQUEST FOR PRODUCTION NO. 15:

Produce all documents and communications that discuss, relate to, or evidence any funding platform used by any of the following entities: World Global Fund, LLC; MNS Funding, LLC; and SSD Investment Group, LLC or any of their respective d/b/a's or alter egos as set forth in the Complaint.

REQUEST FOR PRODUCTION NO. 16:

Produce all documents and communications in your possession that involve or relate to ACH transactions processed by Optimum Bank from December 1, 2020, to the present.

13

REQUEST FOR PRODUCTION NO. 17

Produce all documents and communications in your possession that involve or relate to the purchase, sale, or lease of 1502 46th Street, Brooklyn, NY 11219.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: DINSMORE & SHOHL, LLP, 191 W. Nationwide Blvd., Suite 200, Columbus, OH 43215

A true and correct copy of the document entitled (*specify*):

**NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS TO SHIA DEMBITZER**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/05/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 05/05/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy**
Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130/Ctrm 5C
Santa Ana, CA 927014593

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 05/05/2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Shia Dembitzer
1100 Rockefeller Ct.
Toms River, NJ 08755

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/05/26 | Karen S. Hockstad | */s/ Karen S. Hockstad* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Joseph Boufadel on behalf of Defendant Slate Advance LLC
jboufadel@salvatoboufadel.com

Joseph Boufadel on behalf of Interested Party Courtesy NEF
jboufadel@salvatoboufadel.com

Baruch C Cohen on behalf of Defendant Solomon Feig
BaruchCohen@Baruchcohenesq.com, paralegal@baruchcohenesq.com

Christopher Ghio on behalf of Plaintiff Richard A Marshack
Christopher.Ghio@dinsmore.com, bonnie.connolly@dinsmore.com

Karen Hockstad on behalf of Plaintiff Richard A Marshack
karen.hockstad@dinsmore.com, sylvia.lawrence@dinsmore.com

Karen Hockstad on behalf of Trustee Richard A Marshack (TR)
karen.hockstad@dinsmore.com, sylvia.lawrence@dinsmore.com

Brandon J. Iskander on behalf of Interested Party Courtesy NEF
biskander@goeforlaw.com, kmurphy@goeforlaw.com;jfountain@goeforlaw.com

Shanna Kaminski on behalf of Defendant Slate Advance LLC
skaminski@kaminskilawpllc.com

Ira David Kharasch on behalf of Defendant Genesis Equity Group Funding LLC
ikharasch@pszjlaw.com

Yosina M Lissebeck on behalf of Plaintiff Richard A Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;linda.dominguez@dinsmore.com

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Kaira Mercer on behalf of Defendant Slate Advance LLC
kmercer@kaminskilawpllc.com

Victoria Newmark on behalf of Defendant Genesis Equity Group Funding LLC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Victoria Newmark on behalf of Defendant Solomon Feig
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com;bdassa@pszjlaw.com;hwinograd@pszjlaw.com

Brian A Paino on behalf of Defendant Optimum Bank Holdings, Inc.
bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com;crico@hinshawlaw.com

Brian A Paino on behalf of Defendant Optimumbank
bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com;crico@hinshawlaw.com

Brian A Paino on behalf of Defendant Optimumbank.com
bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com;crico@hinshawlaw.com

Brian A Paino on behalf of Defendant Moishe Gubin
bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com;crico@hinshawlaw.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Matthew Sommer on behalf of Plaintiff Richard A Marshack
matthew.sommer@dinsmore.com, carrie.davis@dinsmore.com

Matthew Sommer on behalf of Trustee Richard A Marshack (TR)
matthew.sommer@dinsmore.com, carrie.davis@dinsmore.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

2.      **TO BE SERVED VIA U.S. MAIL**

| | |
|---|---|
| Funding Gateway, Inc.<br>Mark Fuchs c/o The Corporation<br>5314 16th Avenue, Suite 139<br>Brooklyn, NY 11204 | Funding Gateway, Inc.<br>Marchs, c/o File Right RA Services, LLC<br>330 Changebridge Road, Suite 101<br>Pine Brook, NY 07058 |
| World Global Fund, LLC<br>n/k/a Glass Media, LLC<br>Andrew Pierce c/o Cloud Peak Law<br>1095 Sugar View Drive, Suite 500<br>Sheridan, WY 82801 | Funding Gateway, Inc.<br>And each of its assumed names<br>c/o Cloud Peak Law<br>1095 Sugar View Drive, Suite 500<br>Sheridan, WY 82801 |