

FILED & ENTERED

MAY 28 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte      DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>The Litigation Practice Group P.C.,<br><br><br><br>Debtor.<br><br>Richard A. Marshack, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>World Global Fund, LLC, et al.,<br><br>Defendants. | CHAPTER 11<br><br>Case No.:  8:23-bk-10571-SC<br>Adv. No.:  8:25-ap-01105-SC<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO EXTEND REMAINING DEADLINES AND (2) VACATING HEARING**<br><br>Date:          June 3, 2026<br>Time:          11:00 a.m.<br>Courtroom: 5C |

The Court has considered Plaintiff Richard A. Marshack, Trustee of the LPG Liquidation Trust's (the "Trustee"), Motion to Extend Remaining Deadlines Pursuant to Local Bankruptcy Rules 7016 and 9013 [Dk. 345] (the "Motion"), Defendant Solomon Feig's ("Feig") opposition [Dk. 359] (the "Opposition"), the Trustee's reply [Dk. 360] (the "Reply"), the supporting declarations and exhibits, and the docket as a whole, and finds this matter appropriate for disposition without oral argument. For the reasons set forth

below, the Motion is GRANTED, and the hearing set for June 3, 2026 at 11:00 a.m. is VACATED.

### I. Background

This adversary proceeding was commenced on March 10, 2025. The Court entered an order setting scheduling deadlines on December 17, 2025 [Dk. 277]. The parties later stipulated to extend those deadlines, and the Court approved that stipulation by order entered February 12, 2026 [Dk. 304]. The current deadlines are a discovery cutoff of June 29, 2026, a motion cutoff of October 16, 2026, and a pretrial conference on December 17, 2026 at 10:00 a.m.

The Trustee now seeks a further extension of the remaining deadlines. The Trustee requests a discovery cutoff of October 29, 2026, a motion cutoff of February 16, 2027, and a pretrial conference on April 16, 2027. The Trustee contends that the extension is warranted because discovery remains active and substantial, including document productions, production-related issues, nonparty subpoenas, anticipated subpoena responses, anticipated depositions, and the possible need for further discovery motion practice before dispositive motions can be filed.

Feig opposes the Motion. Feig argues that the Trustee has not shown good cause for the requested extension and that the present discovery posture results from the Trustee's own litigation decisions, including rolling productions, allegedly incomplete disclosures, vague discovery responses, unresolved ESI and privilege issues, alleged privacy concerns, and continued reliance on future supplementation. Feig also asserts prejudice from increased litigation costs, impaired defense preparation, prolonged uncertainty, and reputational and business disruption. Feig asks the Court to deny the Motion or, alternatively, to narrowly tailor any extension and impose conditions on further discovery.

In reply, the Trustee disputes Feig's characterization of the discovery history and argues that additional time is necessary because significant productions were made in February and March 2026, additional production issues remain, discovery from

Dembitzer and World Global Fund, LLC remains pending, and the Trustee must complete discovery before filing dispositive motions. The Reply also requests appointment of a discovery referee.

## II. Discussion

Federal Rule of Civil Procedure ("Rule") 16 applies in adversary proceedings through Federal Rule of Bankruptcy Procedure 7016. Under Rule 16(b)(4), a scheduling order may be modified only for good cause and with the judge's consent. The good-cause inquiry primarily considers the diligence of the party seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. *Id.*; *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002). Prejudice to the opposing party may be considered, but the focus remains on the moving party's reasons for seeking modification. *Johnson*, 975 F.2d at 609.

The Trustee has shown good cause to extend the remaining scheduling deadlines. The Motion was filed before the existing discovery cutoff expired. The Motion and Reply identify substantial recent and ongoing discovery, including significant recent document productions, continuing production-related issues, nonparty subpoena practice, anticipated subpoena responses, anticipated depositions, and the possible need for targeted discovery motion practice before dispositive motions can be filed.[1] The Trustee also attempted to obtain a stipulated extension before filing the Motion. Given the volume, timing, and status of the discovery described in the Motion and Reply, the Court finds that the existing schedule cannot reasonably be met despite the Trustee's diligence.

Feig's Opposition raises case-management concerns regarding the scope, timing, and organization of discovery. Those concerns may be raised, if appropriate, in

---

[1] The Court considers the timing and volume of the productions only for purposes of determining whether scheduling relief is warranted under Rule 16(b)(4). The Court makes no finding regarding the completeness, sufficiency, propriety, or merits relevance of any production.

connection with specific discovery disputes or future case-management issues. They do not, however, defeat the Trustee's showing of good cause for an extension of the remaining deadlines. The Court makes no finding regarding the parties' competing allegations about discovery conduct, except as necessary to determine whether the scheduling deadlines should be extended. The Court also will not impose the discovery conditions requested by Feig in the context of this scheduling motion, without prejudice to any party seeking appropriate relief through proper discovery motion practice.

To the extent the Reply requests appointment of a discovery referee, that request is denied without prejudice. The request was raised for the first time in the Reply, is separate from the noticed relief, and will not be resolved without a properly noticed request and an opportunity for affected parties to respond.

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED:

1. The Motion is GRANTED.

2. The hearing on the Motion set for June 3, 2026 at 11:00 a.m. is VACATED.

///

///

///

3.  The deadlines set by the Court's February 12, 2026 Order [Dk. 304] are extended as follows:

    a.  Discovery cutoff: October 29, 2026. All discovery motions must be heard and resolved by the discovery cutoff.

    b.  Motion cutoff: February 16, 2027. All non-discovery motions must be heard and resolved by the motion cutoff.

    c.  Pretrial conference: April 15, 2027, at 10:00 a.m.

**IT IS SO ORDERED.**

###

Date: May 28, 2026

Scott C. Clarkson
United States Bankruptcy Judge

-5-