CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
YOSINA M. LISSEBECK (201654)
yosina.lissebeck@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, CA 92101
Tele: 619.400.0500; Fax: 619.400.0501

KAREN S. HOCKSTAD (OH 61308) (Admitted pro hac vice)
karen.hockstad@dinsmore.com
MATTHEW H. SOMMER (OH 101721; NC 51004) (Admitted pro hac vice)
matthew.sommer@dinsmore.com
DINSMORE & SHOHL LLP
191 W. Nationwide Blvd., Suite 200
Columbus, OH 43215
Tele: 614-628-6930; Fax: 614-628-6890

*Attorneys for Richard A. Marshack, Trustee of the LPG Liquidation Trust*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Chapter 11<br><br>Case No. 8:23-bk-10571 SC<br><br>Adv. Proc. No.: 8:25-ap-01105-SC |
| RICHARD A. MARSHACK,<br>Trustee of the LPG Liquidation Trust,<br><br>    Plaintiff,<br><br>    v.<br><br>WORLD GLOBAL FUND, LLC, *et al.*,<br><br>    Defendants. | **PLAINTIFF'S RENEWED NOTICE OF MOTION AND RENEWED MOTION FOR ISSUANCE OF AN ORDER TO SHOW CAUSE REGARDING CONTEMPT AGAINST OPTIMUMBANK AND OPTIMUMBANK HOLDINGS, INC. FOR FAILURE TO COMPLY WITH THE ORDER OF THIS COURT AND HOLDING OPTIMUMBANK AND OPTIMUMBANK HOLDINGS, INC. IN CONTEMPT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF COUNSEL; EXHIBITS**<br>Judge: Hon. Scott C. Clarkson<br><br>Place: Courtroom 5C<br>    411 W Fourth Street<br>    Santa Ana, CA 92701 |

1

**NOTICE IS HEREBY GIVEN** that Plaintiff Richard A. Marshack, Trustee of the LPG Liquidation Trust ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of the Debtor The Litigation Practice Group PC ("Debtor" or "LPG"), hereby renews its motion ("Motion") for an Order from this Court for issuance of an order to show cause ("Order") and require OptimumBank and OptimumBank Holdings, Inc. (collectively, "Optimum") to file a written explanation and to appear before the Court at a time and date to be determined by the Court ("Show Cause Hearing") to show cause why the Court should not enter an order ("Contempt Order") that:

1.      Adjudges Optimum to be in civil contempt of court for failing to comply with this Court's January 22, 2026 Order ("Order Compelling Compliance") mandating that Optimum serve complete responses to the Trustee's discovery requests by June 29, 2026.

2.      Imposes coercive sanctions in the form of daily accumulating monetary penalties from February 24, 2026—the date Optimum failed to comply with the January 22, 2026 Order—until such time as Optimum has fully complied with the January 22, 2026 Order in an amount the Court deems appropriate.

3.      Imposes compensatory sanctions on Optimum in the form of payment of the Trustee's reasonable attorneys' fees and costs, in the amount of $108,475.50, required to bring this Motion and force Optimum to comply with the Rules and Order of this Court, to be determined at the Contempt Hearing.

4.      Appoints a discovery referee to ensure compliance with all discovery rules and orders, and to address any and all additional discovery disputes in this Adversary Proceeding.

5.      Imposes any other sanctions or relief this Court deems appropriate.

**NOTICE IS FURTHER GIVEN** that, pursuant to Federal Rule of Civil Procedure 45(g), LBR 7026-1(c)(5), LBR 9020-1, and all applicable case law, Optimum should be held in contempt for its failure to obey this Court's Order mandating that it produce complete responses to the Trustee's Discovery Request by February 24, 2026.

**NOTICE IS FURTHER GIVEN** that, pursuant to LBR 9020-1(b), any objection to the issuance of the Order sought by the Motion must be filed with the Court within 7 days following service of the Motion. Any objection should be served on the Judge and on Trustee's counsel at the

2

following addresses:

1.    Honorable Scott C. Clarkson, United States Bankruptcy Court, 411 West Fourth Street, Suite 5130, Santa Ana, CA 92701-4593; and

2.    Dinsmore & Shohl LLP, Attn: Karen S. Hockstad and Matthew H. Sommer, 191 W. Nationwide Blvd., Ste. 200, Columbus, OH 43215.

**NOTICE IS FURTHER GIVEN** that, pursuant to LBR 9020-1(d), no hearing will be held on the Motion's request for the issuance of an order to show cause, unless the Court should order otherwise, and if no objection is filed and served on the Judge within 7 days after service of the Motion, the Court may conclude that Optimum has no objection to the issuance of the requested order to show cause.

**WHEREFORE**, the Trustee respectfully requests that the Court issue an order to show in substantially the same form as attached as <u>Exhibit 1</u> to the accompanying Declaration of Karen Hockstad (and which has been lodged with the Court as required by LBR 9020-1(a)).

Respectfully submitted,

Dated:  June 8, 2026                         DINSMORE & SHOHL LLP


By: */s/  Karen S. Hockstad*
     Karen S. Hockstad
     Yosina M. Lissebeck
     A*ttorneys for Richard A. Marshack, Plaintiff and Trustee of the LPG Liquidation Trust*

3

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Richard A. Marshack, Trustee of the LPG Liquidation Trust, ("Trustee") hereby respectfully resubmits this Memorandum of Points and Authorities in support of his renewed motion ("Renewed Motion") for an order to show cause ("Order") requiring OptimumBank and OptimumBank Holdings, Inc. (collectively, "Optimum") to show cause why this Court should not enter an order holding it in contempt for its failure to comply with this Court's January 22, 2026 Order ("Order Compelling Compliance") and further issue an order, if Optimum fails to show cause, compelling it to serve complete response to the Trustee's discovery requests as ordered by the court and imposing all available sanctions for its failure to comply.

## I. INTRODUCTION

The stature of our case, the tens of millions of dollars of damages at stake, and the persistent bad faith engagement in discovery detailed herein and in other recent filings suggest the need for appointment of a high profile, learned, and experienced discovery referee along the lengths of Judge Robert D. Drain, Judge Chris S. Sontchi, Judge Randal J. Newsome, Nancy B. Rapoport, or Judge Mark S. Wallace. Despite the Trustee's best efforts, and this Court's own orders, the Defendants in this Adversary Proceeding, including Optimum and Defendant Moishe Gubin, remain uncooperative and flatly obstructive in discovery.

This Renewed Motion arises out of Optimum's disregard for the authority of this Court and its clear contempt for the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the Local Bankruptcy Rules (the "Rules") as they apply to parties in an adversary proceeding. After a prolonged discovery dispute where Optimum refused to produce timely documents or respond to discovery requests, the Trustee moved for an order to compel Optimum's responses. [Dkt. No. 289]. This Court granted the motion in part and ordered Optimum to serve discovery response by February 24, 2026.

On March 3, 2026, the Trustee filed its original motion for an order to show cause because of Optimum's failure to comply with the February 24, 2026 deadline. [Dkt. No. 321]. Optimum responded on March 11, 2026, with a Statement of Compliance and Declaration in Support. [Dkt. Nos. 330 and 329, respectively]. Therein, Optimum and Defendant Moishe Gubin ("Gubin"),

4

through a declaration of their counsel, stated that they fully responded to the Trustee's first and second sets of discovery requests through amended responses and production which were served on March 10, 2026. [Dkt. No. 329, ¶¶ 7-8]. This Court subsequently denied, without prejudice, the Trustee's motion for show cause.

After reviewing the responses and production of documents, it became apparent that the amended responses and production of documents were incomplete. On April 1, 2026, counsel for the Trustee issued a Rule 37 Discovery Letter and Notice Regarding Defendants' Statement of Compliance and Declaration. [*See* Letter dated April 1, 2026, a true and accurate copy of which is attached hereto as Exhibit A]. The Trustee identified numerous deficiencies and misrepresentations in Optimum and Gubin's responses and the Declaration supporting their Statement of Compliance. [*Id.*].

The Trustee made a number of attempts to meet and confer with Optimum and Gubin's counsel, most of which went unanswered. Counsel for Optimum and Gubin finally agreed to a meet and confer on May 15, 2026. During the call, counsel for Optimum and Gubin agreed to follow up with Optimum regarding numerous missing records pertaining to accounts held at Optimum upon receipt of full account numbers—as opposed to the last four digits identified in the April 1 Rule 37 Letter—which the Trustee provided on May 19, 2026. Counsel for Optimum and Gubin further agreed to resend Gubin's "actual" amended responses to the Trustee's Requests for Production of Documents. On May 18, 2026, counsel for Optimum and Gubin resent Gubin's amended responses, however, the amended responses still did not respond to the Trustee's actual discovery requests and again responded to doctored requests.

Thus, Optimum has violated this Court's Order in a manner that undermines the Court's authority. At this point, Optimum and Gubin's behavior merit a finding of contempt and the application of compensatory and coercive sanctions. Without a finding of contempt, Optimum and Gubin will continue to flaunt the authority of this Court and undermine the Rules.

///

///

///

5

## II.   BACKGROUND

### a.   Optimum's Behavior Prior to the Order Indicates that Contempt is Appropriate

From the beginning of this Adversary Proceeding, Optimum's attitude towards this Court and its role as a litigant has been adversarial and obstructive. Following the parties' initial Fed. R. Civ. Pro. 26(f) Conference and as discussed during the Rule 26(f) Conference, counsel for the Trustee issued a letter on May 6, 2025, requesting documents and information. The Trustee did not receive any response despite follow-up requests to Optimum's counsel. On July 1, 2025, the Trustee issued its First Set of Discovery Requests ("Discovery Requests"). Optimum's responses were due July 31, 2025.

After numerous delays, non-responsive answers, partial productions, and promises for complete productions, the Trustee filed its Motion to Compel on December 15, 2025. [Dkt. No. 273]. This Court granted the Trustee's motion in part and compelled Optimum to serve complete responses and produce all documents by February 24, 2026. [Dkt. No. 289].

### b.   Optimum and Gubin's Behavior After to the Order Indicates that Contempt is Appropriate

Optimum has not complied with this Court's January 22, 2026, Order Compelling Optimum to Respond and Produce Documents, and neither Optimum nor Gubin have performed as represented in the Declaration in Support. [Dkt. No. 329].  In fact, Optimum has continued to avoid its obligations to fully respond to the Trustee's discovery requests. In response to the Trustee's motion to show cause, Optimum and Gubin filed a Statement of Compliance and supporting Declaration by their counsel in which their counsel expressly declares under oath:

> [A]s of today, BANK, OHI and GUBIN have each provided amended responses in compliance with the referenced Court Order, including each's amended responses to interrogatories, set one and requests for production, set one, propounded to them by Plaintiff. In addition, BANK and OHI have also responded to Trustee's interrogatories, set two, and Plaintiff's requests for production, set two, propounded to each of them and have produced responsive documents in each's possession, custody or control in connection therewith.

6

[Hayek Declaration, ¶ 7]. However, a review of the "amended" responses and productions reveal this is a blatant misstatement.

Counsel for Gubin consented to Gubin's compliance with this Court's January 22, 2026, Order Compelling Optimum. [*See* Email dated February 3, 2026, a true and accurate copy of which is attached hereto as Exhibit B]. Gubin's initial responses to the Trustee's discovery requests improperly altered the discovery requests that were captioned as the requests to Gubin but were in fact the requests issued to Optimum. [*Compare* Gubin's Initial Discovery Responses to Trustee's First Set of Discovery Requests, a true and accurate copy of which are attached hereto as Exhibit C; *with* Trustee's First Set of Discovery Requests to Gubin, a true and accurate copy of which are attached hereto as Exhibit D]. Gubin's counsel was made aware of this issue immediately upon the Trustee's receipt of the responses. [*See* Email dated September 17, 2025, a true and accurate copy of which is attached hereto as Exhibit E]. After months of follow-up and on the verge of a motion to compel, counsel for Gubin agreed that Gubin would hold himself subject to the Court's order compelling Optimum to respond to discovery and would likewise provide his responses to the correct discovery requests before the February 24, 2026 deadline. [*See* Exhibit B, February 3, 2026 Email].

Despite the February 24, 2026 deadline, Gubin provided amended responses on March 11, 2026. [*See* Gubin's Amended Responses to the Trustee's First Set of Discovery Requests, true and accurate copies of which are attached hereto as Exhibit F]. However, a review of the responses provided on March 11, 2026, reveal that Gubin again failed to respond to the proper discovery requests. [*Id.*]. Gubin's response to the Trustee's Request for Production of Documents is the same improper response that was served previously. [*Id.*]. Counsel for Gubin was made aware of this issue, and claimed to have provided the proper responses. [*See* Email dated May 19, 2026, from D. Hayek, a true and accurate copy of which is attached hereto as Exhibit G]. These responses, however, still were in response to the doctored discovery requests; counsel for Gubin was again made aware of this issue; and no corrected responses have been provided. [*See* Email dated May 20, 2026, a true and accurate copy of which is attached hereto as Exhibit H].

Gubin's amended responses to the Trustee's Request for Interrogatories—while responsive

7

to the properly issued requests—were incomplete and impermissibly narrowed the scope of the requests. For example, Interrogatory No. 2 states:

> Identify all person(s) You believe had knowledge of any event, fact, or occurrence described in the Complaint or otherwise related or relevant to this Adversary and/or Bankruptcy Case, including the detailed information about each person's knowledge, their name, address, telephone number, and whether You intend to call the person(s) at any trial and/or hearing.

Gubin's response, not including the general objections, was:

> Each  person identified in the pleadings in this adversary proceeding; each person identified (or who may be identified) in responses to written discovery to the Parties in this adversary proceeding, those persons identified (or who may be identified) in documents produced by the Parties to this adversary proceeding and/or documents produced by third-parties in this adversary proceeding. Gubin is informed and believes there may be other individuals with knowledge whose identify is not yet known to Gubin. Investigation and discovery continue.

[*See* Exhibit F, Gubin's Amended Responses to the Trustee's First Set of Interrogatories]. Gubin acknowledges the existence of additional witnesses but asserts that he has been unable to identify those individuals despite over eight months to do so.

Even after the May 15, 2026 meet and confer, during which counsel for Optimum and Gubin indicated that Gubin's amended responses to the Trustee's Requests for Production of Documents were to be corrected, no correction was made. Counsel for Gubin sent what were supposed to be the correct Amended Responses on May 18, 2026, however, those responses again failed to respond to the Requests for Production of Documents that were issued to Gubin.

Optimum's responses are also deficient. The Trustee has identified over sixty (60) accounts that are responsive to its discovery requests for which it has not received any account statements and/or has not received all of the account opening documents and account records. [*See* Exhibit A Rule 37 Letter dated April 1, 2026]. These records were clearly identified by the Trustee as responsive, yet they have not been produced. [*Id.*].

Optimum further misrepresented in its Statement of Compliance and accompanying Declaration that Optimum fully responded to the Trustee's second set of discovery requests. [*See*

8

Optimum's Supplemental Responses to the Trustee's Discovery Requests, a true and accurate copy of which is attached hereto as Exhibit I]. However, again, many of Optimum's responses indicate that "Responding Party *will* produce all documents . . ." without providing any clarity as to *when* such productions will be made. [*Id.*]. As of the time of filing, no additional productions have been made.

Optimum and Gubin's non-responsiveness to the Trustee and their blatant misrepresentations to this Court warrant a finding that Optimum and its counsel are in contempt of court for failing to comply with the January 22, 2026 Order. This ongoing conduct further justifies the need for an appropriate discovery referee to ensure compliance going forward.

### III.    A VIOLATION OF A COURT ORDER CONSTITUTES CONTEMPT

"There is no serious question that a violation of a Court's order is punishable by contempt." *Marshack v. Eisenhower Carlson, PLLC (In re Eagan Avenatti, LLP)*, 659 B.R. 214, 221 (Bankr. C.D. Cal. 2024) (citing *Kvassay v. Kvassay (In re Kvassay)*, No. CC-15-1420-KiTaKu, 2016 Bankr. LEXIS 3654, at \*18 (B.A.P. 9th Cir. Oct. 6, 2016)). Rule 9020 of the Federal Rules of Bankruptcy Procedure permits courts to hear an application for contempt proceedings. *See Caldwell v. United Capital Corp. (In re Rainbow Magazine)*, 77 F.3d 278 (9th Cir. 1996) (holding that Federal Rule of Bankruptcy Procedure 9020 empowers bankruptcy courts with the power of civil contempt to enforce its orders); *Stasz v. Gonzalez (In re Stasz)*, 387 B.R. 271 (9th Cir. BAP 2008) (finding that Federal Rule of Bankruptcy Procedure 9020 empowers the bankruptcy courts to hear applications for civil contempt).

The alleged contemptuous behavior "need not be willful;" instead the contemptuous behavior is evaluated by looking to the "party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (quoting *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987)). "There is no good faith exception to the requirement of obedience to a court order." *Go-Video v. Motion Picture Ass'n of Am. (In re Dual-Deck Video Cassette Recorder Antitrust Litig.)*, 10 F.3d 693, 695 (9th Cir. 1993) (citing *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.,* 689 F.2d 885, 889 (9th Cir. 1982)).

The standard for showing cause for a civil contempt order is simple and well-established. The moving party must establish the "(1) that [the nonmoving party] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *Labor/Community Strategy Ctr. v. L.A. Cty. Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009) (citing *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)).

Should a court issue an order holding a party in contempt of court, sanctions may be issued to compel the party's compliance with that court's order. *Sali v. Corona Regional Med. Ctr.*, 884 F.3d 1218, 1220 (9th Cir. 2018). "Civil penalties must either be compensatory or designed to coerce compliance." *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1192 (9th Cir. 2003). The extent of compensatory sanctions includes attorneys' fees and costs for preparing and litigating a contempt motion. *See America's Servicing Co. v. Schwartz-Tallard (In re Schwartz-Tallard)*, 803 F.3d 1095, 1100-01 (9th Cir. 2015) (en banc). Such contempt sanctions are part of a court's "inherent power." *Nida v. Allcom*, 2020 U.S. Dist. LEXIS 87401, at \*11 (C.D. Cal. Mar. 11, 2020). "A court, in determining the amount and duration of a coercive fine, must 'consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.' " *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 516 (9th Cir. 1992) (quoting *United States v. United Mine Workers of America*, 330 U.S. 258, 304 (1947)).

Should this Court find good cause to hold Optimum in contempt of this Court's January 22, 2026, Order, the Trustee requests all compensatory damages to be considered as a sanction to compensate the Trustee for bringing this Renewed Motion. Optimum's contempt for this Court's authority and the Rules has caused the Trustee to bring multiple motions to force its compliance, clearly meriting an award of fees to compensate the Trustee for its efforts. Accompanying this renewed motion is a breakdown of the reasonable costs and attorneys' fees in the amount of $108,475.50 incurred by the Trustee in its efforts to force Optimum to comply with its obligations under the Rules and this Court's January 22, 2026 Order Compelling Compliance. [*See* Declaration of Yosina M. Lissebeck].

10

Further, should the Court find Optimum in contempt of this Court's order, coercive sanctions are appropriate. Optimum has ignored both formal discovery and this Court's order to comply with discovery. Optimum must therefore be further coerced to participate in this Adversary Proceeding through accruing daily fines in an amount this Court deems appropriate.

## IV.  OPTIMUM HAS VIOLATED THIS COURT'S ORDER AND MUST BE HELD IN CONTEMPT

The law is clear that a party that violates a court order, subject to limited qualifiers, has acted in contempt of the power and authority of the issuing Court. Optimum's behavior in relation to this Court's Order clearly meets the requirements to establish contempt. Thus, this Court should order Optimum to show cause as to why it should not be held in contempt, and should it fail to do so, hold it in contempt of this court order and levy fines and any other coercive sanction this Court finds appropriate to ensure that Optimum complies with this Court's Order.

The four-element test articulated in *Labor/Community Strategy Ctr.* requires a showing "(1) that [the nonmoving party] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." 564 F.3d 1115, 1123. Optimum's conduct meets each element of the test.

First, there is no question that Optimum violated the Order. The Order required Optimum to "serve complete responses to the Discovery Requests no later than February 24, 2026." [Dkt. 289]. Optimum did not do so, which is a clear violation of the Court's Order. Optimum's violation of the Order is complete as none of its behavior has approached compliance, much less "substantial compliance." [Hockstad Declaration, ¶ 3]; *Labor/Community Strategy Ctr*, 564 F.3d 1115, 1123.

There is no question that Optimum's actions are done in bad faith, further satisfying the elements of the test for contempt. As noted, Optimum has failed to produce *all* supplemental responses or documents to the Discovery Requests as ordered by the Court. Optimum has also failed to comply with the Rules as its deadline to respond to the Trustee's Second Set of Discovery Requests was February 16, 2026, and Optimum failed to timely respond. [Hockstad Declaration, ¶ 4]. Optimum and Gubin then filed an incorrect and misleading Statement of Compliance and supporting Declaration in an attempt to avoid further court proceedings. Optimum's continued

11

failures demonstrate a bad faith attempt to avoid discovery in this action.

Optimum violated this Court's Order and should be found in contempt. This Court should order Optimum to appear and show cause as to why the Court should not hold it in contempt and not impose appropriate sanctions.

## V.   CONCLUSION

Optimum has repeatedly defied the Rules throughout this Adversary Proceeding and has now defied this Court's clear Order compelling it to respond to the Trustee's Discovery Requests. As such, Optimum should be summoned to show cause as to why it should not be held in contempt and why this Court should not issue appropriate sanctions.

For the reasons set forth above, the Trustee respectfully requests that this Court issue an order to show cause in substantially the form of Exhibit 1 to the Declaration of Karen Hockstad including, but not limited, to the following relief:

1. Adjudging Optimum to be in civil contempt of court for failing to comply with this Court's January 22, 2026 Order mandating that Optimum serve complete responses to the Trustee's discovery requests by June 29, 2026.

2. Imposing coercive sanctions in the form of daily accumulating monetary penalties from February 24, 2026—the date Optimum failed to comply with the January 22, 2026 Order—until such time as Optimum has fully complied with the January 22, 2026 Order in an amount this Court deems appropriate.

3. Imposing compensatory sanctions on Optimum in the form of payment of the Trustee's reasonable attorneys' fees and costs, in the amount of $108,475.50, required to bring this Motion and force Optimum to comply with the Rules and Order of this Court.

///

///

///

///

///

///

12

4. Appointing a discovery referee to ensure compliance with all discovery rules and orders, and to address any and all additional discovery disputes in this Adversary Proceeding.

5. Imposing any other sanctions or relief this Court deems appropriate.

Dated:  June 8, 2026                              Respectfully Submitted,

DINSMORE & SHOHL LLP

By: /s/  Karen S. Hockstad
      Karen S. Hockstad
      Yosina M. Lissebeck
      Attorneys for Richard A. Marshack, Plaintiff and
      Trustee of the LPG Liquidation Trust

13

# EXHIBIT

# A



**DINSMORE & SHOHL LLP**
191 W. Nationwide Blvd., Suite 200
Columbus, Ohio 43215
www.dinsmore.com • Legal Counsel

Matthew H. Sommer
Direct Phone (614) 227-4285 · Direct Fax (614) 628-6890
Matthew.Sommer@Dinsmore.com

April 1, 2026

**VIA ELECTRONIC MAIL**

David T. Hayek
Brian A. Paino
Zeeshan Iqbal
HINSHAW & CULBERTSON LLP
350 South Grand Ave.
Suite 3600
Los Angeles, CA 90071

> RE: *Richard A. Marshack, Trustee of the LPG Liquidation Trust v. World Global Fund, LLC, et al.*, AP Case No. 8:25-ap-01105-SC – **Rule 37 Discovery Letter and Notice Regarding Defendants' Statement of Compliance and Declaration**

Dear Mr. Hayek:

This letter is in response to Defendants OptimumBank Holdings, Inc., OptimumBank (collectively, "Optimum") and Moishe Gubin's ("Gubin") (collectively, "Defendants") Statement of Compliance and their failure to respond completely to Plaintiff Richard A. Marshack's, Trustee of the LPG Liquidation Trust's ("Trustee"), First Set of Interrogatories and Requests for Production of Documents served on Defendants ("First Set of Discovery") and Second Set of Interrogatories and Requests for Production of Documents on Optimum ("Second Set of Discovery") (collectively, "Discovery Requests").

This letter serves to place Defendants on notice of the following deficiencies in their Responses, and to demand the withdrawal of Defendants' Statement of Compliance and accompanying Declaration ("Statement of Compliance"), and/or the submission of a Statement of Correction. In addition to the withdrawal of Defendants' Statement of Compliance and/or submission of a Statement of Correction, Defendants are on notice to provide the full and complete responses and productions of responsive documents within seven (7) days of the date of this letter.

Failure to either withdraw the Statement of Compliance and/or submit a Statement of Correction, and to provide full and complete responses addressing the issues below, will require the Trustee to raise the issues with the Court, and seek additional sanctions including, but not limited to, Rule 11 Sanctions.

David T. Hayek
April 1, 2026
Page 2

### First Set of Requests for Production – Gubin

Gubin failed to timely respond to the Trustee's First Set of Discovery and has waived all objections thereto. Moreover, Gubin's initial responses to the Trustee's Discovery Requests were in response to altered requests in which the Discovery Requests themselves were replaced with the Requests issued to Optimum. This is not a simple mistake but rather an intentional act which was followed by another six-month delay in responding to the Discovery Requests.

However, and more egregiously, Gubin's "Amended Responses" to the Trustee's Requests for Production are, again, responding to a doctored set of requests for production of documents and not the Trustee's actual Requests for Production of Documents issued to Gubin. This continued dishonesty, alteration of discovery materials, and refusal to respond to the Trustee's Requests for Production of Documents is wholly inappropriate. Together with the representations made in the Statement of Compliance, Gubin's failure to respond is sanctionable under Rule 11.

### First Set of Interrogatories – Gubin

Gubin's responses to the Trustee's First Set of Interrogatories is only slightly better than his complete lack of response to the Trustee's Requests for Production of Documents.

> Interrogatory No. 2: Identify all person(s) You believe have knowledge of any event, fact, or occurrence described in the Complaint or otherwise related or relevant to this Adversary and/or Bankruptcy Case, including the detailed information about each person's knowledge, their name, address, telephone number, and whether You intend to call the person(s) at any trial and/or hearing.

Setting aside the impermissible objections, Gubin's Amended Response is significantly deficient:

> Each person identified in the pleadings in this adversary proceeding; each person identified (or who may be identified) in responses to written discovery to the Parties in this adversary proceeding, those persons identified (or who may be identified) in documents produced by the Parties to this adversary proceeding and/or documents produced by third-parties in this adversary proceeding. Gubin is informed and believes there may be other individuals with knowledge whose identify is not yet known to Gubin. Investigation and discovery continue.

Gubin has had over eight months to identify individuals which he acknowledges exist, yet fails to identify anyone. This is clearly an inappropriate attempt to avoid substantively responding to the Trustee's Discovery Request.

David T. Hayek
April 1, 2026
Page 3

> Interrogatory No. 4: Identify all email accounts, phone numbers, social media, or any other messaging platform through which You communicated during the relevant time period.

Gubin's Amended Response impermissibly narrows the scope of the Trustee's Request and is therefore deficient. Gubin includes only his email address for bank-related business. Nothing in the Trustee's Request limits the interrogatory as to bank-related business. Gubin has been named individually in this Adversary Proceeding, and as such, his Response is clearly deficient.

Gubin's continued refusal to respond to the Trustee's Discovery Requests is at the point of intentional disregard for the Court and the Rules of Discovery. This conduct will be raised with the Court and appropriate sanctions will be sought should Defendants' Statement of Compliance not be withdrawn and/or Defendants file a Statement of Correction, along with issuing a complete and full production of documents within seven (7) days of the date of this letter.

### First Set of Requests for Production of Documents – Optimum

As of the date of this letter, and contrary to Defendants' representations in their Statement of Compliance and this Court's January 22, 2026 Order to Compel Discovery from Optimum ("Order to Compel"), Optimum has failed to completely respond to the following Discovery Requests:

> Request for Production No. 3: Produce all documents and communications related to all accounts identified in Plaintiff's interrogatories, or your responses thereto, including, but not limited to, account statements, account opening documents, UCC-1 statements, and all transactional information.

Optimum's Amended Response states that the "BANK has already produced all documents within its possession, custody or control which it has identified as responsive to this request."

However, the accounts so far identified as responsive to Request for Production No. 3 include:

- Adar Funding LLC (210032017)
- Binyins Chicago LLC (210031084)
- Brickstone Group LLC (210024097)
- Clearknox LLC (210028064)
- Coast Processing DBA BAT (210026704)
- Coast Processing DBA Citadel (210029179)
- Coast Processing DBA Litigation Practice Group (210026712)
- Coast Processing DBA LPG (210026738)
- Coast Processing DBA Vulcan Consulting Group (210026720)
- Consumer Legal Group PC (210038246)

David T. Hayek
April 1, 2026
Page 4

- Family Funding Group LLC (210047429)
- Funding Gateway DBA Timeless Funding (210045365)
- Funding Gateway DBA TOT Capital (210040283)
- GSS Equity LLC (210024865)
- Hi Bar Capital LLC (210022968)
- Hybrid Advance (210040184)
- Hybrid Advance (210023842)
- KMTFunding LLC (210047403)
- LFG Funding Group LLC (210029559)
- LGS Clearinghouse LLC (210044665)
- Mapcap Advance LLC dba Business Fund Source (210024782)
- Meged funding Group Corp (210024816)
- Narai Ventures LLC (210026753)
- New Malky Realty LLC (210026548)
- Next Gen Advance LLC (210029815)
- Secure Payment Services dba Coast Processing (2100030037)
- Secure Payment Services DBA Litigation Practice Group (210030045)
- Secure Payment Services DBA LPG (210030029)
- Secure Payment Services DBA LPG 2 (210038352)
- Secure Payment Services Reserve Acct (210030052)
- Secure Payment Services LLC (210030045)
- Secure Payment Services LLC (210030029)
- Secure Payment Services LLC (210030037)
- Secure Payment Services LLC (210030003)
- Secure Payment Services LLC (210038352)
- Secure Payment Services LLC (210030052)
- Skyline Funding NY DBA Deck United Holdings (210028312)
- Skyline Funding NY LLC (210027108)
- Skyline Funding NY DBA Goldstone Capital (210028304)
- SSD Investment Group LLC (210026746)
- Supreme Advance DBA SNS Funding (210031217)
- Supreme Advance LLC (210031209)
- Supreme Advance LLC (210031209)
- Supreme Advance LLC (210031209)
- Tailored Fund Cap LLC (210022992)
- World Global Fund DBA Crystal Springs (210023834)
- World Global Fund DBA Crystal Springs (210023834)
- World Global Fund DBA Everyday Group (210023792)
- World Global Fund DBA FD Fund (210023826)
- World Global Fund DBA Goldcrest (210024337)
- World Global Fund DBA Greentree Advance (210029153)
- World Global Fund DBA Kingdom Capital (210025292)

David T. Hayek
April 1, 2026
Page 5

- World Global Fund DBA Parkside Capital (210024113)
- World Global Fund DBA PSF (210029161)
- World Global Fund DBA Safe Vault (210028858)
- World Global Fund DBA Slate Advance (210032538)
- World Global Fund LLC (210023784)
- World Global Fund DBA Braufman & Associates (210025946)
- World Global Fund DBA Hybrid Advance (210023842)
- World Global Fund DBA LPG (210026134)
- World Global Fund DBA MNS Funding (210025177)
- World Global Fund DBA TOT Capital (210023800)
- World Global Fund DBA Vertex Capital (210023818)
- World Global Fund DBA Weinman & Associates (210025953)
- World Global Fund LLC (210023784)
- YI 26 LLC (210024238)
- YNS Funding LLC (210029880)
- YSY Capital LLC (210030102)
- YSY Capital LLC Expense Account (210032009).

As of the date of this letter, Optimum has failed to produce any account statement as to any of the identified accounts, and has failed to produce all of the account opening documents and account records for these accounts.

> Request for Production No. 5: Produce all documents and communications referring or related to the individuals and entities identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

Optimum's Amended Response states that the "BANK has already produced all documents within its possession, custody or control which it has identified as responsive to this request."

However, there are numerous deficiencies with Optimum's production including, but not limited to, failure to produce a "Customer Relationship Profile"[1] for Defendant Solomon Feig ("Feig"), despite clear evidence, produced by Optimum, of Feig's client relationship with Optimum; failure to produce "Risk Rating Worksheets"[2] for all of the individuals and entities identified as having accounts with Optimum; and failure to produce "ACH Return Ratio Reports"[3] for all individuals and entities identified as having used Optimum to process ACH transactions.

> Request for Production No. 6: Produce all documents and communications related to any ACH transfer or wire transfer involving any of the individuals and entities, including all associated

---

[1] An example of a "Customer Relationship Profile" is found in Optimum's production of documents.
[2] An example of a "Risk Rating Worksheet" is found in Optimum's production of documents.
[3] An example of an "ACH Return Ratio Report" is found in Optimum's production of documents.

David T. Hayek
April 1, 2026
Page 6

accounts, identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

Optimum's Amended Response states that the "BANK has already produced all documents within its possession, custody or control which it has identified as responsive to this request."

However, there are, again, numerous deficiencies with Optimum's production including, but not limited to, failure to produce countless account statements. For example, Optimum has not produced any account statements, documents, or communications related to any ACH transfers or wire transfers involving the account opened by Binyins Chicago LLC in or around December 2021 by Feig, which based on the evidence produced Optimum shows that this account was being used for ACH transactions and wire transfers. [*See* OB200634; OB201473-201483].

> Request for Production No. 8: Produce all documents and communications related or referring to any transaction fees charged or collected by You as a result of processing ACH transactions for any of the individuals and entities identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

Optimum's Amended Response states that the "BANK has already produced all documents within its possession, custody or control which it has identified as responses to this request." However, as discussed above, there are a significant number of account statements that are responsive to this request that have not been produced.

> Request for Production No. 9: Produce all documents and communications regarding ACH rejection rates related to all of the individuals and entities identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

Optimum's Amended Responses states that the "BANK has already produced documents within its possession, custody or control which it has identified as responsive to this request." However, as discussed above, there are a significant number of documents including, but not limited to, "ACH Return Ratio Reports" that have not been produced as related to the above listed accounts. Thus far, the only account for which there was an ACH Return Ratio Report is World Global DBA LPG. [*See* OB003864-3867].

## Second Set of Requests for Production of Documents - Optimum

As an initial matter, Optimum failed to timely respond to the Trustee's Second Set of Discovery and has waived all objections thereto. Optimum has failed to respond to the following Requests for Production contained in the Trustee's Second Set of Requests for Production of Documents, contrary to Optimum's representations in its Statement of Compliance:

> Request for Production No. 12: Produce all agreements between You and World Global, or any Affiliated Entity(s), governing the

David T. Hayek
April 1, 2026
Page 7

> relationship between You and World Global, or any Affiliated
> Entity(s), as an Originator and ODFI related to any ACH transaction
> initiated on behalf of LPG or any LPG Client.

Optimum's Amended Response states that "Responding Party will produce all documents within its possession, custody or control responsive to this request for the relevant time period." However, no such agreements have been produced, despite Optimum's acknowledgment of responsive documents.

Optimum's assertion that it "responded to Trustee's interrogatories, set two, and Plaintiff's requests for production, set two, propounded to each of them and have produced responsive documents in each's possession, custody or control in connection therewith" is an entirely false statement. The plain language of Optimum's response indicates that Optimum **will** produce documents, is in direct conflict with Optimum's representations in its Statement of Compliance. Any attempts by Optimum to argue that its assertions in the Statement of Compliance were consistent insofar as it does not present a representation of a complete production is wholly disingenuous and serves only to exemplify the gamesmanship and dishonesty to the Court.

> Request for Production No. 13: Produce all agreements between
> You, any ACH Operator, and any RDFI related to any ACH
> transaction initiated on behalf of LPG or any LPG Client.

Optimum's Amended Response states that "Responding Party will produce all documents within its possession, custody or control responsive to this request for the relevant time period." However, no such agreements have been produced, despite Optimum's acknowledgment of responsive documents. As with the above, Optimum's representations in its Statement of Compliance are simply false statements to the Court.

> Request for Production No. 16: Produce all policies and procedures
> that were in place in 2021 and 2022 related to initiating or
> processing ACH transactions.

Optimum's Amended Response states that "Responding Party will produce all documents within its possession, custody or control responsive to this request for the relevant time period." However, no such agreements have been produced, despite Optimum's acknowledgment of responsive documents. Optimum's response, yet again, demonstrates the falsity of its Statement of Compliance.

> Request for Production No. 17: Produce all standard agreements or
> contracts that were used in 2021 and 2022 related to initiating or
> processing ACH transactions, including but not limited to all
> standard Originator/ODFI agreements, ODFI/ACH Operator/RDFI
> agreements, and ODFI/Receiver agreements.

David T. Hayek
April 1, 2026
Page 8

Optimum's Amended Response states that "Responding Party will produce all documents within its possession, custody or control responsive to this request for the relevant time period." However, no such agreements have been produced, despite Optimum's acknowledgment of responsive documents.

> Request for Production No. 18: Produce all documents, forms, incident reports, investigation materials, communications, notices, and/or any other documents related to the wrongfully initiated or processed ACH transactions in April 2022 that were identified in the Complaint.

Optimum's Amended Response states that "Responding Party has already produced all documents in its possession custody or control to this request for the relevant time period." However, no "ACH Return Ratio Reports" have been produced for this period, despite ample emails, including emails from Optimum acknowledging the error, reflecting returns for these transactions involving the responsive accounts.

> Request for Production No. 19: Produce all documents, forms, incident reports, investigation materials, communications, notices and/or any other documents related to World Global, or any Affiliated Entity(s), as an Originator.

Optimum's Amended Response states that "Responding Party has already produced all documents in its possession custody or control to this request for the relevant time period." However, no "ACH Return Ratio Reports" have been produced, despite ample emails, including an email from Optimum acknowledging the error, reflecting returns for transactions involving the responsive accounts.

> Request for Production No. 23: Produce all documents or communications related to any insufficient fund issues that arose in any ACH transaction initiated or processed on behalf of LPG or LPG Client.

Optimum's Amended Response states:

> After a diligent search and reasonable inquiry, Responding Party does not have any documents in its possession, custody or control responsive to this request because in ACH transactions on behalf of LPG at Responding Party would only be a small number of accounts for that purpose set up by World Global Fund, LLC, who would typically be receiving funds in those transactions and, as such, would not create a circumstance where such transactions would cause those accounts to have insufficient funds. Further as to the accounts from which the LPG related ACH transfers were made, Responding Party is not aware of any such accounts at Responding

David T. Hayek
April 1, 2026
Page 9

> Party and Responding Party has no information or belief as to the
> status of those accounts in other financial institutions.

Optimum's Response is problematic for a number of reasons. First, it is contrary to representations made by Counsel for Optimum regarding communications by and involving Gubin about reserve accounts held by World Global or its Affiliated Entity(s) required for processing ACH transactions, which had several instances of insufficient funds. Second, it impermissibly narrows the scope of the Request. The Request is not limited to accounts held at Optimum and, as demonstrated by several other responses and documents produced by Optimum, there are documents responsive wherein there were issues of ACH returns due to insufficient funds by a Receiver.

Optimum's failure to produce these records is in clear violation of the Court's Order to Compel. Optimum's representations in the Statement of Compliance that such records were produced constitutes a knowing misrepresentation to the Court for which sanctions, including Rule 11 Sanctions, are appropriate. To avoid the Trustee seeking such additional sanctions, including Rule 11 Sanctions, the Trustee demands that Defendants withdraw their Statement of Compliance and/or submit a Statement of Correction. The Trustee further demands that full and complete productions and responses to its Discovery Requests are issued within seven (7) days of the date of this letter.

### Conclusion

Optimum and Gubin have had over eight (8) months to respond to the Trustee's Discovery Requests. However, Defendants continue to play games and avoid substantively and completely responding. At this point, the Trustee is left with little option but to seek additional sanctions including, but not limited to, Rule 11 Sanctions. To avoid these issues being raised with the Court, Defendants must withdraw their Statement of Compliance and/or submit a Statement of Correction, and fully and completely respond and produce all responsive records within seven (7) days of the date of this letter.

Thank you for your attention to this matter.

Sincerely

Matthew H. Sommer

cc:   Karen S. Hockstad
Christopher Celentino
Christopher B. Ghio
Yosina M. Lissebeck

# EXHIBIT
# B

## Sommer, Matthew

| | |
|---|---|
| **From:** | Sommer, Matthew |
| **Sent:** | Tuesday, February 3, 2026 6:01 PM |
| **To:** | Hayek, David T.; Paino, Brian |
| **Cc:** | Hockstad, Karen; Schaefer, David T.; Ghio, Christopher; Lissebeck, Yosina; Celentino, Christopher; Griffith, Jordan |
| **Subject:** | RE: Marshack v. World Global - Stipulated Statement of Discovery Dispute - Defendant Gubin |

Hi David,

Thank you again for the call.

To keep us all on the same page with the next steps: you agree to be bound by the Court's January 22, 2026 Order granting in-part the Trustee's Motion to Compel as against OptimumBank and OptimumBank Holdings with regard to Moishe Gubin's discovery responses, and will have complete responses (including document production) by February 24, 2026, to the Trustee's discovery requests to Mr. Gubin. We will prepare a simple stipulation to this effect and will circulate it for your review this week. We can discuss any changes on our call scheduled for Friday.

We will verify OptimumBank.com's continued participation in this case and confirm they are no longer a party.

You will rundown the issue of the missing load files from the recent production, and if need be, we will connect our e-discovery folks to identify the source of the issue and resolve it before the next set of productions. You have another production of emails approximately the same size as this last one and are following up with your client about the account statements and records as well so that everything will be produced before the February 24, 2026, deadline.

As of now, you anticipate timely responses to our second set of discovery requests to Optimum. We will send over our notices of depositions to get everyone on the calendar and can discuss alternate dates if needed.

I will circulate a calendar invite for Friday at 5:00 pm EST/2:00 pm PST.

Thanks,

Matt

---

**From:** Hayek, David T. <dhayek@hinshawlaw.com>
**Sent:** Thursday, January 29, 2026 5:17 PM
**To:** Sommer, Matthew <Matthew.Sommer@Dinsmore.com>; Paino, Brian <bpaino@hinshawlaw.com>
**Cc:** Hockstad, Karen <Karen.Hockstad@DINSMORE.COM>; Schaefer, David T. <david.schaefer@dinsmore.com>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>; Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>; Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Griffith, Jordan <Jordan.Griffith@Dinsmore.com>
**Subject:** RE: Marshack v. World Global - Stipulated Statement of Discovery Dispute - Defendant Gubin

Hi Matt,

1

Exhibit B
Page 25

How does Tuesday, February 3, 2026 work for your schedule to discuss discovery issues further?  I am available most of afternoon that day.

Best,

David

**David Hayek**
Partner
**Hinshaw & Culbertson LLP**
350 South Grand Ave., Suite 3600, Los Angeles, CA 90071

**O:** 213-614-7305 | **F:** 213-614-7399
dhayek@hinshawlaw.com

*Admitted only in California*

My Bio | hinshawlaw.com | in f X ⊙



**From:** Sommer, Matthew <Matthew.Sommer@Dinsmore.com>
**Sent:** Monday, January 26, 2026 1:51 PM
**To:** Hayek, David T. <dhayek@hinshawlaw.com>; Paino, Brian <bpaino@hinshawlaw.com>
**Cc:** Hockstad, Karen <Karen.Hockstad@DINSMORE.COM>; Schaefer, David T. <david.schaefer@dinsmore.com>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>; Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>; Celentino, Christopher <Christopher.Celentino@DINSMORE.COM>; Griffith, Jordan <Jordan.Griffith@Dinsmore.com>
**Subject:** Marshack v. World Global - Stipulated Statement of Discovery Dispute - Defendant Gubin

David,

Please see the attached Proposed Stipulation of Discovery Dispute concerning Moishe Gubin's failure to respond to the Trustee's Discovery Requests. Please provide a time this week for a meet and confer to discuss.

Thanks,

Matt



**Matthew H. Sommer**
Associate
Dinsmore & Shohl LLP  •  Legal Counsel
191 West Nationwide Blvd
Suite 200
Columbus, OH 43215

Exhibit B
Page 26

**T** (614) 227-4285 • **F** (614) 628-6890
**E** Matthew.Sommer@Dinsmore.com • dinsmore.com

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

3

# EXHIBIT C

Exhibit C
Page 28

CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
YOSINA M. LISSEBECK (201654)
yosina.lissebeck@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, CA 92101
Tele: 619.400.0500
Fax: 619.400.0501


KAREN S. HOCKSTAD (OH 61308) (Admitted pro hac vice)
karen.hockstad@dinsmore.com
MATTHEW H. SOMMER (OH 101721; NC 51004) (Admitted pro hac vice)
matthew.sommer@dinsmore.com
DINSMORE & SHOHL LLP
191 W. Nationwide Blvd., Suite 200
Columbus, OH 43215
Tele: 614-628-6930
Fax: 614-628-6890

*Special Counsel to Richard A. Marshack, Trustee of the LPG Liquidation Trust*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re: | Bankr. Case No. 8:23-bk-10571 SC |
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | Adv. Proc. No. 8:25-ap-1105-SC |
| | **RICHARD A. MARSHACK, TRUSTEE OF THE LPG LIQUIDATION TRUST'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MOISHE GUBIN** |
| RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust, | |
| Plaintiff, | |
| v. | |
| WORLD GLOBAL FUND, LLC, *et al.*, | |
| Defendants. | |

1

Exhibit C
Page 29

**PROPOUNDING PARTY:    Plaintiff RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust**

**RESPONDING PARTY:    Defendant Moishe Gubin**

**SET NUMBER:    One**

**TO DEFENDANT MOISHE GUBIN AND HIS ATTORNEYS OF RECORD:**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 7034 of the Federal Rules of Bankruptcy Procedure, Plaintiff Richard A. Marshack, in his capacity as the Trustee of the LPG Liquidation Trust ("Trustee" or "Plaintiff" or "Propounding Party") in the above-captioned bankruptcy case ("Bankruptcy Case") hereby serves the following Set of Requests for Production of Documents upon Defendant Moishe Gubin ("You," "Defendant," and/or "Responding Party"). Propounding Party hereby demands that Responding Party answer the following Requests for Production of Documents, separately and fulling in writing and under oath within thirty (30) days of the date of service. Responding Party's responses are to be served on Karen S. Hockstad, Dinsmore & Shohl LLP, 191 W. Nationwide Boulevard, Suite 200, Columbus, Ohio, 43215, or at such other time and place set by counsel for the parties.

**I.**

**DEFINITIONS**

The following definitions shall apply to each of the demands and instructions below and are deemed to be incorporated therein.

A.    The term "Adversary Proceeding" means Adversary Proceeding No. 8:25-ap-1105-SC.

B.    The term "Bankruptcy Case" means the Chapter 11 bankruptcy case of Debtor filed with the United States Bankruptcy Court for the Central District of California, Case No. 8:23-bk-10571-SC.

C.    The Term "Complaint" shall mean the Complaint filed by Propounding Party on March 10, 2025, in the Adversary Proceeding.

D.    The terms "You," "Your," "Yourself," "Responding Party," and "Defendant" shall refer to Defendant Moishe Gubin, and, where appropriate in the context, Your agents, heirs, assigns, representatives, accountants, employees, contractors, attorneys, investigators, insurance companies, and each of Your respective agents and employees, or anyone else acting on Your behalf.

E.    The term "Debtor" or "LPG" means the Litigation Practice Group P.C.

F.    The term "Mr. Diab" or "Diab" means Tony Diab.

G.    The term "Mr. Dembitzer" or "Dembitzer" means Shia Dembitzer.

2

Exhibit C
Page 30

H.    The term "World Global" means Defendants World Global Fund, LLC, together with its assumed names, Alter Egos (as defined in the Complaint), the Dembitzer Alter Egos (as defined in the Complaint), and their/its agents, heirs, assigns, representatives, accountants, employees, contractors, attorneys, investigators, insurance companies, and each of their/its respective agents and employees, or anyone else acting on their/its behalf.

I.    The term "Mr. Feig" or "Feig" means Defendant Solomon Feig and, where appropriate in the context, their/its agents, heirs, assigns, representatives, accountants, employees, contractors, attorneys, investigators, insurance companies, and each of their/its respective agents and employees, or anyone else acting on their/its behalf.

J.    The term "OptimumBank" means Defendants OptimumBank Holdings, Inc., OptimumBank, Optimumbank.com and their/its agents, heirs, assigns, representatives, accountants, employees, contractors, attorneys, investigators, insurance companies, and each of their/its respective agents and employees, or anyone else acting on their/its behalf.

K.    The term "ACH" means Automated Clearing House.

L.    The term "MCA" means Merchant Cash Agreement.

M.    The term "UCC-1" means Uniform Commercial Code Financing Statement.

N.    The term "Fraudulent ACH Transactions" means the three months of ACH transactions for LPG clients uploaded by World Global on and between April 8, 2022, through April 12, 2022, and sent to OptimumBank for processing.

O.    The term "Communicate" and "Communications" shall include all forms of oral, telephonic, written, and electronic forms of conversations, the imparting or interchange of thoughts.

P.    The term "Document" or "Documents" is used in its broadest sense and refers to the originals or copies thereof if the original is not available of any printed, written, typed, electronic, photocopied, photographic, or recorded matter, however, produced or reproduced, of every kind and description, currently or formerly in the possession, custody, control, or care of the Responding Party. The term includes, without limiting the generality of the foregoing, letters, memoranda, appointment calendars, schedules, books, indices, printed forms, publications, press releases, notices, brochures, pamphlets, guide books, manuals, instructions, minutes, summaries or abstracts, reports, files, file jackets, data-processing cards, computer tapes, printouts, information contained in, on, or retrievable from computer programs, bulletins, written questions and answers, charts, blueprints, drawings, diagrams, graphs, tables, photographs, recordings, speeches, telegraphs, cables, telex messages, e-mails, microfilm, microfiche, opinions, studies, papers, analyses, evaluations, proposals, budget materials, invoices, financial statements, contracts, specifications, applications, motions, petitions,

3

Exhibit C
Page 31

complaints, answers, responses, replies, protests, verified statements, transcripts, exhibits, attachments, reports, filings, submissions, pleadings, contracts, agreements, and forecasts, including without limitation electronically stored information as that term is used in Rule 34 of the Federal Rules of Civil Procedure, and including copies which are different because of marginal or handwritten notations or other markings. The term also includes copies containing information in addition to that contained in the original. The term also includes any preliminary drafts of any document or working paper related thereto.

Q.      The use of the singular form includes the plural, and vice versa.

R.      The use of the present tense includes the past and future tenses, and vice versa.

S.      The use of a gendered term includes all genders.

T.      The use of "and" shall include "or" and vice versa.

U.      Unless otherwise specified, the relevant time period for all of the Requests for Production of Documents is January 1, 2021, to present.

## II.

## INSTRUCTIONS

A.      You are requested to answer, in writing, these Requests for Production of Documents.

B.      Propounding Party requests that in answering the Requests for Production of Documents below, You quote each Request for Production of Documents, in writing, before each answer.

C.      If an objection is made, state the reasons for the objection. The answer shall specifically deny the matter or set forth in detail the reasons why Responding Party cannot answer the matter.

D.      You may not give lack of information or knowledge as a reason for failure to answer unless You state that You have made a reasonable inquiry and that the information known or readily obtainable is insufficient to enable You to answer.

E.      Your answers to these Requests for Production of Documents must be verified, dated, and signed.

F.      You are under a continuing duty to correct and/or supplement any response to any Request for Production of Documents that was either incorrect or incomplete at the time it was made, as soon as the fact that the response was incorrect or incomplete is learned.

G.      If You refuse to answer or otherwise respond to any Request for Production of Documents, in whole or in part, state clearly the basis for such refusal or objection. If privilege or objection is claimed, identify the privilege or objection and state the specific basis under which the

4

Exhibit C
Page 32

privilege or objection is claimed.

H. These Requests for Production of Documents are continuing in nature and must be supplemented in accordance with the applicable Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, and Local Court Rules.

I. Unless otherwise specified, the relevant time frame is January 1, 2020, through the present time.

**III.**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents and communications identified or related to Your responses to Plaintiff's First Set of Interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents or communications You may use or rely on in support or defense of any claim asserted in this Litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents, communications, and tangible things related to and including any communication between You and the Debtor, Mr. Diab, Mr. Feig, Yu Dong, Liyun Zhang a/k/a "Dante," Malky Feig, and/or Shia Dembitzer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Produce all documents and communications between You and any employee or member of OptimumBank regarding any account held or accessible by any individual or entity identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Produce all documents and communications between You and any person with whom You communicated regarding World Global, including but not limited to World Global's processing of the ACH transactions at issue in this Adversary Proceeding

Exhibit C
Page 33

and any UCC-1s received by OptimumBank related to World Global or LPG.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**   Produce all communications and documents, between You, Feig, Dembitzer, Diab, and any other individual or entity regarding the creation of new companies by Dembitzer, Feig, or World Global, as well as the creation of any d/b/as.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**   Produce all documents and communications discussing, outlining, or otherwise referring to the NACHA rules and regulations particularly as they relate to ACH return rates.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**   Produce all documents and communications evidencing any financial benefit to You as a result of processing ACH transactions for World Global, Dembitzer, Feig, or any party or entity listed in the Complaint or identified by You.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**   Produce all documents and communications related to or referring to the Fraudulent ACH Transactions.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**   Produce all documents and communications that refer or relate to Exhibits 6, 7, and 8 in the Complaint.

**RESPONSE:**

Exhibit C
Page 34

**REQUEST FOR PRODUCTION NO. 11:**  Produce all documents and communications containing any reference to or mention of 839 McCullough Avenue, Apartment 130, Orlando Florida.

     **RESPONSE:**

                               Respectfully submitted,

Dated: July 14, 2025                     DINSMORE & SHOHL LLP

By: * /s/ Karen S. Hockstad*

Karen S. Hockstad (OH061308)
Matthew H. Sommer (OH101721)
Christopher Celentino
Christopher B. Ghio
Yosina M. Lissebeck
*Attorneys for Richard A. Marshack, Plaintiff
and Trustee of the LPG Liquidation Trust*

7

Exhibit C
Page 35

# EXHIBIT
# D

Brian A. Paino (SBN 251243)
bpaino@hinshawlaw.com
David T. Hayek (SBN 144116)
dhayek@hinshawlaw.com
Zeeshan Iqbal (SBN 337990)
ziqbal@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone:  213-680-2800
Facsimile:  213-614-7399

Attorneys for *Defendants*
**MOISHE GUBIN and OPTIMUMBANK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>Debtor. | Case No.: 8:23-bk-10571-SC<br><br>Chapter 11<br><br>Adv. Case No.: 8:25-ap-01105-SC |
| RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>WORLD GLOBAL FUND, LLC, *et al.*,<br><br>Defendants. | **DEFENDANT MOISHE GUBIN'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |

**PROPOUNDING PARTY:**   **PLAINTIFF RICHARD A. MARSHACK, TRUSTEE OF THE LPG LIQUIDATION TRUST**

**RESPONDING PARTY:**   **DEFENDANT MOISHE GUBIN**

**SET NUMBER:**   **ONE**

///

///

1

**OPTIMUM HOLDINGS, INC.'S RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit D
Page 37

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 34, defendant Moishe Gubin. ("Gubin" or "Responding Party"), for himself alone and no other person, hereby responds to the Requests for Production, Set No. One, propounded by plaintiff Richard A. Marshack, Trustee of the LPG Liquidation Trust ("Trustee" or "Propounding Party"), as follows.

## **PRELIMINARY STATEMENT**

Responding Party has not fully completed its investigation of the facts relating to the Adversary Proceeding, the broader Bankruptcy Case, or the myriad other adversary proceedings related thereto, or completed its discovery in this action, and has not completed its preparation for arbitration and/or trial. All of the responses contained herein are based only upon such information which is presently available to and specifically known to these responding parties. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes, and variations from the responses herein set forth. The following responses are given without prejudice to responding parties' right to produce evidence of any subsequently discovered facts which these responding parties may later recall or discover. Responding parties accordingly reserve the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made, at any time such changes are warranted. The responses are made herein in a good faith effort to supply as much factual information as is presently known but should in no way be to the prejudice of responding parties in relation to further discovery, research or analysis.

///

///

///

///

2

**OPTIMUM HOLDINGS, INC.'S RESPONSES TO INTERROGATORIES, SET ONE**

# GENERAL OBJECTIONS

1.     Responding parties object to the following definitions (identified by the same letter used in Propounding Party's Requests for Production, Set One), and each other definition or request which references one or more of the objectionable definitions, on the grounds stated below:

D.     Gubin objects to the proposed definition of "You," "Your," and "Yourself," and "Defendant" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.  Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request.

E. Gubin objects to the proposed definition of "Debtor" or "LPG" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request.

3

**OPTIMUM HOLDINGS, INC.'S RESPONSES TO INTERROGATORIES, SET ONE**

G.      Responding Party objects to the definition of "Mr. Diab" or "Diab" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request.   In responding to requests where either defined term is used, Gubin will respond as to Tony Diab alone.

I. Responding Party objects to the definition of "Mr. Dembitzer" or "Dembitzer" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request.   In responding to requests where either defined term is used, Gubin will respond as to Mr. Shia Dembitzer alone.

J. Responding Party objects to the definition of "Mr. Gubin" or "Gubin" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity

4

**OPTIMUM HOLDINGS, INC.'S RESPONSES TO INTERROGATORIES, SET ONE**

77687\326321433.v1

who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.    Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request.   In responding to requests where either defined term is used, Gubin will respond as to Mr. Gubin alone.

K.        Responding Party objects to the definition of "World Global" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.    Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request.   In responding to requests where either defined term is used, Gubin will respond as to World Global and identified d/b/a's thereof.

L. Responding Party objects to the definition of "OptimumBank" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.    Gubin further objects to this definition because it is vague and ambiguous as it

5

**OPTIMUM HOLDINGS, INC.'S RESPONSES TO INTERROGATORIES, SET ONE**

requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request.   As noted above with respect to the definitions in D. above, in responding to requests where either defined term is used, Responding Party will respond as to itself alone and no other person or entity.

2.    Gubin objects to the "Instructions," in their entirety, to the extent any instruction seeks to impose any obligation or duty not required or imposed by FRCP 34.

3.    Gubin objects to each request that calls for information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Gubin will not provide any such privileged or protected information in response to any request that seeks it.

4.    Gubin objects to each request that seeks confidential or private information regarding Responding parties and/or individuals who are not parties to this action, the disclosure of which would violate rights to privacy whether arising form federal or state law, or otherwise.

5.    Gubin objects to each request that seeks the confidential or proprietary information of Gubin, third parties, third-party shareholders, and/or any parent or subsidiary of Gubin or any corporate entity otherwise related to Gubin.

6.    Gubin objects to each request that seeks information equally available to or already in the possession of plaintiff, and thus was propounded to vex, annoy and/or harass Gubin.

7.    Gubin objects to each request that is not proportional to the needs of the Adversary Proceeding as required by FRCP 26(b)(1).

**OPTIMUM HOLDINGS, INC.'S RESPONSES TO INTERROGATORIES, SET ONE**

8.      Any information provided in response to these requests is subject to any and all objections regarding competence, relevance, materiality, propriety and admissibility.  Gubin reserves these objections and any other objections not stated herein that would require the exclusion of any information, if such information is offered as evidence at any time during this action. Gubin may interpose these objections at any time prior to and during the trial of this case.

9.      Gubin makes no incidental or implied admissions by these responses. Accordingly, Neither Trustee, nor any other person, shall construe Gubin's response or objection to any request as Gubin's admission that it accepts or admits the existence of any facts assumed by the request, and Trustee shall not construe Responding Party's response or objection as admissible evidence of any such assumed facts.

10.     Gubin does not intend, and Trustee shall not construe, Gubin's response or objection to any request as a waiver to that request by Gubin of any part of the foregoing Preliminary Statement, General Objections or any other objections reserved herein by Gubin.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENT

### REQUEST FOR PRODUCTION NO. 1:

Produce all documents and communications identified or related to Your responses to Plaintiff's First Set of Interrogatories.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate

7

**OPTIMUM HOLDINGS, INC.'S RESPONSES TO INTERROGATORIES, SET ONE**

to the needs of this Adversary Proceeding.  Responding Party further objects to this request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding Party likewise objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding.  Responding Party further objects to this request on the grounds it is compound.  Responding Party also objects on the grounds this request calls for speculation.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party Responds at follows:

Responding Party has not identified any documents or communications in its responses to Plaintiff's First Set of Interrogatories.  Therefore, Responding Party has no documents in its possession, custody or control responsive to this request. Investigation and discovery are continuing.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents or communications You may use or rely on in support or defense of any claim asserted in this Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

**OPTIMUM HOLDINGS, INC.'S RESPONSES TO INTERROGATORIES, SET ONE**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "You" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party further objects to this request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding Party likewise objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding.  Responding Party further objects on the grounds this request calls for speculation.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party responds as follows:

Responding Party has not yet determined what documents he may use at a possible trial, if trial should occur in this adversary proceeding.   However, Responding Party reserves the right to use any and all documents, electronically

9

**OPTIMUM HOLDINGS, INC.'S RESPONSES TO INTERROGATORIES, SET ONE**

stored information or any other tangible evidence which may be at trial.  Investigation and discovery are continuing.

## REQUEST FOR PRODUCTION NO. 3:

Produce all documents and communications related to all accounts identified in Plaintiff's Interrogatories, or your responses thereto, including, but not limited to, account statements, account opening documents, UCC-1 statements, and all transactional information.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party further objects to this request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding Party likewise objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding. Responding party further objects to this request to the extent it

**OPTIMUM HOLDINGS, INC.'S RESPONSES TO INTERROGATORIES, SET ONE**

seeks information about his personal accounts at OptimumBank as such information is not relevant to the subject matter of the action nor proportional to the needs of the Adversary Proceeding and violation Responding Party's right of privacy under applicable state and federal law. Responding Party further objects on the grounds this request calls for speculation.

Without waving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has no access to any individual account at OptimumBank or to information regarding such accounts and did not have such access at any time during the period January 1, 2021 to the present, save for accounts for which he is a signatory (none of which are joint accounts with any other person identified in the interrogatories or exhibits thereto). As a result, Responding Party has no documents within his possession, custody or control responsive to this request. Responding Party is informed and believes that, to the extent such documents exist, OptimumBank may have such responsive documents. Investigation and discovery are continuing.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents and communications that refer or relate to Exhibits 6, 7, and 8 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party further objects to this request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party

**OPTIMUM HOLDINGS, INC.'S RESPONSES TO INTERROGATORIES, SET ONE**

additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party likewise objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding. Responding party further objects to this request to the extent it seeks information about his personal accounts at OptimumBank as such information is not relevant to the subject matter of the action nor proportional to the needs of the Adversary Proceeding and violation Responding Party's right of privacy under applicable state and federal law. Responding Party further objects on the grounds this request calls for speculation.

Without waving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has no access to any individual account at OptimumBank or to information regarding such accounts and did not have such access at any time during the period January 1, 2021 to the present, save for accounts for which he is a signatory (none of which are joint accounts with any other person identified in the interrogatories or exhibits thereto). As a result, Responding Party has no documents (other than Exhibits 6, 7 and 8 attached to the Complaint herein) within his possession, custody or control responsive to this request. Responding Party is informed and believes that, to the extent such documents exist, OptimumBank may have such responsive documents. Investigation and discovery are continuing.

///

///

**OPTIMUM HOLDINGS, INC.'S RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit D
Page 48

77687\326321433.v1

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents and communications referring or related to the individuals and entities identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it seeks documents which are not relevant nor proportionate to the needs of this Adversary Proceeding. Responding Party further objects to this request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party likewise objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding. Responding Party likewise objects to this request on the grounds it seeks documents not relevant to the subject matter of the action nor likely to lead to the discovery of admissible evidence. Responding party further objects to this request to the extent it seeks information

13

about his personal accounts at OptimumBank as such information is not relevant to the subject matter of the action nor proportional to the needs of the Adversary Proceeding and violation Responding Party's right of privacy under applicable state and federal law.

Without waving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has no access to any individual account at OptimumBank or to information regarding such accounts and did not have such access at any time during the period January 1, 2021 to the present, save for accounts for which he is a signatory (none of which are joint accounts with any other person identified in the interrogatories or exhibits thereto). As a result, Responding Party has not identified any documents within his possession, custody or control responsive to this request relevant to the subject matter of this Adversary Proceeding. Responding Party is informed and believes that, to the extent such documents exist, OptimumBank may have such responsive documents. Investigation and discovery are continuing.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents and communications related to any ACH transfer or wire transfer involving any of the individuals and entities, including all associated accounts, identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that

**OPTIMUM HOLDINGS, INC.'S RESPONSES TO INTERROGATORIES, SET ONE**

77687\326321433.v1

exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party further objects to this request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party additional objects to this request on the grounds it is vague and ambiguous in its use of the phrase "associated accounts" so as to render a response impossible without speculation as to the meaning of that phrase.   Responding Party likewise objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.   Responding Party further objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding. Responding Party likewise objects to this request on the grounds it seeks documents not relevant to the subject matter of the action nor likely to lead to the discovery of admissible evidence. Responding party further objects to this request to the extent it seeks information about his personal accounts at OptimumBank as such information is not relevant to the subject matter of the action nor proportional to the needs of the Adversary Proceeding and violation Responding Party's right of privacy under applicable state and federal law.

Without waving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party responds as follows:

15

Responding Party, as Chairman of the Board of OptimumBank, has no access to any individual account at OptimumBank or to information regarding such accounts and did not have such access at any time during the period January 1, 2021 to the present, save for accounts for which he is a signatory (none of which are joint accounts with any other person identified in the interrogatories or exhibits thereto). As a result, Responding Party has no documents within his possession, custody or control responsive to this request. Responding Party is informed and believes that, to the extent such documents exist, OptimumBank may have such responsive documents. Investigation and discovery are continuing.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all communications and records sent or initiated by You regarding ACH rejections from any account identified as belonging to, accessible by, or otherwise controlled by LPG or its alter egos, d/b/a's, or affiliates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party further objects to this request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party additional objects to this request on the grounds it is vague and ambiguous in its use of the phrase "associated accounts" so as to render a response impossible without speculation as to the meaning

OPTIMUM HOLDINGS, INC.'S RESPONSES TO INTERROGATORIES, SET ONE

77687\326321433.v1

of that phrase. Responding Party similarly objects to this request on the grounds it is vague and ambiguous in its use of the term "records" so as to render a response impossible without speculation as to the meaning of that phrase. Responding Party likewise objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party further objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding. Responding Party likewise objects to this request on the grounds it seeks documents not relevant to the subject matter of the action nor likely to lead to the discovery of admissible evidence.

Without waving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has no access to any individual account at OptimumBank or to information regarding such accounts and did not have such access at any time during the period January 1, 2021 to the present, save for accounts for which he is a signatory. As a result, Responding Party has no documents within his possession, custody or control responsive to this request. Responding Party is informed and believes that, to the extent such documents exist, OptimumBank may have such responsive documents. Investigation and discovery are continuing.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents and communications related or referring to any transaction fees charged or collected by You as a result of processing ACH

17

**OPTIMUM HOLDINGS, INC.'S RESPONSES TO INTERROGATORIES, SET ONE**

transactions for any of the individuals and entities identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party further objects to this request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party additional objects to this request on the grounds it is vague and ambiguous in its use of the phrase "associated accounts" so as to render a response impossible without speculation as to the meaning of that phrase.   Responding Party likewise objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding Party further objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding. Responding Party likewise objects to this request on the grounds it seeks documents not relevant to the subject matter of the action nor likely to lead to the discovery of admissible evidence.

18

**OPTIMUM HOLDINGS, INC.'S RESPONSES TO INTERROGATORIES, SET ONE**

Without waving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has no access to any individual account at OptimumBank or to information regarding such accounts and did not have such access at any time during the period January 1, 2021 to the present, save for accounts for which he is a signatory. As a result, Responding Party has no documents within his possession, custody or control responsive to this request. Responding Party is informed and believes that, to the extent such documents exist, OptimumBank may have such responsive documents. Investigation and discovery are continuing.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents and communications regarding ACH rejection rates related to all of the individuals and entities identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding. Responding Party further objects to this request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party additional objects to this

19

request on the grounds it is vague and ambiguous in its use of the phrase "associated accounts" so as to render a response impossible without speculation as to the meaning of that phrase.  Responding Party likewise objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding Party further objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding.  Responding Party also objects to this request on the grounds it is vague and ambiguous in its use of the undefined phrase "rejection rates" so as to render a response thereto impossible without speculation as to the meaning of that phrase. Responding Party likewise objects to this request on the grounds it seeks documents not relevant to the subject matter of the action nor likely to lead to the discovery of admissible evidence.

Without waving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has no access to any individual account at OptimumBank or to information regarding such accounts and did not have such access at any time during the period January 1, 2021 to the present, save for accounts for which he is a signatory. As a result, Responding Party has no documents within his possession, custody or control responsive to this request. Responding Party is informed and believes that, to the extent such documents exist, OptimumBank may have such responsive documents.  Investigation and discovery are continuing.

///

///

20

**OPTIMUM HOLDINGS, INC.'S RESPONSES TO INTERROGATORIES, SET ONE**

77687\326321433.v1

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents, communications, and account records related to the individuals and entities listed in the attached Exhibits A and B.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party further objects to this request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding Party similarly objects to this request on the grounds it is vague and ambiguous in its use of the phrase "account records" so as to render a response impossible without speculation as to the meaning of that phrase. Responding Party likewise objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding.  Responding Party further objects on the grounds this request calls for speculation with respect to those accounts identified in Exhibits A and B which are not accounts maintained at Bank. Responding Party likewise objects to this request on the grounds it seeks documents not relevant to the subject matter of the action nor likely to lead to the discovery of admissible evidence.

21

**OPTIMUM HOLDINGS, INC.'S RESPONSES TO INTERROGATORIES, SET ONE**

Without waving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has no access to any individual account at OptimumBank or to information regarding such accounts and did not have such access at any time during the period January 1, 2021 to the present, save for accounts for which he is a signatory. As a result, Responding Party has not identified any documents within his possession, custody or control responsive to this request relevant to the subject matter of this Adversary Proceeding. Responding Party is informed and believes that, to the extent such documents exist, OptimumBank may have such responsive documents.  Investigation and discovery are continuing.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all account statements, records, and other information related to the following OptimumBank account numbers ending in: 9815, 0052, 8312, 7108, 3842, 1217, 5946, 8352, 5177, 6753, 8858, 4337, 9559, 5292, 9153, 2009, 4113, 9161, 3792, 3826, 3834, 8064, 3784, and 6746.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party further objects to this request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party similarly objects to this request on the grounds it is vague and ambiguous in its use of the phrase "other information" so as to render a response impossible without speculation as to the meaning of that phrase. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the

OPTIMUM HOLDINGS, INC.'S RESPONSES TO INTERROGATORIES, SET ONE

attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding Party likewise objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding.  Responding Party further objects on the grounds this request calls for speculation. Responding Party likewise objects to this request on the grounds it seeks documents not relevant to the subject matter of the action nor likely to lead to the discovery of admissible evidence.

Without waving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has no access to any individual account at OptimumBank or to information regarding such accounts and did not have such access at any time during the period January 1, 2021 to the present, save for accounts for which he is a signatory. As a result, Responding Party has no documents within his possession, custody or control responsive to this request. Responding Party is informed and believes that, to the extent such documents exist, OptimumBank may have such responsive documents.  Investigation and discovery are continuing.

Dated: September 17, 2025        **HINSHAW & CULBERTSON LLP**

/s/ *David T. Hayek*
BRIAN A. PAINO
DAVID T. HAYEK
ZEESHAN IQBAL
Attorneys for *Defendants* **MOISHE GUBIN,
OPTIMUMBANK and OPTIMUMBANK**

23

**OPTIMUM HOLDINGS, INC.'S RESPONSES TO INTERROGATORIES, SET ONE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**HINSHAW & CULBERTSON, LLP 350 S.Grand Avenue, Suite 3600, Los Angeles, CA 90071-3476**

On September 17, 2025, I served the document(s) entitled: **DEFENDANT MOISHE GUBIN'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**1**. **TO BE SERVED BY ELECTRONIC MAIL**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

- **Joseph Boufadel** jboufadel@salvatoboufadel.com; Gsalvato@salvatoboufadel.com; gsalvato@ecf.inforuptcy.com
- **Christopher Ghio** Christopher.Ghio@dinsmore.com; bonnie.connolly@dinsmore.com
- **Karen Hockstad** karen.hockstad@dinsmore.com; kim.beavin@dinsmore.com
- **Ira David Kharasch** ikharasch@pszjlaw.com
- **Yosina M Lissebeck** Yosina.Lissebeck@Dinsmore.com; caron.burke@dinsmore.com; ayrton.celentino@dinsmore.com
- **Richard A Marshack (TR)** pkraus@marshackhays.com; ecf.alert+Marshack@titlexi.com
- **Victoria Newmark** vnewmark@pszjlaw.com; hdaniels@pszjlaw.com; bdassa@pszjlaw.com; hwinograd@pszjlaw.com
- **Brian A Paino** bpaino@hinshawlaw.com; hmosothoane@hinshawlaw.com; crico@hinshawlaw.com
- **Matthew Sommer** matthew.sommer@dinsmore.com; carrie.davis@dinsmore.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov

☒ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

77687\326325003.v1

Exhibit D
Page 60

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/17/2025 | Nora Vasquez | /s/ Nora Vasquez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

77687\326325003.v1

Funding Gateway, Inc.
Mark Fuchs c/o The Corporation
5314 16th Avenue, Suite 139
Brooklyn, NY 11204

Funding Gateway, Inc.
Mark Fuchs c/o File Right RA Services, LLC
330 Changebridge Road, Suite 101
Pine Brook, NJ 07058

MNS Funding, LLC
and each of its assumed names
c/o Shia Dembitzer
202 Foster Avenue, Apt. 5
Brooklyn, NY 11230

Shia Dembitzer
202 Foster Avenue, Apt. 5
Brooklyn, NY 11230

SSD Investment Group, LLC
14400 Bear Valley Rd., Space 527
Victorville, CA 92394

SSD Investment Group, LLC
c/o Natesh Singh Dole
13745 Holt Ct.
Victorville, CA 92394

World Global Fund, LLC
and each of its assumed names
c/o Shia Dembitzer
202 Foster Avenue, Apt. 5
Brooklyn, NY 11230

SSD Investment Group, LLC
Attn: Shia Dembitzer
7901 4th Street N., Suite 5765
St. Petersburg, FL 33702

WORLD GLOBAL FUND, LLC
n/k/a Glass Media, LLC
Andrew Pierce
c/o Cloud Peak Law
1095 Sugar View Drive, Suite 500
Sheridan, WY 82801

Funding Gateway, Inc.
And each of its assumed names
c/o Cloud Peak Law
1095 Sugar View Drive, Suite 500
Sheridan, WY 82801

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

77687\326325003.v1

Exhibit D
Page 62

Brian A. Paino (SBN 251243)
bpaino@hinshawlaw.com
David T. Hayek (SBN 144116)
dhayek@hinshawlaw.com
Zeeshan Iqbal (SBN 337990)
ziqbal@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone:   213-680-2800
Facsimile:   213-614-7399

Attorneys for *Defendants*
**MOISHE GUBIN and OPTIMUMBANK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.: 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP, P.C., | Chapter 11 |
| | Adv. Case No.: 8:25-ap-01105-SC |
| Debtor. | |
| RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust, | **DEFENDANT MOISHE GUBIN'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE** |
| Plaintiff, | |
| v. | |
| WORLD GLOBAL FUND, LLC, *et al.*, | |
| Defendants. | |

**PROPOUNDING PARTY:**   Plaintiff RICHARD A. MARSHACK, Trustee of

the LPG Liquidation Trust

**RESPONDING PARTY:**   Defendant MOISHE GUBIN

**SET NO.:**        One

///

///

1

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 33, defendant Moishe Gubin ("Gubin" or "Responding Party"), for himself alone and no other person, hereby responds to the Interrogatories, Set No. One, propounded by plaintiff Richard A. Marshack, Trustee of the LPG Liquidation Trust ("Trustee" or "Propounding Party"), as follows.

### PRELIMINARY STATEMENT

Responding Party has not fully completed its investigation of the facts relating to the Adversary Proceeding, the broader Bankruptcy Case, or the myriad other adversary proceedings related thereto, or completed its discovery in this action, and has not completed its preparation for arbitration and/or trial.  All of the responses contained herein are based only upon such information which is presently available to and specifically known to these responding parties.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes, and variations from the responses herein set forth.  The following responses are given without prejudice to responding parties' right to produce evidence of any subsequently discovered facts which these responding parties may later recall or discover.  Responding parties accordingly reserve the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made, at any time such changes are warranted.  The responses are made herein in a good faith effort to supply as much factual information as is presently known but should in no way be to the prejudice of responding parties in relation to further discovery, research, or analysis.

///

///

///

///

2

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

# GENERAL OBJECTIONS

1.     Responding parties object to the following definitions (identified by the same letter used in Propounding Party's Interrogatories, Set One), and each other definition or interrogatory which references one or more of the objectionable definitions, on the grounds stated below:

D. Gubin objects to the proposed definition of "You," "Your," and "Yourself," and "Defendant" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. Gubin also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33.  In an effort to advance the litigation and provide relevant information, in responding to these interrogatories, Gubin responds for itself alone and no other person or entity.

E. Gubin objects to the proposed definition of "Debtor" or "LPG" on the grounds it is overbroad and unduly burdensome in that, if taken to its

3

logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   Gubin also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33. In responding to interrogatories where either defined term is used, Gubin will respond as to LPG alone.

G. Responding Party objects to the definition of "Mr. Diab" or "Diab" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   Gubin also objects to this

4

definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33.  In responding to interrogatories where either defined term is used, Gubin will respond as to Tony Diab alone.

I. Responding Party objects to the definition of "Mr. Dembitzer" or "Dembitzer" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   Gubin also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33.  In responding to interrogatories where either defined term is used, Gubin will respond as to Mr. Shia Dembitzer alone.

J. Responding Party objects to the definition of "Mr. Gubin" or "Gubin" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule

5

26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding. Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. Gubin also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33. In responding to interrogatories where either defined term is used, Gubin will respond as to Mr. Gubin alone.

K. Responding Party objects to the definition of "World Global" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding. Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. Gubin also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party"

6

such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33.  In responding to interrogatories where either defined term is used, Gubin will respond as to World Global and identified d/b/a's thereof.

L. Responding Party objects to the definition of "OptimumBank" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.  Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.  Gubin also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33.  Gubin also objects to this definition because it attempts to combine two distinct entities, Optimum Holdings, Inc., and OptimumBank as one responding party.  As noted above with respect to the definitions in D. above, in responding to interrogatories where either defined term is used, Gubin will respond as to Gubin alone and no other person or entity.

7

MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE

2.      Gubin objects to the "Instructions," in their entirety, to the extent any instruction seeks to impose any obligation or duty not required or imposed by FRCP 33.

3.      Gubin objects to each interrogatory that calls for information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Gubin will not provide any such privileged or protected information in response to any interrogatory that seeks it.

4.      Gubin objects to each interrogatory that seeks confidential or private information regarding Responding parties and/or individuals who are not parties to this action, the disclosure of which would violate rights to privacy whether arising from federal or state law, or otherwise.

5.      Gubin objects to each interrogatory that seeks the confidential or proprietary information of Gubin, third parties, third-party shareholders, and/or any parent or subsidiary of Gubin or any corporate entity otherwise related to Gubin.

6.      Gubin objects to each interrogatory that seeks information equally available to or already in the possession of plaintiff, and thus was propounded to vex, annoy and/or harass Gubin.

7.      Gubin objects to each interrogatory that seeks information that is not relevant to the subject matter of the action and/or is not proportional to the needs of the Adversary Proceeding as required by FRCP 26(b)(1).

8.      Any information provided in response to these interrogatories is subject to any and all objections regarding competence, relevance, materiality, propriety and admissibility.  Gubin reserves these objections and any other objections not stated herein that would require the exclusion of any information, if such information is offered as evidence at any time during this action. Gubin may interpose these objections at any time prior to and during the trial of this case.

9.      Gubin makes no incidental or implied admissions by these responses. Accordingly, Neither Trustee, nor any other person, shall construe Gubin's response

8

MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE

or objection to any interrogatory as Gubin's admission that it accepts or admits the existence of any facts assumed by the interrogatory, and Trustee shall not construe Responding Party's response or objection as admissible evidence of any such assumed facts.

10. Gubin does not intend, and Trustee shall not construe, Gubin's response or objection to any interrogatory as a waiver to that interrogatory by Gubin of any part of the foregoing Preliminary Statement, General Objections or any other objections reserved herein by Gubin.

## **RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1**Error! Picture switch must be first formatting switch.**:**Error! Picture switch must be first formatting switch.

Identify all documents, evidence, and/or exhibits that You expect or intend to introduce at trial and/or any hearing in this matter, including the individuals who You believe have knowledge concerning each document, evidence, and/or exhibit and a description of their knowledge.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this interrogatory on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "You" such that, if taken to its logical end, this interrogatory would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding. Responding Party further objects to this interrogatory because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context"

9

is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. Responding Party also objects to this interrogatory as it seeks to avoid the strict 25-interrogatory limit found in FRCP 33(a)(1) by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include far more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33. Responding Party additionally objects to this interrogatory on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party likewise objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding. Responding Party further objects on the grounds this interrogatory calls for speculation.

Without waiving foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this interrogatory, Responding Party, for himself alone, responds as follows:

Gubin will use all documents identified and developed in this action which demonstrate the lack of any valid claim by the Trustee against him, as well as the absence of documents which would show, suggest or intimate Gubin engaged in any conduct for which he could be found liable.

**INTERROGATORY NO. 2**Error! Picture switch must be first formatting switch.**:**

Identify all person(s) You believe have knowledge of any event, fact, or occurrence described in the Complaint or otherwise related or relevant to this Adversary Proceeding and/or Bankruptcy Case, including the detailed information about each person's knowledge, their name, address, telephone number, and whether You intend to call the person(s) at any trial and/or hearing.

10

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit D
8:25-AP-01105-SC
Page 72

## RESPONSE TO INTERROGATORY NO. 2:

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this interrogatory on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "You" such that, if taken to its logical end, this interrogatory would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party further objects to this interrogatory because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   Responding Party also objects to this interrogatory as it seeks to avoid the strict 25-interrogatory limit found in FRCP 33(a)(1) by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include far more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33.  Responding Party additionally objects to this interrogatory on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party further objects to the extent this interrogatory seeks a response with respect to the "Bankruptcy Case" in that such information is not matter that is relevant to any party's claim or defense and proportional to the needs of the Adversary Proceeding in violation of FRCP 26(b)(1) and is therefore overbroad and unduly burdensome.  Responding Party likewise objects to this interrogatory to the extent it seeks private or confidential information protected from disclosure by one or more statutes (and regulations regarding those statutes) including, but not limited to, the

11

MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE

Exhibit D
8:25-AP-01105-SC
Page 73

Financial Right to Privacy Act of 1978, the Gramm, Leach, Bliley Act of 2001, or other federal or state law protecting the privacy and/or confidentiality of financial information maintained by federal banks. Responding Party further objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding.

Without waiving foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this interrogatory, Responding Party, for himself alone, responds as follows:

Responding Party is informed and believes there are other persons who may have information relevant to the subject matter of this action which may be called as a witness to testify thereto. Based on information and belief derived from representations made by counsel for the Trustee, those persons include Shia Dembitzer, Solomon Feig, and Tony Diab. Investigation and discovery are continuing.

**INTERROGATORY NO. 3**Error! Picture switch must be first formatting switch.**:**

Identify the name and address of each expert and lay witness You expect to call at the trial and/or any hearing in this matter and for each expert witness identified, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this interrogatory on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "You" such that, if taken to its

12

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

logical end, this interrogatory would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party further objects to this interrogatory because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. Responding Party also objects to this interrogatory as it seeks to avoid the strict 25-interrogatory limit found in FRCP 33(a)(1) by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include far more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33.  Responding Party also objects to this interrogatory because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party.  Responding Party additionally objects to this interrogatory on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding Party likewise objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding. Responding Party likewise objects on the grounds this interrogatory calls for speculation.

Without waiving foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this interrogatory, Responding Party, for himself alone, responds as follows:

Responding Party has not determined whether any expert will be necessary for

13

Exhibit D
Page 75

8:25-AP-01105-SC

77687\326321354.v1

trial in this matter.  Investigation and discovery are continuing.

**INTERROGATORY NO. 4**Error! Picture switch must be first formatting switch.**:**

Identify all account numbers for accounts owned, accessible, controlled, or otherwise related to all active defendant entities and individuals named in the Complaint including any alter ego, d/b/a, n/k/a, and former name.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding party further objects to this request to the extent it seeks information about his personal accounts at OptimumBank as such information is not relevant to the subject matter of the action nor proportional to the needs of the Adversary Proceeding and violation Responding Party's right of privacy under applicable state and federal law.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this interrogatory, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has, by design, no right to access any account at OptimumBank or to information regarding such accounts (*e.g.* account opening, transactions, etc.), save for accounts for which he is a signatory (none of which are joint accounts with any other person identified in the interrogatories or exhibits thereto).  As a result, Responding Party has no information within his possession, custody or control responsive to this interrogatory.  Responding Party is informed and believes that OptimumBank may have responsive information to the extent any defendant is the holder of an account at OptimumBank.

**INTERROGATORY NO. 5**Error! Picture switch must be first formatting switch.**:**

Identify all OptimumBank account numbers for accounts owned, accessible, controlled, or otherwise related to the following entities and/or individuals: YNS Funding LLC, Prime Logix, MCA Backoffice, MCA Backroom, Investry CP,

14

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit D
8:25-AP-01105-SC
Page 76

Solomon Feig, Shliome Feig, Malky Feig, Shia Dembitzer, Josh Dembitzer, Solomon Funding, Josh Funding, Joseph Erlich, Yu Dong, Tony Diab, Daniel Stephen March, Liyun Zhang a/k/a "Dante," LPG Processing, Secured Processing, Doc Pros, Citadel, Validation, Syed Gilani, and all accounts identified using the name Litigation Practice Group, LPG, or any variation thereof.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, and subject thereto, utilizing Responding Party's understanding of the information sought by this interrogatory, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has, by design, no right to access any individual account at OptimumBank or to information regarding such accounts (*e.g.* account opening, transactions, etc.).  As a result, Responding Party has no information within his possession, custody, or control responsive to this interrogatory.  Responding Party is informed and believes that OptimumBank may have responsive information to the extent any defendant is the holder of an account at OptimumBank.

**INTERROGATORY NO. 6**Error! Picture switch must be first formatting switch.**:**

For each account number identified in response to Plaintiff's Interrogatories, identify all owners and authorized users, present or former, including but not limited to, any associated identification information required to open or maintain the account at OptimumBank.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding party further objects to this request to the extent it seeks information about his personal accounts at OptimumBank as such information is not relevant to the subject matter of the action nor proportional to the needs of the Adversary Proceeding and violation Responding

15

Party's right of privacy under applicable state and federal law.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this interrogatory, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has, by design, no right to access any individual account at OptimumBank or to information regarding such accounts (*e.g.,* account opening, transactions, etc.).  As a result, Responding Party has no information within his possession, custody, or control responsive to this interrogatory save for accounts for which he is a signatory (none of which are joint accounts with any other person identified in the interrogatories or exhibits thereto). Responding Party is informed and believes that OptimumBank may have responsive information to the extent any defendant is the holder of an account at OptimumBank.

**INTERROGATORY NO. 7**Error! Picture switch must be first formatting switch.**:**

Identify all wire transfers from any LPG account at OptimumBank initiated by World Global, Shia Dembitzer, Solomon Feig, Coast Processing, or MNS Funding on behalf of LPG.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, and subject thereto, utilizing Responding Party's understanding of the information sought by this interrogatory, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has, by design, no right to access any individual account at OptimumBank or to information regarding such accounts (*e.g.,* account opening, transactions, etc.).  As a result, Responding Party has no information within his possession, custody, or control responsive to this interrogatory.  Responding Party is informed and believes that OptimumBank may have responsive information to the extent any defendant is the holder of an account at OptimumBank.

16

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

**INTERROGATORY NO. 8**Error! Picture switch must be first formatting switch.**:**

Identify all account owners and authorized users including, but not limited to, their name, address, and tax numbers for the following OptimumBank account numbers ending in: 9815, 0052, 8312, 7108, 3842, 1217, 5946, 8352, 5177, 6753, 8858, 4337, 9559, 5292, 9153, 2009, 4113, 9161, 3792, 3826, 3834, 8064, 3784, and 6746.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, and subject thereto, utilizing Responding Party's understanding of the information sought by this interrogatory, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has, by design, no right to access any individual account at OptimumBank or to information regarding such accounts (*e.g.,* account opening, transactions, etc.).  As a result, Responding Party has no information within his possession, custody, or control responsive to this interrogatory.  Responding Party is informed and believes that OptimumBank may have responsive information to the extent any defendant is the holder of an account at OptimumBank.

**INTERROGATORY NO. 9**Error! Picture switch must be first formatting switch.**:**

For each account number, individual, and entity identified in response to Plaintiff's Interrogatories, identify all related UCC-1 statements that were submitted to OptimumBank.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, and subject thereto, utilizing Responding Party's understanding of the information sought by this interrogatory, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has, by design,

17

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

77687\326321354.v1

no right to access any individual account at OptimumBank or to information regarding such accounts (*e.g.,* account opening, transactions, etc.).  As a result, Responding Party has no information within his possession, custody, or control responsive to this interrogatory.  Responding Party is informed and believes that OptimumBank may have responsive information to the extent any defendant is the holder of an account at OptimumBank.

**INTERROGATORY NO. 10**Error! Picture switch must be first formatting switch.**:**

Identify all documents, communications, and individuals related to, or with knowledge of, Exhibits 6, 7, and 8 of the Complaint and the underlying erroneous ACH transactions.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, and subject thereto, utilizing Responding Party's understanding of the information sought by this interrogatory, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has, by design, no right to access any individual account at OptimumBank or to information regarding such accounts (*e.g.,* account opening, transactions, etc.).  As a result, Responding Party has no information within his possession, custody, or control responsive to this interrogatory.  Responding Party is informed and believes that OptimumBank may have responsive information to the extent any defendant is the holder of an account at OptimumBank.

**INTERROGATORY NO. 11**Error! Picture switch must be first formatting switch.**:**

Identify all account numbers associated with the individuals and entities listed in the attached Exhibits A and B.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding party further

18

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

objects to this request to the extent it seeks information about his personal accounts at OptimumBank as such information is not relevant to the subject matter of the action nor proportional to the needs of the Adversary Proceeding and violation Responding Party's right of privacy under applicable state and federal law.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this interrogatory, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has, by design, no right to access any individual account at OptimumBank or to information regarding such accounts (*e.g.,* account opening, transactions, etc.).  As a result, Responding Party has no information within his possession, custody, or control responsive to this interrogatory save for accounts for which he is a signatory (none of which are joint accounts with any other person identified in the interrogatories or exhibits thereto). Responding Party is informed and believes that OptimumBank may have responsive information to the extent any defendant is the holder of an account at OptimumBank.

**INTERROGATORY NO. 12**Error! Picture switch must be first formatting switch.**:**

Identify all steps taken by You to ensure proper compliance with all regulatory requirements when opening and operating all accounts associated with all of the individuals and entities identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, and subject thereto, utilizing Responding Party's understanding of the information sought by this interrogatory, Responding Party responds as follows:

19

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

Responding Party, as Chairman of the Board of OptimumBank, has, by design, no right to access any individual account at OptimumBank or to information regarding such accounts (*e.g.,* account opening, transactions, etc.).  As a result, Responding Party did not have any specific role with respect to account opening for the individuals/entities identified in the Complaint, other than as a Board Member of OptimumBank, and as such, has a duty, as does each member of the board, to exercise general oversight of management of OptimumBank to ensure regulatory compliance and the safety and soundness of OptimumBank, which is accomplished, *inter alia*, through participation at monthly board meetings, and reviewing and analyzing reports and presentations from management of OptimumBank.

Dated: September 17, 2025                    **HINSHAW & CULBERTSON LLP**


*/s/ David T. Hayek*
BRIAN A. PAINO
DAVID T. HAYEK
ZEESHAN IQBAL

Attorneys for *Defendants* **MOISHE GUBIN, OPTIMUMBANK and OPTIMUM HOLDINGS, INC.**

20

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

## **VERIFICATION**

I, Moishe Gubin, hereby state and declare as follows:

1. I am a Defendant in this Action.

2. I have read the foregoing document and can attest that the facts stated in this document are true of my own personal knowledge, except where stated on information and belief as to which I am informed and believe them to be true.

I declare under penalty of perjury under United States law that the foregoing is true and correct.

Executed this 17th day of September, 2025, at Boca Raton, Florida.

Moishe Gubin

20

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**HINSHAW & CULBERTSON, LLP 350 S.Grand Avenue, Suite 3600, Los Angeles, CA 90071-3476**

On September 17, 2025, I served the document(s) entitled: **DEFENDANT MOISHE GUBIN'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**1**. **TO BE SERVED BY ELECTRONIC MAIL**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

- **Joseph Boufadel**   jboufadel@salvatoboufadel.com; Gsalvato@salvatoboufadel.com; gsalvato@ecf.inforuptcy.com
- **Christopher Ghio**    Christopher.Ghio@dinsmore.com; bonnie.connolly@dinsmore.com
- **Karen Hockstad**    karen.hockstad@dinsmore.com; kim.beavin@dinsmore.com
- **Ira David Kharasch**    ikharasch@pszjlaw.com
- **Yosina M Lissebeck**    Yosina.Lissebeck@Dinsmore.com; caron.burke@dinsmore.com; ayrton.celentino@dinsmore.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com; ecf.alert+Marshack@titlexi.com
- **Victoria Newmark**    vnewmark@pszjlaw.com; hdaniels@pszjlaw.com; bdassa@pszjlaw.com; hwinograd@pszjlaw.com
- **Brian A Paino**    bpaino@hinshawlaw.com; hmosothoane@hinshawlaw.com; crico@hinshawlaw.com
- **Matthew Sommer**    matthew.sommer@dinsmore.com; carrie.davis@dinsmore.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☒  Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/17/2025 | Nora Vasquez | /s/ Nora Vasquez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                      **F 9013-3.1.PROOF.SERVICE**

Funding Gateway, Inc.
Mark Fuchs c/o The Corporation
5314 16th Avenue, Suite 139
Brooklyn, NY 11204

Funding Gateway, Inc.
Mark Fuchs c/o File Right RA Services, LLC
330 Changebridge Road, Suite 101
Pine Brook, NJ 07058

MNS Funding, LLC
and each of its assumed names
c/o Shia Dembitzer
202 Foster Avenue, Apt. 5
Brooklyn, NY 11230

Shia Dembitzer
202 Foster Avenue, Apt. 5
Brooklyn, NY 11230

SSD Investment Group, LLC
14400 Bear Valley Rd., Space 527
Victorville, CA 92394

SSD Investment Group, LLC
c/o Natesh Singh Dole
13745 Holt Ct.
Victorville, CA 92394

World Global Fund, LLC
and each of its assumed names
c/o Shia Dembitzer
202 Foster Avenue, Apt. 5
Brooklyn, NY 11230

SSD Investment Group, LLC
Attn: Shia Dembitzer
7901 4th Street N., Suite 5765
St. Petersburg, FL 33702

WORLD GLOBAL FUND, LLC
n/k/a Glass Media, LLC
Andrew Pierce
c/o Cloud Peak Law
1095 Sugar View Drive, Suite 500
Sheridan, WY 82801

Funding Gateway, Inc.
And each of its assumed names
c/o Cloud Peak Law
1095 Sugar View Drive, Suite 500
Sheridan, WY 82801

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

77687\326325003.v1

# EXHIBIT
# E

## Sommer, Matthew

| | |
|---|---|
| **From:** | Sommer, Matthew |
| **Sent:** | Wednesday, September 17, 2025 8:20 PM |
| **To:** | Vasquez, Nora; jboufadel@salvatoboufadel.com; gsalvato@salvatoboufadel.com; gsalvato@ecf.inforuptcy.com; Ghio, Christopher; Connolly, Bonnie; Hockstad, Karen; Beavin, Kim; ikharash@pszjlaw.com; Lissebeck, Yosina; Burke, Caron; Celentino, Ayrton; pkraus@marshackhays.com; ecf.alert+marshack@titlexi.com; vnewmark@pxajlaw.com; hdnaiels@pszjlaw.com; bdassa@pszjlaw.com; hwinograd@pszjlaw.com; carrie.david@dinsmore.com; ustpregion16.sa.ecf@usdoj.gov; bpaino@hinshawlaw.cm; Mosothoane, Helen G.; Hayek, David T.; Rico, Carolina |
| **Subject:** | RE: Richard A. Marshack v. World Global Fund, LLC |

David,

These are not the interrogatories sent to Mr. Gubin. I will re-forward the email momentarily. Please confirm that the appropriate responses will be provided tonight.

Thanks,

Matt

**From:** Vasquez, Nora <nvasquez@hinshawlaw.com>
**Sent:** Wednesday, September 17, 2025 8:05 PM
**To:** jboufadel@salvatoboufadel.com; gsalvato@salvatoboufadel.com; gsalvato@ecf.inforuptcy.com; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>; Connolly, Bonnie <Bonnie.Connolly@Dinsmore.com>; Hockstad, Karen <Karen.Hockstad@DINSMORE.COM>; Beavin, Kim <Kim.Beavin@DINSMORE.COM>; ikharash@pszjlaw.com; Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>; Burke, Caron <Caron.Burke@DINSMORE.COM>; Celentino, Ayrton <Ayrton.Celentino@Dinsmore.com>; pkraus@marshackhays.com; ecf.alert+marshack@titlexi.com; vnewmark@pxajlaw.com; hdnaiels@pszjlaw.com; bdassa@pszjlaw.com; hwinograd@pszjlaw.com; Sommer, Matthew <Matthew.Sommer@Dinsmore.com>; carrie.david@dinsmore.com; ustpregion16.sa.ecf@usdoj.gov; bpaino@hinshawlaw.cm; Mosothoane, Helen G. <hmosothoane@hinshawlaw.com>; Hayek, David T. <dhayek@hinshawlaw.com>; Rico, Carolina <CRico@hinshawlaw.com>
**Subject:** Richard A. Marshack v. World Global Fund, LLC

Good evening,

Please find attached Defendant Moishe Gubin's responses to plaintiff's discovery requests.

Should you have difficulties opening the attachments, please do not hesitate to contact me.

Thank you,

**Nora Vasquez**
Secretary
**Hinshaw & Culbertson LLP**
350 South Grand Ave., Suite 3600, Los Angeles, CA 90071

**O:** 213-614-7328 | **F:** 213-614-7399
nvasquez@hinshawlaw.com

1

hinshawlaw.com |

 

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

# EXHIBIT

# F

Brian A. Paino (SBN 251243)
bpaino@hinshawlaw.com
David T. Hayek (SBN 144116)
dhayek@hinshawlaw.com
Zeeshan Iqbal (SBN 337990)
ziqbal@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone:     213-680-2800
Facsimile:  213-614-7399

Attorneys for *Defendants*
**MOISHE GUBIN and OPTIMUMBANK
And OPTIMUMBANK HOLDINGS, INC.**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.: 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP, P.C., | Chapter 11 |
| | Adv. Case No.: 8:25-ap-01105-SC |
| Debtor. | |
| RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust, | **DEFENDANT MOISHE GUBIN'S AMENDED RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |
| Plaintiff, | |
| v. | |
| WORLD GLOBAL FUND, LLC, *et al.*, | |
| Defendants. | |

**PROPOUNDING PARTY:     PLAINTIFF   RICHARD   A.   MARSHACK,
TRUSTEE OF THE LPG LIQUIDATION TRUST**

**RESPONDING PARTY:     DEFENDANT MOISHE GUBIN**

**SET NUMBER:     ONE**

///

1

77687\328505927.v1

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 34, defendant Moishe Gubin. ("Gubin" or "Responding Party"), for himself alone and no other person, hereby responds to the Requests for Production, Set No. One, propounded by plaintiff Richard A. Marshack, Trustee of the LPG Liquidation Trust ("Trustee" or "Propounding Party"), as follows.

## PRELIMINARY STATEMENT

Responding Party has not fully completed its investigation of the facts relating to the Adversary Proceeding, the broader Bankruptcy Case, or the myriad other adversary proceedings related thereto, or completed its discovery in this action, and has not completed its preparation for arbitration and/or trial. All of the responses contained herein are based only upon such information which is presently available to and specifically known to these responding parties. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes, and variations from the responses herein set forth. The following responses are given without prejudice to responding parties' right to produce evidence of any subsequently discovered facts which these responding parties may later recall or discover. Responding parties accordingly reserve the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made, at any time such changes are warranted. The responses are made herein in a good faith effort to supply as much factual information as is presently known but should in no way be to the prejudice of responding parties in relation to further discovery, research or analysis.

///

///

///

///

2

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

# GENERAL OBJECTIONS

1.     Responding parties object to the following definitions (identified by the same letter used in Propounding Party's Requests for Production, Set One), and each other definition or request which references one or more of the objectionable definitions, on the grounds stated below:

D.     Gubin objects to the proposed definition of "You," "Your," and "Yourself," and "Defendant" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request.

E.     Gubin objects to the proposed definition of "Debtor" or "LPG" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request.

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

77687\328505927.v1

G.    Responding Party objects to the definition of "Mr. Diab" or "Diab" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.    Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request.    In responding to requests where either defined term is used, Gubin will respond as to Tony Diab alone.

I.    Responding Party objects to the definition of "Mr. Dembitzer" or "Dembitzer" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request.    In responding to requests where either defined term is used, Gubin will respond as to Mr. Shia Dembitzer alone.

J.    Responding Party objects to the definition of "Mr. Gubin" or "Gubin" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request.   In responding to requests where either defined term is used, Gubin will respond as to Mr. Gubin alone.

K.   Responding Party objects to the definition of "World Global" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request.   In responding to requests where either defined term is used, Gubin will respond as to World Global and identified d/b/a's thereof.

L.   Responding Party objects to the definition of "OptimumBank" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Gubin further objects to this definition because it is vague and ambiguous as it

5

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request.   As noted above with respect to the definitions in D. above, in responding to requests where either defined term is used, Responding Party will respond as to itself alone and no other person or entity.

2.    Gubin objects to the "Instructions," in their entirety, to the extent any instruction seeks to impose any obligation or duty not required or imposed by FRCP 34.

3.    Gubin objects to each request that calls for information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Gubin will not provide any such privileged or protected information in response to any request that seeks it.

4.    Gubin objects to each request that seeks confidential or private information regarding Responding parties and/or individuals who are not parties to this action, the disclosure of which would violate rights to privacy whether arising form federal or state law, or otherwise.

5.    Gubin objects to each request that seeks the confidential or proprietary information of Gubin, third parties, third-party shareholders, and/or any parent or subsidiary of Gubin or any corporate entity otherwise related to Gubin.

6.    Gubin objects to each request that seeks information equally available to or already in the possession of plaintiff, and thus was propounded to vex, annoy and/or harass Gubin.

7.    Gubin objects to each request that is not proportional to the needs of the Adversary Proceeding as required by FRCP 26(b)(1).

6

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

8.  Any information provided in response to these requests is subject to any and all objections regarding competence, relevance, materiality, propriety and admissibility.  Gubin reserves these objections and any other objections not stated herein that would require the exclusion of any information, if such information is offered as evidence at any time during this action. Gubin may interpose these objections at any time prior to and during the trial of this case.

9.  Gubin makes no incidental or implied admissions by these responses. Accordingly, Neither Trustee, nor any other person, shall construe Gubin's response or objection to any request as Gubin's admission that it accepts or admits the existence of any facts assumed by the request, and Trustee shall not construe Responding Party's response or objection as admissible evidence of any such assumed facts.

10.  Gubin does not intend, and Trustee shall not construe, Gubin's response or objection to any request as a waiver to that request by Gubin of any part of the foregoing Preliminary Statement, General Objections or any other objections reserved herein by Gubin.

### RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENT
### REQUEST FOR PRODUCTION NO. 1:

Produce all documents and communications identified or related to Your responses to Plaintiff's First Set of Interrogatories.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.  Responding Party further objects to this

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

77687\328505927.v1

request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party further objects to this request on the grounds it is compound. Responding Party also objects on the grounds this request calls for speculation.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party Responds at follows:

Responding Party has not identified any documents or written communications in his responses to Plaintiff's First Set of Interrogatories. Therefore, Responding Party has no documents in his possession, custody or control responsive to this request. Investigation and discovery are continuing.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents or communications You may use or rely on in support or defense of any claim asserted in this Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "You" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding. Responding Party further objects to this

8

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding Party further objects on the grounds this request calls for speculation.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party responds as follows:

As Gubin has not determined which documents may best support his defenses to the claims asserted against him herein, Gubin refers Propounding Party to all documents produced in this adversary proceeding, by parties and third-parties who have produced documents, all of which are equally available to Propounding Party. Gubin reserves the right to refer to, introduce, or otherwise utilize any and all documents or other things in his defense against said claims.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents and communications related to all accounts identified in Plaintiff's Interrogatories, or your responses thereto, including, but not limited to, account statements, account opening documents, UCC-1 statements, and all transactional information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end,

9

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party further objects to this request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding party also objects to this request to the extent it seeks information about his personal accounts at OptimumBank, if any, as such information is not relevant to the subject matter of the action nor proportional to the needs of the Adversary Proceeding and violation Responding Party's right of privacy under applicable state and federal law. Responding Party additional objects to this interrogatory on the grounds it is vague and ambiguous in its use of the phrases "account opening documents", "UCC-1 statements", and "transactional information" so as to render a response impossible without speculation as to the meaning of those phrases. Responding Party further objects on the grounds this request calls for speculation.

Without waving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has no access to any individual account at OptimumBank or to information regarding specifics of such accounts and did not have such access at any time during the relevant time period, save for accounts for which he is a signatory (none of which are joint accounts with any other person identified in the interrogatories or exhibits thereto). As a result,

10

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Responding Party has no documents within his possession, custody or control responsive to this request. Responding Party is informed and believes that, to the extent such documents exist, OptimumBank may have such responsive documents. Investigation and discovery are continuing.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents and communications that refer or relate to Exhibits 6, 7, and 8 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party further objects to this request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding party further objects to this request to the extent it seeks information about his personal accounts at OptimumBank as such information is not relevant to the subject matter of the action nor proportional to the needs of the Adversary Proceeding and violation Responding Party's right of privacy under applicable state and federal law. Responding Party further objects on the grounds this request calls for speculation.

Without waving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has no access to any individual account at OptimumBank or to specific information regarding such

11

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

accounts and did not have such access at any time during the relevant time period, save for accounts for which he is a signatory (none of which are joint accounts with any other person identified in the interrogatories or exhibits thereto). As a result, Responding Party has no documents (other than Exhibits 6, 7 and 8 attached to the Complaint herein) within his possession, custody or control responsive to this request. Responding Party is informed and believes that, to the extent such documents exist, OptimumBank may have such responsive documents.  Investigation and discovery are continuing.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents and communications referring or related to the individuals and entities identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it seeks documents which are not relevant nor proportionate to the needs of this Adversary Proceeding. Responding Party further objects to this request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.

12

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Responding Party likewise objects to this request on the grounds it seeks documents not relevant to the subject matter of the action nor likely to lead to the discovery of admissible evidence. Responding party further objects to this request to the extent it seeks information about his personal accounts at OptimumBank as such information is not relevant to the subject matter of the action nor proportional to the needs of the Adversary Proceeding and violation Responding Party's right of privacy under applicable state and federal law.

Without waving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has no access to any individual account at OptimumBank or to information regarding such accounts and did not have such access at any time during the period January 1, 2021 to the present, save for accounts for which he is a signatory (none of which are joint accounts with any other person identified in the interrogatories or exhibits thereto). As a result, Responding Party has not identified any documents within his possession, custody or control responsive to this request relevant to the subject matter of this Adversary Proceeding. Responding Party is informed and believes that, to the extent such documents exist, OptimumBank may have such responsive documents. Investigation and discovery are continuing.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents and communications related to any ACH transfer or wire transfer involving any of the individuals and entities, including all associated accounts, identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects

13

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

77687\328505927.v1

to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party further objects to this request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party additional objects to this request on the grounds it is vague and ambiguous in its use of the phrase "associated accounts" so as to render a response impossible without speculation as to the meaning of that phrase.   Responding Party likewise objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding Party further objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding. Responding Party likewise objects to this request on the grounds it seeks documents not relevant to the subject matter of the action nor likely to lead to the discovery of admissible evidence. Responding party further objects to this request to the extent it seeks information about his personal accounts at OptimumBank as such information is not relevant to the subject matter of the action nor proportional to the needs of the Adversary Proceeding and violation Responding Party's right of privacy under applicable state and federal law.

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Without waving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has no access to any individual account at OptimumBank or to information regarding such accounts and did not have such access at any time during the period January 1, 2021 to the present, save for accounts for which he is a signatory (none of which are joint accounts with any other person identified in the interrogatories or exhibits thereto). As a result, Responding Party has no documents within his possession, custody or control responsive to this request. Responding Party is informed and believes that, to the extent such documents exist, OptimumBank may have such responsive documents. Investigation and discovery are continuing.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all communications and records sent or initiated by You regarding ACH rejections from any account identified as belonging to, accessible by, or otherwise controlled by LPG or its alter egos, d/b/a's, or affiliates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.  Responding Party further objects to this request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities

15

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

as responding parties to the request. Responding Party additional objects to this request on the grounds it is vague and ambiguous in its use of the phrase "ACH rejections" associated accounts" so as to render a response impossible without speculation as to the meaning of that phrase.  Responding Party similarly objects to this request on the grounds it is vague and ambiguous in its use of the term "records" so as to render a response impossible without speculation as to the meaning of that phrase. Responding Party likewise objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party likewise objects to this request on the grounds it seeks documents not relevant to the subject matter of the action nor likely to lead to the discovery of admissible evidence.

Without waving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has no access to any individual account at OptimumBank or to information regarding such accounts and did not have such access at any time during the relevant time period, save for accounts for which he is a signatory (none of which are joint accounts with any other person identified in the interrogatories or exhibits thereto). As a result, Responding Party has no documents within his possession, custody or control responsive to this request. Responding Party is informed and believes that, to the extent such documents exist, OptimumBank may have such responsive documents.   Investigation and discovery are continuing.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents and communications related or referring to any transaction fees charged or collected by You as a result of processing ACH

16

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

transactions for any of the individuals and entities identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party further objects to this request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party additional objects to this request on the grounds it is vague and ambiguous in its use of the phrase "associated accounts" so as to render a response impossible without speculation as to the meaning of that phrase.   Responding Party likewise objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding Party further objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding. Responding Party likewise objects to this request on the grounds it seeks documents not relevant to the subject matter of the action nor likely to lead to the discovery of admissible evidence.

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Without waving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has no access to any individual account at OptimumBank or to information regarding such accounts and did not have such access at any time during the relevant time period, save for accounts for which he is a signatory (none of which are joint accounts with any other person identified in the interrogatories or exhibits thereto). As a result, he did not collect or receive any fees associated with ACH transactions during the relevant time period. Therefore, Responding Party has no documents within his possession, custody or control responsive to this request. Responding Party is informed and believes that, to the extent such documents exist, OptimumBank may have such responsive documents. Investigation and discovery are continuing.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents and communications regarding ACH rejection rates related to all of the individuals and entities identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.  Responding Party further objects to this request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be

18

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

"appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party additional objects to this request on the grounds it is vague and ambiguous in its use of the phrase "associated accounts" so as to render a response impossible without speculation as to the meaning of that phrase.  Responding Party likewise objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding Party also objects to this request on the grounds it is vague and ambiguous in its use of the undefined phrase "rejection rates" so as to render a response thereto impossible without speculation as to the meaning of that phrase. Responding Party likewise objects to this request on the grounds it seeks documents not relevant to the subject matter of the action nor likely to lead to the discovery of admissible evidence.

Without waving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has no access to any individual account at OptimumBank or to information regarding such accounts and did not have such access at any time during the relevant time period, save for accounts for which he is a signatory (none of which are joint accounts with any other person identified in the interrogatories or exhibits thereto). As a result, Responding Party has no documents within his possession, custody or control responsive to this request. Responding Party is informed and believes that, to the extent such documents exist, OptimumBank may have such responsive documents.  Investigation and discovery are continuing.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents, communications, and account records related to the individuals and entities listed in the attached Exhibits A and B.

19

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

77687\328505927.v1

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party further objects to this request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding Party similarly objects to this request on the grounds it is vague and ambiguous in its use of the phrase "account records" so as to render a response impossible without speculation as to the meaning of that phrase. Responding Party further objects on the grounds this request calls for speculation with respect to those accounts identified in Exhibits A and B which are not accounts maintained at Bank or for which the number provided is not the complete account number, leaving Gubin to speculate as to the account to which it refers. Responding Party likewise objects to this request on the grounds it seeks documents not relevant to the subject matter of the action nor likely to lead to the discovery of admissible evidence.

Without waving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has no access to any individual account at OptimumBank or to information regarding such accounts and did not have such access at any time during the relevant time period J, save for accounts for which he is a signatory (none of which are joint accounts with any other person identified in the interrogatories or exhibits thereto).. As a result, Responding

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Party has no documents within his possession, custody or control responsive to this request relevant to the subject matter of this Adversary Proceeding. Responding Party is informed and believes that, to the extent such documents exist, OptimumBank may have such responsive documents. Investigation and discovery are continuing.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all account statements, records, and other information related to the following OptimumBank account numbers ending in: 9815, 0052, 8312, 7108, 3842, 1217, 5946, 8352, 5177, 6753, 8858, 4337, 9559, 5292, 9153, 2009, 4113, 9161, 3792, 3826, 3834, 8064, 3784, and 6746.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party further objects to this request because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party similarly objects to this request on the grounds it is vague and ambiguous in its use of the phrase "other information" so as to render a response impossible without speculation as to the meaning of that phrase. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party further objects on the grounds this request calls for speculation. Responding Party likewise objects to this request on the grounds it seeks documents not relevant to the subject matter of the action nor likely to lead to the discovery of admissible evidence.

21

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Without waving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party responds as follows:

Responding Party, as Chairman of the Board of OptimumBank, has no access to any individual account at OptimumBank or to information regarding such accounts and did not have such access at any time during the relevant time period, save for accounts for which he is a signatory (none of which are joint accounts with any other person identified in the interrogatories or exhibits thereto). As a result, Responding Party has no documents within his possession, custody or control responsive to this request. Responding Party is informed and believes that, to the extent such documents exist, OptimumBank may have such responsive documents.   Investigation and discovery are continuing.

Dated: March 10, 2026

**HINSHAW & CULBERTSON LLP**

/s/ *David T. Hayek*
BRIAN A. PAINO
DAVID T. HAYEK
ZEESHAN IQBAL
Attorneys for *Defendants* **MOISHE GUBIN, OPTIMUMBANK and OPTIMUMBANK HOLDINGS, INC.**

22

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

# CERTIFICATE OF SERVICE

## *In re The Litigation Practice Group, P.C.*

## Case No. 8:23-bk--10571-SC

## Adv. 8:25-ap-01105-SC

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 350 South Grand Ave., Suite 3600, Los Angeles, CA 90071-3476.

On **March 10, 2026**, I served the document(s) entitled **DEFENDANT MOISHE GUBIN'S AMENDED RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

## SEE ATTACHED SERVICE LIST

☒ **(BY ELECTRONIC MAIL)**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **March 10, 2026**, at Los Angeles, California.

*/s/ Nora Vasquez*
Nora Vasquez

2

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

## SERVICE LIST

- **On behalf of Plaintiff Richard Marshack (TR)**
  Christopher.Ghio@dinsmore.com
  bonnie.connolly@dinsmore.com
  karen.hockstad@dinsmore.com
  kim.beavin@dinsmore.com
  matthew.sommer@dinsmore.com
  carrie.davis@dinsmore.com
  yosina.lissebeck@dinsmore.com
  caron.burke@dinsmore.com
  ayrton.celentino@dinsmore.com
  jordan.griffith@dinsmore.com

- **Richard A Marshack (TR)**
  pkraus@marshackhays.com
  ecf.alert+Marshack@titlexi.com

- **On behalf of Defendant Slate Advance LLC**
  jboufadel@salvatoboufadel.com
  Gsalvato@salvatoboufadel.com
  gsalvato@ecf.inforuptcy.com

- **On behalf of Defendant Solomon Feig**
  michael.berger@bankrupctypower.com
  yanida.nipha@bankruptcypower.com
  michaelberger@ecf.inforupcty.com

- **On behalf of Defendant Solomon Fegi**
  vnewmark@pszjlaw.com
  hdaniels@pszjlaw.com
  bdassa@pszjlaw.com
  hwinograd@pszjlaw.com

- **On behalf of Defendant Genesis Equity Group Funding LLC**
  ikharasch@pszjlaw.com

- **On behalf of Interested Party Courtesy NEF**
  biskander@goeforlaw.com
  kmurphy@goeforlaw.com
  jfountain@goeforlaw.com

3

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

- **On behalf of Interested Party Courtesy NEF**
  ron@ronaldrichards.com
  7206828420@filings.docketbird.com

- **United States Trustee (SA)**
  ustpregion16.sa.ecf@usdoj.gov

4

**MOISHE GUBIN'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

77687\328505927.v1

Brian A. Paino (SBN 251243)
bpaino@hinshawlaw.com
David T. Hayek (SBN 144116)
dhayek@hinshawlaw.com
Zeeshan Iqbal (SBN 337990)
ziqbal@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone:    213-680-2800
Facsimile:  213-614-7399

Attorneys for *Defendants*
**MOISHE GUBIN and OPTIMUMBANK
and OPTIMUMBANK HOLDINGS, INC.**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>Debtor. | Case No.: 8:23-bk-10571-SC<br><br>Chapter 11<br><br>Adv. Case No.: 8:25-ap-01105-SC |
| RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>WORLD GLOBAL FUND, LLC, *et al.*,<br><br>Defendants. | **DEFENDANT MOISHE GUBIN'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE** |

**PROPOUNDING PARTY:    Plaintiff RICHARD A. MARSHACK, Trustee of**

**the LPG Liquidation Trust**

**RESPONDING PARTY:    Defendant MOISHE GUBIN**

**SET NO.:                One**

///

///

1

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 33, defendant Moishe Gubin ("Gubin" or "Responding Party"), for himself alone and no other person, hereby responds to the Interrogatories, Set No. One, propounded by plaintiff Richard A. Marshack, Trustee of the LPG Liquidation Trust ("Trustee" or "Propounding Party"), as follows.

## PRELIMINARY STATEMENT

Responding Party has not fully completed its investigation of the facts relating to the Adversary Proceeding, the broader Bankruptcy Case, or the myriad other adversary proceedings related thereto, or completed its discovery in this action, and has not completed its preparation for arbitration and/or trial.  All of the responses contained herein are based only upon such information which is presently available to and specifically known to these responding parties.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes, and variations from the responses herein set forth.  The following responses are given without prejudice to responding parties' right to produce evidence of any subsequently discovered facts which these responding parties may later recall or discover.  Responding parties accordingly reserve the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made, at any time such changes are warranted.  The responses are made herein in a good faith effort to supply as much factual information as is presently known but should in no way be to the prejudice of responding parties in relation to further discovery, research, or analysis.

All information provided in response to this set of interrogatories is designated as "Confidential" pursuant to the protective order applicable to this adversary proceeding, except for information which was publicly available prior to service of these responses.

2

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

## GENERAL OBJECTIONS

1.  Responding parties object to the following definitions (identified by the same letter used in Propounding Party's Interrogatories, Set One), and each other definition or interrogatory which references one or more of the objectionable definitions, on the grounds stated below:

D.  Gubin objects to the proposed definition of "You," "Your," and "Yourself," and "Defendant" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.  Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. Gubin also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33.  In an effort to advance the litigation and provide relevant information, in responding to these interrogatories, Gubin responds for itself alone and no other person or entity.

E.  Gubin objects to the proposed definition of "Debtor" or "LPG" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or

3

entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   Gubin also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33. In responding to interrogatories where either defined term is used, Gubin will respond as to LPG alone.

G. Responding Party objects to the definition of "Mr. Diab" or "Diab" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   Gubin also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by

4

MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE

77687\328505804.v1

impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33.  In responding to interrogatories where either defined term is used, Gubin will respond as to Tony Diab alone.

I. Responding Party objects to the definition of "Mr. Dembitzer" or "Dembitzer" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   Gubin also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33.  In responding to interrogatories where either defined term is used, Gubin will respond as to Mr. Shia Dembitzer alone.

J. Responding Party objects to the definition of "Mr. Gubin" or "Gubin" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary

5

Proceeding.    Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.    Gubin also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33.    In responding to interrogatories where either defined term is used, Gubin will respond as to Mr. Gubin alone.

K. Responding Party objects to the definition of "World Global" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.    Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.    Gubin also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than

6

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

77687\328505804.v1

25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33. In responding to interrogatories where either defined term is used, Gubin will respond as to World Global and identified d/b/a's thereof.

L. Responding Party objects to the definition of "OptimumBank" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding. Gubin further objects to this definition because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. Gubin also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33. Gubin also objects to this definition because it attempts to combine two distinct entities, Optimum Holdings, Inc., and OptimumBank as one responding party. As noted above with respect to the definitions in D. above, in responding to interrogatories where either defined term is used, Gubin will respond as to Gubin alone and no other person or entity.

7

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

2.    Gubin objects to the "Instructions," in their entirety, to the extent any instruction seeks to impose any obligation or duty not required or imposed by FRCP 33.

3.    Gubin objects to each interrogatory that calls for information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Gubin will not provide any such privileged or protected information in response to any interrogatory that seeks it.

4.    Gubin objects to each interrogatory that seeks confidential or private information regarding Responding parties and/or individuals who are not parties to this action, the disclosure of which would violate rights to privacy whether arising from federal or state law, or otherwise.

5.    Gubin objects to each interrogatory that seeks the confidential or proprietary information of Gubin, third parties, third-party shareholders, and/or any parent or subsidiary of Gubin or any corporate entity otherwise related to Gubin.

6.    Gubin objects to each interrogatory that seeks information equally available to or already in the possession of plaintiff, and thus was propounded to vex, annoy and/or harass Gubin.

7.    Gubin objects to each interrogatory that seeks information that is not relevant to the subject matter of the action and/or is not proportional to the needs of the Adversary Proceeding as required by FRCP 26(b)(1).

8.    Any information provided in response to these interrogatories is subject to any and all objections regarding competence, relevance, materiality, propriety and admissibility.  Gubin reserves these objections and any other objections not stated herein that would require the exclusion of any information, if such information is offered as evidence at any time during this action. Gubin may interpose these objections at any time prior to and during the trial of this case.

9.    Gubin makes no incidental or implied admissions by these responses. Accordingly, Neither Trustee, nor any other person, shall construe Gubin's response

8

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

77687\328505804.v1

or objection to any interrogatory as Gubin's admission that it accepts or admits the existence of any facts assumed by the interrogatory, and Trustee shall not construe Responding Party's response or objection as admissible evidence of any such assumed facts.

10.   Gubin does not intend, and Trustee shall not construe, Gubin's response or objection to any interrogatory as a waiver to that interrogatory by Gubin of any part of the foregoing Preliminary Statement, General Objections or any other objections reserved herein by Gubin.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**Error! Picture switch must be first formatting switch.**:**Error! Picture switch must be first formatting switch.

Identify all documents, evidence, and/or exhibits that You expect or intend to introduce at trial and/or any hearing in this matter, including the individuals who You believe have knowledge concerning each document, evidence, and/or exhibit and a description of their knowledge.

## RESPONSE TO INTERROGATORY NO. 1:

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this interrogatory on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "You" such that, if taken to its logical end, this interrogatory would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party further objects to this interrogatory because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically

9

described persons or entities as responding parties to the interrogatory. Responding Party additionally objects to this interrogatory on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party further objects on the grounds this interrogatory calls for speculation.

Without waiving the foregoing objections and subject thereto, and without waiving Responding Party's right to introduce any and all evidence in its defense to the claims herein, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

Each document produced or which may be produced by any party or third-party in this adversary proceeding, all documents identified or which may be identified by BANK in the course of its investigation of the matters alleged in this adversary proceeding which support its defenses to any claim against it herein.  Those with knowledge include the individuals and entities identified in the pleadings herein, identified in documents produced herein and those identified in testimony which is given herein, all of whom are known equally to Propounding Party.

**INTERROGATORY NO. 2**Error! Picture switch must be first formatting switch.**:**

Identify all person(s) You believe have knowledge of any event, fact, or occurrence described in the Complaint or otherwise related or relevant to this Adversary Proceeding and/or Bankruptcy Case, including the detailed information about each person's knowledge, their name, address, telephone number, and whether You intend to call the person(s) at any trial and/or hearing.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this interrogatory on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "You" such that, if taken to its logical end,

10

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

77687\328505804.v1

this interrogatory would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.  Responding Party further objects to this interrogatory because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.  Responding Party additionally objects to this interrogatory on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party likewise objects to this interrogatory to the extent it seeks private or confidential information protected from disclosure by one or more statutes (and regulations regarding those statutes) including, but not limited to, the Financial Right to Privacy Act of 1978, the Gramm, Leach, Bliley Act of 2001, or other federal or state law protecting the privacy and/or confidentiality of financial information maintained by federal banks.

Without waiving foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this interrogatory, Responding Party, for himself alone, responds as follows:

Each person identified in the pleadings in this adversary proceeding; each person identified (or who may be identified) in responses to written discovery to the Parties in this adversary proceeding, those persons identified (or who may be identified)  in documents produced by the Parties to this adversary proceeding and/or documents produced by third-parties in this adversary proceeding. Gubin is informed and believes there may be other individuals with knowledge whose identify is not yet known to Gubin.  Investigation and discovery continue.

**INTERROGATORY NO. 3**Error! Picture switch must be first formatting switch.**:**

11

MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE

Identify the name and address of each expert and lay witness You expect to call at the trial and/or any hearing in this matter and for each expert witness identified, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this interrogatory on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "You" such that, if taken to its logical end, this interrogatory would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party further objects to this interrogatory because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.  Responding Party additionally objects to this interrogatory on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party likewise objects on the grounds this interrogatory calls for speculation.

Without waiving the foregoing objections and subject thereto, and without waiving Responding Party's right to introduce any and all evidence in its defense to the claims herein, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

Responding Party has not yet determined the identity of experts or lay persons it

12

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

may call to provide opinions in this matter, nor the areas of expertise for which experts may be designated in this adversary proceeding.  Gubin will disclose this information at the appropriate time as part of a mutual exchange of such information with all parties then appearing in this adversary proceeding.

**INTERROGATORY NO. 4**Error! Picture switch must be first formatting switch.**:**

Identify all email accounts, phone numbers, social media, or any other messaging platform through which You communicated during the relevant time period.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this interrogatory on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "You" such that, if taken to its logical end, this interrogatory would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.  Responding Party further objects to this interrogatory because it is vague and ambiguous as it requires Gubin to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.  Responding Party also objects to this interrogatory on the grounds it seeks information of a personal, private nature protected from disclosure under state and federal privacy laws.

Without waiving the foregoing objections and subject thereto, and without waiving Responding Party's right to introduce any and all evidence in its defense to the claims herein, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

13

MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE

77687\328505804.v1

Phone: (219) 898-3056

E-Mail: Mgubin@optimumbank.com is the official e-mail address used by Gubin for Bank-related business.

Social Media:  Gubin has a Linkedin page under his own name.

**INTERROGATORY NO. 5**Error! Picture switch must be first formatting switch.**:**

List all job duties and titles you have held at OptimumBank.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this interrogatory on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "You" such that, if taken to its logical end, this interrogatory would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.  Responding Party also objects to this interrogatory on the grounds it is vague and ambiguous in its use of the phrases "job duties" so as to render a response impossible without speculation as to the meaning of that phrase.

Without waiving the foregoing objections and subject thereto, and without waiving Responding Party's right to introduce any and all evidence in its defense to the claims herein, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

During the relevant time period, Gubin served as Chairman of the Board.  His job duties were to manage the business affairs of BANK on behalf of all shareholders. Such duties did not include involvement in BANK's day-to-day management of accounts at BANK, transactions on those accounts or any other involvement in, or access to, such accounts, but only rarely involved communications with account holders and only where such intervention was sought by BANK employees.

**INTERROGATORY NO. 6**Error! Picture switch must be first formatting switch.**:**

14

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

Identify the date on which you first communicated with, and the nature of the communication for, each and every individual or entity identified in the Complaint.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding party further objects to this request to the extent it seeks information not relevant to the subject matter of the action nor proportional to the needs of the adversary proceeding.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this interrogatory, Responding Party responds as follows:

Gubin, recalls having met a person who identified himself as Shia Dembitzer shortly prior to the opening of the first World Global Fund, LLC account at BANK, but does not recall the specific date of that meeting.  Other than that, Gubin does not recall meeting with any other person named in the Complaint.

**INTERROGATORY NO. 7**Error! Picture switch must be first formatting switch.**:**

Identify any person with whom you communicated regarding World Global, including but not limited to World Global's processing of the ACH transactions at issue in this Adversary Proceeding and any UCC-1s received by OptimumBank related to World Global or LPG.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding party further objects to this request to the extent it seeks information not relevant to the subject matter of the action nor proportional to the needs of the adversary proceeding. Responding party also objects to this interrogatory on the grounds it is vague and ambiguous in its use of the term "UCC-1s" so as to render a response impossible without speculation as to the meaning of that term.

///

15

Exhibit F
8:25-AP-01105-SC
Page 130

///

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this interrogatory, Responding Party responds as follows:

During the relevant time period and perhaps prior thereto, Shia Dembitzer, as stated in response to interrogatory number 6 above. Gubin did not communicate with any other person regarding any ACH transfers at issue in this Adversary Proceeding, nor regarding UCC-1 statements, the latter of which, Gubin is informed and believes, were never received by BANK. Gubin may also have generally discussed accounts of World Global Fund, LLC as part of his role as Chairman of the Board if raised at board meetings or otherwise brought to his attention by BANK employees, but does not recall any specific instance of doing so.

Dated: March 10, 2026          **HINSHAW & CULBERTSON LLP**

                               */s/ David T. Hayek*
                               BRIAN A. PAINO
                               DAVID T. HAYEK
                               ZEESHAN IQBAL

                               Attorneys for *Defendants* **MOISHE GUBIN, OPTIMUMBANK** and **OPTIMUM HOLDINGS, INC.**

16

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

# CERTIFICATE OF SERVICE

## *In re The Litigation Practice Group, P.C.*

## Case No. 8:23-bk--10571-SC

## Adv. 8:25-ap-01105-SC

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 350 South Grand Ave., Suite 3600, Los Angeles, CA 90071-3476.

On **March 10, 2026**, I served the document(s) entitled **DEFENDANT MOISHE GUBIN'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

## SEE ATTACHED SERVICE LIST

☒ **(BY ELECTRONIC MAIL)**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **March 10, 2026**, at Los Angeles, California.

*/s/ Nora Vasquez*
Nora Vasquez

2

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

# SERVICE LIST

- **On behalf of Plaintiff Richard Marshack (TR)**
  Christopher.Ghio@dinsmore.com
  bonnie.connolly@dinsmore.com
  karen.hockstad@dinsmore.com
  kim.beavin@dinsmore.com
  matthew.sommer@dinsmore.com
  carrie.davis@dinsmore.com
  yosina.lissebeck@dinsmore.com
  caron.burke@dinsmore.com
  ayrton.celentino@dinsmore.com
  jordan.griffith@dinsmore.com

- **Richard A Marshack (TR)**
  pkraus@marshackhays.com
  ecf.alert+Marshack@titlexi.com

- **On behalf of Defendant Slate Advance LLC**
  jboufadel@salvatoboufadel.com
  Gsalvato@salvatoboufadel.com
  gsalvato@ecf.inforuptcy.com

- **On behalf of Defendant Solomon Feig**
  michael.berger@bankruptcypower.com
  yanida.nipha@bankruptcypower.com
  michaelberger@ecf.inforupcty.com

- **On behalf of Defendant Solomon Fegi**
  vnewmark@pszjlaw.com
  hdaniels@pszjlaw.com
  bdassa@pszjlaw.com
  hwinograd@pszjlaw.com

- **On behalf of Defendant Genesis Equity Group Funding LLC**
  ikharasch@pszjlaw.com

- **On behalf of Interested Party Courtesy NEF**
  biskander@goeforlaw.com
  kmurphy@goeforlaw.com
  jfountain@goeforlaw.com

3

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

77687\328505804.v1

- **On behalf of Interested Party Courtesy NEF**
  ron@ronaldrichards.com
  7206828420@filings.docketbird.com

- **United States Trustee (SA)**
  ustpregion16.sa.ecf@usdoj.gov

4

**MOISHE GUBIN'S RESPONSES TO INTERROGATORIES, SET ONE**

77687\328505804.v1

# EXHIBIT
# G

## Sommer, Matthew

| | |
|---|---|
| **From:** | Hayek, David T. <dhayek@hinshawlaw.com> |
| **Sent:** | Monday, May 18, 2026 3:53 AM |
| **To:** | Sommer, Matthew; Hockstad, Karen; Griffith, Jordan; Ghio, Christopher |
| **Subject:** | Marshack v. World Global et al | HC Ref: 1086082 | Gubin Amended responses to discovery |
| **Attachments:** | 2026 0310 Moishe Gubin's Amended Responses to Interrogatories Set One.pdf; 2026 0310 Moishe Gubin's Amended Responses to RFPD Set One.pdf |

Counsel,

Attached please find the amended responses of Mr. Gubin to Interrogatories, Set One and Requests for Production, Set One from March 10, 2026.

Best,

David

**David Hayek**
Partner
**Hinshaw & Culbertson LLP**
350 South Grand Ave., Suite 3600, Los Angeles, CA 90071

**O:** 213-614-7305 | **F:** 213-614-7399
dhayek@hinshawlaw.com

*Admitted only in California*

My Bio | hinshawlaw.com | in f X ⊙



Proudly
**MANSFIELD RULE
CERTIFIED** *PLUS*

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

1

# EXHIBIT
# H

## Sommer, Matthew

| | |
|---|---|
| **From:** | Sommer, Matthew |
| **Sent:** | Wednesday, May 20, 2026 10:36 AM |
| **To:** | Hayek, David T.; Hockstad, Karen; Griffith, Jordan; Ghio, Christopher |
| **Subject:** | RE: Marshack v. World Global et al \| HC Ref: 1086082 \| Gubin Amended responses to discovery |
| **Attachments:** | 2025- - Moishe Gubin - Requests for Production of Documents(63487583.1).pdf; Moishe Gubin's Amended Responses to RFPD Set One.pdf; 2026 0310 Moishe Gubin's Amended Responses to RFPD Set One.pdf |

David,

In addition to the Bates numbers for the policies and procedures and the account information, Gubin's Amended Responses to the Requests for Production of Documents are still not responding to the correct discovery requests. Attached are the requests sent, the responses provided in March, and the responses provided on Monday. This is inexcusable.

Let me know when you are done with trial for the day so we can discuss. This cannot wait any longer.

Please also respond to this email with your consent to the appointment of a discovery referee.

Matt

**From:** Hayek, David T. <dhayek@hinshawlaw.com>
**Sent:** Wednesday, May 20, 2026 10:21 AM
**To:** Sommer, Matthew <Matthew.Sommer@Dinsmore.com>; Hockstad, Karen <Karen.Hockstad@DINSMORE.COM>; Griffith, Jordan <Jordan.Griffith@Dinsmore.com>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>
**Subject:** Re: Marshack v. World Global et al | HC Ref: 1086082 | Gubin Amended responses to discovery

Matt,
Unfortunately , this trial continues to drag on. I'm hoping it will be concluded on Friday,  but that may be wishful thinking.

I did see you provided the  account numbers and I have provided those to the bank and hope to have an update within the next twenty four hours.

I'll do my best to provide the Bates numbers on the procedures after court today.

**David Hayek**
Partner
**Hinshaw & Culbertson LLP**
350 South Grand Ave., Suite 3600, Los Angeles, CA 90071

**O:** 213-614-7305 | **F:** 213-614-7399
dhayek@hinshawlaw.com

*Admitted only in California*

My Bio | hinshawlaw.com | in f X ⊙

1



Proudly
**MANSFIELD RULE
CERTIFIED** *PLUS*

---

**From:** Sommer, Matthew <Matthew.Sommer@Dinsmore.com>
**Sent:** Tuesday, May 19, 2026 9:20:37 AM
**To:** Hayek, David T. <dhayek@hinshawlaw.com>; Hockstad, Karen <Karen.Hockstad@DINSMORE.COM>; Griffith, Jordan <Jordan.Griffith@Dinsmore.com>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>
**Subject:** RE: Marshack v. World Global et al | HC Ref: 1086082 | Gubin Amended responses to discovery

David,

You were going to provide the bates numbers for the policies and procedures, along with the contracts between Optimum and the various other banks with respect to ACH transfers. Please let us know where you stand on this.

Thanks,

Matt

---

**From:** Sommer, Matthew
**Sent:** Tuesday, May 19, 2026 11:58 AM
**To:** Hayek, David T. <dhayek@hinshawlaw.com>; Hockstad, Karen <Karen.Hockstad@DINSMORE.COM>; Griffith, Jordan <Jordan.Griffith@Dinsmore.com>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>
**Subject:** RE: Marshack v. World Global et al | HC Ref: 1086082 | Gubin Amended responses to discovery

David,

Attached are the full account numbers. Again, we are missing not only statements with complete transaction history but in most instances the opening account documents, risk rating worksheets, ACH return ratio reports, and customer relationship profiles.

Thanks,

Matt

---

**From:** Hayek, David T. <dhayek@hinshawlaw.com>
**Sent:** Monday, May 18, 2026 3:53 AM
**To:** Sommer, Matthew <Matthew.Sommer@Dinsmore.com>; Hockstad, Karen <Karen.Hockstad@DINSMORE.COM>; Griffith, Jordan <Jordan.Griffith@Dinsmore.com>; Ghio, Christopher <Christopher.Ghio@Dinsmore.com>
**Subject:** Marshack v. World Global et al | HC Ref: 1086082 | Gubin Amended responses to discovery

Counsel,

Attached please find the amended responses of Mr. Gubin to Interrogatories, Set One and Requests for Production, Set One from March 10, 2026.

Best,

2

David

**David Hayek**
Partner
**Hinshaw & Culbertson LLP**
350 South Grand Ave., Suite 3600, Los Angeles, CA 90071

**O:** 213-614-7305 | **F:** 213-614-7399
dhayek@hinshawlaw.com

*Admitted only in California*

My Bio | hinshawlaw.com | in f X 



Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

---

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

3

# EXHIBIT
# I

Exhibit I
Page 141

Brian A. Paino (SBN 251243)
bpaino@hinshawlaw.com
David T. Hayek (SBN 144116)
dhayek@hinshawlaw.com
Zeeshan Iqbal (SBN 337990)
ziqbal@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone: 213-680-2800
Facsimile: 213-614-7399

Attorneys for *Defendants*
**MOISHE GUBIN and OPTIMUMBANK**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>Debtor. | Case No.: 8:23-bk-10571-SC<br><br>Chapter 11<br><br>Adv. Case No.: 8:25-ap-01105-SC |
| RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>WORLD GLOBAL FUND, LLC, *et al.*,<br><br>Defendants. | **DEFENDANT OPTIMUMBANK'S AMENDED RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE** |

**PROPOUNDING PARTY:   PLAINTIFF RICHARD A. MARSHACK,**

**TRUSTEE OF THE LPG LIQUIDATION TRUST**

**RESPONDING PARTY:   DEFENDANT OPTIMUMBANK**

**SET NO.:   ONE**

///

///

1

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
8:25-AP-01105-SC
Page 142

Pursuant to Federal Rule of Civil Procedure ("FRCP") 33, defendant OptimumBank ("BANK" or "Responding Party"), for itself alone and no other person, hereby responds to the Interrogatories, Set No. One, propounded by plaintiff Richard A. Marshack, Trustee of the LPG Liquidation Trust ("Trustee" or "Propounding Party"), as follows.

## PRELIMINARY STATEMENT

Responding Party has not fully completed its investigation of the facts relating to the Adversary Proceeding, the broader Bankruptcy Case, or the myriad other adversary proceedings related thereto, or completed its discovery in this action, and has not completed its preparation for arbitration and/or trial. All of the responses contained herein are based only upon such information which is presently available to and specifically known to these responding parties. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes, and variations from the responses herein set forth. The following responses are given without prejudice to responding parties' right to produce evidence of any subsequently discovered facts which these responding parties may later recall or discover. Responding parties accordingly reserve the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made, at any time such changes are warranted. The responses are made herein in a good faith effort to supply as much factual information as is presently known but should in no way be to the prejudice of responding parties in relation to further discovery, research or analysis.

All information provided in response to this set of interrogatories is designated as "Confidential" pursuant to the protective order applicable to this adversary proceeding, except for information which was publicly available prior to service of these responses.

2

OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE

77687\328498235.v1

# GENERAL OBJECTIONS

1.    Responding parties object to the following definitions (identified by the same letter used in Propounding Party's Interrogatories, Set One), and each other definition or interrogatory which references one or more of the objectionable definitions, on the grounds stated below:

D. BANK objects to the proposed definition of "You," "Your," and "Yourself," and "Defendant" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   BANK further objects to this definition because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. BANK also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33.  BANK also objects to this definition because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. In an effort to advance the litigation and provide relevant information, in responding to these interrogatories, BANK responds for itself alone and no other person or entity.   Optimum Holdings, Inc. will separate respond to these interrogatories for itself alone.

3

Exhibit I
8:25-AP-01105-SC
Page 144

E. BANK objects to the proposed definition of "Debtor" or "LPG" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   BANK further objects to this definition because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   BANK also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33.  In responding to interrogatories where either defined term is used, BANK will respond as to LPG alone.

G. Responding Party objects to the definition of "Mr. Diab" or "Diab" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   BANK further objects to this definition because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a

4

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

77687\328498235.v1

multitude of other generically described persons or entities as responding parties to the interrogatory.   BANK also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33.  In responding to interrogatories where either defined term is used, BANK will respond as to Tony Diab alone.

I. Responding Party objects to the definition of "Mr. Dembitzer" or "Dembitzer" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.    BANK further objects to this definition because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   BANK also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33.  In responding to interrogatories where either defined term is used, BANK will respond as to Mr. Shia Dembitzer alone.

J. Responding Party objects to the definition of "Mr. Gubin" or "Gubin" on the grounds it is overbroad and unduly burdensome in that, if taken

5

to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.    BANK further objects to this definition because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.    BANK also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33.  In responding to interrogatories where either defined term is used, BANK will respond as to Mr. Gubin alone.

K. Responding Party objects to the definition of "World Global" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.    BANK further objects to this definition because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.    BANK also objects to this

6

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
8:25-AP-01105-SC
Page 147

definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33. In responding to interrogatories where either defined term is used, BANK will respond as to World Global and identified d/b/a's thereof.

L. Responding Party objects to the definition of "OptimumBank" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.  BANK further objects to this definition because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.  BANK also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33.  BANK also objects to this definition because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party.  As noted above with respect to the definitions in D. above, in responding to interrogatories where

7

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
8:25-AP-01105-SC
Page 148

77687\328498235.v1

either defined term is used, BANK will respond as to BANK alone and no other person or entity.

2. BANK objects to Interrogatories, Set One, propounded by Trustee on the grounds it identifies two separate and distinct persons as responding parties, from which it seeks a response, in contravention of the plain language of FRCP 33, and are therefore improper. However, in the spirit of cooperation and to advance the litigation, BANK and Optimum Holdings, Inc. will each separately respond to the Trustee's Interrogatories, Set One, each for itself alone and for no other person or entity.

3. BANK objects to the "Instructions," in their entirety, to the extent any instruction seeks to impose any obligation or duty not required or imposed by FRCP 33.

4. BANK objects to each interrogatory that calls for information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. BANK will not provide any such privileged or protected information in response to any interrogatory that seeks it.

5. BANK objects to each interrogatory that seeks confidential or private information regarding Responding parties and/or individuals who are not parties to this action, the disclosure of which would violate rights to privacy whether arising form federal or state law, or otherwise.

6. BANK objects to each interrogatory that seeks the confidential or proprietary information of BANK, third parties, third-party shareholders, and/or any parent or subsidiary of BANK or any corporate entity otherwise related to BANK.

7. BANK objects to each interrogatory that seeks information equally available to or already in the possession of plaintiff, and thus was propounded to vex, annoy and/or harass BANK.

8. BANK objects to each interrogatory that is not proportional to the needs of the Adversary Proceeding as required by FRCP 26(b)(1).

8

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
8:25-AP-01105-SC
Page 149

9.    Any information provided in response to these interrogatories is subject to any and all objections regarding competence, relevance, materiality, propriety and admissibility.  BANK reserves these objections and any other objections not stated herein that would require the exclusion of any information, if such information is offered as evidence at any time during this action. BANK may interpose these objections at any time prior to and during the trial of this case.

10.   BANK make no incidental or implied admissions by these responses. Accordingly, Neither Trustee, nor any other person, shall construe BANK's response or objection to any interrogatory as BANK's admission that it accepts or admits the existence of any facts assumed by the interrogatory, and Trustee shall not construe Responding Party's response or objection as admissible evidence of any such assumed facts.

11.   BANK does not intend, and Trustee shall not construe, BANK's response or objection to any interrogatory as a waiver to that interrogatory by BANK of any part of the foregoing Preliminary Statement, General Objections or any other objections reserved herein by BANK.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**Error! Picture switch must be first formatting switch.**:**Error! Picture switch must be first formatting switch.

Identify all documents, evidence, and/or exhibits that You expect or intend to introduce at trial and/or any hearing in this matter, including the individuals who You believe have knowledge concerning each document, evidence, and/or exhibit and a description of their knowledge.

**AMENDED RESPONSE TO INTERROGATORY NO. 1:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this interrogatory on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "You" such that, if taken to its logical end,

9

Exhibit I
8:25-AP-01105-SC
Page 150

77687\328498235.v1

this interrogatory would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.  Responding Party further objects to this interrogatory because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.  Responding Party additionally objects to this interrogatory on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party further objects on the grounds this interrogatory calls for speculation.

Without waiving the foregoing objections and subject thereto, and without waiving Responding Party's right to introduce any and all evidence in its defense to the claims herein, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

Each document produced or which may be produced by any party or third-party in this adversary proceeding, all documents identified or which may be identified by BANK in the course of its investigation of the matters alleged in this adversary proceeding which support its defenses to any claim against it herein.  Those with knowledge include the individuals and entities identified in the pleadings herein, identified in documents produced herein and those identified in testimony which is given herein, all of whom are known equally to Propounding Party.

**INTERROGATORY NO. 2**Error! Picture switch must be first formatting switch.**:**

Identify all person(s) You believe have knowledge of any event, fact, or occurrence described in the Complaint or otherwise related or relevant to this Adversary Proceeding and/or Bankruptcy Case, including the detailed information

10

about each person's knowledge, their name, address, telephone number, and whether You intend to call the person(s) at any trial and/or hearing.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this interrogatory on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "You" such that, if taken to its logical end, this interrogatory would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party further objects to this interrogatory because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   Responding Party also objects to this interrogatory because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additionally objects to this interrogatory on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.

Without waiving the foregoing objections and subject thereto, and without waiving Responding Party's right to introduce any and all evidence in its defense to the claims herein, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

Each person identified in the pleadings in this adversary proceeding; each person identified (or who may be identified) in responses to written discovery to the Parties in this adversary proceeding, those persons identified (or who may be identified)  in documents produced by the Parties to this adversary proceeding and/or documents

11

produced by third-parties in this adversary proceeding. BANK is informed and believes there may be other individuals with knowledge whose identify is not yet known to BANK. Investigation and discovery continue.

**INTERROGATORY NO. 3**Error! Picture switch must be first formatting switch.**:**

Identify the name and address of each expert and lay witness You expect to call at the trial and/or any hearing in this matter and for each expert witness identified, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this interrogatory on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "You" such that, if taken to its logical end, this interrogatory would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.  Responding Party further objects to this interrogatory because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. Responding Party also objects to this interrogatory because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party.  Responding Party additionally objects to this interrogatory on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party likewise objects on the grounds this interrogatory calls

12

for speculation.

Without waiving the foregoing objections and subject thereto, and without waiving Responding Party's right to introduce any and all evidence in its defense to the claims herein, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

Responding Party has not yet determined the identity of experts or lay persons it may call to provide opinions in this matter, nor the areas of expertise for which experts may be designated in this adversary proceeding. BANK will disclose this information at the appropriate time as part of a mutual exchange of such information with all parties then appearing in this adversary proceeding.

**INTERROGATORY NO. 4**Error! Picture switch must be first formatting switch.**:**

Identify all account numbers for accounts owned, accessible, controlled, or otherwise related to all active defendant entities and individuals named in the Complaint including any alter ego, d/b/a, n/k/a, and former name.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, BANK further objects to the extent this interrogatory seeks information regarding accounts in financial institutions other than BANK as to which BANK lacks personal knowledge. Responding Party also objects to this interrogatory on the grounds it is compound.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

The information sought by this request would require BANK to review and analyze information contained in documents previously produced to Propounding Party by BANK and the burden of conducting such a review would be equal as between BANK and Propounding Party. Therefore, pursuant to Rule 33(d), BANK refers Propounding Party to account related documents previously produced and

Exhibit I
8:25-AP-01105-SC
Page 154

identified in an index which will be provided with these responses as to those accounts maintained at BANK.

**INTERROGATORY NO. 5**Error! Picture switch must be first formatting switch.**:**

Identify all OptimumBank account numbers for accounts owned, accessible, controlled, or otherwise related to the following entities and/or individuals: YNS Funding LLC, Prime Logix, MCA Backoffice, MCA Backroom, Investry CP, Solomon Feig, Shliome Feig, Malky Feig, Shia Dembitzer, Josh Dembitzer, Solomon Funding, Josh Funding, Joseph Erlich, Yu Dong, Tony Diab, Daniel Stephen March, Liyun Zhang a/k/a "Dante," LPG Processing, Secured Processing, Doc Pros, Citadel, Validation, Syed Gilani, and all accounts identified using the name Litigation Practice Group, LPG, or any variation thereof.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, BANK further objects to the extent this interrogatory seeks information regarding accounts in financial institutions other than BANK as to which BANK lacks personal knowledge. Responding Party also objects to this interrogatory on the grounds it is compound.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

The information sought by this request would require BANK to review and analyze information contained in documents previously produced to Propounding Party by BANK and the burden of conducting such a review would be equal as between BANK and Propounding Party.  Therefore, pursuant to Rule 33(d), BANK refers Propounding Party to account related documents previously produced and identified in an index which will be provided with these responses as to those accounts maintained at BANK.

**INTERROGATORY NO. 6**Error! Picture switch must be first formatting switch.**:**

14

For each account number identified in response to Plaintiff's Interrogatories, identify all owners and authorized users, present or former, including but not limited to any associated identification information required to open or maintain the account at OptimumBank.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, BANK further objects to the extent this interrogatory seeks information regarding accounts in financial institutions other than BANK as to which BANK lacks personal knowledge. Responding Party also objects to this interrogatory on the grounds it is compound.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

The information sought by this request would require BANK to review and analyze information contained in documents previously produced to Propounding Party by BANK and the burden of conducting such a review would be equal as between BANK and Propounding Party.  Therefore, pursuant to Rule 33(d), BANK refers Propounding Party to account related documents previously produced and identified in an index which will be provided with these responses as to those accounts maintained at BANK.

**INTERROGATORY NO. 7**Error! Picture switch must be first formatting switch.**:**

Identify all wire transfers from any LPG account at OptimumBank initiated by World Global, Shia Dembitzer, Solomon Feig, Coast Processing, or MNS Funding on behalf of LPG.

///

///

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the general objections stated above, which are incorporated herein

15

77687\328498235.v1

by this reference as though each was fully set forth hereat, BANK further objects to the extent this interrogatory seeks information regarding accounts in financial institutions other than BANK as to which BANK lacks personal knowledge. Responding Party also objects to this interrogatory on the grounds it is compound.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

After a diligent search and reasonable inquiry, BANK has not identified any account at BANK maintained by Litigation Practice Group, LLC and therefore has no wire transfers into or out of such non-existent accounts.

**INTERROGATORY NO. 8**Error! Picture switch must be first formatting switch.**:**

Identify all account owners and authorized users including, but not limited to, their name, address, and tax numbers for the following OptimumBank account numbers ending in: 9815, 0052, 8312, 7108, 3842, 1217, 5946, 8352, 5177, 6753, 8858, 4337, 9559, 5292, 9153, 2009, 4113, 9161, 3792, 3826, 3834, 8064, 3784, and 6746.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, BANK further objects to the extent this interrogatory seeks information regarding accounts in financial institutions other than BANK as to which BANK lacks personal knowledge. Responding Party also objects to this interrogatory on the grounds it is compound.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

The information sought by this request would require BANK to review and analyze information contained in documents previously produced to Propounding Party by BANK and the burden of conducting such a review would be equal as

16

between BANK and Propounding Party.  Therefore, pursuant to Rule 33(d), BANK refers Propounding Party to account related documents previously produced and identified in an index which will be provided with these responses as to those accounts maintained at BANK.

**INTERROGATORY NO. 9**Error! Picture switch must be first formatting switch.**:**

For each account number, individual, and entity identified in response to Plaintiff's Interrogatories, identify all related UCC-1 statements that were submitted to OptimumBank.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party further objects to this interrogatory on the grounds it seeks information which is not relevant to the matters raised in the action nor proportionate to the needs of this Adversary Proceeding and therefore violates FRCP 26(b)(1), as to those accounts, individuals, entities who are holders or authorized signatories on accounts identified in this interrogatory who are not identified in any allegation of the Complaint as having any involvement in any of the actions alleged therein.  Responding Party also objects to this interrogatory on the grounds it is vague and ambiguous in its use of the phrase "related UCC-1 Statements" and the term "submitted" so as to render a response impossible without speculation as to the meaning of that phrase or term. Responding Party additionally objects to this interrogatory on the grounds it invades the privacy of individuals who are not identified in the Complaint.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

After a diligent search and reasonable inquiry, BANK has not identified any UCC-1 statement submitted to BANK on any account identified in this interrogatory.

**INTERROGATORY NO. 10**Error! Picture switch must be first formatting switch.**:**

17

Identify all documents, communications, and individuals related to, or with knowledge of, Exhibits 6, 7, and 8 of the Complaint and the underlying erroneous ACH transactions.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this interrogatory on the grounds it is in excess of the maximum number of interrogatories permitted pursuant to FRCP 33(a)(1) and is therefore unduly burdensome, oppressive and harassing. Responding Party additionally objects to this interrogatory on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine. Responding Party additional objects to this interrogatory on the grounds it is vague and ambiguous in its use of the phrase "related to" so as to render a response impossible without speculation as to the meaning of that phrase.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

Amelia Alfonso, ACH/Operations Specialist, who may be contacted, but not served, through counsel for BANK; "Dante," contact information unknown. BANK is informed and believes there may be other persons who have personal knowledge regarding the referenced facts, but whose name and contact information are unknown to BANK. Discovery and investigation continue.

**INTERROGATORY NO. 11**Error! Picture switch must be first formatting switch.**:**

Identify all account numbers associated with the individuals and entities listed in the attached Exhibits A and B.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party

18

OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE

objects to this interrogatory on the grounds it is in excess of the maximum number of interrogatories permitted pursuant to FRCP 33(a)(1) and is therefore unduly burdensome, oppressive and harassing. Responding Party further objects to this interrogatory on the grounds it seeks information which is not relevant to the matters raised in the action nor proportionate to the needs of this Adversary Proceeding and therefore violates FRCP 26(b)(1), as to those accounts, individuals, entities who are holders or authorized signatories on accounts identified in this interrogatory who are not identified in any allegation of the Complaint as having any involvement in any of the actions alleged therein.  Responding Party additionally objects to this interrogatory on the grounds it invades the privacy of individuals who are not identified in the Complaint.  Responding Party further objects to this interrogatory on the grounds it is duplicative of prior interrogatories and is therefor unduly burdensome, oppressive and harassing.  Responding Party also objects to this interrogatory to the extent it seeks information about accounts at financial institutions other than Bank as such information is equally available to Propounding Party and is therefore unduly burdensome.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

The information sought by this request would require BANK to review and analyze information contained in documents previously produced to Propounding Party by BANK and the burden of conducting such a review would be equal as between BANK and Propounding Party.  Therefore, pursuant to Rule 33(d), BANK refers Propounding Party to account related documents previously produced and identified in an index which will be provided with these responses as to those accounts maintained at BANK.

**INTERROGATORY NO. 12**Error! Picture switch must be first formatting switch.**:**

Identify all steps taken by You to ensure proper compliance with all regulatory

19

requirements when opening and operating all accounts associated with all of the individuals and entities identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this interrogatory on the grounds it is in excess of the maximum number of interrogatories permitted pursuant to FRCP 33(a)(1) and is therefore unduly burdensome, oppressive and harassing. Responding Party further objects to this interrogatory on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "You" such that, if taken to its logical end, this interrogatory would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party also objects to this interrogatory because it is vague and ambiguous in its use of the undefined terms "steps," "operating" and "accounts" so as to render a response impossible without speculation as to the meaning of that term.  Responding Party also objects to this interrogatory on the grounds it seeks information which is not relevant to the matters raised in the action nor proportionate to the needs of this Adversary Proceeding and therefore violates FRCP 26(b)(1), as to those individuals/entities included within the ambit of this interrogatory not identified in any allegation of the Complaint as having any involvement in any of the actions alleged therein. Responding Party additionally objects to this interrogatory on the grounds it invades the privacy of individuals who are not identified in the Complaint.  Responding Party likewise objects to this interrogatory on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and seeks confidential, proprietary information and trade secrets.

Without waiving the foregoing objections and subject thereto, utilizing

20

Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

The information sought by this request would require BANK to review and analyze information contained in documents previously produced to Propounding Party by BANK and the burden of conducting such a review would be equal as between BANK and Propounding Party.  Therefore, pursuant to Rule 33(d), BANK refers Propounding Party to those documents previously produced in response to Propounding Party's Request for Production, Set Two, request number 16. In addition, BANK maintains a position of Bank Secrecy Officer (pursuant to the Bank Secrecy Act ["BSA"], 31 USC 5311 et seq.) which, during the relevant time period, was Sherrie Himes.

Dated: March 10, 2026                    **HINSHAW & CULBERTSON LLP**

*/s/ David T. Hayek*
BRIAN A. PAINO
DAVID T. HAYEK
ZEESHAN IQBAL
Attorneys for *Defendants* **MOISHE GUBIN, OPTIMUMBANK and OPTIMUMBANK**

21

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
8:25-AP-01105-SC
Page 162

# CERTIFICATE OF SERVICE

## *In re The Litigation Practice Group, P.C.*

## Case No. 8:23-bk--10571-SC

## Adv. 8:25-ap-01105-SC

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 350 South Grand Ave., Suite 3600, Los Angeles, CA 90071-3476.

On **March 10, 2026**, I served the document(s) entitled **DEFENDANT OPTIMUMBANK'S AMENDED RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

## SEE ATTACHED SERVICE LIST

☒ **(BY ELECTRONIC MAIL)**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **March 10, 2026**, at Los Angeles, California.

*/s/ Nora Vasquez*
Nora Vasquez

---

22

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

77687\328498235.v1

# SERVICE LIST

- **On behalf of Plaintiff Richard Marshack (TR)**
  Christopher.Ghio@dinsmore.com
  bonnie.connolly@dinsmore.com
  karen.hockstad@dinsmore.com
  kim.beavin@dinsmore.com
  matthew.sommer@dinsmore.com
  carrie.davis@dinsmore.com
  yosina.lissebeck@dinsmore.com
  caron.burke@dinsmore.com
  ayrton.celentino@dinsmore.com
  jordan.griffith@dinsmore.com

- **Richard A Marshack (TR)**
  pkraus@marshackhays.com
  ecf.alert+Marshack@titlexi.com

- **On behalf of Defendant Slate Advance LLC**
  jboufadel@salvatoboufadel.com
  Gsalvato@salvatoboufadel.com
  gsalvato@ecf.inforuptcy.com

- **On behalf of Defendant Solomon Feig**
  michael.berger@bankruptcypower.com
  yanida.nipha@bankruptcypower.com
  michaelberger@ecf.inforupcty.com

- **On behalf of Defendant Solomon Fegi**
  vnewmark@pszjlaw.com
  hdaniels@pszjlaw.com
  bdassa@pszjlaw.com
  hwinograd@pszjlaw.com

- **On behalf of Defendant Genesis Equity Group Funding LLC**
  ikharasch@pszjlaw.com

- **On behalf of Interested Party Courtesy NEF**
  biskander@goeforlaw.com
  kmurphy@goeforlaw.com
  jfountain@goeforlaw.com

23

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 164
8:25-AP-01105-SC

77687\328498235.v1

- **On behalf of Interested Party Courtesy NEF**
  ron@ronaldrichards.com
  7206828420@filings.docketbird.com

- **United States Trustee (SA)**
  ustpregion16.sa.ecf@usdoj.gov

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
8:25-AP-01105-SC
Page 165

77687\328498235.v1

Brian A. Paino (SBN 251243)
bpaino@hinshawlaw.com
David T. Hayek (SBN 144116)
dhayek@hinshawlaw.com
Zeeshan Iqbal (SBN 337990)
ziqbal@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone:    213-680-2800
Facsimile:  213-614-7399

Attorneys for *Defendants*
**MOISHE GUBIN and OPTIMUMBANK**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>        Debtor. | Case No.: 8:23-bk-10571-SC<br><br>Chapter 11<br><br>Adv. Case No.: 8:25-ap-01105-SC |
| RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust,<br><br>        Plaintiff,<br><br>     v.<br><br>WORLD GLOBAL FUND, LLC, *et al.*,<br><br>        Defendants. | **DEFENDANT OPTIMUMBANK'S AMENDED RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |

**PROPOUNDING PARTY:    PLAINTIFF    RICHARD    A.    MARSHACK,**

**TRUSTEE OF THE LPG LIQUIDATION TRUST**

**RESPONDING PARTY:    DEFENDANT OPTIMUMBANK**

**SET NUMBER:        ONE**

///

///

1

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 166

Pursuant to Federal Rule of Civil Procedure ("FRCP") 34, defendant OptimumBank ("BANK" or "Responding Party"), for itself alone and no other person, hereby responds to the Requests for Production, Set No. One, propounded by plaintiff Richard A. Marshack, Trustee of the LPG Liquidation Trust ("Trustee" or "Propounding Party"), as follows.

## PRELIMINARY STATEMENT

Responding Party has not fully completed its investigation of the facts relating to the Adversary Proceeding, the broader Bankruptcy Case, or the myriad other adversary proceedings related thereto, or completed its discovery in this action, and has not completed its preparation for arbitration and/or trial. All of the responses contained herein are based only upon such information which is presently available to and specifically known to these responding parties. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes, and variations from the responses herein set forth. The following responses are given without prejudice to responding parties' right to produce evidence of any subsequently discovered facts which these responding parties may later recall or discover. Responding parties accordingly reserve the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made, at any time such changes are warranted. The responses are made herein in a good faith effort to supply as much factual information as is presently known but should in no way be to the prejudice of responding parties in relation to further discovery, research or analysis.

All information provided in response to this set of interrogatories is designated as "Confidential" pursuant to the protective order applicable to this adversary proceeding, except for information which was publicly available prior to service of these responses.

2

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

## GENERAL OBJECTIONS

1.   Responding parties object to the following definitions (identified by the same letter used in Propounding Party's Requests for Production, Set One), and each other definition or request which references one or more of the objectionable definitions, on the grounds stated below:

D. BANK objects to the proposed definition of "You," "Your," and "Yourself," and "Defendant" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   BANK further objects to this definition because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. BANK also objects to this definition because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party.   In an effort to advance the litigation and provide relevant information, in responding to these requests, BANK responds for itself alone and no other person or entity.   Optimum Holdings, Inc. will separately respond to these requests for itself alone.

E. BANK objects to the proposed definition of "Debtor" or "LPG" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1)

3

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 168

because it is not proportionate to the needs of this Adversary Proceeding.   BANK further objects to this definition because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.

G. Responding Party objects to the definition of "Mr. Diab" or "Diab" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   BANK further objects to this definition because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   In responding to requests where either defined term is used, BANK will respond as to Tony Diab alone.

I. Responding Party objects to the definition of "Mr. Dembitzer" or "Dembitzer" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   BANK further objects to this definition

4

Exhibit I
Page 169

because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   In responding to requests where either defined term is used, BANK will respond as to Mr. Shia Dembitzer alone.

J. Responding Party objects to the definition of "Mr. Gubin" or "Gubin" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   BANK further objects to this definition because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   In responding to requests where either defined term is used, BANK will respond as to Mr. Gubin alone.

K. Responding Party objects to the definition of "World Global" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   BANK further objects to this definition because it is

5

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

77687\328501079.v1

Exhibit I
Page 170

vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. In responding to requests where either defined term is used, BANK will respond as to World Global and identified d/b/a's thereof.

L. Responding Party objects to the definition of "OptimumBank" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding. BANK further objects to this definition because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. As noted above with respect to the definitions in D. above, in responding to requests where either defined term is used, BANK will respond as to BANK alone and no other person or entity.

2. BANK objects to Requests, Set One, propounded by Trustee on the grounds it identifies two separate and distinct persons as responding parties, from which it seeks a response, in contravention of the plain language of FRCP 36, and are therefore improper. However, in the spirit of cooperation and to advance the litigation,

6

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 171

BANK and Optimum Holdings, Inc. will each separately respond to the Trustee's Requests, Set One, each for itself alone and for no other person or entity.

3. BANK objects to the "Instructions," in their entirety, to the extent any instruction seeks to impose any obligation or duty not required or imposed by FRCP 34.

4. BANK objects to each request that calls for information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. BANK will not provide any such privileged or protected information in response to any interrogatory that seeks it.

5. BANK objects to each request that seeks confidential or private information regarding Responding parties and/or individuals who are not parties to this action, the disclosure of which would violate rights to privacy whether arising form federal or state law, or otherwise.

6. BANK objects to each request that seeks the confidential or proprietary information of BANK, third parties, third-party shareholders, and/or any parent or subsidiary of BANK or any corporate entity otherwise related to BANK.

7. BANK objects to each request that seeks information equally available to or already in the possession of plaintiff, and thus was propounded to vex, annoy and/or harass BANK.

8. BANK objects to each request that is not proportional to the needs of the Adversary Proceeding as required by FRCP 26(b)(1).

9. Any information provided in response to these requests is subject to any and all objections regarding competence, relevance, materiality, propriety and admissibility. BANK reserves these objections and any other objections not stated herein that would require the exclusion of any information, if such information is offered as evidence at any time during this action. BANK may interpose these objections at any time prior to and during the trial of this case.

7

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 172

77687\328501079.v1

10. BANK make no incidental or implied admissions by these responses. Accordingly, Neither Trustee, nor any other person, shall construe BANK's response or objection to any request as BANK's admission that it accepts or admits the existence of any facts assumed by the interrogatory, and Trustee shall not construe Responding Party's response or objection as admissible evidence of any such assumed facts.

11. BANK does not intend, and Trustee shall not construe, BANK's response or objection to any request as a waiver to that interrogatory by BANK of any part of the foregoing Preliminary Statement, General Objections or any other objections reserved herein by BANK.

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENT**

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents and communications identified or related to Your responses to Plaintiff's First Set of Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this interrogatory would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding. Responding Party further objects to this interrogatory because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. Responding

8

OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE

77687\328501079.v1

Exhibit I
Page 173

Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party further objects to this request on the grounds it is compound. Responding Party also objects on the grounds this request calls for speculation.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party Responds at follows:

BANK has already produced all documents within its possession, custody or control which it has identified as responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents or communications You may use or rely on in support or defense of any claim asserted in this Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "You" such that, if taken to its logical end, this interrogatory would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding. Responding Party further objects to this interrogatory because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. Responding

9

Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding Party further objects on the grounds this request calls for speculation.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party Responds at follows:

BANK has already produced all documents within its possession, custody or control which it has identified as responsive to this request.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents and communications related to all accounts identified in Plaintiff's Interrogatories, or your responses thereto, including, but not limited to, account statements, account opening documents, UCC-1 statements, and all transactional information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.  Responding Party further objects to this request because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities

as responding parties to the request. Responding Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding Party further objects on the grounds this request calls for speculation.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party Responds at follows:

BANK has already produced all documents within its possession, custody or control which it has identified as responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents and communications that refer or relate to Exhibits 6, 7, and 8 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party further objects to this request because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine

11

and premature disclosure of the identity of expert witnesses.  Responding Party further objects on the grounds this request calls for speculation.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party Responds at follows:

BANK has already produced all documents within its possession, custody or control which it has identified as responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents and communications referring or related to the individuals and entities identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it seeks documents which are not relevant nor proportionate to the needs of this Adversary Proceeding. Responding Party further objects to this request because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additionally objects to this request on the grounds it seeks

12

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party Responds at follows:

BANK has already produced all documents within its possession, custody or control which it has identified as responsive to this request.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents and communications related to any ACH transfer or wire transfer involving any of the individuals and entities, including all associated accounts, identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party further objects to this request because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additional objects to this request on the grounds it is vague and ambiguous in its use of the phrase "associated

13

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 178

77687\328501079.v1

accounts" so as to render a response impossible without speculation as to the meaning of that phrase.  Responding Party likewise objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party Responds at follows:

BANK has already produced all documents within its possession, custody or control which it has identified as responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all communications and records sent or initiated by You regarding ACH rejections from any account identified as belonging to, accessible by, or otherwise controlled by LPG or its alter egos, d/b/a's, or affiliates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.  Responding Party further objects to this request because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and

14

OptimumBank as one responding party. Responding Party additional objects to this request on the grounds it is vague and ambiguous in its use of the phrase "associated accounts" so as to render a response impossible without speculation as to the meaning of that phrase. Responding Party likewise objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party Responds at follows:

After diligent search and reasonable inquiry, Responding Party has not identified any documents in its possession, custody or control responsive to this request because none ever existed due to the fact that Litigation Practice Group, LLC did not have any accounts at BANK.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents and communications related or referring to any transaction fees charged or collected by You as a result of processing ACH transactions for any of the individuals and entities identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding. Responding Party further objects to this request because it is vague and ambiguous as it requires BANK to engage in a wholly

15

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 180

subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additional objects to this request on the grounds it is vague and ambiguous in its use of the phrase "associated accounts" so as to render a response impossible without speculation as to the meaning of that phrase.  Responding Party likewise objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party Responds at follows:

BANK has already produced all documents within its possession, custody or control which it has identified as responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents and communications regarding ACH rejection rates related to all of the individuals and entities identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate

16

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 181

77687\328501079.v1

to the needs of this Adversary Proceeding. Responding Party further objects to this request because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additional objects to this request on the grounds it is vague and ambiguous in its use of the phrase "associated accounts" so as to render a response impossible without speculation as to the meaning of that phrase. Responding Party likewise objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party also objects to this request on the grounds it is vague and ambiguous in its use of the undefined phrase "rejection rates" so as to render a response thereto impossible without speculation as to the meaning of that phrase.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party Responds at follows:

BANK has already produced all documents within its possession, custody or control which it has identified as responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents, communications, and account records related to the individuals and entities listed in the attached Exhibits A and B.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party further objects to this request because it is vague and ambiguous as it requires BANK to

17

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 182

engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding Party further objects on the grounds this request calls for speculation with respect to those accounts identified in Exhibits A and B which are not accounts maintained at Bank.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party Responds at follows:

BANK has already produced all documents within its possession, custody or control which it has identified as responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all account statements, records, and other information related to the following OptimumBank account numbers ending in: 9815, 0052, 8312, 7108, 3842, 1217, 5946, 8352, 5177, 6753, 8858, 4337, 9559, 5292, 9153, 2009, 4113, 9161, 3792, 3826, 3834, 8064, 3784, and 6746.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party further objects to this request because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically

18

Exhibit I
Page 183

77687\328501079.v1

described persons or entities as responding parties to the request. Responding Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding Party further objects on the grounds this request calls for speculation.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party Responds at follows:

BANK has already produced all documents within its possession, custody or control which it has identified as responsive to this request.  BANK will provide an index to those documents which are, refer or relate to account statements along with these responses.

Dated: March 10, 2026                    **HINSHAW & CULBERTSON LLP**

/s/ *David T. Hayek*
BRIAN A. PAINO
DAVID T. HAYEK
ZEESHAN IQBAL
Attorneys for *Defendants* **MOISHE GUBIN, OPTIMUMBANK, and OPTIMUMBANK HOLDINGS, INC.**

19

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 184

77687\328501079.v1

## CERTIFICATE OF SERVICE

### *In re The Litigation Practice Group, P.C.*

### Case No. 8:23-bk--10571-SC

### Adv. 8:25-ap-01105-SC

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 350 South Grand Ave., Suite 3600, Los Angeles, CA 90071-3476.

On **March 10, 2026**, I served the document(s) entitled **DEFENDANT OPTIMUMBANK'S AMENDED RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

### SEE ATTACHED SERVICE LIST

☒ **(BY ELECTRONIC MAIL)**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **March 10, 2026**, at Los Angeles, California.

*/s/ Nora Vasquez*
Nora Vasquez

2

OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE

Exhibit I
Page 185

77687\328501079.v1

## <u>SERVICE LIST</u>

- **On behalf of Plaintiff Richard Marshack (TR)**
  Christopher.Ghio@dinsmore.com
  bonnie.connolly@dinsmore.com
  karen.hockstad@dinsmore.com
  kim.beavin@dinsmore.com
  matthew.sommer@dinsmore.com
  carrie.davis@dinsmore.com
  yosina.lissebeck@dinsmore.com
  caron.burke@dinsmore.com
  ayrton.celentino@dinsmore.com
  jordan.griffith@dinsmore.com

- **Richard A Marshack (TR)**
  pkraus@marshackhays.com
  ecf.alert+Marshack@titlexi.com

- **On behalf of Defendant Slate Advance LLC**
  jboufadel@salvatoboufadel.com
  Gsalvato@salvatoboufadel.com
  gsalvato@ecf.inforuptcy.com

- **On behalf of Defendant Solomon Feig**
  michael.berger@bankrupctypower.com
  yanida.nipha@bankruptcypower.com
  michaelberger@ecf.inforupcty.com

- **On behalf of Defendant Solomon Fegi**
  vnewmark@pszjlaw.com
  hdaniels@pszjlaw.com
  bdassa@pszjlaw.com
  hwinograd@pszjlaw.com

- **On behalf of Defendant Genesis Equity Group Funding LLC**
  ikharasch@pszjlaw.com

- **On behalf of Interested Party Courtesy NEF**
  biskander@goeforlaw.com
  kmurphy@goeforlaw.com
  jfountain@goeforlaw.com

3

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 186

- **On behalf of Interested Party Courtesy NEF**
  ron@ronaldrichards.com
  7206828420@filings.docketbird.com

- **United States Trustee (SA)**
  ustpregion16.sa.ecf@usdoj.gov

4

**OPTIMUMBANK'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 187

77687\328501079.v1

Brian A. Paino (SBN 251243)
bpaino@hinshawlaw.com
David T. Hayek (SBN 144116)
dhayek@hinshawlaw.com
Zeeshan Iqbal (SBN 337990)
ziqbal@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone:    213-680-2800
Facsimile:  213-614-7399

Attorneys for *Defendants*
**MOISHE GUBIN and OPTIMUMBANK HOLDINGS, INC.**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>Debtor. | Case No.: 8:23-bk-10571-SC<br><br>Chapter 11<br><br>Adv. Case No.: 8:25-ap-01105-SC |
| RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>WORLD GLOBAL FUND, LLC, *et al.*,<br><br>Defendants. | **DEFENDANT OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE** |

**PROPOUNDING PARTY:    PLAINTIFF RICHARD A. MARSHACK,**

**TRUSTEE OF THE LPG LIQUIDATION TRUST**

**RESPONDING PARTY:    DEFENDANT OPTIMUMBANK HOLDINGS,**

**INC.**

**SET NO.:        ONE**

*///*

1

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit |
Page 188

77687\328501521.v1

Pursuant to Federal Rule of Civil Procedure ("FRCP") 33, defendant OptimumBank Holdings, Inc. ("OHI" or "Responding Party"), for itself alone and no other person, hereby responds to the Interrogatories, Set No. One, propounded by plaintiff Richard A. Marshack, Trustee of the LPG Liquidation Trust ("Trustee" or "Propounding Party"), as follows.

### PRELIMINARY STATEMENT

Responding Party has not fully completed its investigation of the facts relating to the Adversary Proceeding, the broader Bankruptcy Case, or the myriad other adversary proceedings related thereto, or completed its discovery in this action, and has not completed its preparation for arbitration and/or trial.  All of the responses contained herein are based only upon such information which is presently available to and specifically known to these responding parties.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes, and variations from the responses herein set forth.  The following responses are given without prejudice to responding parties' right to produce evidence of any subsequently discovered facts which these responding parties may later recall or discover.  Responding parties accordingly reserve the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made, at any time such changes are warranted.  The responses are made herein in a good faith effort to supply as much factual information as is presently known but should in no way be to the prejudice of responding parties in relation to further discovery, research or analysis.

All information provided in response to this set of interrogatories is designated as "Confidential" pursuant to the protective order applicable to this adversary proceeding, except for information which was publicly available prior to its inclusion in responses herein.

2

## GENERAL OBJECTIONS

1.    Responding parties object to the following definitions (identified by the same letter used in Propounding Party's Interrogatories, Set One), and each other definition or interrogatory which references one or more of the objectionable definitions, on the grounds stated below:

D. OHI objects to the proposed definition of "You," "Your," and "Yourself," and "Defendant" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   OHI further objects to this definition because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. OHI also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33.   OHI also objects to this definition because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. In an effort to advance the litigation and provide relevant information, in responding to these interrogatories, OHI responds for itself alone and no other person or entity.   Optimum Holdings, Inc. will separate respond to these interrogatories for itself alone.

3

77687\328501521.v1

Exhibit I
8:25-AP-01105-SC
Page 190

E. OHI objects to the proposed definition of "Debtor" or "LPG"on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.  OHI further objects to this definition because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   OHI also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33. n responding to interrogatories where either defined term is used, OHI will respond as to LPG alone.

G. Responding Party objects to the definition of "Mr. Diab" or "Diab" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.  OHI further objects to this definition because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude

4

77687\328501521.v1

Exhibit I
8:25-AP-01105-SC
Page 191

of other generically described persons or entities as responding parties to the interrogatory. OHI also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33. In responding to interrogatories where either defined term is used, OHI will respond as to Tony Diab alone.

I. Responding Party objects to the definition of "Mr. Dembitzer" or "Dembitzer" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding. OHI further objects to this definition because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. OHI also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33. In responding to interrogatories where either defined term is used, OHI will respond as to Mr. Shia Dembitzer alone.

J. Responding Party objects to the definition of "Mr. Gubin" or "Gubin" on the grounds it is overbroad and unduly burdensome in that, if taken

5

OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE

Exhibit I
8:25-AP-01105-SC
Page 192

to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding. OHI further objects to this definition because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. OHI also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33. In responding to interrogatories where either defined term is used, OHI will respond as to Mr. Gubin alone.

K. Responding Party objects to the definition of "World Global" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding. OHI further objects to this definition because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. OHI also objects to this definition because it

6

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
8:25-AP-01105-SC
Page 193

seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33. In responding to interrogatories where either defined term is used, OHI will respond as to World Global and identified d/b/a's thereof.

L. Responding Party objects to the definition of "OptimumBank" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   OHI further objects to this definition because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   OHI also objects to this definition because it seeks to avoid the strict 25-interrogatory limit by impermissibly expanding the scope of who is a "responding party" such that, if accepted, the very first request would include more than 25 unique subparts and exceed the limit of interrogatories allowed under FRCP 33. OHI also objects to this definition because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party.  As noted above with respect to the definitions in D. above, in responding to interrogatories where either defined term is used, OHI will respond as to OHI alone and no other person or entity.

7

OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE

Exhibit I
8:25-AP-01105-SC
Page 194

2.    OHI objects to Interrogatories, Set One, propounded by Trustee on the grounds it identifies two separate and distinct persons as responding parties, from which it seeks a response, in contravention of the plain language of FRCP 33, and are therefore improper. However, in the spirit of cooperation and to advance the litigation, OHI and OptimumBank will each separately respond to the Trustee's Interrogatories, Set One, each for itself alone and for no other person or entity.

3.    OHI objects to the "Instructions," in their entirety, to the extent any instruction seeks to impose any obligation or duty not required or imposed by FRCP 33.

4.    OHI objects to each interrogatory that calls for information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. OHI will not provide any such privileged or protected information in response to any interrogatory that seeks it.

5.    OHI objects to each interrogatory that seeks confidential or private information regarding Responding parties and/or individuals who are not parties to this action, the disclosure of which would violate rights to privacy whether arising form federal or state law, or otherwise.

6.    OHI objects to each interrogatory that seeks the confidential or proprietary information of OHI, third parties, third-party shareholders, and/or any parent or subsidiary of OHI or any corporate entity otherwise related to OHI.

7.    OHI objects to each interrogatory that seeks information equally available to or already in the possession of plaintiff, and thus was propounded to vex, annoy and/or harass OHI.

8.    OHI objects to each interrogatory that seeks information that is not relevant to the subject matter of the action and/or is not proportional to the needs of the Adversary Proceeding as required by FRCP 26(b)(1).

9.    Any information provided in response to these interrogatories is subject to any and all objections regarding competence, relevance, materiality, propriety and

8

77687\328501521.v1

Exhibit I
8:25-AP-01105-SC
Page 195

admissibility.  OHI reserves these objections and any other objections not stated herein that would require the exclusion of any information, if such information is offered as evidence at any time during this action. OHI may interpose these objections at any time prior to and during the trial of this case.

10. OHI make no incidental or implied admissions by these responses. Accordingly, Neither Trustee, nor any other person, shall construe OHI's response or objection to any interrogatory as OHI's admission that it accepts or admits the existence of any facts assumed by the interrogatory, and Trustee shall not construe Responding Party's response or objection as admissible evidence of any such assumed facts.

11. OHI does not intend, and Trustee shall not construe, OHI's response or objection to any interrogatory as a waiver to that interrogatory by OHI of any part of the foregoing Preliminary Statement, General Objections or any other objections reserved herein by OHI.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**Error! Picture switch must be first formatting switch.**:**Error! Picture switch must be first formatting switch.

Identify all documents, evidence, and/or exhibits that You expect or intend to introduce at trial and/or any hearing in this matter, including the individuals who You believe have knowledge concerning each document, evidence, and/or exhibit and a description of their knowledge.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this interrogatory on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "You" such that, if taken to its logical end, this interrogatory would require a response by virtually every person or entity

9

Exhibit I
8:25-AP-01105-SC
Page 196

who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party further objects to this interrogatory because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   Responding Party also objects to this interrogatory because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additionally objects to this interrogatory on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party further objects on the grounds this interrogatory calls for speculation.

Without waiving the foregoing objections and subject thereto, and without waiving Responding Party's right to introduce any and all evidence in its defense to the claims herein, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

Each document produced or which may be produced by any party or third-party in this adversary proceeding, all documents identified or which may be identified by BANK in the course of its investigation of the matters alleged in this adversary proceeding which support its defenses to any claim against it herein.   Those with knowledge include the individuals and entities identified in the pleadings herein, identified in documents produced herein and those identified in testimony which is given herein, all of whom are known equally to Propounding Party.

**INTERROGATORY NO. 2**Error! Picture switch must be first formatting switch.**:**

Identify all person(s) You believe have knowledge of any event, fact, or occurrence described in the Complaint or otherwise related or relevant to this

10

Exhibit I
8:25-AP-01105-SC
Page 197

Adversary Proceeding and/or Bankruptcy Case, including the detailed information about each person's knowledge, their name, address, telephone number, and whether You intend to call the person(s) at any trial and/or hearing.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this interrogatory on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "You" such that, if taken to its logical end, this interrogatory would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party further objects to this interrogatory because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   Responding Party also objects to this interrogatory because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additionally objects to this interrogatory on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party likewise objects to this interrogatory to the extent it seeks private or confidential information protected from disclosure by one or more statutes (and regulations regarding those statutes) including, but not limited to, the Financial Right to Privacy Act of 1978, the Gramm, Leach, Bliley Act of 2001, or other federal or state law protecting the privacy and/or confidentiality of financial information maintained by federal banks. Responding Party further objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order

11

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
8:25-AP-01105-SC
Page 198

which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding.

Without waiving the foregoing objections and subject thereto, and without waiving Responding Party's right to introduce any and all evidence in its defense to the claims herein, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

Each person identified in the pleadings in this adversary proceeding; each person identified (or who may be identified) in responses to written discovery to the Parties in this adversary proceeding, those persons identified (or who may be identified) in documents produced by the Parties to this adversary proceeding and/or documents produced by third-parties in this adversary proceeding. BANK is informed and believes there may be other individuals with knowledge whose identify is not yet known to BANK.  Investigation and discovery continue.

**INTERROGATORY NO. 3**Error! Picture switch must be first formatting switch.**:**

Identify the name and address of each expert and lay witness You expect to call at the trial and/or any hearing in this matter and for each expert witness identified, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this interrogatory on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "You" such that, if taken to its logical end, this interrogatory would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not

12

Exhibit I
8:25-AP-01105-SC
Page 199

proportionate to the needs of this Adversary Proceeding. Responding Party further objects to this interrogatory because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. Responding Party also objects to this interrogatory because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additionally objects to this interrogatory on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party likewise objects on the grounds this interrogatory calls for speculation.

Without waiving the foregoing objections and subject thereto, and without waiving Responding Party's right to introduce any and all evidence in its defense to the claims herein, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

Responding Party has not yet determined the identity of experts or lay persons it may call to provide opinions in this matter, nor the areas of expertise for which experts may be designated in this adversary proceeding. BANK will disclose this information at the appropriate time as part of a mutual exchange of such information with all parties then appearing in this adversary proceeding.

**INTERROGATORY NO. 4**Error! Picture switch must be first formatting switch.**:**

Identify all account numbers for accounts owned, accessible, controlled, or otherwise related to all active defendant entities and individuals named in the Complaint including any alter ego, d/b/a, n/k/a, and former name.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the general objections stated above, which are incorporated herein

13

Exhibit I
8:25-AP-01105-SC
Page 200

by this reference as though each was fully set forth hereat, BANK further objects to the extent this interrogatory seeks information regarding accounts in financial institutions other than BANK as to which BANK lacks personal knowledge. Responding Party also objects to this interrogatory on the grounds it is compound. Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

OHI does not maintain accounts of any "active defendant" entities and individuals named in the Complaint or any alter ego, d/b/a, n/k/a, and former name. OHI is a holding company and does not otherwise engage in financial transactions other than for itself.

**INTERROGATORY NO. 5**Error! Picture switch must be first formatting switch.**:**

Identify all OptimumBank account numbers for accounts owned, accessible, controlled, or otherwise related to the following entities and/or individuals: YNS Funding LLC, Prime Logix, MCA Backoffice, MCA Backroom, Investry CP, Solomon Feig, Shliome Feig, Malky Feig, Shia Dembitzer, Josh Dembitzer, Solomon Funding, Josh Funding, Joseph Erlich, Yu Dong, Tony Diab, Daniel Stephen March, Liyun Zhang a/k/a "Dante," LPG Processing, Secured Processing, Doc Pros, Citadel, Validation, Syed Gilani, and all accounts identified using the name Litigation Practice Group, LPG, or any variation thereof.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, OHI further objects to the extent this interrogatory seeks information regarding accounts in financial institutions that are not OHI as to which OHI lacks personal knowledge. Responding Party also objects to this interrogatory on the grounds it is compound.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this request,

14

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
8:25-AP-01105-SC
Page 201

Responding Party responds as follows:

OHI is a holding company and does not otherwise engage in financial transactions other than for itself.  It therefore lacks personal knowledge of any such accounts, or other information associated with such accounts requested in the interrogatory.

**INTERROGATORY NO. 6**Error! Picture switch must be first formatting switch.**:**

For each account number identified in response to Plaintiff's Interrogatories, identify all owners and authorized users, present or former, including but not limited to any associated identification information required to open or maintain the account at OptimumBank.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this interrogatory on the grounds it is in excess of the maximum number of interrogatories permitted pursuant to FRCP 33(a)(1) and is therefore unduly burdensome, oppressive and harassing. Responding Party further objects to this interrogatory on the grounds it seeks information which is not relevant to the matters raised in the action nor proportionate to the needs of this Adversary Proceeding and therefore violates FRCP 26(b)(1), as to individuals/entities not identified in any allegation of the Complaint as having any involvement in any of the actions alleged therein.  Responding Party additionally objects to this interrogatory on the grounds it invades the privacy of individuals who are not identified in the Complaint.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

OHI is a holding company and does not otherwise engage in financial transactions other than for itself.  It therefore lacks personal knowledge, information or belief regarding any such accounts, or other information associated with such

15

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
8:25-AP-01105-SC
Page 202

accounts requested in the interrogatory.

**INTERROGATORY NO. 7**Error! Picture switch must be first formatting switch.**:**

Identify all wire transfers from any LPG account at OptimumBank initiated by World Global, Shia Dembitzer, Solomon Feig, Coast Processing, or MNS Funding on behalf of LPG.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, OHI further objects to the extent this interrogatory seeks information regarding accounts in financial institutions other than OHI as to which OHI lacks personal knowledge. Responding Party also objects to this interrogatory on the grounds it is compound.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

After a diligent search and reasonable inquiry, OHI has not identified any account at OHI maintained by Litigation Practice Group, LLC and therefore has no wire transfers into or out of such non-existent accounts.

**INTERROGATORY NO. 8**Error! Picture switch must be first formatting switch.**:**

Identify all account owners and authorized users including, but not limited to, their name, address, and tax numbers for the following OptimumBank account numbers ending in: 9815, 0052, 8312, 7108, 3842, 1217, 5946, 8352, 5177, 6753, 8858, 4337, 9559, 5292, 9153, 2009, 4113, 9161, 3792, 3826, 3834, 8064, 3784, and 6746.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, OHI further objects to the extent this interrogatory seeks information regarding accounts in financial institutions other than OHI as to which OHI lacks personal knowledge. Responding

16

Exhibit I
8:25-AP-01105-SC
Page 203

Party also objects to this interrogatory on the grounds it is compound.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

After a diligent search and reasonable inquiry, OHI does not maintain any account associated with those identified in this interrogatory.  As a result, OHI lacks personal knowledge, information or belief regarding the information sought in this interrogatory.

**INTERROGATORY NO. 9**Error! Picture switch must be first formatting switch.**:**

For each account number, individual, and entity identified in response to Plaintiff's Interrogatories, identify all related UCC-1 statements that were submitted to OptimumBank.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party further objects to this interrogatory on the grounds it seeks information which is not relevant to the matters raised in the action nor proportionate to the needs of this Adversary Proceeding and therefore violates FRCP 26(b)(1), as to those accounts, individuals, entities who are holders or authorized signatories on accounts identified in this interrogatory who are not identified in any allegation of the Complaint as having any involvement in any of the actions alleged therein.  Responding Party also objects to this interrogatory on the grounds it is vague and ambiguous in its use of the phrase "related UCC-1 Statements" and the term "submitted" so as to render a response impossible without speculation as to the meaning of that phrase or term. Responding Party additionally objects to this interrogatory on the grounds it invades the privacy of individuals who are not identified in the Complaint.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this request,

17

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

77687\328501521.v1

Exhibit I
Page 204

Responding Party responds as follows:

OHI lacks sufficient information or belief to respond to this request, which relates to OptimumBank. No "UCC-1 statement" as described in this interrogatory was ever submitted to OHI.

**INTERROGATORY NO. 10**Error! Picture switch must be first formatting switch.**:**

Identify all documents, communications, and individuals related to, or with knowledge of, Exhibits 6, 7, and 8 of the Complaint and the underlying erroneous ACH transactions.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this interrogatory on the grounds it is in excess of the maximum number of interrogatories permitted pursuant to FRCP 33(a)(1) and is therefore unduly burdensome, oppressive and harassing. Responding Party additionally objects to this interrogatory on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine. Responding Party additional objects to this interrogatory on the grounds it is vague and ambiguous in its use of the phrase "related to" so as to render a response impossible without speculation as to the meaning of that phrase.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

OHI lacks sufficient information or belief to respond to this request, which relates to an apparent transaction which may relate to OptimumBank.

**INTERROGATORY NO. 11**Error! Picture switch must be first formatting switch.**:**

Identify all account numbers associated with the individuals and entities listed in the attached Exhibits A and B.

///

18

OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE

Exhibit I
8:25-AP-01105-SC
Page 205

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party further objects to this interrogatory on the grounds it seeks information which is not relevant to the matters raised in the action nor proportionate to the needs of this Adversary Proceeding and therefore violates FRCP 26(b)(1), as to those accounts, individuals, entities who are holders or authorized signatories on accounts identified in this interrogatory who are not identified in any allegation of the Complaint as having any involvement in any of the actions alleged therein. Responding Party additionally objects to this interrogatory on the grounds it invades the privacy of individuals who are not identified in the Complaint. Responding Party further objects to this interrogatory on the grounds it is duplicative of prior interrogatories and is therefor unduly burdensome, oppressive and harassing. Responding Party also objects to this interrogatory to the extent it seeks information about accounts at financial institutions other than Bank as such information is equally available to Propounding Party and is therefore unduly burdensome.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

OHI lacks sufficient information or belief to respond to this request, some of which may be accounts at third-party financial institutions and/or OptimumBank.

**INTERROGATORY NO. 12**Error! Picture switch must be first formatting switch.**:**

Identify all steps taken by You to ensure proper compliance with all regulatory requirements when opening and operating all accounts associated with all of the individuals and entities identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to the general objections stated above, which are incorporated herein

19

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
8:25-AP-01105-SC
Page 206

by this reference as though each was fully set forth hereat, Responding Party objects to this interrogatory on the grounds it is in excess of the maximum number of interrogatories permitted pursuant to FRCP 33(a)(1) and is therefore unduly burdensome, oppressive and harassing. Responding Party further objects to this interrogatory on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "You" such that, if taken to its logical end, this interrogatory would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party also objects to this interrogatory because it is vague and ambiguous in its use of the undefined terms and phrases "steps," "operating" and "accounts" so as to render a response impossible without speculation as to the meaning of that term.  Responding Party also objects to this interrogatory on the grounds it seeks information which is not relevant to the matters raised in the action nor proportionate to the needs of this Adversary Proceeding and therefore violates FRCP 26(b)(1), as to those individuals/entities included within the ambit of this interrogatory not identified in any allegation of the Complaint as having any involvement in any of the actions alleged therein.  Responding Party additionally objects to this interrogatory on the grounds it invades the privacy of individuals who are not identified in the Complaint. Responding Party likewise objects to this interrogatory on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and seeks confidential, proprietary information and trade secrets.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the information sought by this request, Responding Party responds as follows:

OHI is a holding company and does not open or maintain accounts for third parties.  As a result, while it complies with all regulatory obligations associated with

20

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

its status as a holding company, OHI does not have policies or procedures which would relate to any financial transactions, such as those described in this interrogatory, in which it does not participate and lacks personal knowledge or sufficient information or belief to provide a response with respect to any other person.

Dated: March 10, 2026

**HINSHAW & CULBERTSON LLP**

*/s/ David T. Hayek*
BRIAN A. PAINO
DAVID T. HAYEK
ZEESHAN IQBAL

Attorneys for *Defendants* **MOISHE GUBIN OPTIMUMBANK and OPTIMUMBANK HOLDINGS, INC.**

21

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

77687\328501521.v1

Exhibit I
8:25-AP-01105-SC
Page 208

# CERTIFICATE OF SERVICE

## *In re The Litigation Practice Group, P.C.*

## Case No. 8:23-bk--10571-SC

## Adv. 8:25-ap-01105-SC

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made.  I am over the age of 18 and not a party to the within actions; my business address is 350 South Grand Ave., Suite 3600, Los Angeles, CA 90071-3476.

On **March 10, 2026**, I served the document(s) entitled **DEFENDANT OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

### SEE ATTACHED SERVICE LIST

☒ **(BY ELECTRONIC MAIL)**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **March 10, 2026**, at Los Angeles, California.

*/s/ Nora Vasquez*
Nora Vasquez

---

2

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
8:25-AP-01105-SC
Page 209

77687\328501521.v1

# SERVICE LIST

- **On behalf of Plaintiff Richard Marshack (TR)**
  Christopher.Ghio@dinsmore.com
  bonnie.connolly@dinsmore.com
  karen.hockstad@dinsmore.com
  kim.beavin@dinsmore.com
  matthew.sommer@dinsmore.com
  carrie.davis@dinsmore.com
  yosina.lissebeck@dinsmore.com
  caron.burke@dinsmore.com
  ayrton.celentino@dinsmore.com
  jordan.griffith@dinsmore.com

- **Richard A Marshack (TR)**
  pkraus@marshackhays.com
  ecf.alert+Marshack@titlexi.com

- **On behalf of Defendant Slate Advance LLC**
  jboufadel@salvatoboufadel.com
  Gsalvato@salvatoboufadel.com
  gsalvato@ecf.inforuptcy.com

- **On behalf of Defendant Solomon Feig**
  michael.berger@bankrupctypower.com
  yanida.nipha@bankruptcypower.com
  michaelberger@ecf.inforupcty.com

- **On behalf of Defendant Solomon Fegi**
  vnewmark@pszjlaw.com
  hdaniels@pszjlaw.com
  bdassa@pszjlaw.com
  hwinograd@pszjlaw.com

- **On behalf of Defendant Genesis Equity Group Funding LLC**
  ikharasch@pszjlaw.com

- **On behalf of Interested Party Courtesy NEF**
  biskander@goeforlaw.com
  kmurphy@goeforlaw.com
  jfountain@goeforlaw.com

3

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
8:25-AP-01105-SC
Page 210

- **On behalf of Interested Party Courtesy NEF**
  ron@ronaldrichards.com
  7206828420@filings.docketbird.com

- **United States Trustee (SA)**
  ustpregion16.sa.ecf@usdoj.gov

4

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
8:25-AP-01105-SC
Page 211

77687\328501521.v1

Brian A. Paino (SBN 251243)
bpaino@hinshawlaw.com
David T. Hayek (SBN 144116)
dhayek@hinshawlaw.com
Zeeshan Iqbal (SBN 337990)
ziqbal@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone:   213-680-2800
Facsimile:  213-614-7399

Attorneys for *Defendants*
**MOISHE GUBIN, OPTIMUMBANK AND
OPTIMUMBANK HOLDINGS, INC.**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>    Debtor. | Case No.: 8:23-bk-10571-SC<br><br>Chapter 11<br><br>Adv. Case No.: 8:25-ap-01105-SC |
| RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust,<br><br>    Plaintiff,<br><br>  v.<br><br>WORLD GLOBAL FUND, LLC, *et al.*,<br><br>    Defendants. | **DEFENDANT OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |

**PROPOUNDING PARTY:  PLAINTIFF RICHARD A. MARSHACK, TRUSTEE OF THE LPG LIQUIDATION TRUST**

**RESPONDING PARTY:  DEFENDANT OPTIMUMBANK HOLDINGS, INC.**

**SET NUMBER:  ONE**

1

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

77687\328501262.v1

Exhibit I
Page 212

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 34, defendant OptimumBank Holdings, Inc. ("OHI" or "Responding Party"), for itself alone and no other person, hereby responds to the Requests for Production, Set No. One, propounded by plaintiff Richard A. Marshack, Trustee of the LPG Liquidation Trust ("Trustee" or "Propounding Party"), as follows.

## PRELIMINARY STATEMENT

Responding Party has not fully completed its investigation of the facts relating to the Adversary Proceeding, the broader Bankruptcy Case, or the myriad other adversary proceedings related thereto, or completed its discovery in this action, and has not completed its preparation for arbitration and/or trial.  All of the responses contained herein are based only upon such information which is presently available to and specifically known to these responding parties.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes, and variations from the responses herein set forth.  The following responses are given without prejudice to responding parties' right to produce evidence of any subsequently discovered facts which these responding parties may later recall or discover.  Responding parties accordingly reserve the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made, at any time such changes are warranted.  The responses are made herein in a good faith effort to supply as much factual information as is presently known but should in no way be to the prejudice of responding parties in relation to further discovery, research or analysis.

All information provided in response to this set of interrogatories is designated as "Confidential" pursuant to the protective order applicable to this adversary proceeding, except for information which was publicly available prior to its inclusion in responses herein.

2

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

## **GENERAL OBJECTIONS**

1.     Responding parties object to the following definitions (identified by the same letter used in Propounding Party's Requests for Production, Set One), and each other definition or request which references one or more of the objectionable definitions, on the grounds stated below:

D. OHI objects to the proposed definition of "You," "Your," and "Yourself," and "Defendant" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   OHI further objects to this definition because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. OHI also objects to this definition because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party.  In an effort to advance the litigation and provide relevant information, in responding to these requests, OHI responds for itself alone and no other person or entity.   OptimumBank will separately respond to these requests for itself alone.

E. OHI objects to the proposed definition of "Debtor" or "LPG" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary

3

Proceeding.   OHI further objects to this definition because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.

G. Responding Party objects to the definition of "Mr. Diab" or "Diab" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   OHI further objects to this definition because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   In responding to requests where either defined term is used, OHI will respond as to Tony Diab alone.

I. Responding Party objects to the definition of "Mr. Dembitzer" or "Dembitzer" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   OHI further objects to this definition because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each interrogatory in which any

4

of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   In responding to requests where either defined term is used, OHI will respond as to Mr. Shia Dembitzer alone.

J. Responding Party objects to the definition of "Mr. Gubin" or "Gubin" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   OHI further objects to this definition because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   In responding to requests where either defined term is used, OHI will respond as to Mr. Gubin alone.

K. Responding Party objects to the definition of "World Global" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   OHI further objects to this definition because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 216

context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   In responding to requests where either defined term is used, OHI will respond as to World Global and identified d/b/a's thereof.

L. Responding Party objects to the definition of "OptimumBank" on the grounds it is overbroad and unduly burdensome in that, if taken to its logical end, this definition would include virtually *every* person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   OHI further objects to this definition because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory.   As noted above with respect to the definitions in D. above, in responding to requests where either defined term is used, Responding Party will respond as to itself alone and no other person or entity.

2.   OHI objects to Requests, Set One, propounded by Trustee on the grounds it identifies two separate and distinct persons as responding parties, from which it seeks a single response, in contravention of the plain language of FRCP 36, and are therefore improper. However, in the spirit of cooperation and to advance the litigation, OptimumBank and OHI will each separately respond to the Trustee's Requests, Set One, each for itself alone and for no other person or entity.

///

///

6

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 217

77687\328501262.v1

3.     OHI objects to the "Instructions," in their entirety, to the extent any instruction seeks to impose any obligation or duty not required or imposed by FRCP 34.

4.     OHI objects to each request that calls for information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. OHI will not provide any such privileged or protected information in response to any interrogatory that seeks it.

5.     OHI objects to each request that seeks confidential or private information regarding Responding parties and/or individuals who are not parties to this action, the disclosure of which would violate rights to privacy whether arising form federal or state law, or otherwise.

6.     OHI objects to each request that seeks the confidential or proprietary information of OHI, third parties, third-party shareholders, and/or any parent or subsidiary of OHI or any corporate entity otherwise related to OHI.

7.     OHI objects to each request that seeks information equally available to or already in the possession of plaintiff, and thus was propounded to vex, annoy and/or harass OHI.

8.     OHI objects to each request that is not proportional to the needs of the Adversary Proceeding as required by FRCP 26(b)(1).

9.     Any information provided in response to these requests is subject to any and all objections regarding competence, relevance, materiality, propriety and admissibility.  OHI reserves these objections and any other objections not stated herein that would require the exclusion of any information, if such information is offered as evidence at any time during this action. OHI may interpose these objections at any time prior to and during the trial of this case.

10. OHI make no incidental or implied admissions by these responses. Accordingly, Neither Trustee, nor any other person, shall construe OHI's response or objection to any request as OHI's admission that it accepts or admits the existence of

7

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 218

any facts assumed by the interrogatory, and Trustee shall not construe Responding Party's response or objection as admissible evidence of any such assumed facts.

11. OHI does not intend, and Trustee shall not construe, OHI's response or objection to any request as a waiver to that interrogatory by OHI of any part of the foregoing Preliminary Statement, General Objections or any other objections reserved herein by OHI.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENT

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents and communications identified or related to Your responses to Plaintiff's First Set of Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this interrogatory would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding. Responding Party further objects to this interrogatory because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. Responding Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 219

and premature disclosure of the identity of expert witnesses. Responding Party further objects to this request on the grounds it is compound. Responding Party also objects on the grounds this request calls for speculation.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party Responds at follows:

Responding Party has not identified any documents or communications in its responses to Plaintiff's First Set of Interrogatories. Therefore, no documents will be produced.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents or communications You may use or rely on in support or defense of any claim asserted in this Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "You" such that, if taken to its logical end, this interrogatory would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding. Responding Party further objects to this interrogatory because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each interrogatory in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the interrogatory. Responding Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additionally objects to this request on the grounds it seeks information protected

9

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party further objects on the grounds this request calls for speculation.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents and communications related to all accounts identified in Plaintiff's Interrogatories, or your responses thereto, including, but not limited to, account statements, account opening documents, UCC-1 statements, and all transactional information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding. Responding Party further objects to this request because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party likewise objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential

10

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 221

information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding.  Responding Party further objects on the grounds this request calls for speculation.

Based on the foregoing objections, no documents will be produced.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents and communications that refer or relate to Exhibits 6, 7, and 8 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party further objects to this request because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding Party likewise objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding.  Responding Party further objects on the grounds this request calls for speculation.

11

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

77687\328501262.v1

Exhibit I
Page 222

Based on the foregoing objections, no documents will be produced.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents and communications referring or related to the individuals and entities identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it seeks documents which are not relevant nor proportionate to the needs of this Adversary Proceeding. Responding Party further objects to this request because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party likewise objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding.

12

OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE

Exhibit I
Page 223

Based on the foregoing objections, no documents will be produced.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents and communications related to any ACH transfer or wire transfer involving any of the individuals and entities, including all associated accounts, identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party further objects to this request because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additional objects to this request on the grounds it is vague and ambiguous in its use of the phrase "associated accounts" so as to render a response impossible without speculation as to the meaning of that phrase.   Responding Party likewise objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding Party further objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the

13

77687\328501262.v1

use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding.

Based on the foregoing objections, no documents will be produced.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all communications and records sent or initiated by You regarding ACH rejections from any account identified as belonging to, accessible by, or otherwise controlled by LPG or its alter egos, d/b/a's, or affiliates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party further objects to this request because it is vague and ambiguous as it requires OHI to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additional objects to this request on the grounds it is vague and ambiguous in its use of the phrase "associated accounts" so as to render a response impossible without speculation as to the meaning of that phrase.  Responding Party likewise objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert

14

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 225

witnesses.  Responding Party further objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party Responds at follows:

After diligent search and reasonable inquiry, Responding Party has not identified any documents in its possession, custody or control responsive to this request because none ever existed.  Further Responding Party is informed and believes there is no account at OptimumBank as to which LPG was the holder of said account. Therefore, no documents will be produced.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents and communications related or referring to any transaction fees charged or collected by You as a result of processing ACH transactions for any of the individuals and entities identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party further objects to this request because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined

15

in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additional objects to this request on the grounds it is vague and ambiguous in its use of the phrase "associated accounts" so as to render a response impossible without speculation as to the meaning of that phrase.  Responding Party likewise objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding Party further objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party Responds at follows:

After diligent search and reasonable inquiry, Responding Party has not identified any documents in its possession, custody or control responsive to this request because none ever existed.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents and communications regarding ACH rejection rates related to all of the individuals and entities identified in the Complaint, Plaintiff's Interrogatories, or your responses thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party objects

16

OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE

to this request on the grounds it is overbroad, vague, ambiguous and unduly burdensome in its use of the defined term "Your" such that, if taken to its logical end, this request would require a response by virtually every person or entity who/that exists and/or ever existed in violation of Rule 26(b)(1) because it is not proportionate to the needs of this Adversary Proceeding.   Responding Party further objects to this request because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additional objects to this request on the grounds it is vague and ambiguous in its use of the phrase "associated accounts" so as to render a response impossible without speculation as to the meaning of that phrase.   Responding Party likewise objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.  Responding Party further objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding.   Responding Party also objects to this request on the grounds it is vague and ambiguous in its use of the undefined phrase "rejection rates" so as to render a response thereto impossible without speculation as to the meaning of that phrase.

Based on the foreging objections, no documents will be produced.

///

///

17

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 228

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents, communications, and account records related to the individuals and entities listed in the attached Exhibits A and B.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party further objects to this request because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses.   Responding Party likewise objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding.   Responding Party further objects on the grounds this request calls for speculation with respect to those accounts identified in Exhibits A and B which are not accounts maintained at Bank.

Based on the foregoing objections, no documents will be produced.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all account statements, records, and other information related to the following OptimumBank account numbers ending in: 9815, 0052, 8312, 7108, 3842,

18

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 229

77687\328501262.v1

1217, 5946, 8352, 5177, 6753, 8858, 4337, 9559, 5292, 9153, 2009, 4113, 9161, 3792, 3826, 3834, 8064, 3784, and 6746.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the general objections stated above, which are incorporated herein by this reference as though each was fully set forth hereat, Responding Party further objects to this request because it is vague and ambiguous as it requires BANK to engage in a wholly subjective and speculative analysis of each request in which any of the terms defined in this paragraph are used to determine whether "the context" is such that it would be "appropriate" to include a multitude of other generically described persons or entities as responding parties to the request. Responding Party also objects to this request because it attempts to combine two distinct entities, Optimum Holdings, Inc. and OptimumBank as one responding party. Responding Party additionally objects to this request on the grounds it seeks information protected from disclosure by the attorney/client privilege and the attorney work-product doctrine and premature disclosure of the identity of expert witnesses. Responding Party likewise objects to this request on the grounds Trustee has failed and refused to enter into a reasonable protective order which seeks to limit the use and dissemination of confidential information and/or documents which complies with FRCP 26(b)(1), that is, limits the use and dissemination of such confidential information or documents to this Adversary Proceeding. Responding Party further objects on the grounds this request calls for speculation.

Without waiving the foregoing objections and subject thereto, utilizing Responding Party's understanding of the documents sought by this request, Responding Party Responds at follows:

After diligent search and reasonable inquiry, Responding Party has not identified any documents in its possession, custody or control responsive to this request.  Such documents may be in the custody of others.

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Dated: March 10, 2026            **HINSHAW & CULBERTSON LLP**

/s/ *David T. Hayek*

BRIAN A. PAINO
DAVID T. HAYEK
ZEESHAN IQBAL
Attorneys for *Defendants* **MOISHE GUBIN,
OPTIMUMBANK and OPTIMUMBANK
HOLDINGS, INC.**

20

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 231

77687\328501262.v1

# ERTIFICATE OF SERVICE

## *In re The Litigation Practice Group, P.C.*

## Case No. 8:23-bk--10571-SC

## Adv. 8:25-ap-01105-SC

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 350 South Grand Ave., Suite 3600, Los Angeles, CA 90071-3476.

On **March 10, 2026**, I served the document(s) entitled **DEFENDANT OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

## SEE ATTACHED SERVICE LIST

☒ **(BY ELECTRONIC MAIL)**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **March 10, 2026**, at Los Angeles, California.

*/s/ Nora Vasquez*
Nora Vasquez

2

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 232

77687\328501262.v1

# SERVICE LIST

- **On behalf of Plaintiff Richard Marshack (TR)**
  Christopher.Ghio@dinsmore.com
  bonnie.connolly@dinsmore.com
  karen.hockstad@dinsmore.com
  kim.beavin@dinsmore.com
  matthew.sommer@dinsmore.com
  carrie.davis@dinsmore.com
  yosina.lissebeck@dinsmore.com
  caron.burke@dinsmore.com
  ayrton.celentino@dinsmore.com
  jordan.griffith@dinsmore.com

- **Richard A Marshack (TR)**
  pkraus@marshackhays.com
  ecf.alert+Marshack@titlexi.com

- **On behalf of Defendant Slate Advance LLC**
  jboufadel@salvatoboufadel.com
  Gsalvato@salvatoboufadel.com
  gsalvato@ecf.inforuptcy.com

- **On behalf of Defendant Solomon Feig**
  michael.berger@bankrupctypower.com
  yanida.nipha@bankruptcypower.com
  michaelberger@ecf.inforupcty.com

- **On behalf of Defendant Solomon Fegi**
  vnewmark@pszjlaw.com
  hdaniels@pszjlaw.com
  bdassa@pszjlaw.com
  hwinograd@pszjlaw.com

- **On behalf of Defendant Genesis Equity Group Funding LLC**
  ikharasch@pszjlaw.com

- **On behalf of Interested Party Courtesy NEF**
  biskander@goeforlaw.com
  kmurphy@goeforlaw.com
  jfountain@goeforlaw.com

3

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

77687\328501262.v1

Exhibit I
Page 233

- **On behalf of Interested Party Courtesy NEF**
  ron@ronaldrichards.com
  7206828420@filings.docketbird.com

- **United States Trustee (SA)**
  ustpregion16.sa.ecf@usdoj.gov

4

**OPTIMUMBANK HOLDINGS, INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE**

Exhibit I
Page 234

## **DECLARATION OF COUNSEL**

I, Karen S. Hockstad, declare as follows:

1. I am a partner at Dinsmore & Shohl LLP ("Firm"), admitted *pro hac vice* to practice law in the United States Bankruptcy Court for the Central District of California as counsel to Richard A. Marshack, Trustee of the LPG Liquidation Trust ("Trustee") for the Chapter 11 Bankruptcy filing of Litigation Practice Group, P.C. ("LPG" or "Debtor") filed in the Central District of California, Santa Ana Division. Case No. 23-bk-10571-SC (the "Bankruptcy Case"). My *pro hac vice* status includes the ability to represent the Trustee in various adversary proceedings, including the one involving this Motion filed in the case of *Richard A. Marshack, Trustee of the LPG Liquidation Trust, v. World Global Fund, LLC*, *et. al.* Adv. Proc. No. 8: :25-ap-01105-SC (the "Adversary Case").

2. I am over the age of 18 and unless indicated herein I have personal knowledge of the facts set forth herein or have obtained familiarity with such facts with persons knowledgeable of them, and if called upon to testify as a witness, I could and would competently testify.

3. OptimumBank and OptimumBank Holdings, Inc. (collectively, "Optimum") did not provide full and complete production and/or responses to the Trustee's First Set of Discovery Requests by February 24, 2026.

4. On January 15, 2026, the Trustee issued its Second Set of Discovery Requests to Optimum. The deadline for Optimum to serve its responses was February 16, 2026. Optimum did not serve timely responses and did not provide any production of documents.

5. On March 11, 2026, Optimum and Gubin served supplemental responses to the Trustee's first set of discovery requests and responses to the Trustee's second set of discovery requests to Optimum. These supplement and original responses are deficient and incomplete.

6. Attached hereto as Exhibit 1 is the Trustee's proposed order to show cause which has been lodged with the Court as required by LBR 9020-1(a).

///

///

///

235

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: June 8, 2026                                    /s/ Karen S. Hockstad

Karen S. Hockstad

# EXHIBIT
# 1

Exhibit 1
Page 237

CHRISTOPHER CELENTINO (131688)
christopher.celentino@dinsmore.com
CHRISTOPHER B. GHIO (259094)
christopher.ghio@dinsmore.com
YOSINA M. LISSEBECK (201654)
yosina.lissebeck@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, CA 92101
Tele: 619.400.0500; Fax: 619.400.0501


KAREN S. HOCKSTAD (OH 61308) (Admitted pro hac vice)
karen.hockstad@dinsmore.com
MATTHEW H. SOMMER (OH 101721; NC 51004) (Admitted pro hac vice)
matthew.sommer@dinsmore.com
DINSMORE & SHOHL LLP
191 W. Nationwide Blvd., Suite 200
Columbus, OH 43215
Tele: 614-628-6930; Fax: 614-628-6890

*Attorneys for Richard A. Marshack, Trustee of the LPG Liquidation Trust*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Chapter 11<br><br>Case No. 8:23-bk-10571 SC<br><br>Adv. Proc. No.: 8:25-ap-01105-SC |
| RICHARD A. MARSHACK,<br>Trustee of the LPG Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>WORLD GLOBAL FUND, LLC, *et al.*,<br><br>Defendants. | **ORDER SETTING HEARING ON MOTION FOR ISSUANCE OF AN ORDER TO SHOW CAUSE REGARDING CONTEMPT AND FOR SANCTIONS AGAINST DEFENDANTS OPTIMUMBANK AND OPTIMUMBANK HOLDINGS, INC.**<br><br>Judge: Hon. Scott C. Clarkson<br>Date:<br>Place: Courtroom 5C<br>　　　411 W Fourth Street<br>　　　Santa Ana, CA 92701 |

Exhibit 1
Page 238

The Court having read and considered the Renewed Motion for Issuance of an Order to Show Cause Regarding Contempt Against OptimumBank and OptimumBank Holdings, Inc. (collectively, "Optimum") for Failure to Comply with the Order of this Court ("Renewed Motion") filed by Plaintiff Richard A. Marshack, Trustee of the LPG Liquidation Trust, ("Plaintiff" or "Trustee") and the documents and evidence submitted in support thereof; the Court having read and considered the papers, if any, filed by Optimum in opposition to the Renewed Motion; notice of the Renewed Motion having been adequate and appropriate under the circumstances; and good cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.  On the ____ day of _____ 2026, at _____ PST (the "Show Cause Hearing"), Optimum shall appear in Courtroom 5C of the United States Bankruptcy Court located at 411 West Fourth Street, Santa Ana, CA 92701, then and there to show cause as to why the Court should not enter an order ("Contempt Order") that:

    a.  Adjudges Optimum to be in civil contempt of court for failing to comply with this Court's January 22, 2026 Order compelling Optimum to serve complete responses to the Trustee's discovery requests by June 29, 2026.

    b.  Imposes coercive sanctions in the form of daily accumulating monetary penalties from February 24, 2026—the date Optimum failed to comply with the January 22, 2026 Order—until such time as Optimum has fully complied with the January 22, 2026 Order in the amount of $_____ per day.

    c.  Imposes compensatory sanctions on Optimum in the form of payment of the Trustee's reasonable attorneys' fees and costs, in the amount of $108,475.50, required to bring this Motion and force Optimum to comply with the Rules and Order of this Court.

    d.  Appoints a discovery referee to ensure compliance with all discovery rules and orders, and to address any and all additional discovery disputes in this Adversary Proceeding.

    e.  Imposes any other sanctions or relief this Court deems appropriate.

///

Exhibit 1
Page 239

///

///

///

2.   The deadline for Optimum to file and serve a written opposition to issuance of the Contempt Order is the ___ day of _____, 2026. Any reply must be filed and served no later than 7 days prior to the show cause hearing.

###

3

Exhibit 1
Page 240

## DECLARATION OF COUNSEL

I, Yosina M. Lissebeck, declare as follows:

1. I am a partner at Dinsmore & Shohl LLP ("Firm"), admitted to practice law in the United States Bankruptcy Court for the Central District of California as counsel to Richard A. Marshack, Trustee of the LPG Liquidation Trust ("Trustee") for the Chapter 11 Bankruptcy filing of Litigation Practice Group, P.C. ("LPG" or "Debtor") filed in the Central District of California, Santa Ana Division. Case No. 23-bk-10571-SC (the "Bankruptcy Case"). My status includes the ability to represent the Trustee in various adversary proceedings, including the one involving this Motion filed in the case of *Richard A. Marshack, Trustee of the LPG Liquidation Trust, v. World Global Fund, LLC, et. al.* Adv. Proc. No. 8: :25-ap-01105-SC (the "Adversary Case").

2. I am over the age of 18 and unless indicated herein I have personal knowledge of the facts set forth herein or have obtained familiarity with such facts with persons knowledgeable of them, and if called upon to testify as a witness, I could and would competently testify.

3. In my capacity, I am familiar with the Firm's billing procedures and recordkeeping practices, including the manner in which attorney time and expenses are recorded and maintained in the ordinary course of business.

4. The billing records and invoices submitted in support of this Renewed Motion to Show Cause in this Adversary Case were prepared and maintained in the regular course of the Firm's business at or near the time the work was performed.

5. Attached hereto as Exhibit 1, are the billing records and invoices that accurately reflect and describe the legal services performed by the Firm's attorneys and staff in connection with its efforts to force Optimum to comply with its obligations under the Rules and this Court's January 22, 2026 Order Compelling Compliance.

6. The hourly rates charged by the Firm's attorneys and staff in this matter are the Firm's customary rates.

7. The time expended, the rates charged, and the expenses incurred were reasonable and necessary for the prosecution of the efforts to force Optimum to comply with its obligations under the Rules and this Court's January 22, 2026 Order Compelling Compliance.

241

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: June 8, 2026                              */s/ Yosina M. Lissbeck*

Yosina M. Lissebeck

# EXHIBIT
# 1

Exhibit 1
Page 243



CALIFORNIA • COLORADO • CONNECTICUT FLORIDA •
ILLINOIS • INDIANA • KENTUCKY MASSACHUSETTS •
MICHIGAN • OHIO • PENNSYLVANIA TEXAS • WASHINGTON,
D.C. • WEST VIRGINIA

Federal ID: 31-0263070

Richard A. Marshack                                         June 5, 2026
870 Roosevelt                                          Invoice # 7959821
Irvine CA 92620

Billing Attorney - Christopher Celentino
Client Number - 143576.73                   Email: rmarshack@marshackhays.com

### Remittance Advice

For Professional Services Rendered Through May 31, 2026

| | |
|---|---|
| Gubin | $32,757.00 |
| Optimum | $108,475.50 |
| **Total Due for Current Professional Services** | **$141,232.50** |

Exhibit 1
Page 244

Page 2

| Timekeeper | **Summary of Current Hours Worked** | | | Amount |
|---|---|---|---|---|
| | Staff Level | Rate | Hours | |
| Christopher B. Ghio | Partner | $675.00 | 7.80 | $5,265.00 |
| Christopher B. Ghio | Partner | $725.00 | 4.00 | $2,900.00 |
| Christopher Celentino | Partner | $855.00 | 2.70 | $2,308.50 |
| David T. Schaefer | Partner | $740.00 | 11.10 | $8,214.00 |
| David T. Schaefer | Partner | $780.00 | .90 | $702.00 |
| Karen S. Hockstad | Partner | $715.00 | 31.90 | $22,808.50 |
| Karen S. Hockstad | Partner | $740.00 | 16.00 | $11,840.00 |
| Yosina M. Lissebeck | Partner | $790.00 | 6.20 | $4,898.00 |
| Yosina M. Lissebeck | Partner | $865.00 | 2.20 | $1,903.00 |
| Matthew H. Sommer | Associate | $640.00 | 38.70 | $24,768.00 |
| Matthew H. Sommer | Associate | $675.00 | 38.90 | $26,257.50 |
| Jordan P. Griffith | Associate | $380.00 | 45.00 | $17,100.00 |
| Jordan P. Griffith | Associate | $420.00 | 28.10 | $11,802.00 |
| Hakob J. Mesropian | Associate | $445.00 | .30 | $133.50 |
| Hakob J. Mesropian | Associate | $475.00 | .70 | $332.50 |
| | Total Hours / Fees | | 234.50 | $141,232.50 |

Exhibit 1
Page 245

## Gubin

| Date | Tkpr | Hours | Description |
|---|---|---|---|
| 8/14/2025 | MHS | 0.4 | Follow up with D. Hayek regarding Gubin's non responses to discovery requests. |
| 8/18/2025 | KSH | 0.3 | Conference with M. Sommer regarding Optimum and Gubin failing to respond to Rule 27 request; Motion for Show Cause (.6).  Gubin (.3); Optimum (.3) |
| 8/27/2025 | KSH | 1 | Conference with counsel for Optimum Bank and M. Gubin; follow up regarding same |
| 9/16/2025 | KSH | 0.9 | Multiple emails regarding Optimum and Gubin |
| 9/17/2025 | CC | 0.6 | Strategy re defendant Gubin and discovery |
| 9/17/2025 | KSH | 1.4 | Attend discovery meeting; review discovery responses of M. Gubin; follow up regarding same |
| 9/18/2025 | CBG | 0.5 | Review improper Gubin discovery responses |
| 9/18/2025 | CBG | 0.3 | Analysis re Rule 37/Rule 11 implications |
| 9/18/2025 | CBG | 0.2 | Hayek email re same |
| 9/18/2025 | DTS | 1 | Reviewing deficient discovery responses of Gubin and related communications re next steps. |
| 9/18/2025 | DTS | 0.5 | Reviewing additional case materials re Gubin and Optimum (1.0). Gubin(.5); Optimum (.5) |
| 9/18/2025 | MHS | 0.8 | Follow up and prepare an outline for the next steps we need to take in response to the "responses" to our discovery requests that were issued by Gubin. |
| 9/18/2025 | MHS | 0.7 | Initial review and follow up on Gubin's discovery responses. |
| 9/18/2025 | MHS | 0.7 | Call with team to discuss issues with Gubin's failure to respond to discovery. |
| 9/18/2025 | MHS | 1.4 | Draft and revise Rule 37 letter to Gubin. |
| 9/18/2025 | YML | 0.4 | Review and respond to numerous emails re discovery and meet and confer (.2); review and approve rule 37 letter (.2) |
| 9/19/2025 | DTS | 0.4 | Emails with World Global Team re meet and confer letter to Gubin's counsel re deficient discovery responses. |
| 9/19/2025 | MHS | 1 | Revise and finalize our rule 37 letter to Gubin for failure to respond to discovery. |
| 9/19/2025 | YML | 0.1 | Review and approve correspondence re meet and confer and discovery violations |
| 9/22/2025 | DTS | 0.3 | Reviewing various subpoena responses and draft Rule 37 letters, with emails to and from Ms. Hockstad re same (1.0). Gubin (.3) |
| 9/22/2025 | KSH | 1 | Prepare Rule 37 letters ███████████████████████████████████ Gubin (1) |
| 9/29/2025 | YML | 0.2 | Review various emails  from Hayek, David T.,  regarding "RE: Marshack v. World Global Fund, LLC, et al., AP 8:25-ap-01105 | Gubin Discovery Responses". |
| 9/29/2025 | YML | 0.1 | Email from Sommer, Matthew,  regarding "RE: Marshack v. World Global Fund, LLC, et al., AP 8:25-ap-01105 | Gubin Discovery Responses". |
| 10/24/2025 | KSH | 0.5 | Review of historical communications with Optimum, Gubin ██████ counsel for Rule 37 purposes (1.5). ██████ Optimum (.5); Gubin (.5) |
| 10/30/2025 | JPG | 2.8 | Draft the motion to compel as to Gubin. |
| 10/31/2025 | JPG | 1.7 | Draft the facts section of the motion to compel as to Gubin. |
| 10/31/2025 | MHS | 0.2 | Follow up with opposing counsel on Gubin's discovery responses. |
| 11/7/2025 | JPG | 1.4 | Complete the draft of the argument section of the motion to compel as to Gubin. |
| 11/7/2025 | JPG | 0.8 | Revise the declaration in support of the motion to compel as to Gubin. |
| 11/7/2025 | JPG | 1 | Complete the draft of the motion to compel as to Gubin by updating the exhibits and the internal references thereto. |
| 12/8/2025 | JPG | 0.7 | Revise the motion to compel as to Gubin. |
| 12/9/2025 | JPG | 1.8 | Review and update the motion to compel as to Gubin by building out the facts and timeline section. |

Exhibit 1
Page 246

| 12/10/2025 | JPG | 0.2 | Revise the declaration in support of the Gubin motion to compel. |
|---|---|---|---|
| 12/11/2025 | CBG | 0.2 | Strategy discussion re status conference, motions to compel adverse ▮ and Optimum Bank/Gubin (.5). ▮ Optimum (.1); Gubin (.2) |
| 1/8/2026 | KSH | 0.5 | Conference with J. Griffith regarding subpoenas and Motions to Compel against Gubin (.2) and ▮ |
| 1/21/2026 | JPG | 2.4 | Update and finalize the motion to compel as to Gubin. |
| 1/21/2026 | MHS | 1.2 | Revise and update Gubin Motion to Compel. |
| 1/21/2026 | YML | 0.3 | Discuss subpoena service issues and moving forward with re-service and motion to compel with C. Ghio |
| 1/22/2026 | JPG | 1.4 | Finalize the motion to compel as to Gubin by updating the formatting to conform to the local rules of the court. |
| 1/22/2026 | YML | 0.2 | Review and respond to emails from. C Celentino re motion to compel order and sanction request |
| 1/26/2026 | MHS | 0.2 | Revise and serve the Stipulation of Discovery Dispute regarding Moishe Gubin's failure to respond to discovery. |
| 2/3/2026 | KSH | 0.8 | Conference with M. Sommer regarding Gubin discovery issues; review email from M. Sommer following call with D. Hayek |
| 2/3/2026 | YML | 0.2 | Review and respond to email re production of documents and motion to compel |
| 2/5/2026 | JPG | 0.1 | Review the proposed stipulation regarding Gubin's discovery. |
| 2/6/2026 | CBG | 0.6 | Analysis of stipulation resolving Gubin discovery dispute. |
| 2/10/2026 | JPG | 0.1 | Review the proposed stipulation and order as to Gubin. |
| 2/11/2026 | CBG | 0.9 | Review correspondence re Stipulation to resolve Gubin discovery dispute; review and approve stipulation and proposed order. |
| 2/25/2026 | KSH | 0.8 | Review Motion (Gubin), revise same; conference with M. Sommer; review emails from opposing counsel. |
| 3/2/2026 | JPG | 2.8 | Review and finalize the motion to compel as to Gubin. |
| 3/2/2026 | KSH | 0.4 | Review and approve motion to compel against M. Gubin. |
| 3/2/2026 | MHS | 0.9 | Update and revise Motion to Compel Gubin's responses to discovery. |
| 3/2/2026 | MHS | 1.6 | Update and revise motion to compel Gubin's discovery. |
| 3/3/2026 | CBG | 0.7 | Review and approve Motion to Show Cause re Gubin. |
| 3/3/2026 | JPG | 1 | Finalize the motion to compel as to Gubin in anticipation of filing it. |
| 3/4/2026 | JPG | 1.2 | Finalize the exhibits for the Gubin motion to compel. |
| 3/4/2026 | KSH | 0.3 | Review and revise Gubin Stipulation; comment regarding same. |
| 3/4/2026 | MHS | 1.4 | Revise stipulation for Gubin. |
| 3/30/2026 | MHS | 1.7 | Draft and revise rule 37/objections to statement of compliance as against Gubin. |
| 5/18/2026 | JPG | 0.5 | Review the productions for evidence of Gubin's involvement in the claims. |
| 5/18/2026 | KSH | 0.5 | Review responses to discovery by Gubin; email M. Sommer regarding same. |
| 5/19/2026 | MHS | 0.6 | Pull account numbers; follow up on Gubin's responses. |
| 8/4/2025 | MHS | 0.3 | Discuss ▮ next steps in pushing discovery; ▮ Optimum (.3); Gubin (.3) |
| 8/8/2025 | YML | 0.1 | Review and respond to various emails re discovery deadlines and moving forward with litigation between M Sommer and K. Hockstad (.3). Optimum (.2); Gubin (.1) |
| 8/10/2025 | MHS | 0.7 | Call with C. Celentino to discuss strategy for moving forward against Optimum and Gubin; outline strategy and confirm next steps; review Optimum responses to discover; outline Rule 37 Letter (3.6). Optimum (2.9); Gubin (.7) |
| 8/14/2025 | MHS | 0.4 | Finalize Rule 37 letter to OptimumBank and follow up on the lack of responses from Mr. Gubin (1.2). Optimum (.8); Gubin (.4) |

Exhibit 1
Page 247

Page 5

| Date | Initials | Hours | Description |
|---|---|---|---|
| 8/21/2025 | MHS | 0.1 | Call with K. Hockstad and C. Ghio to discuss current issues with discovery (.4). Optimum (.3); Gubin (.1) |
| 9/15/2025 | MHS | 0.2 | Follow up on Optimum and Gubin responses to discovery requests (.5).  Optimum (.3); Gubin (.2) |
| 9/17/2025 | MHS | 0.8 | Review and follow up on Gubin's responses to our discovery requests (.8). Gubin (.4) |
| 9/18/2025 | DTS | 0.3 | Teams meeting with World Global group re next steps re Optimum and Gubin (.7). Gubin (.3); Optimum (.4) |
| 9/18/2025 | KSH | 0.9 | Review rule 37 letter; conference with M. Sommer; prepare for and attend meeting regarding Optimum and Gubin; ███████████████████████████████. Gubin (.9); Optimum (.9) |
| 9/23/2025 | MHS | 0.4 | Follow up on Gubin's personal counsel; ████████████████████████████████████ ██████████████████████████████████████ Gubin (.4) |
| 11/6/2025 | MHS | 0.1 | Discuss next steps for Gubin ███████ discovery dispute ████████████████ ████████████████████████████ Gubin (.1) |
| 11/12/2025 | MHS | 0.2 | Call with Hayek to discuss discovery productions (.5). Optimum (.3); Gubin (.2) |
| 1/5/2026 | MHS | 0.1 | Follow up on next steps in preparing Optimum discovery and Gubin motion to compel (.3). Optimum (.2); Gubin (.1) |
| 1/22/2026 | MHS | 0.1 | Review recent rulings on Motion to Compel; follow up on notices for depositions; follow up on Gubin Motion to Compel (.6). Optimum (.2); Gubin (.1) |
| 3/16/2026 | KSH | 0.4 | Conference with M. Sommer regarding Optimum outstanding discovery and Rule 37 issues with Gubin and Optimum (.8). Optimum (.4); Gubin (.4) |
| 3/26/2026 | MHS | 0.3 | Review discovery responses and prepare Rule 37 letter (.7). Optimum (.4); Gubin (.3) |
| 4/1/2026 | KSH | 0.2 | Review and approve Rule 37 letter to Optimum and Gubin (.4). Optimum (.2); Gubin (.2) |
| 4/1/2026 | MHS | 0.2 | Revise and issue Rule 37 letter and notice regarding defendants statement of compliance (.6). Optimum (.4); Gubin (.2) |
| 5/11/2026 | JPG | 0.2 | Strategy call regarding the Rule 37 conference with Optimum and Gubin's counsel  (.4). Optimum (.2); Gubin (.2) |
| 5/11/2026 | MHS | 0.2 | Strategy call to discuss next steps on Optimum discovery (.4). Optimum (.2); Gubin (.2) |
| 5/15/2026 | KSH | 0.3 | Attend Rule 37 call with Hayek; conf. with M. Sommer regarding same (1.0). Optimum (.7); Gubin (.3) |
| 5/15/2026 | MHS | 0.2 | Call to discuss discovery issues with Optimum and Gubin responses (.7). Optimum (.5); Gubin (.2) |
|  |  | 55.50 |  |

Exhibit 1
Page 248

| | | | Optimum |
|---|---|---|---|
| Date | Tkpr | Hours | Description |
| 8/4/2025 | MHS | 0.3 | Discuss ███████████████████████████ next steps in pushing discovery; ███████████████████████████ Optimum (.3); Gubin (.3) |
| 8/5/2025 | MHS | 0.3 | Follow up with opposing counsel regarding protective order and supporting documents (.6). Optimum (.3) |
| 8/5/2025 | MHS | 0.5 | Analyze proposed protective order; ██████████████████████████████ ███████████████████████████ Optimum (.5) |
| 8/8/2025 | CBG | 0.9 | Review of emails from Optimum Bank counsel and discovery responses. |
| 8/8/2025 | KSH | 1 | Multiple emails and calls relating to Optimum's request for extension |
| 8/8/2025 | MHS | 1.7 | Respond to OptimumBank's multiple attempts to avoid their discovery obligations. |
| 8/8/2025 | YML | 0.2 | Review and respond to various emails re discovery deadlines and moving forward with litigation between M Sommer and K. Hockstad  (.3). Optimum (.2); Gubin (.1) |
| 8/10/2025 | MHS | 2.9 | Call with C. Celentino to discuss strategy for moving forward against Optimum and Gubin; outline strategy and confirm next steps; review Optimum responses to discover; outline Rule 37 Letter (3.6). Optimum (2.9); Gubin (.7) |
| 8/11/2025 | MHS | 2.2 | Draft Rule 37 Letter in response to OptimumBank's responses to the Trustee's discovery requests. |
| 8/13/2025 | KSH | 0.7 | Review and revise Rule 37 letter |
| 8/13/2025 | MHS | 2.8 | Draft and revise Rule 37 letter based on objections and the requests for documents. |
| 8/13/2025 | MHS | 0.6 | Strategize next steps in additional discovery requests, ██████████████ ███████████████████████ Optimum (.6) |
| 8/14/2025 | MHS | 0.8 | Finalize Rule 37 letter to OptimumBank and follow up on the lack of responses from Mr. Gubin (1.2). Optimum (.8); Gubin (.4) |
| 8/19/2025 | MHS | 2.2 | Draft and revise Motion to Compel. |
| 8/19/2025 | MHS | 1.7 | Draft and revise Motion to Compel discovery from Optimum. |
| 8/20/2025 | YML | 0.2 | Review and respond to numerous emails from K. Hockstad and M. Sommer re OSC and motion to compel and how to get discovery responses and move matter forward, provide local rules re need to meet and confer and stipulation |
| 8/21/2025 | CBG | 0.3 | Review of emails summarizing discovery dispute (.6). Optimum (.3); ████████████ |
| 8/21/2025 | MHS | 0.3 | Call with K. Hockstad and C. Ghio to discuss current issues with discovery (.4). Optimum (.3); Gubin (.1) |
| 8/21/2025 | YML | 0.2 | Review and respond to multiple emails re meet and confer, motion to compel and OSC with M. Sommer |
| 8/25/2025 | YML | 0.1 | Review and respond to numerous emails re meet and confer and failure of defendant to respond to discovery |
| 8/27/2025 | MHS | 1.5 | Call with D. Hayek about discovery responses from Optimum; follow up on next steps in obtaining discovery ████████████████ Optimum (1.5) |
| 8/29/2025 | KSH | 1 | Follow up on Optimum discovery matters |
| 9/3/2025 | CBG | 0.5 | Strategy conference re Optimum Bank discovery and counsel admissions concerning ACH processing and d/b/a issues |
| 9/5/2025 | KSH | 0.5 | Conference with M. Sommer regarding Optimum issues |
| 9/5/2025 | MHS | 0.5 | Follow up with opposing counsel on joint request and discovery responses. |
| 9/9/2025 | MHS | 0.7 | Follow up with opposing counsel regarding joint motion and preparation of proposed order. |
| 9/10/2025 | DTS | 0.4 | Reviewing proposed stipulation and responses re same. |
| 9/10/2025 | KSH | 0.5 | Finalize and file Joint Motion for Clarification with Optimum Bank |
| 9/12/2025 | YML | 0.1 | Review numerous emails between D. Hayek and M. Sommer re discovery responses and status of motion for revisions to protective order |

Exhibit 1
Page 249

| | | | |
|---|---|---|---|
| 9/15/2025 | KSH | 1 | Email opposing counsel regarding objections and discovery issues; conference with M. Sommer regarding same |
| 9/15/2025 | MHS | 0.3 | Follow up on Optimum and Gubin responses to discovery requests (.5).  Optimum (.3); Gubin (.2) |
| 9/17/2025 | CC | 2.1 | Develop comprehensive discovery strategy re optimum bank and Gubin issues |
| 10/1/2025 | DTS | 0.5 | Reviewing Optimum's current discovery responses and considering next steps. |
| 10/2/2025 | DTS | 0.3 | Reviewing information and status of Optimum's rolling document production. |
| 10/7/2025 | MHS | 0.6 | Outline strategy and next steps for Optimum. |
| 10/8/2025 | CBG | 0.3 | Analysis re pending discovery and deficient Optimum Bank responses |
| 10/8/2025 | MHS | 0.1 | Follow up with D. Hayek about next round of production. |
| 10/13/2025 | KSH | 1 | Conference with D. Schaefer; email D. Hayek regarding Optimum discovery; ███████ ███████████████ |
| 10/16/2025 | HJM | 0.1 | Conference with Chris Ghio regarding potential rule 37 letter. |
| 10/16/2025 | HJM | 0.2 | Correspondence with Chris Ghio and Matthew Sommer regarding potential Rule 37 motion. |
| 10/16/2025 | CBG | 0.8 | Analysis of discovery status re Optimum Bank and of recent deficient responses |
| 10/16/2025 | CBG | 0.6 | Analysis re proposed stipulation for production schedule or motion under Rule 37 |
| 10/16/2025 | JPG | 2 | Draft the stipulation to a discovery timeline as to Optimum. |
| 10/16/2025 | KSH | 1.1 | Conference with M. Sommer; conference with J. Griffith; call to C. Ghio regarding all Optimum document delayed production and Rule 37/compel options; follow up regarding same |
| 10/17/2025 | KSH | 0.5 | Review and revise Optimum stipulation; email Y. Lissebeck regarding same |
| 10/17/2025 | YML | 0.3 | ████████████████████████████ review and revise stipulation re discovery production schedule and request clarification related to certain recitals (.3); ██████████ ██████████████████████████████ |
| 10/20/2025 | CBG | 0.5 | Review David Hayek emails re meet and confer re document requests. |
| 10/20/2025 | KSH | 1 | Finalize and send stipulation to Optimum; multiple emails regarding same |
| 10/20/2025 | YML | 0.1 | Review and respond to multiple Email from Hockstad, Karen,  and D. Hayek re production of documents and stipulation |
| 10/21/2025 | JPG | 0.3 | Strategize for compelling Optimum's production. |
| 10/22/2025 | CBG | 0.2 | Emails with David Hayek re production of insurance policy. |
| 10/22/2025 | JPG | 1.7 | Draft the supporting elements of the motion and notice to compel discovery as to Optimum. |
| 10/22/2025 | JPG | 2.3 | Draft the argument section for the motion to compel discovery as to Optimum. |
| 10/22/2025 | YML | 0.3 | Discuss insurance policies and obtaining policies with C. Ghio (.1); review emails from C. Ghio and D. Hayek re insurance policies and turnover (.1); review email from M. Sommer re internal communications that also need to be produced (.1); ██████████████ ██████████████████████████████ Optimum (.3) |
| 10/24/2025 | KSH | 0.5 | Review of historical communications with Optimum, Gubin ██████ counsel for Rule 37 purposes (1.5).  ██████ Optimum (.5); Gubin (.5) |
| 10/27/2025 | KSH | 2.1 | Review and revise Motion to Compel; review documents produced by Optimum |
| 10/28/2025 | DTS | 0.4 | Lengthy teleconference with Ms. Hockstad re status of discovery and next steps in claims against ████████████ Optimum (.8).  Optimum (.4); ██████████ |
| 10/28/2025 | JPG | 2.4 | Revise the motion to compel to reflect Optimum's recent, but minimal, production. |
| 10/28/2025 | JPG | 1.8 | Locate and organize the exhibits for the motion to compel. |
| 10/28/2025 | JPG | 0.5 | Update the motion to compel based on the insurance disclosure. |

Exhibit 1
Page 250

| 10/28/2025 | JPG | 2.7 | Review and revise the motion to compel to ensure readability and accuracy. |
|---|---|---|---|
| 10/28/2025 | JPG | 0.4 | Draft the proposed order for the motion to compel. |
| 10/28/2025 | KSH | 0.6 | Conference with D. Schaefer to strategize with Optimum |
| 10/28/2025 | MHS | 0.2 | Follow up on motion to compel. |
| 10/28/2025 | YML | 0.4 | Review email from D. Hayek re responses to discovery, draft email to K. Hockstad re insurance policies and motion to compel, reply (.2); review insurance policy for limits and forward to C. Celentino (.2) |
| 10/29/2025 | DTS | 0.3 | Conference call with Ms. Hockstad and Mr. Sommer re plan for motion to compel. |
| 10/29/2025 | DTS | 0.5 | Reviewing and editing draft motion to compel. |
| 10/29/2025 | KSH | 0.5 | Review and revise Motion to Compel against Optimum; ███████████ Optimum (.5); ███████████ |
| 10/30/2025 | MHS | 1.6 | Review and revise Motion to Compel. |
| 10/30/2025 | MHS | 0.6 | Call to discuss case status and next steps in compelling discovery. |
| 10/31/2025 | DTS | 0.4 | Reviewing exhibits for motion to compel. |
| 10/31/2025 | JPG | 0.2 | Review the updates to the motion to compel as to Optimum. |
| 10/31/2025 | YML | 1 | Review and Revise motion to compel discovery disputes (.5); research rules re joint stipulation and meet and confer requirements and forward to associates to include in motion (.3); review and discuss revisions to proposed order with J. Griffin (.2) |
| 11/1/2025 | JPG | 0.2 | Strategize for the next steps for obtaining unredacted discovery from the Optimum parties. |
| 11/3/2025 | DTS | 0.4 | Emails with Ms. Hockstad re deficiency letter to Mr. Hayak and strategy for motion to compel. |
| 11/3/2025 | JPG | 2.1 | Write the discovery deficiency letter at to Optimum. |
| 11/3/2025 | JPG | 0.2 | Revise the motion to compel as to Optimum based on the changes to the emergency declaration. |
| 11/3/2025 | KSH | 1.8 | Conference with M. Sommer regarding discovery from Optimum; review deficiency letter to D. Hayek and email J. Griffith regarding deficiency letter to Optimum; revise letter and send |
| 11/3/2025 | YML | 0.3 | Review email from K. Hockstad re joint discovery stipulation and failure to cooperate (.1); review file and provide sample to K. Hockstad of declaration for use (.2) |
| 11/4/2025 | JPG | 1.4 | Revise the Optimum Motion to Compel. |
| 11/4/2025 | YML | 0.4 | Review and respond to multiple emails re motion to compel (.2); review and respond to multiple emails re default (.2) |
| 11/6/2025 | JPG | 3.2 | Finalize drafting the facts section of the motion to compel as to Gubin and draft the majority of the argument section. |
| 11/6/2025 | KSH | 2 | Multiple calls and emails relating to Optimum discovery; attend conference with opposing counsel regarding same |
| 11/6/2025 | MHS | 1.1 | Call with Optimum counsel to discuss stipulated facts for motion to compel. |
| 11/7/2025 | JPG | 0.2 | Strategize for future work on the motions to compel following the meeting with Hayek. |
| 11/10/2025 | MHS | 0.2 | Follow up with opposing counsel regarding next round of production. |
| 11/11/2025 | DTS | 0.5 | Multiple emails with Mr. Sommer and Ms. Hockstad re planning for Optimum motion to compel and next steps in discovery. |
| 11/11/2025 | JPG | 0.9 | Analyze the next steps regarding the filing of the motion to compel as to Optimum. |
| 11/12/2025 | MHS | 0.3 | Call with Hayek to discuss discovery productions (.5). Optimum (.3); Gubin (.2) |
| 11/13/2025 | MHS | 0.1 | ███████ call to discuss status of litigation and next steps in pursing discovery against Optimum, ███████████ Optimum (.1) |
| 11/14/2025 | MHS | 0.5 | Revise Motion to Compel Optimum discovery; ███████████ Optimum (.5) |
| 11/16/2025 | MHS | 1.3 | Draft and revise motion to compel against Optimum. |

Exhibit 1
Page 251

| | | | |
|---|---|---|---|
| 11/18/2025 | MHS | 2.2 | Revise and update motion to compel against Optimum. |
| 11/19/2025 | DTS | 0.8 | Reviewing motion to compel materials and emails with Mr. Sommer re same. |
| 11/19/2025 | JPG | 0.1 | Review the annotations from Hayek for the proposed discovery stipulation. |
| 11/19/2025 | KSH | 1.3 | Review redlines from D. Hayek; review local rule based on allegations made by D. Hayek; follow up regarding same |
| 11/20/2025 | DTS | 0.4 | Emails with Ms. Hockstad re status of Optimum document productions promised by counsel with review of file materials. |
| 11/26/2025 | DTS | 0.3 | Emails with Ms. Hockstad and Mr. Sommer re status of documents from Optimum and our motion to compel. |
| 12/2/2025 | KSH | 0.8 | Follow up email to D. Hayek; conference with M. Sommer regarding Optimum discovery issues and Motion to Compel |
| 12/2/2025 | MHS | 0.3 | Follow up on next steps in finalizing motion to compel. |
| 12/2/2025 | YML | 0.2 | Review and respond to multiple emails from C. Ghio, K. Hockstad re motions to compel and refusal of optimum bank to comply with discovery |
| 12/3/2025 | DTS | 0.5 | Reviewing current draft of stipulation for Optimum motion to compel. |
| 12/3/2025 | JPG | 1.8 | Review opposing counsel's edits to the proposed stipulated facts for the motion to compel as to Optimum. |
| 12/3/2025 | KSH | 0.8 | Review redlines of Stipulation for Optimum's Motion to Compel; analyze same |
| 12/4/2025 | JPG | 0.4 | Strategize regarding the next steps for filing the motion to compel as to Optimum. |
| 12/4/2025 | KSH | 0.5 | Conference with M. Sommer regarding Optimum Motion to Compel; call to D. Hayak |
| 12/4/2025 | KSH | 0.3 | Email opposing counsel regarding status conference issues and follow up regarding same |
| 12/8/2025 | JPG | 1.3 | Create the table of contents and authorities for the motion to compel as to Optimum. |
| 12/9/2025 | DTS | 2.2 | Reviewing and editing draft motion to compel against Optimum and emails with Ms. Hockstad and Mr. Griffith re same. |
| 12/10/2025 | JPG | 0.6 | Update and revise the table of contents for the motion to compel as to Optimum. |
| 12/10/2025 | JPG | 2.1 | Complete a comprehensive review of the Optimum motion to compel to prepare it for filing. |
| 12/10/2025 | YML | 0.5 | Review and revise motion to compel and supporting declaration |
| 12/11/2025 | CBG | 0.1 | Strategy discussion re status conference, motions to compel ████████ and Optimum Bank/Gubin (.5). ██████; Optimum (.1); Gubin (.2) |
| 12/11/2025 | JPG | 0.8 | Complete the final changes to the motion to compel as to Optimum prior to filing. |
| 12/11/2025 | KSH | 0.9 | Final review of Motions to Compel against Optimum ████████████████████████████ Optimum (.9); ███████ |
| 12/12/2025 | CBG | 1.5 | Review and approval of motions to compel (Optimum ███████); ████ Optimum (1.5); ████████ |
| 12/12/2025 | JPG | 1.4 | Review and finalize the motions to compel as to Optimum ████████ Optimum (1.4); ██████ |
| 12/12/2025 | KSH | 1.5 | Attend to filing Motion to Compel; ████████████████████ Optimum (1.5); ██████ |
| 12/15/2025 | JPG | 3 | Revise and update the motions to compel as to ██████ Optimum to align them with the specific requirements necessary for ensuring that the motions are accepted ██████████ Optimum (3.0) |
| 12/15/2025 | KSH | 1.1 | Attend to filing Motion to Compel against OptimumBank |
| 12/15/2025 | MHS | 0.8 | Review and revise Motion to Compel ██████ Optimum (1.6). ███████ Optimum (.8) |
| 12/15/2025 | MHS | 0.6 | Revise motion to compel. |
| 12/16/2025 | JPG | 0.6 | Create the corrected proof of service as to the Optimum motion to compel. |
| 12/16/2025 | KSH | 0.9 | Multiple conferences and emails regarding Optimum ██████ motions; ████████████ ███████████████████████ Optimum (.9) |
| 12/19/2025 | MHS | 0.4 | Follow up with Optimum counsel regarding outstanding discovery. |

Exhibit 1
Page 252

| Date | Initials | Hours | Description |
|---|---|---|---|
| 1/5/2026 | MHS | 0.2 | Follow up on next steps in preparing Optimum discovery and Gubin motion to compel (.3). Optimum (.2); Gubin (.1) |
| 1/8/2026 | HJM | 0.2 | Review correspondence from M. Sommer and K. Hockstad regarding Optimum's response to motion to compel. |
| 1/8/2026 | DTS | 0.4 | Reviewing Optimum's response to motion to compel and Ms. Hockstad's comments re same. |
| 1/8/2026 | JPG | 0.6 | Analyze and review the response in opposition of Optimum to the motion to compel. |
| 1/8/2026 | KSH | 1.4 | Review and prepare analysis of response to Motion to Compel by Optimum |
| 1/8/2026 | MHS | 0.9 | Review and analyze Optimum's response to our motion to compel, provide update and next steps. |
| 1/8/2026 | YML | 0.2 | Briefly review opposition to motion to compel (.2); review response from K. Hockstad re opposition (.2). (.4).  Optimum (.2) |
| 1/9/2026 | HJM | 0.2 | Conference with litigation team regarding strategy for reply to opposition re Motion to Compel. |
| 1/9/2026 | JPG | 2.3 | Draft the background elements for the reply in support of the Motion to Compel as to Optimum including the background information. |
| 1/9/2026 | MHS | 0.4 | ▮▮▮▮ call to discuss next steps on Optimum motion to compel. |
| 1/11/2026 | JPG | 3.1 | Complete the response in support of the Motion to Compel as to Optimum by writing the argument section and the conclusion. |
| 1/11/2026 | JPG | 0.6 | Write the declaration in support of the response in support. |
| 1/12/2026 | JPG | 3.2 | Finalize the reply in support of the motion to compel by updating and revising the arguments and formatting for filing. |
| 1/13/2026 | JPG | 0.6 | Update the reply in support of the motion to compel by adding additional new references to the docket and checking for form. |
| 1/13/2026 | KSH | 1.5 | Review and revise Reply Brief to Optimum Bank; review Memorandum in Opposition; multiple conferences with M. Sommer to re-work argument |
| 1/13/2026 | MHS | 3.2 | Revise and draft reply in support of motion to compel against Optimum. |
| 1/13/2026 | MHS | 2.2 | Revise and incorporate comments on reply in support of motion to compel Optimum discovery. |
| 1/14/2026 | DTS | 0.5 | Reviewing and editing draft reply in support of motion to compel and emails with Ms. Hockstad re same. |
| 1/14/2026 | JPG | 1.9 | Update the references and exhibits based on the latest changes to the reply in support of the motion to compel as to Optimum to finalize it for filing. |
| 1/14/2026 | KSH | 4 | Finalize and file Reply to MIO Motion to Compel (Optimum); multiple conferences and emails regarding same. |
| 1/20/2026 | MHS | 0.2 | Review tentative rulings regarding upcoming hearing on Motions to Compel. |
| 2/24/2026 | JPG | 0.1 | Review the communications from Hayek to prepare to move for an order to show cause. |
| 2/24/2026 | MHS | 0.7 | Prepare rule 37 letter regarding Optimum's failure to respond to discovery; follow up on next steps regarding show cause order on first set of discovery and motion to compel for Gubin. |
| 2/25/2026 | KSH | 1 | Review Motion to Show Cause (Optimum); revise same; multiple calls and emails regarding same. |
| 2/25/2026 | MHS | 1.6 | Draft and revise Motion to Show Cause against Optimum. |
| 2/26/2026 | JPG | 0.3 | Prepare the declaration in support of the request for attorneys' fees for the Optimum motion to show cause. |
| 2/26/2026 | JPG | 0.7 | Review the motion to show cause as to Optimum to prepare for filing. |
| 2/26/2026 | JPG | 0.3 | Pull cases and draft notice for unreported cases for the MTSC as to Optimum. |
| 2/27/2026 | MHS | 0.7 | Prepare fee request and declaration associated with motion for show cause. |
| 2/27/2026 | MHS | 1.4 | Draft and revise order to show cause against Optimum. |
| 2/27/2026 | MHS | 1.8 | Review and identify billing entries for attorneys' fee request. |
| 3/2/2026 | JPG | 0.4 | Complete the MTSC as to Optimum. |

Exhibit 1
Page 253

| | | | |
|---|---|---|---|
| 3/2/2026 | KSH | 0.6 | Review and approved Optimum motion to show cause; conference with M. Sommer regarding same. |
| 3/3/2026 | CBG | 0.7 | Review and approve Motion to Show Cause re Optimum Bank |
| 3/3/2026 | JPG | 1.9 | Update and revise the motion to show cause of Optimum. |
| 3/3/2026 | MHS | 0.6 | Draft stipulation for motion to compel Optimum Second Set of Discovery. |
| 3/4/2026 | HJM | 0.3 | Review attorney billing entries re reimbursement of attorney fees for discovery disputes. |
| 3/4/2026 | KSH | 0.3 | Review and revise Optimum Stipulation. |
| 3/4/2026 | MHS | 1.8 | Revise and update stipulation of discovery dispute against Optimum regarding second set of discovery requests. |
| 3/4/2026 | MHS | 1.1 | Finalize review of time entries to determine the fees for requesting as sanctions. |
| 3/4/2026 | YML | 0.2 | Review and respond to email of M. Sommer re stipulation related to discovery |
| 3/16/2026 | KSH | 0.4 | Conference with M. Sommer regarding Optimum outstanding discovery and Rule 37 issues with Gubin and Optimum (.8). Optimum (.4); Gubin (.4) |
| 3/26/2026 | MHS | 0.4 | Review discovery responses and prepare Rule 37 letter (.7). Optimum (.4); Gubin (.3) |
| 3/27/2026 | MHS | 2.3 | Draft and revise letter to Optimum concerning responses to discovery and statement of compliance. |
| 3/30/2026 | JPG | 1.6 | Finalize and review the letter to Optimum Bank regarding its discovery deficiencies by reviewing formatting and the missing accounts. |
| 3/30/2026 | MHS | 0.9 | Draft and revise rule 37/objections to statement of compliance as against Optimum. |
| 3/31/2026 | CBG | 1.1 | Review denial of Optimum Bank motion to show cause and review Optimum Bank Rule 37 letter |
| 3/31/2026 | KSH | 0.4 | Multiple calls and emails to discuss Optimum discovery. |
| 3/31/2026 | MHS | 0.4 | Revise and circulate for final review - Optimum and Gubin rule 37/objections to statement of compliance. |
| 4/1/2026 | JPG | 0.3 | Review and analyze the order denying the motion for an order to show cause as to Optimum. |
| 4/1/2026 | KSH | 0.2 | Review and approve Rule 37 letter to Optimum and Gubin (.4). Optimum (.2); Gubin (.2) |
| 4/1/2026 | MHS | 0.4 | Revise and issue Rule 37 letter and notice regarding defendants statement of compliance (.6). Optimum (.4); Gubin (.2) |
| 4/9/2026 | KSH | 0.3 | Conference with M. Sommer regarding Optimum Rule 37 issues. |
| 4/9/2026 | MHS | 0.7 | Follow up on Rule 11 Sanctions request. |
| 4/9/2026 | YML | 0.5 | Review email from M. Sommer re Rule 11 sanctions motion and moving forward with new motion to compel, respond in detail re procedures for Rule 11 motion (.3); review and respond to email of C. Ghio re same and approval of client re rule 11 motion (.2) |
| 4/10/2026 | JPG | 0.3 | Strategy meeting for pushing rule 11 along. |
| 5/7/2026 | KSH | 0.6 | Conference with M. Sommer regarding strategy to have Optimum produce records; follow up regarding same. |
| 5/8/2026 | MHS | 0.2 | Follow up on call with D. Hayek. |
| 5/11/2026 | JPG | 0.2 | Strategy call regarding the Rule 37 conference with Optimum and Gubin's counsel (.4). Optimum (.2); Gubin (.2) |
| 5/11/2026 | MHS | 0.2 | Strategy call to discuss next steps on Optimum discovery (.4). Optimum (.2); Gubin (.2) |
| 5/13/2026 | MHS | 0.3 | Follow up on renewed motion to show cause and issues with discovery responses from Optimum. |
| 5/14/2026 | MHS | 0.2 | Follow up on missing discovery. |
| 5/15/2026 | KSH | 0.7 | Attend Rule 37 call with Hayek; conf. with M. Sommer regarding same (1.0). Optimum (.7); Gubin (.3) |
| 5/15/2026 | MHS | 1.1 | Revise and circulate renewed motion to show cause. |
| 5/15/2026 | MHS | 0.5 | Call to discuss discovery issues with Optimum and Gubin responses (.7). Optimum (.); Gubin (.3) |

Exhibit 1
Page 254

Page 12

| Date | Initials | Hours | Description |
|---|---|---|---|
| 5/19/2026 | MHS | 1.8 | Pull account numbers and follow up with Hayek regard production. |
| 5/20/2026 | MHS | 2 | Draft and revise renewed motion to show cause and follow up on discovery issues. |
| 5/28/2026 | MHS | 1.7 | Finalize and update renewed motion to show cause. |
| 5/28/2026 | MHS | 0.3 | Call to discuss next steps in discovery disputes. |
| 5/29/2026 | KSH | 0.4 | Conference with M. Sommer regarding MTSC against Optimum. |
| 8/18/2025 | KSH | 0.3 | Conference with M. Sommer regarding Optimum and Gubin failing to respond to Rule 27 request; Motion for Show Cause (.6).  Gubin (.3); Optimum (.3) |
| 8/18/2025 | MHS | 0.1 | Follow up on document production, ███████████████ and next steps in motion to compel against Optimum Bank (.4). Optimum (.1) |
| 8/19/2025 | YML | 0.3 | Review file for information related to OSC and motion to compel discovery responses (.3); review and respond to multiple emails of K. Hockstad and M. Sommer re discovery motions (.1). (.4). Optimum (.3) |
| 9/3/2025 | YML | 0.7 | ████████████████████████████ meet with team related to strategy and moving case forward and discovery issues (.7); ████████████████ Optimum (.7) |
| 9/18/2025 | DTS | 0.4 | Teams meeting with World Global group re next steps re Optimum and Gubin (.7). Gubin (.3); Optimum (.4) |
| 9/18/2025 | KSH | 0.9 | Review rule 37 letter; conference with M. Sommer; prepare for and attend meeting regarding Optimum and Gubin; ███████████████ Gubin (.9); Optimum (.9) |
| 10/7/2025 | DTS | 0.3 | Reviewing information re Optimum document production, ████████████ Optimum (.3); ██████████ |
| 10/17/2025 | KSH | 0.8 | Conference call with C. Ghio and M. Sommer regarding discovery and motions to compel |
| 11/13/2025 | CBG | 0.9 | Analysis re discovery, motions to compel and legal strategy adverse Optimum Bank and principals. |
| 2/27/2026 | YML | 0.2 | Review and respond to emails from M. Sommer re OSC re contempt procedures and order (.2); ████████████████████████ Optimum (.2) |
| 3/2/2026 | YML | 0.4 | ████████████████ review email from M. Sommer re fees/costs related to motions (.1); ████████████████████ Optimum (.4) |
| | | 179.00 | |

Exhibit 1
Page 255

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: DINSMORE & SHOHL, LLP, 191 W. Nationwide Blvd., Suite 200, Columbus, OH 43215

A true and correct copy of the document entitled (*specify*):

**PLAINTIFF'S RENEWED NOTICE OF MOTION AND RENEWED MOTION FOR ISSUANCE OF AN ORDER TO SHOW CAUSE REGARDING CONTEMPT AGAINST OPTIMUMBANK AND OPTIMUMBANK HOLDINGS, INC. FOR FAILURE TO COMPLY WITH THE ORDER OF THIS COURT AND HOLDING OPTIMUMBANK AND OPTIMUMBANK HOLDINGS, INC. IN CONTEMPT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF COUNSEL; EXHIBITS**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 06/8/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 06/8/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy**
Honorable Scott C. Clarkson
United States Bankruptcy Court, Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130/Ctrm 5C
Santa Ana, CA 927014593

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/08/26 | Karen S. Hockstad | */s/ Karen S. Hockstad* |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Joseph Boufadel on behalf of Defendant Slate Advance LLC
jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Joseph Boufadel on behalf of Interested Party Courtesy NEF
jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Baruch C Cohen on behalf of Defendant Solomon Feig
BaruchCohen@Baruchcohenesq.com, paralegal@baruchcohenesq.com

Christopher Ghio on behalf of Plaintiff Richard A Marshack
Christopher.Ghio@dinsmore.com, bonnie.connolly@dinsmore.com

David T Hayek on behalf of Defendant Optimum Bank Holdings, Inc.
dhayek@hinshawlaw.com

David T Hayek on behalf of Defendant Optimumbank
dhayek@hinshawlaw.com

David T Hayek on behalf of Defendant Moishe Gubin
dhayek@hinshawlaw.com

Karen Hockstad on behalf of Plaintiff Richard A Marshack
karen.hockstad@dinsmore.com, sylvia.lawrence@dinsmore.com

Karen Hockstad on behalf of Trustee Richard A Marshack (TR)
karen.hockstad@dinsmore.com, sylvia.lawrence@dinsmore.com

Brandon J. Iskander on behalf of Interested Party Courtesy NEF
biskander@goeforlaw.com, kmurphy@goeforlaw.com; jfountain@goeforlaw.com

Ira David Kharasch on behalf of Defendant Genesis Equity Group Funding LLC
ikharasch@pszjlaw.com

Yosina M Lissebeck on behalf of Plaintiff Richard A Marshack
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com; linda.dominguez@dinsmore.com

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Victoria Newmark on behalf of Defendant Genesis Equity Group Funding LLC
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com; bdassa@pszjlaw.com; hwinograd@pszjlaw.com

Victoria Newmark on behalf of Defendant Solomon Feig
vnewmark@pszjlaw.com, hdaniels@pszjlaw.com; bdassa@pszjlaw.com; hwinograd@pszjlaw.com

Brian A Paino on behalf of Defendant Optimum Bank Holdings, Inc.
bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com; crico@hinshawlaw.com

Brian A Paino on behalf of Defendant Optimumbank
bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com; crico@hinshawlaw.com

Brian A Paino on behalf of Defendant Optimumbank.com
bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com; crico@hinshawlaw.com

Brian A Paino on behalf of Defendant Moishe Gubin
bpaino@hinshawlaw.com, hmosothoane@hinshawlaw.com; crico@hinshawlaw.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Matthew Sommer on behalf of Plaintiff Richard A Marshack
matthew.sommer@dinsmore.com, carrie.davis@dinsmore.com

Matthew Sommer on behalf of Trustee Richard A Marshack (TR)
matthew.sommer@dinsmore.com, carrie.davis@dinsmore.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

2.     **TO BE SERVED VIA U.S. MAIL**

Funding Gateway, Inc.
Mark Fuchs c/o The Corporation
5314 16th Avenue, Suite 139
Brooklyn, NY 11204

Funding Gateway, Inc.
Marchs, c/o File Right RA Services, LLC
330 Changebridge Road, Suite 101
Pine Brook, NY 07058

World Global Fund, LLC
n/k/a Glass Media, LLC
Andrew Pierce c/o Cloud Peak Law
1095 Sugar View Drive, Suite 500
Sheridan, WY 82801

Funding Gateway, Inc.
And each of its assumed names
c/o Cloud Peak Law
1095 Sugar View Drive, Suite 500
Sheridan, WY 82801