FILED & ENTERED

AUG 26 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

In re:

The Litigation Practice Group P.C.,

Debtor(s).

Richard A Marshack, Trustee of the LPG Liquidation Trust,

Plaintiff(s),

v.

World Global Fund LLC, et al.,

Defendant(s).

CHAPTER 11

Case No.: 8:23-bk-10571-SC
Adv No.: 8:25-ap-01105-SC

**ORDER CONTINUING HEARING ON PLAINTIFF'S RENEWED MOTION FOR ISSUANCE OF AN ORDER TO SHOW CAUSE REGARDING CONTEMPT AND REQUIRING SUPPLEMENTAL COMPLIANCE ACCOUNTING**

Vacated hearing:
Date: August 27, 2026
Time: 1:30 PM
Courtroom: 5C

The Court has considered Plaintiff Richard A. Marshack, Trustee of the LPG Liquidation Trust's ("Plaintiff" or "Trustee") Renewed Notice of Motion and Renewed Motion for Issuance of an Order to Show Cause Regarding Contempt Against

OptimumBank and OptimumBank Holdings, Inc. [Dk. 364] ("Renewed Motion"), Defendants OptimumBank and OptimumBank Holdings, Inc.'s response and renewed statement of compliance [Dk. 397], Plaintiff's reply [Dk. 403], the Court's January 22, 2026 Order re Motion to Compel Discovery from OptimumBank and OptimumBank Holdings, Inc. [Dk. 289] ("January 22 Order"), and the record in this adversary proceeding.

The Renewed Motion seeks contempt and sanctions based on alleged noncompliance with the January 22 Order. The present record raises disputed issues concerning OptimumBank's compliance with that order, including what documents were produced, what searches were performed, whether additional responsive documents exist, and whether any additional responsive documents remain within OptimumBank's possession, custody, or control. The Court does not adjudicate contempt, impose sanctions, or award attorneys' fees at this time.

Accordingly, good cause appearing therefor,

IT IS HEREBY ORDERED:

1. The hearing on the Renewed Motion, presently set for August 27, 2026, is CONTINUED to <u>October 29, 2026, at 10:00 a.m</u>. in Courtroom 5C, 411 West Fourth Street, Santa Ana, California 92701.
2. By no later than <u>October 1, 2026</u>, OptimumBank shall file and serve a supplemental declaration from one or more persons with personal knowledge of OptimumBank's document searches and productions, together with a Bates-numbered accounting addressing OptimumBank's compliance with the January 22 Order as to Plaintiff's First Set of Requests for Production.
3. The supplemental declaration and accounting shall address the alleged first-set production deficiencies identified in Plaintiff's April 1, 2026 correspondence attached to the Renewed Motion, including account statements, account-opening documents, account records, Customer Relationship Profiles, Risk Rating Worksheets, ACH Return Ratio Reports, transaction-fee records, ACH records,

wire-transfer records, communications, and the Binyins Chicago LLC records identified by Plaintiff.

4. For each category addressed, OptimumBank shall identify by Bates number or other production identifier the responsive documents produced, state whether any additional responsive documents exist or are within its possession, custody, or control, identify any documents withheld and the basis for withholding, and provide the factual basis for any contention that no additional responsive documents exist or are within its possession, custody, or control.
5. OptimumBank shall also describe the searches performed to locate responsive documents, including the systems or repositories searched, custodians searched, date ranges used, account identifiers used, search terms or other search methodology used, and any searches performed after Plaintiff provided additional account information on or about May 19, 2026.
6. OptimumBank shall state whether it produced the index referenced in its amended response to Request for Production No. 11. If the index was produced, OptimumBank shall identify when it was produced and identify the index by Bates number or other production identifier. If the index was not produced, OptimumBank shall explain why not.
7. By no later than <u>October 15, 2026</u>, Plaintiff may file and serve a supplemental response addressing OptimumBank's supplemental declaration and accounting.
8. By no later than <u>October 22, 2026</u>, OptimumBank may file and serve a supplemental reply.
9. The supplemental filings shall address OptimumBank's compliance with the January 22 Order as to Plaintiff's First Set of Requests for Production. Plaintiff's second set of discovery is not the subject of the supplemental accounting required by this Order, and nothing in this Order adjudicates any dispute concerning the second set.

10. The Court reserves all issues concerning whether contempt should be adjudicated, whether any additional production should be ordered, whether any sanctions or attorneys' fees should be awarded, and whether any other relief should be granted.

11. The request for appointment of a discovery referee is DENIED. Federal Rule of Bankruptcy Procedure 9031 provides that Federal Rule of Civil Procedure 53 does not apply in bankruptcy cases. The requested discovery referee would function as a discovery master by supervising compliance with discovery rules and orders and addressing future discovery disputes.

**IT IS SO ORDERED.**

Date: August 26, 2026

Scott C. Clarkson
United States Bankruptcy Judge